IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 23 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. | § § § § |
| VS. | §   CIVIL NO. B-98-23 § |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | §   JURY DEMANDED § § § |

## DEFENDANT IVONNE SOTO VEGA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), (2), (3), (4), (5) and (6)

TO THE UNITED STATES DISTRICT COURT:

NOW COMES, **IVONNE SOTO VEGA**, Defendant in the above-styled and numbered cause and files this her Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (3), (4), (5), and (6) of the Federal Rules of Civil Procedure and in support thereof would show:

I.

## BACKGROUND

On or about February 11, 1998, Plaintiff **PORT ELEVATOR-BROWNSVILLE, L.C.** filed its Complaint in Interpleader. This suit was brought pursuant to Rule 22 of the Federal Rules of Civil Procedure (federal interpleader rule) and 28 U.S.C. §2361 (statutory interpleader) alleging this court has jurisdiction pursuant to 28 U.S.C. §1332, 1335 and 2361 and because Defendants or Respondents are citizens of the Republic of Mexico. Plaintiff claims that Plaintiff is merely a stakeholder of cash and corn on deposit at Plaintiff's Port of Brownsville warehouse facility. Plaintiff asserts that Defendants have competing claims to the corn and cash. Plaintiff's Complaint in Interpleader must be

dismissed.

## II.

## **DEFENDANTS ARE NOT OF DIVERSE CITIZENSHIP**

This case must be dismissed pursuant to Rule 12(b)(1) and (6) because all Defendants are aliens and not of diverse citizenship. This court lacks jurisdiction over the subject matter. Plaintiff has failed to state a claim upon which relief can be granted. For a stakeholder to maintain a statutory interpleader action, at least two of the claimants must be of diverse citizenship. State Farm Fire Cas. Co. v. Tashire, 386 U.S. 523, 530-31, 87 S.Ct. 1199, 1203-04 (1967); Geler v. National Westminster Bank USA, 763 F. Supp. 722, 726 (S.D. NY. 1991); see 28 U.S.C. § 1335(a)(1). The citizenship of a disinterested stakeholder is irrelevant. See 28 U.S.C. § 1335(a)(1); Treinies v. Sunshine Mining Co., 308 U.S. 66, 70-72, 60 S. Ct. 44, 47-48 (1939). The definition of citizenship is the same for the interpleader statute as for the general diversity statute. Geler, 763 F. Supp. at 726; see 28 U.S.C. § 1335(a)(1). As stated in Plaintiff's Complaint in Interpleader, all Respondents are citizens of the Republic of Mexico and therefore, aliens. The interpleader statute and diversity statute do not affirmatively grant to federal courts diversity jurisdiction of a suit between aliens and the federal court does not have jurisdiction of such suits. Kavourgias v. Nicholaou Co., Ltd., 148 F.2d 96, 97 (9th Cir. 1945). Since diversity of citizenship is lacking, this court lacks jurisdiction over the subject matter and Plaintiff has failed to state a claim upon which relief can be granted.

### III.

### THIS COURT DOES NOT HAVE JURISDICTION OVER MS. VEGA

This case must be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure because there is lack of jurisdiction over the person. As stated in Plaintiff's Complaint in Interpleader, Defendant **IVONNE SOTO VEGA** is an alien. Regardless of whether the action is instituted *in personam, quasi in rem* or otherwise, all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution. See <u>Schaffer v. Heitner</u>, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The determination of whether constitutional due process requirements have been met when a state exerts personal jurisdiction over a nonresident involves a two-pronged inquiry: "(a) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part; and (b) it must be fair and reasonable to require the nonresident to defend the suit in the forum state." <u>Stuart v. Spademan</u>, 772 F.2d at 1189; see also <u>Hydrokinetics, Inc. v. Alaska Mechanical, Inc.</u>, 700 F.2d 1026, 1028 (5th Cir. 1983). Neither prong of the two-part test is met in this case.

### IV.

### THIS COURT DOES NOT HAVE VENUE

This case must be dismissed pursuant to Rule 12(b)(3) because venue is improper. The venue statute for statutory interpleader actions is 28 U.S.C. §1397. This venue statute states: Any civil action of interpleader or in the nature of interpleader under Section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. §1397. The word "may" as used in 28 U.S.C. §1397 means

"must" or "shall". <u>Moseley v. Sunshine Biscuits</u>, 107 F. Supp. 167 (D.C. MO. 1952), motion to reconsider sustained on other grounds, 110 F. Supp. 157; <u>Big Island Yacht Sales, Inc. v. Dowty</u>, 848 F. Supp. 131 (D. Hawaii 1993). As judicially admitted in Plaintiff's Complaint in Interpleader, none of the claimants reside in this judicial district or even in Texas. Plaintiff claims in his Complaint in Interpleader that claimants are citizens of the Republic of Mexico. Plaintiff states that **IVONNE SOTO VEGA** can be served at Paseo Rio Tijuana No. 1716, Zona Del Rio, Tijuana B.C. Mexico and **BERSAIN GUTIERREZ** and **SYSCO DE BAJA S.A. DE C.V.** may be served at 2295 Paseo de la Americas, Suite 22, Otay Mesa, California, 92173. This case must be dismissed for lack of venue.

## V.

Plaintiff has brought its Complaint in Interpleader under Rule 22 of the Federal Rules of Civil Procedure also. Venue for such an action is governed by the general venue statute. <u>Wilmington Trust Co. v. Gillespie</u>, 397 F. Supp. 1337, 1342 (D. Del. 1975). Venue is not proper under the general venue statute. See 28 U.S.C. §1391. Plaintiff has not alleged any facts to show how venue is proper under Section 1391.

## VI.

### NO NOTICE OF LAWSUIT BY SERVICE OF PROCESS

This case must be dismissed pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. Defendant **IVONNE SOTO VEGA** has not been served with process in this matter or in the alternative, service was insufficient.

For these reasons, Defendant **IVONNE SOTO VEGA** requests that this court dismiss this action against her pursuant to Rule 12(b) of the Federal Rules of Civil

Procedure and grant such other and further relief, both in law and/or equity, which this Defendant may just be entitled.

Respectfully submitted,

_____
ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504
Telephone (956) 687-8700
Facsimile (956) 687-2416

ATTORNEYS FOR DEFENDANT,
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 23rd day of March, 1999.

_____
ROY S. DALE