ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**APR 1 4 1999**

Michael N. Milby
Clerk of Court

PORT ELEVATOR- §
BROWNSVILLE, L.C. §
§
VS. § CIVIL NO. B-98-23
§
IVONNE SOTO VEGA, BERSAIN § JURY DEMANDED
GUTIERREZ, AND SYSCO DE BAJA §
S.A. DE C.V. §

PLAINTIFF'S RESPONSE TO DEFENDANT VEGA'S MOTION TO
DISMISS PURSUANT TO RULE 12B, (1),(2),(3),(4),(5) & (6),
INCLUDING AUTHORITIES; ALTERNATIVELY MOTION FOR CONTINUANCE
OF SUBMISSION DATE TO CONDUCT ADDITIONAL DISCOVERY

TO THE UNITED STATES DISTRICT COURT:

COMES NOW, Port Elevator-Brownsville, L.C., Plaintiff in
Intervention, in the above styled and numbered cause, and files
this its Response to Defendant Vega's Motion to Dismiss Pursuant to
Rule 12b, (1),(2),(3),(4),(5) and (6) of the Federal Rules of Civil
Procedure and in support thereof would respectfully show this
Honorable Court the following:

BACKGROUND

1.   On February 11, 1998, Plaintiff in Intervention Port Elevator
Brownsville (sometimes referred to herein as "Plaintiff") filed a
complaint in interpleader in the United States District Court for
the Southern District of Texas Brownsville Division.  The Plaintiff
asserted in the Original complaint in Interpleader that this Court
maintained jurisdiction pursuant to 28 USC §1332, 1335 and 2316 in
that the respondents, were all citizens of the Republic of Mexico.
The Plaintiff alternatively pleads that jurisdiction was proper
pursuant to Rule 22 of the Federal Rule of Civil Procedure, in

1

CMPDF www.fesio.com

that the Plaintiff asserts diversity exists between the Plaintiff and one or more of the Defendants.  In addition, the Plaintiff further asserted that it was in possession of money or property which had a value of more that $500.00. As of this date, Plaintiff has deposited the total sum of $75,000.00 with the registry of the court.  An additional sum of money will be deposited with the registry of the court upon sale of all the property and account reconciliation related to sale proceeds.

2.   Such deposit represents the sale of corn placed in the custody of Plaintiff.  The ownership of the corn (and consequently the proceeds from the sale of the corn) has been disputed by both of the Defendants to this action.

3.   Said sums of money are the subject of the interpleader in which respondents both claim an interest. (See Exhibit 1; tender of money to the registry of this Court.).

4.   On March 23, 1999, the Defendant Ivonne Soto Vega filed her Motion to Dismiss this Interpleader pursuant to Rule 12b. Specifically, Defendant Ivonne Soto Vega is requesting a dismissal for the following:

1.   lack of jurisdiction over the subject matter;

2.   lack of jurisdiction over the person;

3.   improper venue;

4.   insufficiency of process;

5.   insufficiency of service of process; and

6.   failure to state a claim upon which relief can be granted.

2

5.   Plaintiff asserts that jurisdiction is proper pursuant to either 28 USC § 1332, 1335 and 2361 or under Federal Rules of Civil Procedure Rule 22.    Therefore the Original Complaint in Interpleader should not be dismissed.  The Plaintiff further argues that venue is proper in Brownsville, Texas and that the sufficiency of the process and the service of process was adequate (alternatively that inadequate service should not be the basis for dismissal) and that the Plaintiff has stated a claim upon which relief can be granted.

Interpleader Generally

6.   Interpleader is an equitable proceeding to determine the rights of rival claimants to property held by a third person having no interest in the property. 28 USCA 1335(a)(1).  Interpleader was developed on the theory that one rightfully in possession of property faced with two or more competing claims to the property or money should not be forced to take the risk of evaluating the claim on its own. Equitable Life Insurance Soc. vs. Porter-Englehart, 867 F.2d 79 (CA-1 Mass. 1989).   When there are two or more adverse claimants to a limited fund or property, an interpleader action may be initiated in Federal Court under either the Federal Interpleader statute, 28 USCA § 1335 or the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 22.  The difference between the two bases of interpleader are procedural matters concerning jurisdiction, venue and the amount in controversy.  The mere threat of multiple litigation justifies interpleader and it is not necessary that duplicative liability be likely. Sotheby's Inc. vs.

3

Garcia, 802 F.Supp. 1058 (S.D. N.Y. 1992)  In addition, the danger of conflicting claims may not be immediate; any possibility of having to pay more than is justly due no matter how improbable or remote, will suffice. Pan American Fire and Casualty Ins. vs. Revere, 188 F.Supp. 474 (E.D. La. 1960)  The potential existence of multiple adverse claims is the requirement of both the statutory and rule interpleader. Interfirst Bank Dallas, N.A. vs. Purolator Courier Corporation, 608 F.Supp. 351 (N.D. Tex. 1985); see also Fultin vs. Cazier Steele Corp., 397 F.2d 580 (5th Cir. Tex 1968) Both 28 USCA § 1335 and Federal Rules of Civil Procedure 22 must be liberally construed and applied to relieve parties from the hazards of conflicting claims.  In Re. Bohart, 743 F.2d 313 (5th Cir. Tex. 1984).

## Statutory Interpleader

7.   Plaintiff asserts that this Court maintains jurisdiction pursuant to 28 USCA § 1332 and 1335 because diversity exists between defendants.

8.   The interpleader statute 28 USCA § 1335 permits any person, firm, corporation, association or society which has in its custody or possession money or property worth $500.00 or more... to bring an action of interpleader if two or more adverse claimants of diverse citizenship (as defined in 28 USCA § 1332) are claiming or may claim such money, property or benefits, and the plaintiff/stakeholder has made the required deposit with the registry of the court.

9.   In the present action, Plaintiff is a Limited Liability

4

Corporation registered in Texas with its principal place of business in Brownsville, Texas. As such, it is considered a citizen of the State of Texas. Plaintiff believes the Defendant, Bersain Gutierrez, is a citizen of the Republic of Mexico. The Defendant, Ivonne Soto Vega, is believed to be a citizen of the Republic of Mexico with resident status in the United States and domiciled in San Diego, California. (See Exhibit 2 ; drivers license information and affidavit). When a citizen of a foreign state is a permanent resident of the United States, he is deemed to be a citizen of the state in which he is domiciled. 28 USCA § 1332(a)(4). Therefore, Defendant, Ivonne Soto Vega, is considered a citizen of the state of California, and diversity exists between the claimants to this interpleader.

### Rule Interpleader

10.  In the alternative, should this Honorable Court find that the Plaintiff has not proven complete diversity exist between all claimants to his action, then Plaintiff would assert that this Court has jurisdiction pursuant to Federal Rule of Civil Procedure 22.

9.  Under Rule 22 interpleader, the diversity requirement is satisfied when, at the time the lawsuit is filed, the stakeholder is diverse from each claimant and the amount in controversy exceeds $75,000.00. 28 USCA §1332(a); Truck-a-Tune, Inc. v. Re, 23 F.3d 60 (2d Cir. 1994). Complete diversity of citizenship is necessary for jurisdiction in a "rule" interpleader action-that is, diversity between the stakeholder on the one hand and all the claimants on

5

the other.  <u>Connecticut General Life Ins. Co. vs. Wekmelinger</u>, 168
F.R.D. 192 (N.D. Tex. 1996).   If there is complete diversity
between the stakeholder and all the claimants, it is irrelevant for
purposes of "rule" interpleader that all the claimants are citizens
of the same state.  <u>Georgia Savings Bank & Trust Co. vs. Sims</u>, 321
F.Supp. 307 (N.D. Ga. 1971).  In the case at bar, the Plaintiff is
alleging that the Court has jurisdiction pursuant to Federal Rule
of Civil Procedure 22 because jurisdictional diversity exists
between the stakeholder, a citizen of Texas and the claimants, non-
citizens of Texas.  (See Defendant Vega's Motion to Dismiss, in
which Defendant alleges that both defendants are citizens of the
Republic of Mexico).

## General Diversity Consideration

11.  Alternatively, Plaintiff's Complaint in Interpleader asserts
a claim for reasonable storage and handling fees as against
Defendants related to Plaintiffs' custody of the corn in its
warehouse pursuant to contract with one or more Defendants.

12.  Plaintiff will further asserts a claim for attorney fees
related to the necessity to file this interpleader.

13.  In either of the above respects, Plaintiff has appeared herein
with its own independent claims, and as such is an actual
"plaintiff" requesting relief and recovery as against Defendants.
Port Elevator-Brownsville asserts the existence of complete
diversity as among all parties as outlined above.

## Proper Venue

14.  Plaintiff asserts that venue is proper in the United States

6

Southern District of Texas Brownsville division.   In any Rule
interpleader, the general venue statute, 28 USCA §1391 applies.
The general venue statute permits the Plaintiff/Stakeholder to file
the action in the District where all the plaintiffs reside or where
a substantial part of the events or omissions giving rise to the
claim occurred.   28 USCA § 1391; State Farm Casualty Co. vs.
Tashire, 386 U.S. 523 (1967).

15.   As discussed earlier, the Plaintiff is considered a citizen of
Texas with its principal place of business in Brownsville, Texas.
In addition, this action arose out of business transactions which
substantially occurred in Brownsville, Texas.   Therefore, venue is
proper in the United States District Court for the Southern
District of Texas, Brownsville Division.

Plaintiff's stated claim.

16.   Plaintiff has stated a claim upon which relief can be granted.
Specifically, Plaintiff in the Original Complaint in interpleader
complained that it was in possession of property in which Bersain
Gutierrez and Ivonne Soto Vega both claim an interest.   In support
of this claim, Plaintiff directs this Honorable Court to exhibit
Nos. 3, 4 and 5, incorporated by reference herein, which clearly
establish that both defendants claim an interest in the property
held by the Plaintiff, thus exposing the Plaintiff to double
liability.

Service of Process and Notice.

17.   Defendant Vega further complains that this Court does not have
personal jurisdiction, and that she failed to receive notice of the

7

CDxPDF - www.fxsizy.com

lawsuit or that if she did received notice, service was not proper.

18. Defendant Vega's argument that she failed to receive notice of the lawsuit is absurd. She has filed a motion to dismiss the very action of which she claims she failed to get notice. In addition, Plaintiff has attached hereto copies of several letters forwarded to Ms. Vega's Brownsville counsel Guillermo Vega referring to the above styled and numbered cause of action. (See Exhibit No. 6). Finally, Plaintiff attached hereto the affidavit of Gabriel Aguilar who served Ms. Vega's authorized agent with a citation and copy of the Complaint in Interpleader. (See Exhibit No. 7).

19. Dismissal of this Interpleader is unnecessary. This Court should instead, quash service. There has been no prejudice to the Defendant. Umbenhauer vs. Woog 969 F2d 25, 31 (3rd Cir. 1992) This is particularly appropriate, where as here, the Defendant is avoiding service.

20. Defendant Ivonne Soto Vega has made repeated claims for the money through her Brownsville attorney Guillermo Vega as indicated in Exhibit No. 3. Defendant Ivonne Soto Vega was offered multiple opportunities to respond to this actin as indicated in copies of correspondence attached hereto as exhibit no. 6. Though Defendant Ivonne Soto Vega was on constant notice regarding Plaintiff's Intervention she declined to come forward to claim the proceeds of the sale of the corn. (See Exhibit No. 7 which illustrates, the efforts made by Plaintiff to obtain service on Defendant Ivonne Soto Vega.)

21. Furthermore, Defendant Bersain Gutierrez (the other competing

8

claimant) has been properly served in this action, and a dismissal
of the entire action would be prejudicial to him, (See Exhibit No.
8.)

22. A dismissal of this action in its entirety would be a waste of
judicial economy. The money does not belong to Plaintiff. The
action would just have to be refiled so the money and any remaining
property can be tendered to the possession of its rightful owner or
owners.

23. Finally, Plaintiff would agree that in order to determine
whether constitutional due process requirements have been met
involves a two pronged inquiry: 1) does the nonresident have some
minimum contact with the forum, and 2) is it fair and reasonable to
require the nonresident to defend the suit in the forum state.
Stuart vs. Spademan, 772 F.2d 1185, 1189 (5th Cir. 1985).

24. Both prongs have been met. Attached please find Exhibits no.
9 and 10 which demonstrate that Defendant Vega was conducting
business in Texas. Exhibit No. 9 contains invoices showing corn
was shipped on behalf of Ms. Vega to Port Elevator-Brownsville,
L.L.C. on October 25, 1996 and again on November 12, 1996. Exhibit
No. 10 contains a letter from Guillermo Vega, Defendant Vega's
counsel, indicating that Defendant Vega borrowed money from a bank
in El Paso, Texas, to purchase the corn to be stored in Port-
Elevator Brownsville. Exhibit No. 3 contains other various letters
from Defendant Ivonne Soto Vega's counsel confirming the business
transaction at issue herein, and Defendant Ivonne Soto Vega's
participation in those transactions in Brownsville, Texas. These

9

business transactions are sufficient to establish minimum contacts in the forum state by the Defendant, Ivonne Soto Vega. Said contracts by Defendant Ivonne Soto Vega resulted from affirmative acts on her part.

25. The constitutional inquiry is whether the Defendant purposefully established minimum contacts in the forum state. Stuart vs. Spademan, 772 F.2d 1185, 1190 (5th Cir. 1985), _Burger King Corp. vs. Rudswiez_, 105 S. Ct. 2174, 2. 81-82 (1985). With respect to interstate contractual obligations, the U.S. Supreme Court has emphasized that parties who reach out beyond one state to another and create a relationship, are subject to regulations and sanctions for their activity. _Burger King_ at 2132. That the Defendant refrained from physically entering the forum state is not sufficient to avoid jurisdiction. _Burger King_ at 2184.

## Alternative Motion for Continuance

26. In the alternative, Plaintiff requests a continuance of the submission date of Defendant, Ivonne Soto Vega's Motion to dismiss, until Plaintiff has had an opportunity to conduct further discovery related to Defendant, Ivonne Soto Vega's resident status in the United States, and to establish evidence of further contacts by her in the forum state as both have a bearing on this motion.

## Conclusion.

27. For all the reasons set forth above, Plaintiff prays that this court deny Defendant, Ivonne Soto Vega's Motion to Dismiss; alternatively that the Court grant a reasonable continuance of the submission date related to the present Motion for the purpose of

10

allowing the parties to conduct relevant discovery.

Respectfully submitted,

John Skaggs
State Bar No.
ATTORNEY IN CHARGE FOR
PORT ELEVATOR-BROWNSVILLE, L.C.

SKAGGS & GARZA, L.L.P.
P. O. Drawer 2285
McAllen, Texas 78501
(512)687-8203

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all Attorneys of Record on this the _14_ day of _April_, 1999.

Roy S. Dale
DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504

_____
John Skaggs

12

14.    3/28//01        Riley County District Court, Manhattan, KS
       Judge           Paul Miller
       Case:           Browner Turnout Company v. Ralph Roudybush, et al, 99 C-45
       Plaintiff       Darin Conklin
       Defense         Tom Kier

Page 3 of 3

# *Avis Odenbaugh*

### *Board Certified*
### *Forensic Document Examiner*

*2836 White Avenue*
*Kansas City, Missouri 64129-1148*

*Phone and Fax (816) 923-5595*

## DEPOSITIONS
### (Past 4 years)

| 10/14/97 | Overland Park, KS (Robert Miller) | James Cramer | 9705-CV-178 |
| 10/28/97 | Overland Park (Thomas Fritzlen) | Scott C. Nehrbass | 97-2153-GTV |
| 12/12/97 | Kansas City, MO (Alan Clever) | James Roody | 97-6923 |
| 3/2/99 | Kansas City, MO (Michael Healy) | Craig T. Kenworthy | 95-1003-CV-W-6 95-1005-CV-W-6 |
| 5/22/99 | Kansas City, MO (Marc Wallis) | Robert Wulff | 972-00538 |
| 8/18/99 | Kansas City, MO (Carole DeWald) | J. M. Vaughn | 98-4215-CV-C-SOW |
| 11/30/99 | Kansas City, MO (Brandan Donedon / Dan Craig) | Brian Finucane | 98-0692-CV-W-5 |
| 5/18/00 | Overland Park, KS (David Madden) | Michael L. Hodges | CV98-025033 |
| 4/3/01 | Kansas City, MO (Douglass Noland) | Christopher Rackers | CV-499-893-CC |



EXHIBIT

FALCON-DALLAS, TX

# *Avis Odenbaugh*

### *Board Certified*
### *Forensic Document Examiner*

2236 White Avenue
Kansas City, Missouri 64129-1148

Phone and Fax (816) 923-5595

## PUBLISHED PAPERS

"A Study Of Carbonless Papers" *World Association of Document Examiners Journal,* Sept. 1992

"Form Blindness,: A Contrasting Perspective" *World Association of Document Examiners Journal,* Sept. 1993

"Pictrostat, A Report On New Photographic Equipment" *Journal of Document Examination,* Mar. 1994, Volume 3, Number 1

"Book Reports" *Journal of Questioned Document Examination,* Oct. 1994, Vol.3, #2

"Basic Photography, Part 1" *Independent Association of Questioned Document Examiners Newsletter,* Nov. 1994

"Is the Expert Correct Only 50% Of the Time?" *Journal of the World Association of Document Examiners,* Dec. 1994

"Basic Photography, Part II," *Independent Association of Questioned Document Examiners Newsletter,* Feb. 1995

"Foreign Writings: Within Our Expertise?" *Journal of Questioned Document Examination,* Spring, 1995, Vol. 4, #1

"Basic Photography, Part III," *Independent Association Of Questioned Document Examiners Newsletter,* August, 1995

"Basic Photography, Part IV," *Independent Association of Questioned Document Examiners Newsletter,* Feb. 1996

"Aids in Deciphering Obliterated Writing" *WADE Exchange,* Issue 211 May, 1997

"Is the Expert Correct Only 50% Of the Time?" *Journal of the World Association of Document Examiners,* June, 1997

"Snappy: A Video Frame Grabber," *WADE Exchange,* January 1998, #218

"The Document Examiner's Role in the Petition System" *WADE Exchange,* November, 1998, #227

"Sequence of Line Crossings," *Journal of Questioned Document Examination,* Winter, 2000, Volume 8, Number 1



EXHIBIT
"C"

# DOCUMENT 1                                    CHART 1

 





RECEIVED BY:

MR. GERSON GUTIERREZ
OR MRS. YVONNE SOTO VEGA

DATE: 10-30-96

**THIS NOTARIZATION IS TO AUT**


EXHIBIT "F"

Case 1:98-cv-00023   Document 11   Filed in TXSD on 04/14/1999   Page 17 of 28

DOCUMENT 1                    CHART 2

# ME ME

MEXICO                    OTAY MESA,/SAN



DRIVE   E F





SOTO VEGA
TIJUANA

No. 1716

NOTIFY:
MRS. IVONNE SOTO VEGA
PASEO RIO TIJUANA No. 1716
ZONA DEL RIO, TIJUANA B.C. MEXICO

CutePDF - www.fastio.com

Case 1:98-cv-00023   Document 11   Filed in TXSD on 04/14/1999   Page 18 of 28

 



THIS NOTARIZATION IS TO



OCTOBER



AUTHENTICATE THAT





SWORN

BEFORE ME

REZ

MR. BERSAIN GUTIERREZ.

'ORE

SUBSCRIBED BEFORE

THIS NOTARIZATION IS TO AUTHENTICATE THAT THE ABOVE
SIGNATURE IS THAT OF MR. BERSAIN GUTIERREZ.



CUtePDF - www.cutepdf.com



# DOCUMENT 2

## CHART 4

RECEIVED BY:

MR. BERSAIN GUTIERR[...]
OR MRS. IVONNE SOTO V[...]

DATE: 10-30-9[...]

MRS.



BE[...]IN



CHART 5



SOTO VEGA

SOTO VE

MEXICO

NOTIFY:
MRS. IVONNE SOTO VEGA
PASEO RIO TIJUANA No. 1716
ZONA DEL RIO, TIJUANA B.C. MEXICO

SOLD TO:

ClibPDF - www.fastio.com



MR. BERSAIN

BEFORE 









SIGNATURE

TO AUTHENTICATE

OCTOBER





SWORN

THIS NOTARIZATION IS TO AUTHENTICATE THAT THE ABOVE
SIGNATURE IS THAT OF MR. BERSAIN GUTIERREZ.

CutePDF - www.texto.com

Case 1:98-cv-00023   Document 11   Filed in TXSD on 04/14/1999   Page 22 of 28









RECEIVED BY:

MR. BERBAIN GUTIERREZ
OR MRS. IVONNE SOTO VEGA

DATE: 10·30·96

Case 1:98-cv-00023   Document 11   Filed in TXSD on 04/14/1999   Page 23 of 28

CHART 8

DOCUMENT 3



SOTO

MEXICO

VEGA

NOTIFY:
MRS. IVONNE SOTO VEGA
PASEO RIO TIJUANA No. 1716
ZONA DEL RIO, TIJUANA B.C. MEXICO



AUTHENTICATE

IS

THAT

AND

THAT

THIS NOTARIZATION

ATION FORE

BE ME

THIS NOTARIZATION IS TO AUTHENTICATE THAT THE ABOVE
SIGNATURE IS THAT OF MR. BERSAIN GUTIERREZ.

# *Avis Odenbaugh*

### *President, Handwriting On the Wall, Inc.*
### *Board Certified*
### *Forensic Document Examiner*

2836 White Avenue
Kansas City, Missouri 64129-1148                                    Phone, Fax (816)923-5595

---

## *Statement*
### July 12, 2001                          Federal I D. # 43-1434750

Barbara Shipper
Shipper & Associates
5820 Townhouse Lane
Beaumont, Texas 77707

William D. Mount, Jr.
Dale and Klein, L.L.P.
6301 North Tenth Street
Mc Allen, Texas 78504

Re:     Civil Action B-98-23: Port elevator-Brownsvilie, L.C., et al. vs. Ivonne Sogo Vega, et al
        Your file number  99-3843
My file number: 071701

**Document Examination Services**
        Examination, photographypreparation of chart to be submitted
        as exhibits, and report
                13 hours @ $85.00 / hour                              $1,105.00
**Expenses**
        Film and processing, 3 rolls                                      70.00
        Color copies                                                      30.00
        Fed Ex Letter (Saturday delivery requested)                       36.00
**Deposition**

**Court appearance**

**Total**                                                            $1241.00

**Less payment received**

**Balance**                                                          $1241.00

### Thank you





Member World Association
of Document Examiners
Member Certified Fraud Examiners
Member Independent Association
of Questioned Document Examiners
Court Qualified

**SHIPPER**
AND
**ASSOCIATES**

*Barbara Shipper, CFE, CDE*
Certified Fraud Examiner
Certified Document Examiner
P.O. Box 12190
Beaumont, Texas 77726-2190
Phone (409) 866-6767
Fax (409) 866-8558

# STATEMENT OF QUALIFICATIONS
### Barbara J. Shipper, BCFDE, CFE

## Profession
Board Certified Forensic Document Examiner - Full time

## Certifications
Association of Certified Fraud Examiners
World Association of Document Examiners

## Honor
Jan'97-'98    Appointed Early Ballot Judge/Board Manager for Jefferson County elections.
Duties included comparing signatures to deter mail-in voting fraud.

## Education and Training
1980    Bachelor of Business Administration, Lamar University

Sep'95-'00    Independent Association of Questioned Document Examiners, Seminar,
Kansas City, MO; Honolulu, HI; Las Vegas, NV; Dallas, TX, Scottsdale, AZ
Sep'97    Digital Imaging for Forensic Document Examiners, Educational Seminar
Las Vegas, NV
Jul'95-'00    World Association of Document Examiners, Residency Training Program
Chicago, IL; Puerto Vallarto, Mexico.
Fall'96    Photography I, Lamar University
Sep'96    Document Photography, Educational Seminar, Honolulu, HI
Oct'94-Aug'98    Private training with Lillian Hutchison, CDE, Houston, TX (over 37 hours)
Oct'95    National Association of Document Examiners, Seminar, San Antonio, TX
Jun'79-Aug'80    Lamar State Bank bookkeeper & teller, included verifying signatures
for security/fraud, Beaumont, TX
1978    Criminology, Lamar University, Beaumont, TX

## Other Related Special Training-selective
Feb'91-Mar'96    Computer/Administrative technician for State of Texas-Beaumont, TX
Feb'81-Feb'91    Accountant for State of Texas-Beaumont, TX
1991    Continuing Education-Psychology 131, Lamar University, Beaumont, TX
1980    College courses include:  Various Management, Computer and Accounting
courses, Lamar University, Beaumont, TX
Sep'83-Dec'83    Instructor at night, word processing/typing, Chenier Business College,
Beaumont, TX

## Professional Memberships
Association of Certified Fraud Examiners - Austin Home Office
Independent Association of Questioned Document Examiners
World Association of Document Examiners

Page 1 of 2



*QUESTIONED DOCUMENTS    •    ALTERATIONS    •    HANDWRITING IDENTIFICATION*

Case 1:98-cv-00023   Document 11   Filed in TXSD on 04/14/1999   Page 27 of 28

Barbara Shipper - Forensic Document Examiner (Con't)
Statement of Qualifications (409)866-6767
Page 2 of 2

## Library List

| AUTHOR | TITLE |
|---|---|
| Association of Certified Fraud Examiners | "Fraud Examination Standards and Practices" |
| J. Newton Baker | "Law of Disputed and Forged Documents" |
| Bradford and Bradford | "Introduction to Handwriting Examination and Identification" |
| James V.P. Conway | "Evidential Documents" |
| Luciano V. Caputo | "Questioned Document Case Studies" |
| James E. Doyle | "Physical Evidence Handbook" |
| Wilson R. Harrison | "Suspect Documents" |
| Ordway Hilton | "Scientific Examination of Questioned Documents" |
| Ordway Hilton | "Detecting and Deciphering Erased Pencil Writing" |
| Joe Nickell | "Pen, Ink, and Evidence" |
| Albert S. Osborn | "Questioned Documents" |
| Albert S. Osborn | "The Problem of Proof" |
| Dan Poynter | "The Expert Witness Handbook" |
| Edna W. Robertson | "Fundamentals of Document Examination" |
| Taft and England | "Criminology" |

## Laboratory Equipment (Partial List)

1866T Trinocular stereo zoom microscope; Zoom ratio 10.5x-67.5x
  with closed circuit camera and 20" monitor/receiver; Southern Precision
Illuminator with blue filter in mount; Lumigold
CCD digital camera; spectrum 500-860nm; Pictor 416XT; Meade Instruments Corporation
Infrared filter; spectrum 700-1100nm; Edmund Scientific
Infrared filter; spectrum 700-950nm; Kodak Wratten 89B; Calumet Photographic, Inc.
CCD camera; Sony Handycam with Nightshot for recording Ultraviolet and Infrared
Ultraviolet light; long and short wave; Edmund
Portable transmitted light box; 15 watts; Apollo Glow Pro
Copy machine-enlarge 200%;  Xerox 5314
Camera; Pentax ZX-5 AF SLR
Macro camera lens; Pentax 50mm; f/2.8; 1:1
External flash; Pentax AF 500 FTZ
Copy Stand; Quadra-Pod
ESDA (Electrostatic Detection Apparatus)
Handheld magnifier with light; 2X; Bausch and Lomb
Handheld magnifier, 4x
Diamond loupe; 10x; triplet; 18mm lens

## Journal and Newletter Subscriptions

"World Association of Document Examiners Journal" and "Exchange"
"Independent Association of Questioned Document Examiners-Journal of Questioned
  Document Examination" and "Newsletter"
"The White Paper-Topical Issues on White Collar Crime"

## Paper(s) Published in:

Journal of World Association of Document Examiners
Journal of Independant Association of Questioned Document Examiners

CMPDF - www.fevre.com

**FEE SCHEDULE**

Retainer Fee (payable in advance & not refundable) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 400.00
Additional Hourly Fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 85.00

      Hourly fee is for time spent on your behalf in excess of 4 1/2 hours. Such time includes but not limited to examinations, comparisons, technical investigations laboratory work, photography, research, court exhibit preparation, consultation, written letter of opinion, preparation of court testimony, pre-trial conference and travel time. The balance of the fee is due upon oral and/or written report of findings.

Depositions, Court Appearance or Arbitrations, Minimum Fees . . . . . . . . . . . . . . . . . . . . . . . per hour . . . $  100.00
      Day set aside waiting for court appearance (Refundable if cancelled one working day in advance.) . . . . . . . . . . . $  85.00
      Video Deposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .per hour. . . . $  150.00

