United States District Court
Southern District of Texas
FILED

JUL 01 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR- BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA S.A. DE C.V. | § § § § | JURY DEMANDED |

## MOTION TO ENJOIN SUIT IN STATE COURT INCLUDING BRIEFING

TO THE HONORABLE UNITED DISTRICT JUDGE

1.   **Nature of relief requested**:  Plaintiff requests the entry of an Order enjoining the prosecution of a lawsuit pending in State Court.   The State Court lawsuit is more fully identified by reference to "Plaintiff's Original Petition" filed in State Court, a copy of which is attached hereto and incorporated at this point by reference.

2.   **Injunction not barred by "anti-injunction statute"**.

The relief requested in this Motion is not barred by the terms of the anti-injunction statute, 28 U.S.C. §2283.

The present suit in Federal Court was filed first.

The present suit is in the nature of a suit in interpleader, filed pursuant to 28 U.S.C. §2361 and Rule 22, Federal Rules of Civil Procedure.

Injunctions of parallel lawsuits are specifically permitted in such circumstances.   28 U.S.C. §2283

3.   **Further grounds for injunction: forum shopping by Defendants**. The Federal Courts are empowered to take steps to protect their own

jurisdiction; by injunction if necessary.   28 U.S.C. §2283

Plaintiffs in the present Federal Court suit filed a legitimate action in the United States District Court based on diversity, naming only Defendants who clearly claim an interest in the money placed in the registry of this Court; and naming only the Defendants who were likely to raise claims of breach of contract or mishandling of the commodity which is the subject of this action.

Such original petition was filed by Plaintiff on February 11, 1998.

Rather than make a claim for the money which was the subject of the interpleader, Defendant Ivonne Soto Vega filed an objection to this Court's jurisdiction on March 23, 1999, approximately thirteen months after the filing of the original lawsuit.

Plaintiff responded by detailing the reasons, both factually and legally, that this matter should be maintained in Federal Court.

As part of Plaintiff's response to Defendant's efforts to have the present suit dismissed from Federal Court, Plaintiff asked for a postponement of the consideration of Defendant's jurisdiction motion until depositions could be taken to confirm the residency and citizenship status (and other related matters) alleged by Defendant in her motion to dismiss.

Defendant refused to make herself available for deposition as requested, and for the legitimate purposes for which Plaintiff sought such deposition.   The Court is referred to a copy of correspondence from Defendant's attorney dated April 20, 1999, which is attached hereto and incorporated at this point by reference.

In response, Plaintiff herein was compelled to seek the assistance of the Federal Court by filing a Motion to Compel Defendant to appear for deposition.

Rather than agree to appear for deposition, the Defendant filed the action in State Court which should be enjoined. Defendant obviously filed such suit in an effort to avoid federal jurisdiction and start a parallel lawsuit with most of the same parties, pled in such a way that such suit would not be removable to Federal Court. Such suit in State Court was filed on May 28, 1999, seven days after Plaintiff moved to compel Defendant to give the deposition testimony which will establish proper jurisdiction in Federal Court.

The above recitation of facts can be construed in no other way, except to illustrate Defendant's efforts to engage in "forum shopping". This Honorable United States District Court should protect its own jurisdiction from such an obvious attempt to move the case to State Court by means other than remand or dismissal. It is obvious that Defendant recognizes its efforts to escape from Federal Court will not be successful otherwise.

4.    Conditional request for relief.

This Motion is filed at this time to avoid any prospect of waiver of the claims made herein.

However, Movant recognizes the Federal preference which suggests (but does not require) that an opportunity be given to the state trial judge to abate the later filed state action. To this end, Movant has formally petitioned the State District Court for abatement, and will apprise this Federal Court of the outcome.

In view of the fact that the legal and factual prerequisites for federal injunction and for State Court abatement are different, Movant will ask for a hearing on this Motion if the State District Judge fails to promptly abate the State Court lawsuit.

5.   <u>Prayer for relief</u>.  Plaintiff therefore moves:

A.   That an order of injunction issue related to the further prosecution of the State Court action identified herein.

B.   Alternatively, that an order of injunction issue related to the further prosecution of the State Court action identified herein; but only to the extent of the cash and property which is the subject of the present Federal Court suit.

C.   Movant prays for an award of attorney's fees in connection with the filing of this Motion.

Respectfully Submitted,

JOHN SKAGGS
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
ATTORNEY IN CHARGE FOR
DEFENDANT PORT ELEVATOR-
BROWNSVILLE, L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel on this the 24 day of June, 1999:

Roy Dale
6301 N. 10th St.
McAllen, Texas 78502

_____
John Skaggs

THE STATE OF TEXAS            §

                                 §      **AFFIDAVIT**

COUNTY OF HIDALGO         §

BEFORE ME the undersigned authority personally appeared John Skaggs, referred to herein by name or as "Affiant" who did under oath depose and state as follows:

"My name is John Skaggs and I am over the age of twenty-one (21) years, have personal knowledge of the factual allegations made herein, and am otherwise competent and capable of making this Affidavit.

"I have examined the foregoing documents and certify that the factual allegations contained herein are true and correct."

_____

JOHN SKAGGS

SUBSCRIBED AND SWORN TO before me on the _____ day of _____ , 1999.

_____

Notary Public in and for the State of Texas

My Commission Expires:

_____

CHERYL OYAMA
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
06-26-2001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, AND SYSCO DE BAJA | § | |
| S.A. DE C.V. | § | |

## CERTIFICATE OF CONFERENCE

I certify that unsuccessful efforts were made to resolve the matters addressed in this Motion.

Respectfully Submitted,

JOHN SKAGGS
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
ATTORNEY IN CHARGE FOR
DEFENDANT PORT ELEVATOR-
BROWNSVILLE, L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel on this the 29 day of June, 1999:

Roy Dale
6301 N. 10th St.
McAllen, Texas 78502

_____
John Skaggs



# d&k
## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr

A Peter Thaddeus, Jr.
Kathryn M Flagg
Jaime Jerry Munoz
Catherine A. Garcia

April 20, 1999

Mr. John Skaggs                    **VIA FAX (956) 630-6570**
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

RE:   Civil Action No. B-98-23
      Port Elevator - Brownsville, L.C. vs. Ivonne Soto Vega,
      Bersain Gutierrez, and Sysco De Baja, S.A. De C.V.
      Our File No. 99-3843

Dear John:

I received your correspondence dated April 19, 1999 requesting the deposition of Ivonne Vega. I believe any deposition in this matter is premature until the court resolves Ms. Vega's Motion to Dismiss. Additionally, a scheduling order would have to be entered in this case for a deposition to take place. Lastly, any deposition of Ms. Vega that would take place would have to take place where Ms. Vega is located which I believe is Tijuana, Mexico.

Should you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs1

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956 546.5100

CAUSE NO. C-2007-99-A 1139   *a*

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | *Nora Nutty* |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | HIDALGO COUNTY, TEXAS |
| SYSCO DE BAJA, WALTER PUFFELIS | § | |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 93rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE STATE DISTRICT JUDGE:

NOW COMES **IVONNE SOTO VEGA**, Plaintiff in the above-styled and numbered cause and files her Original Petition and for cause of action would respectfully show the following:

### I.

### DISCOVERY CONTROL PLAN-LEVEL 2

Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

Plaintiff **IVONNE SOTO VEGA** is a Mexican National who resides in Mexico.

Defendant **PORT ELEVATOR-BROWNSVILLE, L.C.** (hereinafter also refers to all employees, agents, and representatives) is a Texas limited liability company licensed to do business in the State of

Texas. It may be served with process through its registered agent, **CRAIG ELKINS**, at 2334 Boca Chica Blvd., Ste. 200, Brownsville, Texas 78520.

Defendant **SOUTHWEST GRAIN CO., INC.** (hereinafter also refers to all employees, agents, and representatives) is a Texas corporation licensed to do business in Texas. It may be served through its registered agent, Tommy Joe Crutcher, at Rt. 3, Box 188-F, Edinburg, Texas 78539.

Defendant **AGI/AKRON GROUP, INC.** (hereinafter also refers to all employees, agents, and representatives) is a California corporation which may be served with process through its registered agent, Rocky Halfon, at 225 Broadway, 19th Floor, San Diego, California 92101.

Defendant **SYSCO DE BAJA** (hereinafter also refers to all employees, agents, and representatives) is a California business which may be served by serving **BERSAIN GUTIERREZ ZENTENO.**

Defendant **WALTER PUFFELIS GALVAN, III, INDIVIDUALLY AND D/B/A AGI/AKRON GROUP, INC.** (hereinafter **WALTER PUFFELIS**) is an individual who may be served at his place of business, 8653 Ave. Costa Norte Suite, Otay Mesa, San Diego, California 92173.

Defendant **CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C. and SOUTHWEST GRAIN CO., INC.** (hereinafter **CRAIG ELKINS**) is an individual who is a resident of Texas and may be served with process at his residence, 910 Rio Grande Drive, Mission, Texas 78572.

Defendant **BERSAIN GUTIERREZ ZENTENO, INDIVIDUALLY AND D/B/A**

**SYSCO DE BAJA** (hereinafter **BERSAIN GUTIERREZ**) is an individual who may be served with process at his place of business, 2295 Paseo De La Americas, Suite 22, Otay Mesa, California 92173.

### III.

### JURISDICTION AND VENUE

The damages claimed are in excess of the minimum jurisdictional limits of this court. Venue is proper in Hidalgo County, Texas under Section 15.002(2) of the Texas Civil Practice & Remedies Code in that **CRAIG ELKINS** is a natural person whose residence at the time the cause of action accrued was Mission, Hidalgo County. Venue is proper under Section 15.002(3) because **SOUTHWEST GRAIN CO., INC.'S** principal office in this state is located in Hidalgo County.

### IV.

### GENERAL FACTS

**IVONNE VEGA** made three purchases of yellow corn of almost 5,000 metric tones in the Fall of 1996 for the express purpose of reselling the corn to one or more buyers in Mexico and making a profit. On or about October 21, 1996, **MS. VEGA** purchased 3,444.434 metric tons of yellow corn from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.** The purchase price was $170.00 per metric ton. On or about November 13, 1996, **MS. VEGA** made two more purchases from **WALTER PUFFELIS, III,** and **AGI/AKRON GROUP, INC.** One purchase was for 688.309 metric tons and the other was for 1,791.566 metric tons. The price per metric ton again was $170.00. Acting under **MS. VEGA'S** instructions, the yellow corn was transported via rail

car to **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.  CRAIG ELKINS** was the manager of **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** at the time the corn was delivered.

### V.

**MR. GUTIERREZ** and **SYSCO DE BAJA** accepted the yellow corn on behalf of **MS. VEGA** when the shipments arrived in the Fall of 1996 at **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC. MR. GUTIERREZ** and **SYSCO DE BAJA** had no authority to sell or transfer the corn or enter into any contracts concerning storage or delivery of the corn.

### VI.

Within days of the corn's arrival, **MR. GUTIERREZ** and **SYSCO DE BAJA** sold about 3,400 metric tons of **MS. VEGA'S** yellow corn without **MS. VEGA'S** permission or knowledge.  **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** expressly released the yellow corn to **MR. GUTIERREZ** and **SYSCO DE BAJA** knowing that the corn would be sold.  At the time the corn was released, **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** knew that **MS. VEGA** had an ownership interest in the corn.

### VII.

**MS. VEGA** found a buyer for her approximately 5,000 metric tons of corn and requested in September of 1997 that **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** release her corn.  **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO, INC.** declined to do so.  **MS. VEGA** first

discovered in October 1997 that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** had released about 3,400 tons of her corn the year previously.   Subsequently, **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** sold the remaining 1,600 metric tons of **MS. VEGA'S** yellow corn without her permission.

## VIII.

### CAUSE OF ACTION AGAINST CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO, INC.

a.   **Conversion**

**MS. VEGA** was the sole owner of the yellow corn which was stored at **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.**   **MS. VEGA** had the right of possession of this property.   **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** unlawfully and without authority assumed dominion and control over **MS. VEGA'S** property to the exclusion of **MS. VEGA'S** rights in this property in that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** turned over **MS. VEGA'S** property to one or more third parties including **BERSAIN GUTIERREZ ZENTENO** and **SYSCO DE BAJA**.   **MS. VEGA** would show that she had left the property in **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO.'S** possession for the purpose of storing the property until the property was to be sold.   **MS. VEGA** would show that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.'S** conduct was unlawful in that they turned over **MS. VEGA'S** corn to **MR. GUTIERREZ** and **SYSCO DE BAJA** without permission.   **MR. GUTIERREZ** and **SYSCO DE BAJA** immediately sold said corn.   **MS. VEGA** would further

show that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.'S** possession was unlawful when they refused to return **MS. VEGA'S** corn when she requested that said corn be returned at a time when she had a buyer for said corn. **MS. VEGA** sues for the fair market value of the property at the times and places of the conversion. **MS. VEGA** is also entitled to interest on the sum of the value of the property converted from the dates of conversion, at the prejudgment rate of interest. **MS. VEGA** would further show that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.'S** conversion of the property, as alleged above, was fraudulent and/or malicious in that they knew the property belonged to **MS. VEGA**, but deliberately released said property to **MR. GUTIERREZ** and **SYSCO DE BAJA** and later refused upon request by **MS. VEGA** to release the property to **MS. VEGA** for sale to a third party. **MS. VEGA** would show that **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO.** specifically intended to cause substantial injury to **MS. VEGA** and accordingly **MS. VEGA** asks that exemplary damages be awarded against **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.**

    **b.   Negligence**

    **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** breached the duty owed to **MS. VEGA** to store her yellow corn and not release said property without her express permission. **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** breached that duty by negligently releasing **MS. VEGA'S** property to one or more third parties and by

later refusing to release **MS. VEGA'S** property to her upon request, proximately causing damages. **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** entered into a storage and delivery contract with **SYSCO DE BAJA** and **AGI/AKRON GROUP, INC.** that delivery of the corn shall be "done only upon the written instructions of **SYSCO DE BAJA, SA DE CV** and signed by **BERSAIN GUTIERREZ.**" **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** were on notice that **MS. VEGA** had an interest in the yellow corn that was shipped to **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** through the bills of lading that accompanied the corn. The bills of lading stated that **MS. VEGA** was to be notified once the shipments were received in Brownsville, Texas. **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** had a duty to notify **MS. VEGA** when the corn arrived, but failed to do so, proximately causing damages. **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** negligently entered into a contract with **SYSCO DE BAJA** and **AGI/AKRON GROUP, INC.  MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** to the exclusion of **MS. VEGA** and are liable for the damages proximately caused to **MS. VEGA** by the conduct described herein.

    c.    **Breach of Contract**

In the Fall of 1996, **MS. VEGA** entered into a contract with **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** to store corn at their facility in Brownsville, Texas. As part of the agreement, **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE,**

L.C. and **SOUTHWEST GRAIN CO., INC.** agreed not to release the corn without the express permission of **MS. VEGA**.  **MR. ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** breached this contract by releasing **MS. VEGA'S** corn to one or more third parties including **BERSAIN GUTIERREZ** and **SYSCO DE BAJA** without her permission and by later refusing to release **MS. VEGA'S** corn to her when she requested its release in September of 1997.  **MS. VEGA** did not become aware that **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** had released her corn to one or more third parties until about October 1997.

## IX.

### CAUSE OF ACTION AGAINST BERSAIN GUTIERREZ AND SYSCO DE BAJA

**a.   Conversion**

**BERSAIN GUTIERREZ** and **SYSCO DE BAJA** accepted **MS. VEGA'S** yellow corn at **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** in Brownsville, Texas.  At the time **MR. GUTIERREZ** and **SYSCO DE BAJA** received the corn, they knew the corn was owned by **MS. VEGA**. They knew that they had no authority to sell or transfer **MS. VEGA'S** corn without her express permission.  Within days of the corn being delivered to the facility in Brownsville, Texas, **MR. GUTIERREZ** and **SYSCO DE BAJA** unlawfully and without authority assumed dominion and control over **MS. VEGA'S** corn to the exclusion of **MS. VEGA'S** rights in said corn and thereafter sold about 3,400 metric tons of **MS. VEGA'S** corn.  **MS. VEGA** sues for the fair market value of her corn at the times and places of the conversion.  **MS. VEGA** is also entitled to interest on the sum of the value of the property

converted from the dates of conversion, at the prejudgment rate of interest. **MS. VEGA** would further show that **MR. GUTIERREZ** and **SYSCO DE BAJA'S** conversion of the property, as alleged above, was fraudulent and/or malicious in that **MR. GUTIERREZ** and **SYSCO DE BAJA** knew the property belonged to **MS. VEGA** and that they had no authority to assert dominion, control, transfer and/or sell said property without the express permission of **MS. VEGA**. **MS. VEGA** would show that **MR. GUTIERREZ** and **SYSCO DE BAJA** specifically intended to cause substantial injury to **MS. VEGA** and accordingly **MS. VEGA** requests that exemplary damages be awarded against **MR. GUTIERREZ** and **SYSCO DE BAJA**.

   **b.   Negligence**

   **MR. GUTIERREZ** and **SYSCO DE BAJA** breached the duty owed to **MS. VEGA** to store her yellow corn at **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** in Brownsville, Texas when they allowed the corn to be released to one or more third parties, proximately causing damages to **MS. VEGA**.

   **c.   Fraud**

   After **MS. VEGA'S** corn was delivered to **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** in Brownsville, Texas, **MR. GUTIERREZ** and **SYSCO DE BAJA** knowingly represented to **MS. VEGA** that the corn was safe and secure at the facility in Brownsville, Texas and continued to make such representations even though they had sold about 3,400 metric tons within days of delivery to the Brownsville facility. **MS. VEGA** relied upon **MR. GUTIERREZ** and **SYSCO DE BAJA'S** representations and/or concealments

to her injury.  Further, **MR. GUTIERREZ** and **SYSCO DE BAJA** intended
that **MS. VEGA** rely upon his misrepresentations and/or concealments.

**X.**

**<u>CAUSE OF ACTION AGAINST WALTER PUFFELIS GALVAN, III
AND AGI/AKRON GROUP, INC.</u>**

**a.  Negligence**

**WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.** owed a duty to
**MS. VEGA** to protect her interest at the times her yellow corn was
delivered to **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN
CO., INC.**  They violated this duty by entering into a contract with
**PORT ELEVATOR-BROWNSVILLE, L.C., SOUTHWEST GRAIN CO., INC., BERSAIN
GUTIERREZ** and **SYSCO DE BAJA** and excluding **MS. VEGA** at a time when
**MS. VEGA** owned the corn.  The storage and delivery contract entered
into stated in part that the corn would only be released "upon the
written instructions of **SYSCO DE BAJA, SA DE CV** and signed by
**BERSAIN GUTIERREZ**":to the exclusion of **MS. VEGA**.  **WALTER PUFFELIS,
III** and **AGI/AKRON GROUP, INC.'S** failure to protect **MS. VEGA'S**
interests in the corn, proximately caused damages for which she
sues.

**b.  Fraud**

**WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.** represented to
**MS. VEGA** that her corn would be safe and secure at the facility in
Brownsville, Texas, but entered into a contract wherein **MR.
GUTIERREZ** and **SYSCO DE BAJA** were granted permission to remove the
corn at will from the facility.  **MS. VEGA** relied upon **MR. PUFFELIS**
and **AGI/AKRON GROUP, INC.'S** representations as to the safety and
security of her corn to her detriment.

## XI.

## UNLAWFUL CONSPIRACY

**MS. VEGA** would further show that there was an unlawful conspiracy between and/or among **CRAIG ELKINS, PORT ELEVATOR-BROWNSVILLE, L.C., SOUTHWEST GRAIN CO., INC., SYSCO DE BAJA, MR. GUTIERREZ, MR. PUFFELIS** and **AGI/AKRON GROUP, INC.** to defraud **MS. VEGA** of her property, resulting in injury for which she sues.

**WHEREFORE**, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial Plaintiff have:

1.  Judgment against Defendants for a sum within the jurisdictional limits of the court;

2.  Prejudgment interest as provided by law;

3.  Postjudgment interest as provided by law;

4.  An award of exemplary damages against Defendants in a sum determined by the trier of fact;

5.  Attorney's fees;

6.  Costs of suit;

7.  Such other and further relief which Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

_____
ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
ATTORNEYS FOR PLAINTIFF