17

United States District Court
Southern District of Texas
FILED

JUL 08 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | § § § | JURY DEMANDED |

### DEFENDANT IVONNE SOTO VEGA'S REPLY TO PLAINTIFF'S RESPONSE TO MS. VEGA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1), (2), (3), (4), (5) AND (6)

TO THE UNITED STATES DISTRICT COURT:

NOW COMES, **IVONNE SOTO VEGA**, Defendant in the above-styled and numbered cause and files this her Reply to Plaintiff's Response to **MS. VEGA'S** Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (3), (4), (5) and (6) and in support thereof would show as follows:

I.

In further support of **MS. VEGA'S** position that this case should be dismissed, she hereby tenders her affidavit which is attached hereto as **Exhibit "A"** and incorporated herein for all purposes. Her affidavit establishes that she was never served with this lawsuit and the case must be dismissed pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. In Plaintiff's Response, Plaintiff contends that Jose Hernandez accepted service on behalf of **MS. VEGA**. See **Exhibit "7"**, Plaintiff's Response to Motion to Dismiss. In her affidavit, **MS. VEGA** denies knowing Mr. Hernandez. She further denies that Mr. Hernandez is her agent, employee or representative. This case must be dismissed.

II.

This court does not have subject matter jurisdiction of this lawsuit because there is no diversity of citizenship under 28 U.S.C. § 1332. In **MS. VEGA'S** affidavit, she states that she is not a citizen of the United States and not "an alien admitted to the United States for permanent residence". The diversity statute deems an alien admitted to the United States for permanent residence a citizen of the state in which the alien is domiciled. This particular provision does not apply to **MS. VEGA** as she does not have permanent residence status. Additionally, Plaintiff has alleged that the only other purported claimant in this matter, **BERSAIN GUTIERREZ,** is an alien or citizen of Mexico. Plaintiff's Original Complaint at p. 1. In Lloyds Bank PLC v. Norkin, 817 F. Supp. 414, 416 (S.D. N.Y. 1993), the district court stated that it is clear that Article III of the Constitution does not give Congress the power to grant the federal courts jurisdiction over an action between two aliens.[1] As Plaintiff's Complaint shows, this is an action between two aliens, **VEGA** and **GUTIERREZ**. The case must be dismissed for lack of subject matter jurisdiction.

III.

Plaintiff contends that Plaintiff is asserting in its

---

[1]See, e.g., Mossman v. Higginson, 4 U.S. (4 Dall.) 12, 14 (1800) ("the legislative power of conferring jurisdiction on the federal courts, is, in this respect, confined to suits between citizens and foreigners"); Jackson v. Twentyman, 27 U.S. (2 Pet.) 136 (1929) ("the judicial power was not extended to private suits, in which an alien is a party, unless a citizen be the adverse party"); Joseph Muller Corp. v. Societe Anonyme De Gerance et d'Armement, 451 F.2d 727, 729 (2d Cir. 1971) ("all parties are aliens, and neither the constitutional nor statutory grants of jurisdiction include such a suit"), cert. denied, 406 U.S. 906 (1972).

Complaint in Interpleader a claim for reasonable storage and handling fees as against Defendants and a claim for attorney's fees. Plaintiff's request for affirmative relief does not support diversity jurisdiction. There are still two aliens with competing claims which are on opposite sides of the controversy which require this case to be dismissed. <u>Norkin</u>, 817 F. Supp. at 417 ("the presence of aliens on both sides of the controversy would require that the action be dismissed"); see <u>Corporacion Venezolana de Fomento v. Vintero Sales Corp.</u>, 629 F.2d 786, 790 (2d Cir. 1980) ("We have held that the presence of aliens on two sides of a case destroys diversity jurisdiction"), cert. denied 449 U.S. 1080 (1981); <u>Fosen v. United Technologies Corp.</u>, 484 F. Supp. 490, 495 (S.D.N.Y. 1980) ("plaintiffs are Norwegian, the defendant ANA is Japanese; the fact that other defendants in this suit are citizens of a state does not cure this jurisdictional defect") (citation omitted), aff'd, 633 F.2d 203 (2nd Cir. 1980).

## IV.

The three cases cited by Plaintiff in support of Plaintiff's argument that this court has diversity jurisdiction do not apply to the facts of this case. Plaintiff cites <u>Connecticut General Life Ins. Co. v. Wermelinger</u>, 168 F.R.D. 192 (N.D. Tex. 1996). This case was reversed. See <u>Connecticut General v. Wermelinger</u>, 114 F.3d 1181 (5th Cir. 1997). The other two cases cited by Plaintiff, <u>Truck-A-Tune, Inc. v. Re</u>, 23 F.3d 60 (2d Cir. 1994) and <u>Georgia Savings Bank & Trust Co. v. Sims</u>, 321 F. Supp. 307 (N.D. Ga. 1971) did not involve aliens or non-citizens with competing claims as

this case does.

### V.

**MS. VEGA** would refer this court to her affidavit which is attached as **Exhibit "A"** in support of her position that personal jurisdiction (both general and specific) is lacking in this case.

### VI.

**MS. VEGA** would show that this interpleader action should be dismissed because 28 U.S.C. §§ 1335, 2361 (statutory interpleader) and Rule 22 (federal interpleader rule) require adverse claimants. The record reflects that only one claimant has come forward to answer this lawsuit which is **MS. VEGA**. There are no other competing claimants to the funds held by Plaintiff and therefore an interpleader action is improper. This case should be dismissed because the documents on file reflect only one claimant and hence, a lack of subject matter jurisdiction. Further, interpleader is an equitable proceeding. <u>Fulton v. Kaiser Steel Corp.</u>, 397 F.2d 580, 583 (5th Cir. 1968). This court would be well within its discretion in determining that the equities did not warrant federal court adjudication.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **IVONNE SOTO VEGA** respectfully requests that this court grant her Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (3), (4), (5) and (6) and grant such other and further relief which Defendant may justly be entitled.

Respectfully submitted,

*[signature: Bill M...]*

ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504
Telephone (956) 687-8700
Facsimile (956) 687-2416

ATTORNEYS FOR DEFENDANT,
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

**VIA FACSIMILE** on this the 7th day of July, 1999.

*[signature: Roy Dale by Bill M... with permission]*
ROY S. DALE

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California  
County of __SAN DIEGO_____ } ss.

On __7/7/99__, before me, __PAUL AMESQUITA JR, NOTARY PUBLIC__,  
     Date                               Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared __IVONNE SOTO VEGA_____,  
                           Name(s) of Signer(s)

☐ personally known to me  
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

[Notary Seal: PAUL AMESQUITA JR. COMM.# 1184353 NOTARY PUBLIC-CALIFORNIA SAN DIEGO, CA MY COMMISSION EXPIRES MAY 22, 2002]

Place Notary Seal Above      Signature of Notary Public

------------------------------ OPTIONAL ------------------------------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**  
Title or Type of Document: __AFFIDAVIT_____

Document Date: __7/7/99_____ Number of Pages: __3__

Signer(s) Other Than Named Above: __XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX__

**Capacity(ies) Claimed by Signer**  
Signer's Name: _____  
☐ Individual  
☐ Corporate Officer — Title(s): _____  
☐ Partner — ☐ Limited ☐ General  
☐ Attorney in Fact  
☐ Trustee  
☐ Guardian or Conservator  
☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT / Top of thumb here]

© 1997 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2102    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

Handwritten notes in margin: 99-38 / 1PL / BM / RP / SM / MM

[Stamp: EXHIBIT "A" / FALCON-DALLAS, TX]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. § | |
| § | |
| VS. § | CIVIL NO. B-98-23 |
| § | JURY DEMANDED |
| IVONNE SOTO VEGA, BERSAIN § | |
| GUTIERREZ, AND SYSCO DE BAJA, § | |
| S.A. DE C.V. § | |

**AFFIDAVIT OF IVONNE SOTO VEGA**

STATE OF CALIFORNIA §
§
COUNTY OF _____ §

BEFORE ME, the undersigned Notary Public, personally appeared IVONNE SOTO VEGA, who being by me duly sworn did depose and state the following:

"My name is IVONNE SOTO VEGA. I am over the age of eighteen years, have never been convicted of a felony or a misdemeanor involving moral turpitude, and I am competent to make this Affidavit and make this Affidavit upon personal knowledge."

"I am the Defendant in this case. I was born on October 22, 1953 in Tijuana, Baja California, Mexico. I have lived there my entire life. I have been a Mexican citizen since birth. I have never been a citizen of the United States of America. My intention is to remain a Mexican citizen."

"My home address is Avenidas Sentenario y Calle Independencia No. 5, De Rio, Tijuana, Baja California, Mexico. My business address is Paseo De Sentenario No. 10298 Zona De Rio, Tijuana, Baja California, Mexico. The name of the business is General de

Telefónica y Telecommunicaciones. I live and work in Mexico and always have. My domicile has always been Tijuana, Baja California, Mexico, and my intention is to continue with this domicile for the foreseeable future."

"I have a United States resident alien card which expires in March of 2000. I have never been admitted to the United States for permanent residence. I have no intention of permanently residing in the United States. I am not domiciled in California."

"I have never been a resident of the State of Texas. I have visited the State of Texas on only one occasion. I do not own or control property, maintain any bank accounts, or pay any taxes in the State of Texas."

"The only contact that I have had with Texas concerns the 1996 storage of about 5,000 metric tons of corn that I own at a storage facility at or near Brownsville, Texas. Other than the corn storage, I have conducted no other personal business in the State of Texas."

"I was never served with a copy of this lawsuit. I do not know Jose Hernandez. He is not an agent, representative or employee of mine."

"I am not able to read or write in English. This affidavit has been translated to me from English to Spanish."

"FURTHER AFFIANT SAYETH NOT."

*Ivonne Soto*
IVONNE SOTO VEGA

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF July 1999
NOTARY PUBLIC

SUBSCRIBED AND SWORN TO BEFORE ME on this the ___7th___ day of July, 1999, to certify which witness my hand and seal of office.



NOTARY PUBLIC, STATE OF CALIFORNIA

My Commission expires: 5/22/02

PAUL AMESQUITA JR.
COMM. # 1184353
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO, CA
MY COMMISSION EXPIRES MAY 22, 2002

H:\p\99-3843\Affidavit - Ivonne Vega                                   page 4