IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | § § § | JURY DEMANDED |

**United States District Court
Southern District of Texas
FILED**

**JUL 2 2 1999**

**Michael N. Milby
Clerk of Court**

### DEFENDANT IVONNE SOTO VEGA'S RESPONSE TO PLAINTIFF'S MOTION TO ENJOIN SUIT IN STATE COURT

**TO THE UNITED STATES DISTRICT COURT:**

NOW COMES Ivonne Soto Vega, Defendant in the above-styled and numbered cause and files this her Response to Plaintiff's Motion to Enjoin Suit in State Court, and in support thereof would show as follows:

I.

This is an interpleader action filed by Plaintiff Port Elevator-Brownsville, L.C. Defendant Vega has filed a Motion to Dismiss for lack of personal or subject matter jurisdiction. Ms. Vega filed an affidavit attached to her Reply to Plaintiff's Response to her Motion to Dismiss, establishing that Ms. Vega's residence and business addresses are both in Tijuana, Mexico and that Ms. Vega is a Mexican citizen and has never been a U.S. citizen. The affidavit further recites facts which establish Plaintiff's lack of subject matter and personal jurisdiction in this matter.

II.

Defendant Vega's Motion to Dismiss is presently pending

before the court, to be ruled on at a later date. Until the issue of jurisdiction is decided, the court is without authority to order that the state lawsuit filed by Ms. Vega be enjoined. <u>Moran v. Kingdom of Saudi Arabia</u>, 27 F.3d 169 (5th Cir. 1994). After a defendant has challenged subject matter jurisdiction, the Plaintiff bears the burden of establishing subject matter jurisdiction, and the Court presumes lack of subject matter jurisdiction until Plaintiff proves otherwise. <u>Stock West, Inc. V. Conteduated Tribes</u>, 873 F.2d 1221 (9th Cir. 1989).

### III.

Generally, a party seeking injunctive relief in Federal Court must first establish the Court's subject matter jurisdiction. When a jurisdictional dispute exists, a plaintiff is required to establish a reasonable probability that subject matter jurisdiction exists. <u>Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana</u>, 762 F.2d 464 (5th Cir. 1985). Likewise, the Court must also have personal jurisdiction over the parties to be enjoined; it therefore, may not enjoin Defendants not yet served or before the court. <u>Id</u>., at 470. The Plaintiff bears the burden of establishing a reasonable probability that personal jurisdiction exists. <u>Id</u>., at 471.

### IV.

Plaintiff is unable to establish a reasonable probability that subject matter jurisdiction exists in this matter, or that Defendant Vega is subject to personal jurisdiction of this Court. The statements contained in Plaintiff's Motion to Enjoin in no

way lend support to an argument for subject matter or personal jurisdiction. Plaintiff is clearly unable to meet its burden of establishing a reasonable probability of the Court's jurisdiction over this matter. Therefore, this Court is without authority to enjoin the State Court lawsuit filed by Defendant Vega, and Plaintiff's Motion to Enjoin should be denied.

## V.

Furthermore, Defendant Vega's state court lawsuit includes claims for conversion, fraud, negligence and breach of contract, against various defendants, on which the statutes of limitations are running. Enjoining the state court proceeding at this time could work a substantial prejudice to Defendant Vega by preventing her from timely pursuing available remedies which she may have in state court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant IVONNE SOTO VEGA respectfully requests that this court deny Plaintiff's Motion to Enjoin Suit in State Court and grant such other and further relief which Defendant may justly be entitled.

Respectfully submitted,

*[signature]*

ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504
Telephone (956) 687-8700
Facsimile (956) 687-2416

ATTORNEYS FOR DEFENDANT,
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285

**VIA** CM/RRR on this the 21st day of July, 1999.

*[signature]*
ROY S. DALE

H:\P\99-3843\MOTIONS\RSP TO MOT TO ENJOIN