# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

February 21, 2000

JOHN SKAGGS
VIOLA GARCIA-GARZA

PHONE. (956) 687-8203
PHONE (956) 687-8216
FAX: (956) 630-6570

United States District Court
Southern District of Texas
FILED

FEB 2 2 2000

Michael N. Milby
Clerk of Court

## STATUS REPORT TO THE COURT

United States District Court
Southern District of Texas
RECEIVED

FEB 2 2 2000

Honorable Hilda Tagle
U. S. District Judge
Federal Bldg.
600 E. Harrison St., Rm. 101
Brownsville, Texas 78520

      Re: Civil No. B-98-23; Port Elevator-
           Brownsville, L.C. v. Ivonne Soto Vega, et al

Dear Judge Tagle:

     This matter is scheduled for status conference on February 24, 2000. I offer this correspondence as a supplement to any prior status reports. This letter is intended to report the status of pertinent activities to date:

1. This interpleader action was filed on February 11, 1998.

2. Service was obtained on Defendant Ivonne Soto Vega prior to January 14, 1999.

3. Service was obtained on Defendant Bersain Gutierrez prior to January 14, 1999.

4. Interpleader deposits were made to the registry of this Court on March 13, 1998.

5. Defendant Ivonne Soto Vega requested a dismissal of the action against her based on various theories including defective process or summons. The Court dismissed the action only as against Ivonne Soto Vega, on October 21, 1999.

6. Following the entry of the dismissal order, the undersigned counsel advised the Court that the deposited interpleader money would be left in the registry of the Court and efforts would be made to obtain new service on Defendant Vega (the other Defendant, Bersain Gutierrez had not been dismissed as a party to the pending litigation).

7. Following the dismissal of Defendant Vega as a party, Plaintiff has endeavored to locate Ms. Vega for purposes of service of proper summons or citation, and engaged in the following

activities:

    (a) Compiled the information attached as Exhibit "A" which was derived from deposition testimony and other sources. Such information was transmitted to a private process server in Southern California along with a reissued summons and complaint.

    (b) Transmitted a copy of the videotape made during Ms. Vega's deposition in her related Hidalgo County lawsuit. Such videotape was conveyed to the Southern California process server as further identification of the Defendant.

    (c) Conveyed instructions to the process server to serve Ms. Vega on the United States side of the International boarder; and if at all possible to serve Ms. Vega personally rather than through some substituted means of service of process.

8. The process server engaged in the activities described in the affidavit which is attached hereto as Exhibit "B". The process server was unsuccessful in locating and serving Ms. Vega despite the indicated diligent attempts.

9. Upon confirmation that the process server would not be able to accomplish service in the requested manner, and upon the original citation becoming "stale", the undersigned counsel has retained a private investigator in Southern California. (It is reported to the undersigned that California process servers and California private investigators are prohibited by state law from engaging in certain activities in competition with each other.) The said private investigator has been directed to locate Ms. Vega, and establish her whereabouts and probable patterns of movement by any lawful means. The said private investigator has been directed to make no personal contact with the subject of the investigation, but merely to compile factual information which can be used for service of process. The investigator has been provided with the same identification data, videotape and affidavit which are either referred to herein or which have been attached as exhibits hereto.

10. Following the report from the private investigator, which has not yet been received, it is the intention of the undersigned counsel (on behalf of the Plaintiff in Interpleader) to have a licensed California process server accompany the investigator to a location, at a time and date when Ms. Vega is likely to appear, thereafter for the investigator to provide any assistance allowed by California law so that the process server may duly execute and serve process upon Ivonne Soto Vega in this action.

    I regret that my client has been put to the trouble and expense of attempting to accomplish service in this manner. The problem continues to be that the money on deposit in the Court's registry belongs to the Defendants, or to other unidentified Third-

Parties if applicable. The money does not belong to the Plaintiff in intervention, and without the assistance of the Court, the Plaintiff in this action will be unable to pay the money to the proper persons without the risk of incurring potential multiple liabilities. Of course, Port Elevator will petition the Court for payment of reasonable and necessary attorneys' fees and expenses to accomplish the proper joinder of necessary parties, and to accomplish lawful services of process.

    I will contact the Court prior to next Thursday to determine if an in-person appearance is necessary to present, or to supplement this status report. Currently, I represent the only party who has made an appearance in this action, and who is currently subject to the jurisdiction of the Court. I do not anticipate anyone else, other than myself, will be making an appearance.

    I have filed a copy of this correspondence among the papers of the captioned matter. Under the circumstances, it may be appropriate for the Court to once again schedule this matter for status conference in 30 or 60 days, or at whatever interval the Court deems appropriate. Obviously, assuming proper service is obtained on Ms. Vega, a new appearance may be made by her in this action prior to the next status conference.

    Do not hesitate to have your staff contact me for any additional information.

    Very truly yours,

    SKAGGS & GARZA, L.L.P.

    */s/ John Skaggs*

    John Skaggs

JBS/cmo
Enclosure
cc: Mr. Craig Elkins - VIA FAX NO. (956) 831-3181