4?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 1 2000

Michael N. Milby
Clerk of Court

PORT ELEVATOR                    §
BROWNSVILLE, L.C.                §
                                 §
                                 §
VS.                              §        CIVIL NO. B-98-23
                                 §
IVONNE SOTO VEGA, BERSAIN        §
GUTIERREZ, AND SYSCO DE BAJA     §
S.A. DE C.V.                     §

PLAINTIFF PORT ELEVATOR-BROWNSVILLE'S RESPONSE TO DEFENDANT
IVONNE SOTO VEGA'S MOTION TO DISMISS PURSUANT TO RULE 12(b) (1-6)

Port Elevator-Brownsville, L.C., Plaintiff in Interpleader, in the above styled and

numbered cause, and files this its Response to Defendant Ivonne Soto Vega's Reply to

Plaintiff's Response to Ms. Vega's Motion to Dismiss Pursuant to Rule 12(b)(1), (2), (3),

(4), (5) and (6).

## I. Background

This Court has addressed this issue at least twice. There are two briefs that were

previously filed by Plaintiff responding to Defendant's Motions to Dismiss. Defendant

has, yet again, filed another Motion to Dismiss pursuant to Rule 12(b) (1-6); however,

they have filed no brief in support of their motion.

At this time, Plaintiff is attaching its two previous responses to Defendant's

Motion to Dismiss pursuant to 12(b)(1-6). Plaintiff hereby asks the court to incorporate

these two previous filed briefs as if fully set forth herein supporting Plaintiff's motion

asking the court to deny Defendant's Motion to Dismiss.

## II.  Conclusion

The attached briefs clearly show that Defendant's Motion to Dismiss should be denied.  For these reasons, Plaintiff prays that this Court deny Defendant, Ivonne Soto Vega's Motion to Dismiss.

Respectfully Submitted,

SKAGGS & GARZA
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
(956) 687-8203
(956) 630-6570 [fax]

By: *Michele J. Gonzales w/perm. for:*
JOHN SKAGGS
State Bar No. 18452500
Attorney in Charge for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above document has

been forwarded to the person addressed below on this 30th day of May, 2000.


William D. Mount, Jr.
6301 North 10th Street
McAllen, Texas 78504


_____
John Skaggs

*FILE STAMP*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

APR 14 1999

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, AND SYSCO DE BAJA<br>S.A. DE C.V. | §<br>§<br>§ | JURY DEMANDED |

PLAINTIFF'S RESPONSE TO DEFENDANT VEGA'S MOTION TO
DISMISS PURSUANT TO RULE 12B, (1),(2),(3),(4),(5) & (6).
INCLUDING AUTHORITIES; ALTERNATIVELY MOTION FOR CONTINUANCE
OF SUBMISSION DATE TO CONDUCT ADDITIONAL DISCOVERY

TO THE UNITED STATES DISTRICT COURT:

COMES NOW, Port Elevator-Brownsville, L.C., Plaintiff in
Intervention, in the above styled and numbered cause, and files
this its Response to Defendant Vega's Motion to Dismiss Pursuant to
Rule 12b, (1),(2),(3),(4),(5) and (6) of the Federal Rules of Civil
Procedure and in support thereof would respectfully show this
Honorable Court the following:

BACKGROUND

1.   On February 11, 1998, Plaintiff in Intervention Port Elevator
Brownsville (sometimes referred to herein as "Plaintiff") filed a
complaint in interpleader in the United States District Court for
the Southern District of Texas Brownsville Division.  The Plaintiff
asserted in the Original complaint in Interpleader that this Court
maintained jurisdiction pursuant to 28 USC §1332, 1335 and 2316 in
that the respondents, were all citizens of the Republic of Mexico.
The Plaintiff alternatively pleads that jurisdiction was proper
pursuant to Rule 22 of the Federal Rule of Civil Procedure,   in

1

CutePDF - www.texis.com

that the Plaintiff asserts diversity exists between the Plaintiff and one or more of the Defendants. In addition, the Plaintiff further asserted that it was in possession of money or property which had a value of more that $500.00. As of this date, Plaintiff has deposited the total sum of $75,000.00 with the registry of the court. An additional sum of money will be deposited with the registry of the court upon sale of all the property and account reconciliation related to sale proceeds.

2. Such deposit represents the sale of corn placed in the custody of Plaintiff. The ownership of the corn (and consequently the proceeds from the sale of the corn) has been disputed by both of the Defendants to this action.

3. Said sums of money are the subject of the interpleader in which respondents both claim an interest. (See Exhibit 1; tender of money to the registry of this Court.).

4. On March 23, 1999, the Defendant Ivonne Soto Vega filed her Motion to Dismiss this Interpleader pursuant to Rule 12b. Specifically, Defendant Ivonne Soto Vega is requesting a dismissal for the following:

    1.   lack of jurisdiction over the subject matter;

    2.   lack of jurisdiction over the person;

    3.   improper venue;

    4.   insufficiency of process;

    5.   insufficiency of service of process; and

    6.   failure to state a claim upon which relief can be granted.

2

5.   Plaintiff asserts that jurisdiction is proper pursuant to either 28 USC § 1332, 1335 and 2361 or under Federal Rules of Civil Procedure Rule 22.   Therefore the Original Complaint in Interpleader should not be dismissed.   The Plaintiff further argues that venue is proper in Brownsville, Texas and that the sufficiency of the process and the service of process was adequate (alternatively that inadequate service should not be the basis for dismissal) and that the Plaintiff has stated a claim upon which relief can be granted.

<u>Interpleader Generally</u>

6.   Interpleader is an equitable proceeding to determine the rights of rival claimants to property held by a third person having no interest in the property. 28 USCA 1335(a)(1).   Interpleader was developed on the theory that one rightfully in possession of property faced with two or more competing claims to the property or money should not be forced to take the risk of evaluating the claim on its own. <u>Equitable Life Insurance Soc. vs. Porter-Englehart</u>, 867 F.2d 79 (CA-1 Mass. 1989).   When there are two or more adverse claimants to a limited fund or property, an interpleader action may be initiated in Federal Court under either the Federal Interpleader statute, 28 USCA § 1335 or the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 22.   The difference between the two bases of interpleader are procedural matters concerning jurisdiction, venue and the amount in controversy.   The mere threat of multiple litigation justifies interpleader and it is not necessary that duplicative liability be likely. <u>Sotheby's Inc. vs.</u>

<u>Garcia</u>, 802 F.Supp. 1058 (S.D. N.Y. 1992)  In addition, the danger of conflicting claims may not be immediate; any possibility of having to pay more than is justly due no matter how improbable or remote, will suffice.  <u>Pan American Fire and Casualty Ins. vs. Revere</u>, 188 F.Supp. 474 (E.D. La. 1960)  The potential existence of multiple adverse claims is the requirement of both the statutory and rule interpleader.  <u>Interfirst Bank Dallas, N.A. vs. Purolator Courier Corporation</u>, 608 F.Supp. 351 (N.D. Tex. 1985); see also <u>Fultin vs. Cazier Steele Corp.</u>, 397 F.2d 580 (5th Cir. Tex 1968)  Both 28 USCA § 1335 and Federal Rules of Civil Procedure 22 must be liberally construed and applied to relieve parties from the hazards of conflicting claims.  <u>In Re. Bohart</u>, 743 F.2d 313 (5th Cir. Tex. 1984).

## Statutory Interpleader

7.   Plaintiff asserts that this Court maintains jurisdiction pursuant to 28 USCA § 1332 and 1335 because diversity exists between defendants.

8.   The interpleader statute 28 USCA § 1335 permits any person, firm, corporation, association or society which has in its custody or possession money or property worth $500.00 or more... to bring an action of interpleader if two or more adverse claimants of diverse citizenship (as defined in 28 USCA § 1332) are claiming or may claim such money, property or benefits, and the plaintiff/stakeholder has made the required deposit with the registry of the court.

9.   In the present action, Plaintiff is a Limited Liability

4

Corporation registered in Texas with its principal place of business in Brownsville, Texas.     As such, it is considered a citizen of the State of Texas.  Plaintiff believes the Defendant, Bersain Gutierrez, is a citizen of the Republic of Mexico.   The Defendant, Ivonne Soto Vega, is believed to be a citizen of the Republic of Mexico with resident status in the United States and domiciled in San Diego, California.   (See Exhibit 2 ; drivers license information and affidavit).   When a citizen of a foreign state is a permanent resident of the United States, he is deemed to be a citizen of the state in which he is domiciled. 28 USCA § 1332(a)(4).  Therefore, Defendant, Ivonne Soto Vega, is considered a citizen of the state of California, and diversity exists between the claimants to this interpleader.

<u>Rule Interpleader</u>

10.  In the alternative, should this Honorable Court find that the Plaintiff has not proven complete diversity exist between all claimants to his action, then Plaintiff would assert that this Court has jurisdiction pursuant to Federal Rule of Civil Procedure 22.

9.  Under Rule 22 interpleader, the diversity requirement is satisfied when, at the time the lawsuit is filed, the stakeholder is diverse from each claimant and the amount in controversy exceeds $75,000.00.  28 USCA §1332(a); <u>Truck-a-Tune, Inc. v. Re</u>, 23 F.3d 60 (2d Cir. 1994).  Complete diversity of citizenship is necessary for jurisdiction in a "rule" interpleader action-that is, diversity between the stakeholder on the one hand and all the claimants on

5

the other. <u>Connecticut General Life Ins. Co. vs. Wekmelinger</u>, 168 F.R.D. 192 (N.D. Tex. 1996). If there is complete diversity between the stakeholder and all the claimants, it is irrelevant for purposes of "rule" interpleader that all the claimants are citizens of the same state. <u>Georgia Savings Bank & Trust Co. vs. Sims</u>, 321 F.Supp. 307 (N.D. Ga. 1971). In the case at bar, the Plaintiff is alleging that the Court has jurisdiction pursuant to Federal Rule of Civil Procedure 22 because jurisdictional diversity exists between the stakeholder, a citizen of Texas and the claimants, non-citizens of Texas. (See Defendant Vega's Motion to Dismiss, in which Defendant alleges that both defendants are citizens of the Republic of Mexico).

<u>General Diversity Consideration</u>

11. Alternatively, Plaintiff's Complaint in Interpleader asserts a claim for reasonable storage and handling fees as against Defendants related to Plaintiffs' custody of the corn in its warehouse pursuant to contract with one or more Defendants.

12. Plaintiff will further asserts a claim for attorney fees related to the necessity to file this interpleader.

13. In either of the above respects, Plaintiff has appeared herein with its own independent claims, and as such is an actual "plaintiff" requesting relief and recovery as against Defendants. Port Elevator-Brownsville asserts the existence of complete diversity as among all parties as outlined above.

<u>Proper Venue</u>

14. Plaintiff asserts that venue is proper in the United States

Southern District of Texas Brownsville division. In any Rule interpleader, the general venue statute, 28 USCA §1391 applies. The general venue statute permits the Plaintiff/Stakeholder to file the action in the District where all the plaintiffs reside or where a substantial part of the events or omissions giving rise to the claim occurred.   28 USCA § 1391; State Farm Casualty Co. vs. Tashire, 386 U.S. 523 (1967).

15.   As discussed earlier, the Plaintiff is considered a citizen of Texas with its principal place of business in Brownsville, Texas. In addition, this action arose out of business transactions which substantially occurred in Brownsville, Texas.   Therefore, venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division.

### Plaintiff's stated claim.

16.   Plaintiff has stated a claim upon which relief can be granted. Specifically, Plaintiff in the Original Complaint in interpleader complained that it was in possession of property in which Bersain Gutierrez and Ivonne Soto Vega both claim an interest.   In support of this claim, Plaintiff directs this Honorable Court to exhibit Nos. 3, 4 and 5, incorporated by reference herein, which clearly establish that both defendants claim an interest in the property held by the Plaintiff, thus exposing the Plaintiff to double liability.

### Service of Process and Notice.

17.   Defendant Vega further complains that this Court does not have personal jurisdiction, and that she failed to receive notice of the

7

lawsuit or that if she did received notice, service was not proper.

18.   Defendant Vega's argument that she failed to receive notice of the lawsuit is absurd.   She has filed a motion to dismiss the very action of which she claims she failed to get notice.   In addition, Plaintiff has attached hereto copies of several letters forwarded to Ms. Vega's Brownsville counsel Guillermo Vega referring to the above styled and numbered cause of action. (See Exhibit No. 6). Finally, Plaintiff attached hereto the affidavit of Gabriel Aguilar who served Ms. Vega's authorized agent with a citation and copy of the Complaint in Interpleader. (See Exhibit No. 7).

19.   Dismissal of this Interpleader is unnecessary.   This Court should instead, quash service.   There has been no prejudice to the Defendant.   <u>Umbenhauer vs. Woog</u> 969 F2d 25, 31 (3rd Cir. 1992) This is particularly appropriate, where as here, the Defendant is avoiding service.

20.   Defendant Ivonne Soto Vega has made repeated claims for the money through her Brownsville attorney Guillermo Vega as indicated in Exhibit No. 3.   Defendant Ivonne Soto Vega was offered multiple opportunities to respond to this actin as indicated in copies of correspondence attached hereto as exhibit no. 6.   Though Defendant Ivonne Soto Vega was on constant notice regarding Plaintiff's Intervention she declined to come forward to claim the proceeds of the sale of the corn. (See Exhibit No. 7 which illustrates, the efforts made by Plaintiff to obtain service on Defendant Ivonne Soto Vega.)

21.   Furthermore, Defendant Bersain Gutierrez (the other competing

8

claimant) has been properly served in this action, and a dismissal
of the entire action would be prejudicial to him, (See Exhibit No.
8.)

22. A dismissal of this action in its entirety would be a waste of
judicial economy. The money does not belong to Plaintiff. The
action would just have to be refiled so the money and any remaining
property can be tendered to the possession of its rightful owner or
owners.

23. Finally, Plaintiff would agree that in order to determine
whether constitutional due process requirements have been met
involves a two pronged inquiry: 1) does the nonresident have some
minimum contact with the forum, and 2) is it fair and reasonable to
require the nonresident to defend the suit in the forum state.
Stuart vs. Spademan, 772 F.2d 1185, 1189 (5th Cir. 1985).

24. Both prongs have been met. Attached please find Exhibits no.
9 and 10 which demonstrate that Defendant Vega was conducting
business in Texas. Exhibit No. 9 contains invoices showing corn
was shipped on behalf of Ms. Vega to Port Elevator-Brownsville,
L.L.C. on October 25, 1996 and again on November 12, 1996. Exhibit
No. 10 contains a letter from Guillermo Vega, Defendant Vega's
counsel, indicating that Defendant Vega borrowed money from a bank
in El Paso, Texas, to purchase the corn to be stored in Port-
Elevator Brownsville. Exhibit No. 3 contains other various letters
from Defendant Ivonne Soto Vega's counsel confirming the business
transaction at issue herein, and Defendant Ivonne Soto Vega's
participation in those transactions in Brownsville, Texas. These

9

business transactions are sufficient to establish minimum contacts in the forum state by the Defendant, Ivonne Soto Vega. Said contracts by Defendant Ivonne Soto Vega resulted from affirmative acts on her part.

25. The constitutional inquiry is whether the Defendant purposefully established minimum contacts in the forum state. Stuart vs. Spademan, 772 F.2d 1185, 1190 (5th Cir. 1985), Burger King Corp. vs. Rudswiez, 105 S. Ct. 2174, 2. 81-82 (1985). With respect to interstate contractual obligations, the U.S. Supreme Court has emphasized that parties who reach out beyond one state to another and create a relationship, are subject to regulations and sanctions for their activity. Burger King at 2132. That the Defendant refrained from physically entering the forum state is not sufficient to avoid jurisdiction. Burger King at 2184.

Alternative Motion for Continuance

26. In the alternative, Plaintiff requests a continuance of the submission date of Defendant, Ivonne Soto Vega's Motion to dismiss, until Plaintiff has had an opportunity to conduct further discovery related to Defendant, Ivonne Soto Vega's resident status in the United States, and to establish evidence of further contacts by her in the forum state as both have a bearing on this motion.

Conclusion.

27. For all the reasons set forth above, Plaintiff prays that this court deny Defendant, Ivonne Soto Vega's Motion to Dismiss; alternatively that the Court grant a reasonable continuance of the submission date related to the present Motion for the purpose of

10

allowing the parties to conduct relevant discovery.

Respectfully submitted,

_____
John Skaggs
State Bar No.
ATTORNEY IN CHARGE FOR
PORT ELEVATOR-BROWNSVILLE, L.C.

SKAGGS & GARZA, L.L.P.
P. O. Drawer 2285
McAllen, Texas 78501
(512) 687-8203

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all Attorneys of Record on this the ___14___ day of ___April___, 1999.

Roy S. Dale
DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504

_____
John Skaggs

12

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR – BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA S.A. DE C.V. | § § § | |

**AFFIDAVIT IN SUPPORT OF PLAINTIFFS' MOTION FOR CONTINUANCE
AND AUTHENTICATION OF EXHIBITS SUBMITTED IN SUPPORT
OF PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

STATE OF TEXAS          §

COUNTY OF HIDALGO     §


BEFORE ME, the undersigned authority, on this day personally appeared VIOLA GARCIA-GARZA, who by me being duly sworn on oath, deposes and says:

   "My name is Viola Garcia-Garza. I am over 18 years of age and competent to make this affidavit. I have never been convicted of any crimes. The facts stated in this affidavit are within my knowledge and are true and correct.

1.   Plaintiff has requested a continuance of the submission date on Defendant's Motion to Dismiss.

2.   The continuance is requested in order to conduct discovery (by deposition or written form) on the issues relevant to the pending motion.

3.   Plaintiff believes that Defendant Soto-Vega is a citizen of the State of California due to her resident status in the United States. Further, Plaintiff believes that Defendant Soto-Vega maintains a permanent residence in California.

4.   The information related to Defendant Soto-Vega's citizenship is vital to establish the jurisdiction of this court.

5.   In addition, the exhibits attached to Plaintiff's Response to Defendant Soto-Vega's Motion to Dismiss, are true and correct copies of originals on hand with the Plaintiff or true and correct copies of documents received from Defendant Soto-Vega's counsel Guillermo Vega.

The factual statements contained in this affidavit are true".

_____
VIOLA GARCIA GARZA

SWORN TO AND SUBSCRIBED to before me on the _____ day of
_____, 1999.

_____
Notary Public, in and for the
the State of Texas

_____
Notary Public typed name
Commission Expires: _____