United States District Court
Southern District of Texas
FILED
JUL 13 2000
Michael N. Milby
Clerk of Court

47

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | § | JURY DEMANDED |

**DEFENDANT IVONNE SOTO VEGA'S SUPPLEMENT TO MS. VEGA'S MOTION TO DISMISS PURSUANT TO RULE 12(b) (1), (2), (3), (4), (5) and (6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:



NOW COMES, **IVONNE SOTO VEGA**, Defendant in the above-styled and numbered cause and files this her Supplement to her Motion to Dismiss Pursuant to Rule 12(b) (1), (2), (3), (4), (5) and (6) filed on or about May 11, 2000 and in support thereof would show as follows:

**I.**

**MS. VEGA** filed her First Motion to Dismiss Pursuant to Rule 12(b) (1), (2), (3), (4), (5) and (6) on March 23, 1999. This court granted the Motion on October 21, 1999. Order -- **Exhibit "8"**.

**II.**

**MS. VEGA** filed her Second Motion to Dismiss Pursuant to Rule 12(b) (1), (2), (3), (4), (5) and (6) on May 11, 2000. **MS. VEGA** hereby incorporates by reference all evidence and arguments made in her First Motion in support of her Second Motion.

**III.**

In further support of this supplement to her Second Motion,



ClibPDF - www.fastio.com

**MS. VEGA** relies upon the following:

1. Deposition of Enrique Villarreal -- **Exhibit "1"**;

2. Excerpts of Deposition of Craig Elkins -- **Exhibit "2"**;

3. Affidavit of **IVONNE SOTO VEGA** dated November 3, 1997 -- **Exhibit "3"**;

4. **MS. VEGA'S** First Amended Petition in the state court matter -- **Exhibit "4"**;

5. Statement of Walter Puffelis -- **Exhibit "5"**;

6. Affidavit of **IVONNE SOTO VEGA** dated June 19, 2000 -- **Exhibit "6"**;

7. Affidavit of Elva Diaz taken on June 19, 2000 -- **Exhibit "7"**; and

8. Order of Dismissal dated October 21, 1999 -- **Exhibit "8"**.

**IV.**

**THIS COURT IS WITHOUT JURISDICTION BECAUSE PORT ELEVATOR HAS NOT INTERPLEAD TOTAL FUNDS OR CORN IN DISPUTE**

The deposit of money, property or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action. Smith v. Widman, 627 F.2d 792, 798 (7th Cir. 1980); 3A J. Moore & J. Lucas, Moore's Federal Practice § 22.10 (2d ed. 1986). A court may not assert jurisdiction over an interpleader action where the money, property or bond could not suffice to pay the largest amount in controversy. In Re Sinking of M/V Ukola, 806 F.2d 1(1st Cir. 1986); Metal Transport Corp. v. Pacific Venture Steamship Corp., 288 F.2d 363, 365 (2d Cir. 1961); New York Life Ins. Co. v. Lee, 232 F.2d 811, 815 (9th Cir. 1956); Edner v. Massachusetts Mutual Life Ins. Co., 138 F.2d 327, 329 (3d Cir. 1943); Gardes Directional Drilling v. U.S. Turnkey Exploration, Inc., 815 F. Supp. 956, 962 (N.D. Lousiana 1993). It is clear that



ClibPDF - www.fastio.com

when rival claims for a sum of money are involved, payment of the entire sum into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the jurisdiction of the court. Miller & Miller Auction v. G.W. Murphy Indus., 472 F.2d 893 (10th Cir. 1973); Gannon v. American Airlines, 251 F.2d 476 (10th Cir. 1958); Metal Transport Corp., 288 F.2d at 365.

**V.**

In the present case, **MS. VEGA** purchased on three separate dates (October 25, 1996, November 12, 1996 and November 13, 1996) a total of 4,924 metric tons of corn from AGI. Deposition of Enrique Villarreal at Exhibit "3" -- **Exhibit "1"**. The corn was sold by AGI to **MS. VEGA** at a price of $170.00 a ton. Id. The sales documents reflect that the corn in November 1996 had a value of $837,080.00. The corn was purchased by letter of credit and by personal check by **MS. VEGA**. Deposition of Enrique Villarreal, p. 37 -- **Exhibit "1"**. The corn was shipped to **PORT ELEVATOR-BROWNSVILLE, L.C.** (hereinafter **PORT ELEVATOR**) and received on October 31, 1996, November 13, 1996, and November 27, 1996. Deposition of Craig Elkins -- p. 78; **Exhibit "2"**. Thereafter, **PORT ELEVATOR** immediately began releasing **MS.VEGA'S** corn beginning on November 4, 1996, without her permission to third parties. Deposition of Craig Elkins, p. 89 -- **Exhibit "2"**; Affidavit of **MS. VEGA** -- **Exhibit "3"**. **PORT ELEVATOR** released about 3,400 metric tons to third parties. Deposition of Enrique Villarreal, p. 43, 44 -- **Exhibit "1"**. It later sold what remained by bid. Deposition of



ClibPDF - www.fastio.com

Craig Elkins, p. 120, 121 -- **Exhibit "2"**. As the undisputed evidence shows, **PORT ELEVATOR** has not tendered into the registry of the court the approximately 5,000 metric tons of corn at issue or the equivalent dollar amount of the corn at the time **MS. VEGA** requested release of her corn.[1] Instead, **PORT ELEVATOR** has tendered the amount of $75,000.00 into the registry of the court, about ten percent of the amount in issue.[2]

**VI.**

**PORT ELEVATOR** has not met a condition precedent, which is a jurisdictional requirement, to bringing suit because it does not have control of the property at issue. This case must be dismissed with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1). See General Atomic Co. v. Duke Power Co., 553 F.2d 53, 56-57 (10th Cir. 1977) (holding that because the property at issue was not in the hands of the interpleading plaintiff, the essential aspect that the res be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court has not been met).

---

[1]**MS. VEGA** had a contract with Enrique Villarreal, a commodities broker, to purchase the approximately 5,000 metric tons of corn stored at **PORT ELEVATOR** for $150.00 a ton to be delivered on November 1, 1997. Deposition of Enrique Villarreal, p. 23, and at Exhibit "4" -- **Exhibit "1"**. The total sales price was $738,600.00.

[2]**PORT ELEVATOR** claims it sold what remained of **MS. VEGA'S** corn to avoid spoilage. Deposition of Craig Elkins, p. 120, 121 -- **Exhibit "2"**. Mr. Elkin's own calculations show **PORT ELEVATOR** received over $100,000.00 for the corn. Id. It appears the entire sales proceeds have not been deposited into the registry of the court. **PORT ELEVATOR** has not provided an accounting.



ClibPDF - www.fastio.com

## VII.

## A TORTFEASOR SUCH AS PORT ELEVATOR IS NOT ENTITLED TO INTERPLEADER RELIEF

The typical plaintiff in interpleader is an innocent stakeholder who is subject to competing claims. Farmers Irrigating Ditch & Reservoir Co. v. Kane, 845 F.2d 229 (10th Cir. 1988). The general rule is that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit or any of the claimants, he cannot have relief by interpleader. Id.; see also Holcomb v. Aetna Life Ins. Co., 228 F.2d 75, 82 (10th Cir. 1955), cert. denied, 350 U.S. 986, reh'g denied, 350 U.S. 1016 (1956); Mallory S.S. Co. v. Thalheim, 277 F. 196 (2d Cir. 1921). In the present case, **PORT ELEVATOR** is a tortfeasor. **MS. VEGA** contends in her state court lawsuit that **PORT ELEVATOR** converted **MS. VEGA'S** corn without her authority and sold it for **PORT ELEVATOR'S** own benefit. **MS. VEGA'S** First Amended Petition -- **Exhibit "4"**. **MS. VEGA** has causes of action for negligence (breaching the duty owed to Ms. Vega to store her corn and not release it without her permission), breach of contract, violation of the Texas Deceptive Trade Practices Act and participation in an unlawful civil conspiracy. The undisputed evidence reflects that **MS. VEGA** purchased 4,924 metric tons of corn from AGI on October 25, 1996, November 12, 1996, and November 13, 1996. Deposition of Enrique Villarreal at Exhibit "3" -- **Exhibit "1"**; Affidavit of **MS. VEGA** -- **Exhibit "3"**. Further, the sales representative for AGI who sold the corn to **MS. VEGA**, Walter Puffelis, has given a statement



ClibPDF - www.fastio.com

that he in fact sold the corn to **MS. VEGA.** Statement of Walter Puffelis -- **Exhibit "5".** The undisputed evidence reflects **MS. VEGA** paid for her corn by letter of credit and by personal check. Deposition of Enrique Villarreal, p. 37 -- **Exhibit "1". MS. VEGA'S** buyer, Enrique Villarreal, testified that all the evidence reflects that **MS. VEGA** was the owner of the corn. Deposition of Enrique Villarreal, p. 46, 47 -- **Exhibit** "1". Yet, **PORT ELEVATOR** refused to release **MS. VEGA'S** corn pursuant to her instructions.

**VIII.**

In sum, the undisputed evidence reflects that **MS. VEGA** owned 4,924 tons of corn stored at **PORT ELEVATOR, PORT ELEVATOR** released 3,400 tons of **MS. VEGA'S** corn to third parties without her permission, **PORT ELEVATOR** refused to release **MS. VEGA'S** corn to her buyer, Mr. Villarreal, in November of 1997, costing her a lost sale of $738,600.00, and **PORT ELEVATOR** sold what remained of her corn to third parties without her permission and refuses to give her these funds. **PORT ELEVATOR** had no documentation, i.e. bill of sale, invoice, letter of credit, bill of lading or canceled check showing the corn ownership was other than as **MS. VEGA** asserts. The evidence overwhelmingly shows that **PORT ELEVATOR** is not an innocent stakeholder. Because **PORT ELEVATOR** is not free from blame in causing the controversy, interpleader relief is not appropriate and this court must dismiss this lawsuit with prejudice pursuant to Rule 12 (b) (1) and/or (6).



ClibPDF - www.fastio.com

IX.

**THERE IS INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

This case must be dismissed as to **MS. VEGA** for insufficiency of process and insufficiency of service of process under Rule 12 (b) (4) and (5) of the Federal Rules of Civil Procedure. Once the validity of service of process has been contested, the plaintiff "must bear the burden of establishing its validity." Aetna Business Credit v. Universal Decor, 635 F.2d 434, 435 (5th Cir. 1981). In support of **MS. VEGA'S** contention that service of process was insufficient, she relies upon her own Affidavit and the Affidavit of Elva Diaz. These Affidavits are attached as **Exhibits "6"** and **"7"**, respectively. The Affidavit of **MS. VEGA** reflects that she was never personally served with a summons and a complaint in connection with the above-referenced cause. She also states that the summons and complaint were not left at her dwelling, her usual place of abode or delivered to any agent of hers. In her affidavit, Elva Diaz states that she was at 4395 Country Trails Court, Bonita, California when a man (evidently the process server) came to the door saying that he was looking for **MS. VEGA**. The man stated that he had some money that he wanted to give **MS. VEGA**, but did not give her any documents. It is **PORT ELEVATOR'S** contention that service was made at 4395 Country Trails Court, Bonita, California on April 21, 2000 on **MS. VEGA'S** maid, Juana. In her Affidavit, **MS. VEGA** denies having a housekeeper named Juana. Because service was insufficient, this Court must dismiss **MS. VEGA** from the lawsuit pursuant to Rule 12 (b) (4) and (5).



ClibPDF - www.fastio.com

X.

**PORT ELEVATOR** filed its Complaint in Interpleader on February 11, 1998, suing **MS. VEGA**. Two years and four months later, it still has not served **MS. VEGA** with summons and a complaint. The record clearly shows delay by **PORT ELEVATOR**. Further, **PORT ELEVATOR** has deliberately failed to follow Rule 4(f) of the Federal Rules of Civil Procedure which outlines how service upon individuals in foreign countries should be affected. Because **PORT ELEVATOR'S** purpose clearly appears to be to delay this matter and the state court matter to avoid liability, this court should dismiss this suit with prejudice. See Gaspard v. United States, 713 F.2d 1097, 1105-1106, fn. 20 (5th Cir. 1983). (dismissal with prejudice for failure to make service of process is warranted in extreme situations where there is a clear record of delay or contumacious conduct by the plaintiff.)

XI.

**THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER STATUTORY INTERPLEADER ACTION AND A CLAIM HAS NOT BEEN STATED**

This case must be dismissed pursuant to Rule 12(b)(1) and (6) because all Defendants are aliens and not of diverse citizenship. This court lacks jurisdiction over the subject matter. Secondly, **PORT ELEVATOR** has failed to state a claim upon which relief can be granted. For a stakeholder to maintain a statutory interpleader action (28 U.S.C. § 1335), at least two of the claimants must be of diverse citizenship. State Farm Fire Cas. Co. v. Tashire, 386 U.S. 523, 530-31, 87 S.Ct. 1199, 1203-04 (1967); Geler v. National Westminster Bank USA, 763 F. Supp. 722, 726 (S.D. NY. 1991); see 28

U.S.C. § 1335(a)(1). The citizenship of a disinterested stakeholder is irrelevant. See 28 U.S.C. § 1335(a)(1); Treinies v. Sunshine Mining Co., 308 U.S. 66, 70-72, 60 S. Ct. 44, 47-48 (1939). The definition of citizenship is the same for the interpleader statute as for the general diversity statute. Geler, 763 F. Supp. at 726; see 28 U.S.C. § 1335(a)(1). As stated in **PORT ELEVATOR'S** First Amended Complaint in Interpleader, all Respondents are citizens of the Republic of Mexico and therefore, aliens. The interpleader statute and diversity statute do not affirmatively grant to federal courts diversity jurisdiction of a suit between aliens and the federal court does not have jurisdiction of such suits. Kavourgias v. Nicholaou Co., Ltd., 148 F.2d 96, 97 (9th Cir. 1945). Since diversity of citizenship is lacking, this court lacks jurisdiction over the subject matter and **PORT ELEVATOR** has failed to state a claim upon which relief can be granted. As a matter of law, **PORT ELEVATOR'S** statutory interpleader claim fails.

## XII.

## THIS COURT DOES NOT HAVE JURISDICTION OVER MS. VEGA

This case must be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure because there is lack of jurisdiction over the person. As stated in Plaintiff's First Amended Complaint in Interpleader, Defendant **IVONNE SOTO VEGA** is an alien. Regardless of whether the action is instituted *in personam, quasi in rem* or otherwise, all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution. See Schaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d

683 (1977). The determination of whether constitutional due process requirements have been met when a state exerts personal jurisdiction over a nonresident involves a two-pronged inquiry: "(a) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part; and (b) it must be fair and reasonable to require the nonresident to defend the suit in the forum state." Stuart v. Spademan, 772 F.2d at 1189; see also Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026, 1028 (5th Cir. 1983). Neither prong of the two-part test is met in this case.

**XIII.**

**THIS COURT DOES NOT HAVE VENUE OVER INTERPLEADER ACTIONS**

This case must be dismissed pursuant to Rule 12(b)(3) because venue is improper. The venue statute for statutory interpleader actions is 28 U.S.C. § 1397. This venue statute states: Any civil action of interpleader or in the nature of interpleader under Section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside. 28 U.S.C. §1397. The word "may" as used in 28 U.S.C. § 1397 means "must" or "shall". Moseley v. Sunshine Biscuits, 107 F. Supp. 167 (D.C. MO. 1952), motion to reconsider sustained on other grounds, 110 F. Supp. 157; Big Island Yacht Sales, Inc. v. Dowty, 848 F. Supp. 131 (D. Hawaii 1993). As judicially admitted in **PORT ELEVATOR'S** First Amended Complaint in Interpleader, none of the claimants reside in this judicial district or even in Texas. **PORT ELEVATOR** claims in its First Amended Complaint in Interpleader that claimants are citizens



ClibPDF - www.fastio.com

of the Republic of Mexico. **PORT ELEVATOR** states that **IVONNE SOTO VEGA** can be served at Paseo Rio Tijuana No. 1716, Zona Del Rio, Tijuana B.C. Mexico and **BERSAIN GUTIERREZ** and **SYSCO DE BAJA S.A. DE C.V.** may be served at 2295 Paseo de la Americas, Suite 22, Otay Mesa, California, 92173. This case must be dismissed for lack of venue.

**XIV.**

**PORT ELEVATOR** has brought its Complaint in Interpleader under Rule 22 of the Federal Rules of Civil Procedure also. Venue for such an action is governed by the general venue statute. Wilmington Trust Co. v. Gillespie, 397 F. Supp. 1337, 1342 (D. Del. 1975). Venue is not proper under the general venue statute. See 28 U.S.C. §1391. **PORT ELEVATOR** has not alleged any facts to show how venue is proper under Section 1391.

For the above reasons, Defendant **IVONNE SOTO VEGA** requests that this Court dismiss Plaintiff **PORT ELEVATOR'S** lawsuit with prejudice and grant such other and further relief which Defendant may justly be entitled.

Respectfully submitted,

Roy Dale wz Bill M with permission

ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

ATTORNEYS FOR DEFENDANT,
IVONNE SOTO VEGA



ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 13th day of July, 2000.

WILLIAM D. MOUNT, JR.



ClibPDF - www.fastio.com