IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 21 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. § <br> § <br> § <br> VS. § <br> § <br> IVONNE SOTO VEGA, BERSAIN § <br> GUTIERREZ, SYSCO DE BAJA, § <br> S.A. DE C.V., WALTER PUFFELIS, § <br> INDIVIDUALLY AND D/B/A AKRON § <br> A.G.I., INC. § | CIVIL NO. B-98-23 <br><br> JURY DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT IVONNE SOTO VEGA'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT, INCLUDING AUTHORITIES**

PORT ELEVATOR-BROWNSVILLE, L.C., Plaintiff in the above-styled cause of action files this its Response to Defendant's Response to Plaintiff's Motion For Leave to File an Amended Complaint.

I.

It is well known that Federal court, unlike state court, does not follow the strict bill of interpleader. See *Aetna Cas. Co. v. Ahrens*, 414 F.Supp. 1235, 1244 (S.D. Tex. 1975). It is the practice of Federal court to allow an "action in the nature of interpleader." See Id. This expanded practice allows the stakeholder to have an interest in the outcome and still deny any liability to opposing parties. See Id.

Plaintiff filed its interpleader in federal court on February 11, 1998. Plaintiff was well aware of the federal practice and filed its cause of action pursuant to the expanded interpleader followed by federal court. Plaintiff, under federal practice, is allowed to interplead the funds while still maintaining an interest in the outcome of the case. See *Lummis v. White*, 629 F.2d 397 (5th Cir. 1980). Plaintiff

can interplead the funds and deny any and all liability to Defendants. It is true the Plaintiff is an interested party, but federal law allows this practice. Based on the above, Plaintiff should be allowed to amend its complaint.

It is important to note that Defendant filed this motion asking the court for affirmative relief in this matter while attempting to maintain that there is no jurisdiction because their client has not yet been served. Defendant has asserted, in the form of a 12(b) motion, that there is no jurisdiction over their client because she was not properly served. Yet, they appear before this court asking for affirmative relief by challenging Plaintiff's motion for leave to amend.

It seems logical that if Defendant requests this court for affirmative relief, any dispute over personal jurisdiction is waived. See *Continental Bank, N.A. v. C. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993). Defendant cannot use jurisdiction merely when convenient. If Defendant was not properly served then they have waived any argument regarding jurisdiction. There is no authority brought forth by Defendant that mandates a denial of leave to amend, and Plaintiff should be allowed to amend accordingly.

II.

Authority to Amend

Federal policy strongly favors a determination of cases on their merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). The court should grant leave to amend freely unless the opposing party makes a showing of undue prejudice, bad faith or dilatory motive on the part of the moving party. Id.; See also *Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc.*, 608 F.2d 28, 42 (2nd Cir. 1979). Defendant has failed to show undue prejudice in this case; furthermore, Plaintiff has not acted in bad faith or through dilatory motive in its request. Based on the following argument and authorities, Plaintiff's motion

for leave should be granted.

### III.

Rule 22 of the Federal Rules of Civil Procedure is very clear. Rule 22 states: "[P]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to multiple liability." Fed. R. Civ. P., 22. The statutory interpleader is similar in that it states, in relevant part, District Courts have original jurisdiction if "two or more adverse claimants...are claiming or may claim to be entitled to such money or property...." See 28 U.S.C. §1335 (2000).

When Plaintiff filed its complaint in the nature of interpleader, it knew there was a high probability of multiple lawsuits. Correspondence by Defendant Vega and Defendant Gutierrez was sent to Port-Elevator assuring that outcome. Port Elevator filed this interpleader because it expected multiple lawsuits because of competing claims to the stored corn.

Defendants have managed to evade federal court for over two years. Instead of appearing and properly claiming an interest in federal court, Defendant has chosen a more convenient route. Defendant does not deny that she claims an interest in the interpleaded funds. In fact, she chose to make those claims a year later in state court. Moreover, the claims that Defendant made in state court stem from the interpled funds.

### IV.

### Interpleader Action Was First In Time

Defendant, Ivonne Vega, asserts that there is a prior lawsuit filed in state court that addresses the new claims Plaintiff seeks to add. Defendant, however, is mistaken. Plaintiff's lawsuit in interpleader was filed on February 11, 1998. Defendant filed a later lawsuit in a friendly state court on May 28, 1999. This was over one year later. The events leading up to this cause of action occurred in

Brownsville and Plaintiff properly filed their lawsuit in this court, the appropriate venue. Defendant has repeatedly attempted to avoid this lawsuit. Over a year later, Defendant filed a lawsuit in another county where none of the events took place. Defendant has incredibly accused Plaintiff of "forum shopping". Plaintiff believes these accusations are *misplaced*.

Defendants have absolutely no basis to argue about any prior claims because this complaint was filed first. The purpose of the complaint was to allow the court to determine the rights and liabilities of the parties and distribute the money accordingly. Simply because Defendants chose to bring forth their claims regarding the funds in another forum does not mean they were brought first. This lawsuit was first in time and this court should be allowed to determine the case on its merits.

Even if the court found the state action was filed first, that argument is moot. On May 22, 2000, the state action was abated. The judge presiding over the state action ruled to defer to the federal court system to properly dispose of the case. With the state action abated, there is nothing to prevent this court from allowing all parties to present their claims.

V.

District Court's Powers in Interpleader Action

A district court has broad powers in an Interpleader action. See Rhoades v. Casey, ___F.3d ____ (5th Cir. 1999). The district court has the authority and responsibility to ensure the interpleader is properly before the court. See Id. After this is satisfied, the court must determine the rights and liabilities of the parties. See Id. Plaintiff has asked for such relief. By adding a declaratory action and breach of contract, Plaintiff wishes to ensure that all the facts are properly before the court to enable the best determination. Defendant has set forth no authority to prohibit the court from allowing Plaintiff leave to amend.

Defendant has included case law that states this court may dismiss a declaratory action if a

prior action is pending elsewhere. See *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515 (1967). However, this case is inapplicable because this complaint was filed first. It is common knowledge that the court in which the case is filed first acquires dominant jurisdiction. It is still within the discretion of the court. The court may very well maintain the declaratory action.

## VI.

## Conclusion

As stated above, leave to amend should be freely given unless Defendant shows undue prejudice, bad faith or a dilatory motive. It is Defendant's burden to demonstrate such motive or prejudice. Defendant has failed to put forth any authority or facts showing such on the part of Plaintiff. That is because none exists. Plaintiff should be allowed to amend so that this case may be heard on its merits.

WHEREFORE, Plaintiff prays that this court grant leave to amend and allow Plaintiff to amend its complaint and all other relief it may be justly entitled.

Respectfully Submitted,

JOHN SKAGGS
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502
(956) 687-8203
(956) 630-6570 [fax]

By: _____
JOHN SKAGGS
State Bar No. 18452500
Fed. ID No. 1225

Attorney for Plaintiff

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on _20_ day of July, 2000.

Mr. Roy Dale
Mr. William Mount
DALE & KLEIN
6301 N. 10th Street
McAllen, Texas 78504

_____
JOHN SKAGGS