ORIGINAL

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                             BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

DEC 0 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | § § § | JURY DEMANDED |

### DEFENDANT IVONNE SOTO VEGA'S MOTION FOR PROTECTIVE ORDER, SUBJECT TO HER MOTIONS TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, **IVONNE SOTO VEGA**, Defendant in the above-styled and numbered cause and files this her Motion for Protective Order, Subject to Her Motions to Dismiss, and would show:

1. Plaintiff **PORT ELEVATOR-BROWNSVILLE, L.C.** unilaterally noticed Defendant **IVONNE SOTO VEGA** for deposition in McAllen, Texas at Plaintiff's counsel's office for Tuesday, December 5, 2000. See **Exhibit "A"**.

2. Defendant moves for protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on several grounds.

3. Defendant moves to protect herself from annoyance, embarrassment, oppression, and/or undue burden or expense under.

4. Defendant would show that she resides in Tijuana, Baja California, Mexico and is not available on such short notice.

5. Defendant would show that no scheduling order has been entered in this case. Therefore, discovery is not proper at this time.

6. Defendant would show that there has been no determination

made by this court on her Motion to Dismiss which would impact whether her deposition is taken.

7.  Defendant would show that as a Defendant in this lawsuit her deposition must be taken in either Tijuana, Baja California, Mexico or San Diego, California.  It would be an undue hardship for Defendant to travel to Texas.  <u>Grey v. Continental Mktg. Ass'n</u>, 315 F. Supp. 826, 832 (ND GA 1970) ("Unusual circumstances" required to justify putting party to inconvenience of deposition elsewhere).  If Defendant's deposition is to go forward, Defendant agrees to submit herself for an examination at a mutually agreeable date, place and time in San Diego, California and/or Tijuana, Baja California, Mexico.

8.  Defendant objects to providing documents to Plaintiff less then thirty days after they are requested pursuant to the Duces Tecum attached to the notice.

9. Movant has in good faith conferred with the other effected party in an effort to resolve the dispute without court action, but was unsuccessful.

For the above reasons, Defendant **IVONNE SOTO VEGA** respectfully requests that this court grant her Motion for Protective Order concerning her deposition scheduled for December 5, 2000 and grant such other and further relief which Defendant may justly be entitled.

                Respectfully submitted,

ROY S. DALE  
State Bar No. 05326700  
WILLIAM D. MOUNT, JR.  
State Bar No. 14602950  
DALE & KLEIN, L.L.P.  
6301 N. 10th St.  
McAllen, Texas 78504  
Tel. No. (956) 687-8700  
Fax. No. (956) 687-2416  

*(signed: Roy Dale by Bill Mount with permission)*

ATTORNEYS FOR DEFENDANT,  
IVONNE SOTO VEGA

## CERTIFICATE OF CONFERENCE

    Movant has conferred with Respondent and Respondent is opposed to this motion.

WILLIAM D. MOUNT, JR.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs  
SKAGGS & GARZA, L.L.P.  
710 Laurel  
P.O. Drawer 2285  
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 4th day of December, 2000.

WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, AND SYSCO DE BAJA<br>S.A. DE C.V. | § § § | JURY DEMANDED |

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § § | IN THE DISTRICT COURT |
| VS. | § § | |
| PORT ELEVATOR-BROWNSVILLE,<br>L.C., SOUTHWEST GRAIN CO.,<br>INC., AGI/AKRON GROUP, INC.,<br>SYSCO DE BAJA, WALTER PUFFELIS<br>GALVAN, III, INDIVIDUALLY AND<br>D/B/A AGI/AKRON GROUP, INC.,<br>CRAIG ELKINS, INDIVIDUALLY AND<br>D/B/A PORT ELEVATOR-BROWNSVILLE,<br>L.C. AND SOUTHWEST GRAIN CO.,<br>INC., BERSAIN GUTIERREZ ZENTENO,<br>INDIVIDUALLY AND D/B/A SYSCO<br>DE BAJA | § § § § § § § § § § § § § | HIDALGO COUNTY, TEXAS<br><br><br><br><br><br>92ND JUDICIAL DISTRICT |

## AMENDED
## NOTICE OF INTENT TO TAKE ORAL DEPOSITION

PLEASE TAKE NOTICE that following the service of this notice, the oral deposition of Ivonne Soto Vega will be taken pursuant to the provisions of the Texas Rules of Civil Procedure, at 710 Laurel, McAllen, Texas, at 10:00 o'clock a.m. on the 5th day of December, 2000. The witness shall appear at such time and place, (together with all items requested through the attached subpoena duces tecum,) for the purpose of giving deposition testimony in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day

PLAINTIFF'S EXHIBIT "A"

until completed.

Also, please take notice that this party intends to video tape the foregoing deposition.

This request is made without the intent by these parties to waive any procedure or legal rights or remedies, especially with regard to jurisdiction and abatement matters now pending in this matter or in the Federal Court action.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 24 day of November, 2000:

William D. Mount, Jr.
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

_____
John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. All of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Your social security card.

4. All resident alien cards, visas or "micas".

5. All documents which establish your citizenship at all times during the past three years.

6. All documents which establish your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years in Mexico and the United States.

8. All documents indicating your ownership of any automobile during the past three years in Mexico and the United States.

9. All documents indicating your ownership, sale, purchase or rental of real property in the United States and in the Republic of Mexico during the last three years; including documents establishing the dates of such transactions.

10. All documents submitted to U.S. Immigration, U.S. Consulate, or Mexican Consulate for application of a temporary or permanent resident alien card, change of immigration or emigration status, or petition for citizenship or residency.

11. All documents which reflect the application for and issuance of a letter of credit from Norwest Bank in El Paso, Texas.

12. All documents which tend to establish your right of the ownership of the corn.

13. All documents which reflect all transactions leading to and including the deposit of the corn in Plaintiff's warehouse.

14. All documents which reflect the payment of, or promise of payment of money or valuable thing in connection with the purchase or sale of the corn.

15. Which evidence any relationship between you and Bersain Gutierrez, and/or Sysco de Baja and/or Walter Puffelis.

16. All documents which evidence communication from Plaintiff either orally or in writing.

17. All documents which evidence any opportunity to sell the corn.

18. All documents which evidence any damage you claim to hve sustained with relation to matters which are connected with this present suit.

19. All documents which evidence all communications made with Port Elevator or its employees by you or on your behalf.

20. All documents which evidence all of your efforts to redeem the corn.

21. All documents which evidence all of your efforts to locate a buyer for the corn at any time.

22. With regard to any transaction related to purchase, financing or delivery of corn relevant to this action, please produce all letters of credit (both foreign and domestic) (to include without limitation the letters of credit involving Banoro, Norwest El Paso, San Diego National Bank and any others) along with all supporting documentation including, but not limited to:

A) The signed application for the opening of the letter(s) of credit;

B) Itemization of the collateral used;

C) Name, address and relationship of the person(s) authorized to establish, open, negotiate, amend and/or authorize payment of the letter(s) of credit;

D) All purchase contracts; all sales contracts; all agreements between buyer(s) and seller(s); name(s) of buyer(s) and seller(s); address(es) of credit for payment or negotiation;

E) All documents presented against the letter(s) of credit for payment or negotiation;

F) All instructions to the bank(s) including those with regard to: opening, establishing, negotiating, amendments, discrepancies and payment; and all amendments thereto, and

G) All documents which satisfy the conditions precedent for funding.

23. Copy of the signed contract or agreement between Ms. Vega and Port Elevator-Brownsville, or any Defendant, or Defendant's representative as alleged in your pleadings.