5

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JAN 0 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C.,<br>ET AL | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, SYSCO DE BAJA<br>S.A. DE C.V. AND WALTER<br>PUFFELIS, INDIVIDUALLY AND<br>D/B/A AGI/AKRON GROUP, INC. | §<br>§<br>§<br>§<br>§ | JURY DEMANDED |

## SECOND AMENDED COMPLAINT

1.   This complaint is filed by Port Elevator-Brownsville, L.C., joined by Southwest Grain Co., Inc.

2.   Plaintiffs are corporations organized under the laws of the State of Texas.

3.   Defendants are individuals or corporations who may be served at the following addresses:

    1.   Ivonne Soto Vega (has been served and appeared)
        Paseo Rio Tijuana No. 1716
        Zona Del Rio, Tijuana B.C. Mexico

    2.   Bersain Gutierrez and
        Sysco De Baja S. A. de C.V.
        1853 Carolyn Drive
        Chula Vista, California 91913

    3.   Walter Puffelis and AGI/AKRON GROUP, INC.
        1330 Orange Avenue Suite 329
        Coronado, California 92118

4.   This Court has jurisdiction pursuant to 28 USC, Sections 1331, 1332, 1335 and 2361.

5.   Alternatively, this Complaint is filed pursuant to Rule 22 FRCP. Plaintiff has heretofore tendered to the registry of the Court the total amount of $76,000.00 and is still in possession of

cash received from the sale of commodity in excess of said amount. It is estimated by Plaintiff that the total amount in controversy, less reasonable offsets for storage and handling, is in excess of $100,000.00.

6. Plaintiff herein further asserts diversity between the stakeholder (Plaintiff) and one or more of the Defendants; and further asserts the existence of diversity as between the named Defendants.

7. In compliance with the provisions of 28 USC Section 1335, Plaintiff asserts that it is in possession of money or property of value more than $500.00.

8. Plaintiff is a stakeholder of cash, obtained from the sale of commodity, ownership to which is claimed by Defendants. The cash is described as follows: cash from the sale of corn in a liquidated amount which is claimed to be owned by multiple Defendants. Certain cash from said sale is currently on deposit at the Plaintiff's Port of Brownsville warehouse facility; less reasonable storage, handling, and other fees deducted or charged by Plaintiff. Plaintiff has tendered checks payable to the "United States District Court Registry" representing certain cash on hand, there to abide to the judgment of the Court. Plaintiff further asserts its intention to tender or retain cash representing the partial liquidated value of the corn, subject to counterclaims plead herein.

9. As detailed below, Plaintiff may be exposed to double or multiple liability by reason of competing and inconsistent claims made by Defendants.

ClibPDF - www.fastio.com

10. In the event Plaintiff should receive a counter-claim for breach of contract, conversion, violation of statutory trade practices laws, or a like pleading; in such event Plaintiff would affirmatively show that the commodity in question was specifically stored in the Plaintiff's warehouse pursuant to a contract and referenced tariffs, copies of which are attached hereto and incorporated by reference at this point. Conflicting claims of ownership of the commodity or any cash generated by the sale of said commodity have been asserted by Defendants, and allegations of actionable conduct on the part of Port Elevator have been alleged by one or more of the said Defendants.

11. Plaintiff previously proposed the voluntary tender of the herein referenced cash and commodities to a mutually acceptable neutral third-party, and such proposal was made in writing. The Defendants refused or neglected to respond, and each continued to assert respective superior ownership.

12. Thereafter, Plaintiff proposed the sale of the said commodity, pursuant to contract, so as to mitigate any damages resulting from spoilage or change in market value. Plaintiff received no response from Defendants related thereto.

13. Plaintiff finds itself with no alternative but to tender the corn or the partial value thereof to the Court for adjudication of the identity of the proper owner or owners.

## REQUEST FOR DECLARATORY RELIEF

14. This Request for Relief is made pursuant to 28 U.S.C. §2201.

15. Ivonne Soto Vega has asserted claims against Port Elevator-Brownsville, L.C. which are derived from the contract and

ClibPDF - www.fastio.com

transactions heretofore recited in this pleading. Vega asserts duties and obligations arising as a result of the said contract and the asserted relationship between the parties.

16. Vega has asserted such allegations in a suit which was filed later in time and filed in State District Court in Hidalgo County, Texas. On the 22nd day of May, 2000, the State District Court ordered Vega's claims abated based on Port Elevator's assertions of the pendency of this prior filed action in the United States District Court.

17. A copy of Vega's pleadings in connection with her State Court suit are attached hereto and incorporated at this point by reference, as evidence of Ms. Vega's assertion of rights pursuant to the contract which is the subject of this pleading.

18. Port Elevator-Brownsville, L.C. now seeks a declaration of the rights, duties, legal relations and obligations of any interested party arising out of the said contract, and arising out of the assertions contained in Vega's aforementioned pleading which is attached hereto. Port Elevator-Brownsville, L.C. seeks a determination of the relative liabilities, and any fault as asserted in connection with the aforementioned State Court action, which has been abated in deference to this action pending in the Federal Court.

19. In this connection, Port Elevator-Brownsville, L.C. would further assert that at all material times related hereto, it was acting through its authorized agent, servant, or employee Craig Elkins. Port Elevator-Brownsville, L.C. would further assert that Craig Elkins is a salaried employee of Southwest Grain Co., Inc.

To the extent of any involvement by the said Craig Elkins and Southwest Grain Co., Inc. Port Elevator-Brownsville, L.C. would further request a determination of the relevant duties, faults and liabilities of said entities. To the extent necessary, the said Southwest Grain Co., Inc. hereby appears in this action for all purposes consistent with this pleading.

## BREACH OF CONTRACT

20. Plaintiff, through its agent, Craig Elkins, entered into a contract with Bersain Gutierrez, as representative for Sysco de Baja and Walter Puffelis, as representative for Akron Group, Inc., in October 1996. The above mentioned contract is attached hereto and incorporated herein by reference. Pursuant to this contract, the minimum quantity of corn to be deposited with Port Elevator was one million bushels.

21. In consideration for the movement of a large volume of corn over a short period of time, Plaintiff gave Bersain Gutierrez and Walter Puffelis a special contract with lower receiving and delivering charges. All deposits were to be made by Walter Puffelis of AGI/Akron Group, Inc., and withdrawals were to be made by Bersain Gutierrez of Sysco de Baja S.A. de C.V.. All deposits and withdrawals were to occur no later than December 31, 1996.

22. At no time during the term of the contract were one million bushels of corn deposited with Port Elevator. Defendants' failure to deposit and withdraw one million bushels of corn within the contract period, caused higher sums of money to accrue for the unloading, storage, fumigation, turning, aereation, cracking, and loading out in the amount of $81,438.04 plus interest.

23. Ivonne Soto Vega has asserted she was a party to the above referenced contract by her own statement. Ms. Vega filed her petition in the 92nd Judicial District Court in Hidalgo County, Texas, Cause No. C-2969-99-A. On page seven, paragraph "c", of Ms. Vega's state court pleading, Ms. Vega alleged that she "entered into a contract" with Plaintiff to "store corn at their facility in Brownsville, Texas" in the fall of 1996. Although Plaintiff denies Defendant Vega was a contracting party as herein described; in the event contractual privity status should be determined or adjudicated by the court, then Plaintiff asserts such contract has in fact also been breached individually by Defendant Vega.

24. All Defendants in this cause of action breached the contract entered into with Plaintiff in October 1996 and are liable for the damages proximately caused by this breach.

25. Plaintiff herein specifically prays that the court adjudicate the ownership of the corn, or the value thereof; that the Court determine that Plaintiff is without fault in the circumstances related to the contracting, storage, and disposal of the corn, and money which is the subject of this action. Plaintiff further prays that the Court discharge Plaintiff from further liability herewith.

26. Plaintiff further prays for an award of reasonable attorneys' fees, the award of which is within the equitable powers of this Court.

27. Port Elevator-Brownsville, L.C., Craig Elkins, and Southwest Grain Co., Inc. further seek a declaration from the Court regarding the duties and liabilities connected with the transactions addressed herein; and further seek a declaration of no fault or

liability related thereto. Moreover, Plaintiff prays that the court find Defendants have breached the contract entered into between the parties. Plaintiff further requests an award of actual damages related to the prosecution or defense of this action, for costs of Court, for pre-judgment interest, and post-judgment interest; and further for award of attorneys' fees arising out of the prosecution or defense of this action.

28. A jury is demanded in connection with this Complaint.

Respectfully submitted,

John Skaggs
P.O. Drawer 2285
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
Fed I.D. No. 1225
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel on this the 21 day of December 2000:

Roy Dale
6301 N. 10th St.
McAllen, Texas 78504

_____
JOHN SKAGGS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR – BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, AND SYSCO DE BAJA, S.A. DE C.V. | § § § § | JURY DEMANDED |

### ORDER GRANTING DEFENDANT IVONNE SOTO VEGA'S MOTION FOR PROTECTIVE ORDER, SUBJECT TO HER MOTIONS TO DISMISS

On the _____ day of _____, 2000, came on to be heard Defendant **IVONNE SOTO VEGA'S** Motion for Protective Order, Subject to Her Motions to Dismiss. The Court having heard the arguments of counsel and considered same, and being of the opinion that said Motion is well-taken, it is therefore,

**ORDERED** that Defendant **IVONNE SOTO VEGA'S** Motion be, and is hereby **GRANTED** such that Defendant is protected from the deposition notice requiring Defendant to sit for deposition on December 5, 2000.

**SIGNED FOR ENTRY** on this _____ day of _____, 2000, Brownsville Division.

_____
J U D G E   P R E S I D I N G