59

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 16 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| CRAIG ELKINS, INDIVIDUALLY | § | |
| AND D/B/A PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C., AND | § | |
| SOUTHWEST GRAIN CO. , INC. | § | |

## THIRD-PARTY COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Third-Party Plaintiff **IVONNE SOTO VEGA**, and sues **CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC.** (hereinafter **CRAIG ELKINS**) and in support thereof would show:

1. **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** have sued **IVONNE SOTO VEGA**. A copy of the Second Amended Complaint is attached hereto as **Exhibit "A"** and incorporated herein for all purposes.

2. **IVONNE SOTO VEGA** has responded to the Complaint by filing her Original Answer and Counterclaim against **PORT ELEVATOR-**

BROWNSVILLE, L.C. and **SOUTHWEST GRAIN CO., INC.** A copy of **MS. VEGA'S** Original Answer and Counterclaim are attached hereto as **Exhibit "B"**.

3.    In **MS. VEGA'S** Counterclaim, she sues **PORT ELEVATOR-BROWNSVILLE**, L.C. and **SOUTHWEST GRAIN CO., INC.** for negligence, conversion, fraud and Texas Deceptive Trade Practices Act violations.

4.    **MS. VEGA** contends that **MR. ELKINS** was jointly working for **PORT ELEVATOR-BROWNSVILLE**, L.C. and **SOUTHWEST GRAIN CO.,** INC. at the times of the incidents made the basis of **MS. VEGA'S** Counterclaim.

5.    **MS. VEGA** would show that at the times **PORT ELEVATOR-BROWNSVILLE**, L.C. received her corn and at the times of the corn's release that **MR. ELKINS** was at all times responsible for the receipt and release of the corn.

6.    **MS. VEGA** sues **MR. ELKINS** for negligence, conversion, fraud and Deceptive Trade Practices Act violations arising out of his acceptance of the corn in Brownsville and his release of the corn.

7.    **WHEREFORE, PREMISES CONSIDERED,** Third-Party Plaintiff **IVONNE SOTO VEGA** respectfully requests that she be awarded judgment against Third-Party Defendant **CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC.** for

a sum within the jurisdictional limits of the court, pre- and post-judgment interest as provided by law, an award of exemplary damages against Third-Party Defendant in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Third-Party Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


_____
ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
ATTORNEYS FOR THIRD-PARTY PLAINTIFF
IVONNE SOTO VEGA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 16th day of February, 2001.


_____
WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR-            §
BROWNSVILLE, L.C.,        §
ET AL                     §
                          §
VS.                       §   CIVIL NO. B-98-23
                          §
IVONNE SOTO VEGA, BERSAIN §   JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA  §
S.A. DE C.V. AND WALTER   §
PUFFELIS, INDIVIDUALLY AND §
D/B/A AGI/AKRON GROUP, INC. §

SECOND AMENDED COMPLAINT

1.   This complaint is filed by Port Elevator-Brownsville, L.C.,

joined by Southwest Grain Co., Inc.

2.   Plaintiffs are corporations organized under the laws of the

State of Texas.

3.   Defendants are individuals or corporations who may be served

at the following addresses:

     1.  Ivonne Soto Vega (has been served and appeared)
         Paseo Rio Tijuana No. 1716
         Zona Del Rio, Tijuana B.C. Mexico

     2.  Bersain Gutierrez and
         Sysco De Baja S. A. de C.V.
         1853 Carolyn Drive
         Chula Vista, California 91913

     3.  Walter Puffelis and AGI/AKRON GROUP, INC.
         1330 Orange Avenue Suite 329
         Coronado, California 92118

4.   This Court has jurisdiction pursuant to 28 USC, Sections 1331,

1332, 1335 and 2361.

5.   Alternatively, this Complaint is filed pursuant to Rule 22

FRCP.  Plaintiff has heretofore tendered to the registry of the

Court the total amount of $76,000.00 and is still in possession of



cash received from the sale of commodity in excess of said amount. It is estimated by Plaintiff that the total amount in controversy, less reasonable offsets for storage and handling, is in excess of $100,000.00.

6.   Plaintiff herein further asserts diversity between the stakeholder (Plaintiff) and one or more of the Defendants; and further asserts the existence of diversity as between the named Defendants.

7.   In compliance with the provisions of 28 USC Section 1335, Plaintiff asserts that it is in possession of money or property of value more than $500.00.

8.   Plaintiff is a stakeholder of cash, obtained from the sale of commodity, ownership to which is claimed by Defendants.  The cash is described as follows: cash from the sale of corn in a liquidated amount which is claimed to be owned by multiple Defendants. Certain cash from said sale is currently on deposit at the Plaintiff's Port of Brownsville warehouse facility; less reasonable storage, handling, and other fees deducted or charged by Plaintiff. Plaintiff has tendered checks payable to the "United States District Court Registry" representing certain cash on hand, there to abide to the judgment of the Court.  Plaintiff further asserts its intention to tender or retain cash representing the partial liquidated value of the corn, subject to counterclaims plead herein.

9.   As detailed below, Plaintiff may be exposed to double or multiple liability by reason of competing and inconsistent claims made by Defendants.

10.   In the event Plaintiff should receive a counter-claim for breach of contract, conversion, violation of statutory trade practices laws, or a like pleading; in such event Plaintiff would affirmatively show that the commodity in question was specifically stored in the Plaintiff's warehouse pursuant to a contract and referenced tariffs, copies of which are attached hereto and incorporated by reference at this point.   Conflicting claims of ownership of the commodity or any cash generated by the sale of said commodity have been asserted by Defendants, and allegations of actionable conduct on the part of Port Elevator have been alleged by one or more of the said Defendants.

11.   Plaintiff previously proposed the voluntary tender of the herein referenced cash and commodities to a mutually acceptable neutral third-party, and such proposal was made in writing.   The Defendants refused or neglected to respond, and each continued to assert respective superior ownership.

12.   Thereafter, Plaintiff proposed the sale of the said commodity, pursuant to contract, so as to mitigate any damages resulting from spoilage or change in market value.   Plaintiff received no response from Defendants related thereto.

13.   Plaintiff finds itself with no alternative but to tender the corn or the partial value thereof to the Court for adjudication of the identity of the proper owner or owners.

### REQUEST FOR DECLARATORY RELIEF

14.   This Request for Relief is made pursuant to 28 U.S.C. §2201.

15.   Ivonne Soto Vega has asserted claims against Port Elevator-Brownsville, L.C. which are derived from the contract and

transactions heretofore recited in this pleading. Vega asserts duties and obligations arising as a result of the said contract and the asserted relationship between the parties.

16. Vega has asserted such allegations in a suit which was filed later in time and filed in State District Court in Hidalgo County, Texas. On the 22nd day of May, 2000, the State District Court ordered Vega's claims abated based on Port Elevator's assertions of the pendency of this prior filed action in the United States District Court.

17. A copy of Vega's pleadings in connection with her State Court suit are attached hereto and incorporated at this point by reference, as evidence of Ms. Vega's assertion of rights pursuant to the contract which is the subject of this pleading.

18. Port Elevator-Brownsville, L.C. now seeks a declaration of the rights, duties, legal relations and obligations of any interested party arising out of the said contract, and arising out of the assertions contained in Vega's aforementioned pleading which is attached hereto. Port Elevator-Brownsville, L.C. seeks a determination of the relative liabilities, and any fault as asserted in connection with the aforementioned State Court action, which has been abated in deference to this action pending in the Federal Court.

19. In this connection, Port Elevator-Brownsville, L.C. would further assert that at all material times related hereto, it was acting through its authorized agent, servant, or employee Craig Elkins. Port Elevator-Brownsville, L.C. would further assert that Craig Elkins is a salaried employee of Southwest Grain Co., Inc.

To the extent of any involvement by the said Craig Elkins and Southwest Grain Co., Inc. Port Elevator-Brownsville, L.C. would further request a determination of the relevant duties, faults and liabilities of said entities. To the extent necessary, the said Southwest Grain Co., Inc. hereby appears in this action for all purposes consistent with this pleading.

### BREACH OF CONTRACT

20. Plaintiff, through its agent, Craig Elkins, entered into a contract with Bersain Gutierrez, as representative for Sysco de Baja and Walter Puffelis, as representative for Akron Group, Inc., in October 1996. The above mentioned contract is attached hereto and incorporated herein by reference. Pursuant to this contract, the minimum quantity of corn to be deposited with Port Elevator was one million bushels.

21. In consideration for the movement of a large volume of corn over a short period of time, Plaintiff gave Bersain Gutierrez and Walter Puffelis a special contract with lower receiving and delivering charges. All deposits were to be made by Walter Puffelis of AGI/Akron Group, Inc., and withdrawals were to be made by Bersain Gutierrez of Sysco de Baja S.A. de C.V.. All deposits and withdrawals were to occur no later than December 31, 1996.

22. At no time during the term of the contract were one million bushels of corn deposited with Port Elevator. Defendants' failure to deposit and withdraw one million bushels of corn within the contract period, caused higher sums of money to accrue for the unloading, storage, fumigation, turning, aereation, cracking, and loading out in the amount of $81,438.04 plus interest.

23.  Ivonne Soto Vega has asserted she was a party to the above
referenced contract by her own statement.  Ms. Vega filed her
petition in the 92nd Judicial District Court in Hidalgo County,
Texas, Cause No. C-2969-99-A.  On page seven, paragraph "c", of Ms.
Vega's state court pleading, Ms. Vega alleged that she "entered
into a contract" with Plaintiff to "store corn at their facility in
Brownsville, Texas" in the fall of 1996.  Although Plaintiff denies
Defendant Vega was a contracting party as herein described; in the
event contractual privity ·status should be determined or
adjudicated by the court, then Plaintiff asserts such contract has
in fact also been breached individually by Defendant Vega.

.24.  All Defendants in this cause of action breached the contract
entered into with Plaintiff in October 1996 and are liable for the
damages proximately caused by this breach.

25.  Plaintiff herein specifically prays that the court adjudicate
the ownership of the corn, or the value thereof; that the Court
determine that Plaintiff is without fault in the circumstances
related to the contracting, storage, and disposal of the corn, and
money which is the subject of this action.  Plaintiff further prays
that the Court discharge Plaintiff from further liability herewith.

26.  Plaintiff further prays for an award of reasonable attorneys'
fees, the award of which is within the equitable powers of this
Court.

27.  Port Elevator-Brownsville, L.C., Craig Elkins, and Southwest
Grain Co., Inc. further seek a declaration from the Court regarding
the  duties  and  liabilities  connected  with  the  transactions
addressed herein; and further seek a declaration of no fault or

liability related thereto.   Moreover, Plaintiff prays that the court find Defendants have breached the contract entered into between the parties.  Plaintiff further requests an award of actual damages related to the prosecution or defense of this action, for costs of Court, for pre-judgment interest, and post-judgment interest; and further for award of attorneys' fees arising out of the prosecution or defense of this action.

28.  A jury is demanded in connection with this Complaint.

Respectfully submitted,

John Skaggs
P.O. Drawer 2285
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
Fed I.D. No. 1225
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel on this the 21 day of December 2000:

Roy Dale
6301 N. 10th St.
McAllen, Texas 78504

JOHN SKAGGS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR-          §
BROWNSVILLE, L.C.       §
                       §
VS.                    §     CIVIL NO. B-98-23
                       §
IVONNE SOTO VEGA, BERSAIN   §   JURY DEMANDED
GUTIERREZ, AND SYSCO DE BAJA §
S.A. DE C.V.           §

ORDER GRANTING LEAVE TO FILE SECOND
AMENDED COMPLAINT

On this date came on for consideration Plaintiff's request for

leave to file a second amended complaint. Leave is hereby granted.

DONE AT BROWNSVILLE, TEXAS this _____ day of _____,

2000.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JAN 2 2 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR – | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |

## DEFENDANT IVONNE SOTO VEGA'S ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

1.    **IVONNE SOTO VEGA,** Defendant and Counter-Plaintiff herein files this her Original Answer to Plaintiffs **PORT ELEVATOR-BROWNSVILLE, L.C. (PORT ELEVATOR)** and **SOUTHWEST GRAIN CO., INC.'S (SOUTHWEST GRAIN)** Second Amended Complaint and her Counterclaim against **PORT ELEVATOR** and **SOUTHWEST GRAIN.**

### A.    MS. VEGA'S ANSWER

2.    In response to paragraph 1 of Plaintiffs' Second Amended Complaint, Defendant admits.

3.    In response to paragraph 2 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.    Defendant denies that she has been properly served, but admits

" B "

that her address has been correctly stated.  As to the other allegations in paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph, and on that basis denies each and every allegation contained therein not expressly admitted.

5.   In answer to paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

6.   In answer to paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

7.   In answer to paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

8.   In response to paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

9.   In response to paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

10.  In response to paragraph 9 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

11.  In response to paragraph 10 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

12. In response to paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

13. In response to paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

14. In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

15. In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs are seeking relief pursuant to 28 U.S.C. § 22.01, but otherwise denies.

16. In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

17. In response to paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in State District Court in Hidalgo County, Texas against the Plaintiffs in this case and that the lawsuit has been partially abated at this time upon further order of the State District Court. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

18.    In response to paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein. Defendant's copy of Plaintiffs' Second Complaint does not contain documents attached.

19.    In response to paragraph 18 of Plaintiffs' Second Complaint, Defendant admits that **PORT ELEVATOR** is apparently seeking a declaration pursuant to the purported contract and is seeking a determination of relative liabilities.   Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

20.    In response to paragraph 19 of Plaintiffs' Second Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation

contained therein.

23. In response to paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

24. In response to paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in the 92nd District Court of Hidalgo County, Texas bearing Cause No. C-2969-99-A. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

25. In response to paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant denies that she breached the contract allegedly entered into with Plaintiff in October, 1996 and further denies that Plaintiffs have suffered damages. For further answer, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 24, and on that basis denies the other allegations contained therein.

26. In response to paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

28. In response to paragraph 27 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

29.  In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant admits that a jury has been demanded.

## B.  AFFIRMATIVE DEFENSES AND SPECIAL DENIALS

30.  Defendant would show that there are no other parties claiming an interest in the corn and funds at issue. As such, interpleader relief is not appropriate.

31.  Plaintiffs seek declaratory relief to construe a written contract under 28 U.S.C. § 22.01.  Defendant specially denies that she entered into any written contract with Plaintiffs on the terms and conditions asserted by Plaintiffs.   As such, Plaintiffs' declaratory relief claim must fail.

32.  Plaintiffs contend that Defendant breached a written contract which she allegedly entered into with Plaintiffs.  Defendant specially denies that she entered into any written contract with Plaintiffs. As such, Plaintiffs' breach of contract claim against Defendant must fail.

33. As an affirmative defense, Defendant alleges that the contract alleged in Plaintiffs' Second Amended Complaint is unenforceable against Defendant due to fraud on Plaintiff's part.

34.  Defendant asserts the affirmative defense of offset or set off.

35.  Defendant asserts the affirmative defense of payment.

H:\p\99-3843\pleading\Orig Ans & Counterclaim                              Page 6

36.   Defendant asserts the affirmative defense of waiver.

37.   Defendant asserts the affirmative defense of statute of frauds.

38.   Defendant asserts that Plaintiffs have failed to mitigate their damages.

39.   Defendant asserts that any claim by Plaintiffs for attorneys fees is unnecessary and the purported fees are unreasonable.

## C.   COUNTERCLAIM

40.   Counter-Plaintiff **IVONNE SOTO VEGA** sues Counter-Defendants **PORT ELEVATOR** and **SOUTHWEST GRAIN**.   Service of this Counterclaim may be effectuated by forwarding a copy of the Counterclaim to the attorney for Counter-Defendants in this lawsuit, John Skaggs, at P.O. Drawer 2285, McAllen, Texas 78502-2285. **PORT ELEVATOR** was the original Plaintiff in this lawsuit. **SOUTHWEST GRAIN CO., INC.** appeared as a Plaintiff for the first time in Plaintiffs' Second Amended Complaint.

41.   Counter-Plaintiff initially brought her claims against Counter-Defendants on or about May 26, 1999 in state court when she initiated her lawsuit against Counter-Defendants in Cause No. C-2969-99-A, in the 92nd Judicial District Court of Hidalgo County, Texas, styled, <u>Ivonne Soto Vega v. Port Elevator-Brownsville, L.C., et al.</u> These claims are still pending.

42.  Counter-Plaintiff would assert that **PORT ELEVATOR** is a Texas limited liability company licensed to do business in the State of

Texas.

43. Counter-Plaintiff would show that Defendant **SOUTHWEST GRAIN** is a Texas corporation licensed to do business in Texas.

44. **PORT ELEVATOR** and **SOUTHWEST GRAIN** are jointly responsible for Counter-Plaintiff's losses in that **MR. ELKINS** was jointly working for both **PORT ELEVATOR** and **SOUTHWEST GRAIN** at the times of the incidents made the basis of this lawsuit and **PORT ELEVATOR** and **SOUTHWEST GRAIN** are a joint venture, joint enterprise, alter ego or have other joint business arrangements.

45. Counter-Plaintiff sues Counter-Defendants for negligence, conversion, fraud, and Texas Deceptive Trade Practices Act violations.

46. On or about October 21, 1996, Counter-Plaintiff purchased 3,444.434 metric tons of yellow corn from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.** The purchase price was $170.00 per metric ton.

47. On or about November 13, 1996, Counter-Plaintiff made two more purchases from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.** One purchase was for 688.309 metric tons and the other was for 1,791.566 metric tons. The price for metric ton again was $170.00.

48. Pursuant to Counter-Plaintiff's instructions, the yellow corn was transported via rail car to **PORT ELEVATOR.**

49. **CRAIG ELKINS** accepted the corn at **PORT ELEVATOR** on the occasions when it arrived and approved its release at the times it

H:\p\99-3843\pleading\Orig Ans & Counterclaim                              Page 8

was taken out.

50. Counter-Plaintiff instructed **BERSAIN GUTIERREZ** to travel to Brownsville, Texas to oversee the transfer of Counter-Plaintiff's corn to **PORT ELEVATOR** for storage.

51. **MR. GUTIERREZ** does business under the name **SYSCO DE BAJA S.A. DE C.V.**

52. Neither **MR. GUTIERREZ** or **SYSCO DE BAJA S.A. DE C.V.** had any authority from Counter-Plaintiff to sell Counter-Plaintiff's corn or enter into any contracts concerning storage without Counter-Plaintiff's express authority.

53. After the corn's arrival at **PORT ELEVATOR**, **PORT ELEVATOR** released about 3,400 metric tons of Counter-Plaintiff's yellow corn to third parties without Counter-Plaintiff's permission.

54. At the time **PORT ELEVATOR** released the yellow corn, **PORT ELEVATOR** was aware that the owner of the commodity was Counter-Plaintiff.

55. Counter-Plaintiff found a buyer for her approximately 5,000 metric tons of corn in 1997.

56. In about September 1997, Counter-Plaintiff notified **PORT ELEVATOR** she had a buyer and gave the elevator company authority to release the corn. The elevator company refused to do so.

57. To this day, **PORT ELEVATOR** has refused to give Counter-Plaintiff her corn.

58. **PORT ELEVATOR-BROWNSVILLE, L.C.** later sold what remained of

Counter-Plaintiff's yellow corn without her permission.

### Conversion

59. Counter-Plaintiff would show that she was the sole owner of the yellow corn which was stored at **PORT ELEVATOR**. She had the right of possession of this property.

60. **PORT ELEVATOR** unlawfully and/or without authority assumed dominion and control over Counter-Plaintiff's property to the exclusion of Counter-Plaintiff's right in this property. Counter-Plaintiff would show- that **PORT ELEVATOR** turned over Counter-Plaintiff's property to one or more third parties to the exclusion of Counter-Plaintiff's rights in the property and without her permission.

61. Counter-Plaintiff would show that she left her corn in **PORT ELEVATOR'S** possession for the purpose of storing the commodity until the property was to be sold.

62. Counter-Plaintiff would show that **PORT ELEVATOR'S** conduct was unlawful in that it turned over Counter-Plaintiff's corn to one or more third parties without her permission. She would further show that **PORT ELEVATOR'S** possession was unlawful when the elevator company refused to return Counter-Plaintiff's corn when she requested that said corn be returned at a time when she had a buyer for the corn.

63. Counter-Plaintiff sues for the fair market value of the corn at the times and places of the conversion. Counter-Plaintiff is

also entitled to interest on the sum of the value of the property converted from the dates of conversion, at the prejudgment rate of interest.

64.  Counter-Plaintiff would further show that **PORT ELEVATOR'S** conversion of the property was fraudulent and/or malicious in that the elevator company knew the property belonged to Counter-Plaintiff, but deliberately released the property to one or more third parties and later refused upon request by Counter-Plaintiff to release the property to Counter-Plaintiff for sale to a third party.    Counter-Plaintiff would show that **PORT ELEVATOR** specifically intended to cause substantial injury to Counter-Plaintiff and accordingly Counter-Plaintiff asks that exemplary damages be awarded against **PORT ELEVATOR-BROWNSVILLE, L.C.**

### NEGLIGENCE

65.  **PORT ELEVATOR** breached the duty owed to Counter-Plaintiff to store her yellow corn, safeguard it, and not release the property without her express permission.  **PORT ELEVATOR-BROWNSVILLE, L.C.** breached the duties owed to Counter-Plaintiff by negligently releasing Counter-Plaintiff's property to one or more third parties and by later refusing to release Counter-Plaintiff's property to her upon request, proximately causing damages.

66.  Counter-Plaintiff contends that **PORT ELEVATOR** was grossly negligent and requests exemplary damages.

## FRAUD

67.   **PORT ELEVATOR** represents to its clients that commodities stored in its elevator will not be released without the express authority of the client.

68.   The elevator company's representation to Counter-Plaintiff that her corn would not be released without her permission was a false representation.

69.   The elevator company intended Plaintiff to rely and act upon the representation and store her corn in the facility based upon the representation.

70.   Counter-Plaintiff would show that **PORT ELEVATOR** acted contrary to its representation by releasing her corn to one or more third parties without her permission and by selling her corn to one or more third parties without her permission.

71.   Counter-Plaintiff acted in reliance upon the elevator company's representation and Counter-Plaintiff was injured as a result thereof.  Counter-Plaintiffs hereby sues for her injury and requests that damages be awarded.  She further requests an award of exemplary damages.

### TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

72.   Counter-Plaintiff sues **PORT ELEVATOR** for violations of the Texas Deceptive Trade Practices Act and requests damages, costs, and attorney's fees.

73.   Counter-Plaintiff would show that **PORT ELEVATOR** has committed

one or more deceptive trade practices as outlined at Section 14.46 of the Texas Business & Commerce Code.

74. Counter-Plaintiff would show that pursuant to Section 17.50 of the Texas Business & Commerce Code, Counter-Plaintiff is entitled to relief due to unconscionable action or a course of action by **PORT ELEVATOR** or by the elevator company's violation of one or more provisions of Section 17.46 of the Texas Business & Commerce Code which was relied on by Counter-Plaintiff to Counter-Plaintiff's detriment.

75. Counter-Plaintiff requests damages, court costs and reasonable and necessary attorney's fees as provided by Section 17.50 of the Texas Business & Commerce Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **IVONNE SOTO VEGA** respectfully requests that all relief prayed for in Plaintiffs' Second Amended Complaint be denied, and that she be awarded her taxable court costs and as to **MS. VEGA'S** Counterclaim that **MS. VEGA,** as Counter-Plaintiff, be awarded judgment against Counter-Defendants **PORT ELEVATOR** and **SOUTHWEST GRAIN** for a sum within the jurisdictional limits of the court, pre and post-judgment interest as provided by law, an award of exemplary damages against Counter-Defendants in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Counter-Plaintiff may justly be entitled.

H:\p\99-3843\pleading\Orig Ans & Counterclaim                    Page 13

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


*Roy Dale by Bill Mount*
ROY S. DALE                    *with*
State Bar No. 05326700    *permission*
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

ATTORNEYS FOR DEFENDANT/COUNTER-
PLAINTIFF IVONNE SOTO VEGA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and
foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 22nd day of January, 2001.


WILLIAM D. MOUNT, JR.