/ '

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 1 3 2001**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| CRAIG ELKINS, INDIVIDUALLY | § | |
| AND D/B/A PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C., AND | § | |
| SOUTHWEST GRAIN CO. , INC. | § | |

## THIRD-PARTY PLAINTIFF IVONNE SOTO VEGA'S RESPONSE
## TO THIRD-PARTY DEFENDANT CRAIG ELKINS' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES **IVONNE SOTO VEGA**, Third-Party Plaintiff in the above-styled and numbered cause and files this her Response in Opposition to Third-Party Defendant **CRAIG ELKINS'** Motion to Dismiss and in support thereof would show as follows:

I.

Third-Party Defendant **CRAIG ELKINS** (hereinafter **"ELKINS"**) complains that service was insufficient and that Third-Party Plaintiff **IVONNE SOTO VEGA** (hereinafter **"VEGA"**) has failed to state a claim due to **MR. ELKINS'** defenses of limitations and the assertion that he is an improper party.

## II.

MR. ELKINS was properly served.  On March 26, 2001, this court entered its Order Granting MS. VEGA'S Motion to Bring In Third-Party Defendant.  See Exhibit "A", a copy of Order.  The Order was predicated on MS. VEGA'S motion which is attached hereto as Exhibit "B", requesting leave to add MR. ELKINS as a party.  On April 11, 2001 at 7:23 p.m., Ed Fink, civil process server, served the summons and Third-Party Complaint on MR. ELKINS at his residence at 910 Rio Grande Drive, Mission, Texas.  See Exhibit "C", copy of affidavit of service.  MR. ELKINS was properly served.  MR. ELKINS' complaint that service was insufficient should be denied.

## III.

MR. ELKINS complains that he cannot be sued.  He states at 4b of his motion that there is no "legally recognized exception which would provide a factual basis for individual liability on the part of CRAIG ELKINS.  MR. ELKINS was sued for negligence, conversion, fraud, and violating the Texas Deceptive Trade Practices Act.  MR. ELKINS cites no authority to support his position that he cannot be individually liable.  To the contrary, a corporate agent can be liable for his own torts, even if he is acting as an agent. Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996) (agent operating a car for principal can be liable along with principal); Commercial Escron Co. v. Rockport Rebel, Inc., 778 S.W.2d 532, 541 (Tex. App.--Corpus Christi 1989, writ denied) (holding corporate agent liable

for knowing DTPA violations); <u>Barclay v. Johnson</u>, 686 S.W.2d 334, 336-37 (Tex. App.--Houston [1ˢᵗ Dist.] 1985, no writ) (holding corporate agent personally liable for false representations); <u>Light v. Wilson</u>, 663 S.W.2d 813, 815 (Tex. 1983) (Spears J., concurring) (an agent is liable for his own torts); Restatement (Second) of Agency § 343 (1958) (an agent may be liable for his torts even if he acts on command of the principal). **MS. VEGA** has stated a claim against **MR. ELKINS** for negligence, conversion, fraud and violating the Texas Deceptive Trade Practices Act.   See Third-Party Plaintiff's Complaint.

## IV.

**MR. ELKINS** claims that **MS. VEGA'S** complaint is barred by the statute of limitations.   **MS. VEGA** has sued **MR. ELKINS** for negligence, conversion, fraud, and violating the Texas Deceptive Trade Practices Act.   The statute of limitations for fraud is four years.   See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (West Supp. 2000).   **MS. VEGA** did not discover that she had been defrauded until the Fall of 1997.   See <u>Murphy v. Campbell</u>, 964 S.W.2d 265, 270 (Tex. 1970) (the discovery rule applies to cases involving fraud).   See **Exhibit "D"**.   The statute of limitations on her fraud claim would not run therefore until the Fall of 2001.   **MS. VEGA'S** fraud complaint was filed within the four year period and is not barred by the statute of limitations.

## V.

**MS. VEGA'S** other claims against **MR. ELKINS** are timely based upon the savings provision. See Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (West Supp. 2000).

## VI.

**MS. VEGA** requests leave to amend her Third-Party Complaint to show that limitations does not bar her suit.

For the above reasons, **IVONNE SOTO VEGA**, Third-Party Plaintiff, respectfully requests that this court deny Third-Party Defendant **CRAIG ELKINS'** Motion to Dismiss and/or grant **MS. VEGA'S** request for leave to amend her Third-Party Complaint to satisfy the concerns raised by **MR. ELKINS** in his Motion to Dismiss and grant such other and further relief which **MS. VEGA** may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

*Roy Dale by Bill Mount with permission*

ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

ATTORNEYS FOR THIRD-PARTY PLAINTIFF
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 12th day of June, 2001.

_____
WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| CRAIG ELKINS, INDIVIDUALLY | § | |
| AND D/B/A PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C., AND | § | |
| SOUTHWEST GRAIN CO. , INC. | § | |

## ORDER DENYING THIRD-PARTY DEFENDANT CRAIG ELKINS' MOTION TO DISMISS

On the _____ day of _____, 2001, came on to be heard Third-Party Defendant **CRAIG ELKINS'** Motion to Dismiss. The Court having heard the arguments of counsel and considered same, and being of the opinion that said Motion is not well-taken, it is therefore,

**ORDERED** that Third-Party Defendant **CRAIG ELKINS'** Motion be, and is hereby **DENIED**.

**SIGNED FOR ENTRY** on this _____ day of _____, 2001, Brownsville Division.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR – | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| CRAIG ELKINS, INDIVIDUALLY | § | |
| AND D/B/A PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C., AND | § | |
| SOUTHWEST GRAIN CO. , INC. | § | |

## ORDER GRANTING LEAVE TO AMEND THIRD-PARTY COMPLAINT

On the _____ day of _____, 2001, came on to be heard **IVONNE SOTO VEGA'S** Request for Leave to Amend Third-Party Complaint. The Court having heard the arguments of counsel and considered same, and being of the opinion that said request is well-taken, it is therefore,

**ORDERED** that **IVONNE SOTO VEGA'S** Request be, and is hereby **GRANTED.**

**SIGNED FOR ENTRY** on this _____ day of _____, 2001, Brownsville Division.

_____
J U D G E   P R E S I D I N G

67

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

**MAR 26 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

PORT ELEVATOR–BROWNSVILLE, L.C.,§

    Plaintiffs,

v.

IVONNE SOTO VEGA, ET AL.,

    Defendants.

§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. B-98-23

## ORDER

    BE IT REMEMBERED that on March 26, 2001, the Court **GRANTED** Defendant Ivonne Soto Vega's Motion to Bring in Third-Party Defendant [Dkt. No. 64]. The Court also hereby declares as **MOOT** the Agreed Motion to Extend Deadline to Join New Parties [Dkt. No. 65], as the requested deadline of March 16, 2001 has passed.

    DONE at Brownsville, Texas, this 26th day of March 2001.

Hilda G. Tagle
United States District Judge



United States District Court
Southern District of Texas
FILED

FEB 2 3 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR – §
BROWNSVILLE, L.C. AND §
SOUTHWEST GRAIN CO., INC. §
§
VS. § CIVIL NO. B-98-23
§
IVONNE SOTO VEGA, BERSAIN § JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA, §
S.A. DE C.V. AND WALTER §
PUFFELIS, INDIVIDUALLY AND §
D/B/A AGI AKRON GROUP, INC. §

### DEFENDANT IVONNE SOTO VEGA'S MOTION TO BRING IN THIRD-PARTY DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **IVONNE SOTO VEGA,** Defendant in the above-styled and numbered cause and moves for leave, as Third-Party Plaintiff, to cause to be served upon **CRAIG ELKINS** a Summons and Third-Party Complaint, copies of which are attached hereto as **Exhibit "A"** and incorporated herein for all purposes.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

*Roy Dale by Bill Mount with permission*

ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

ATTORNEYS FOR DEFENDANT/COUNTER-
PLAINTIFF/THIRD PARTY PLAINTIFF
IVONNE SOTO VEGA



## CERTIFICATE OF CONSULTATION

Movant has conferred with counsel for the Plaintiffs and counsel cannot agree about the disposition of the motion.

ROY S. DALE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 23rd day of February, 2001.

WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR –                          §
BROWNSVILLE, L.C. AND                    §
SOUTHWEST GRAIN CO., INC.                §
                                         §
VS.                                      §        CIVIL NO. B-98-23
                                         §
IVONNE SOTO VEGA, BERSAIN                §        JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA,                §
S.A. DE C.V. AND WALTER                  §
PUFFELIS, INDIVIDUALLY AND               §
D/B/A AGI AKRON GROUP, INC.              §

### ORDER GRANTING IVONNE SOTO VEGA'S MOTION TO BRING IN THIRD-PARTY DEFENDANT

On the _____ day of _____, 2001, came on to be heard **IVONNE SOTO VEGA'S** Motion to Bring in Third-Party Defendant **CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC.** The Court having heard the arguments of counsel and considered same, and being of the opinion that said Motion is well-taken, it is therefore,

**ORDERED** that **IVONNE SOTO VEGA'S** Motion be, and is hereby **GRANTED.**

**SIGNED FOR ENTRY** on this _____ day of _____, 2001.

_____
J U D G E   P R E S I D I N G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR -                    §
BROWNSVILLE, L.C. AND              §
SOUTHWEST GRAIN CO., INC.          §
                                   §
VS.                                §        CIVIL NO. B-98-23
                                   §
IVONNE SOTO VEGA, BERSAIN          §        JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA,          §
S.A. DE C.V. AND WALTER            §
PUFFELIS, INDIVIDUALLY AND         §
D/B/A AGI AKRON GROUP, INC.        §
                                   §
VS.                                §
                                   §
CRAIG ELKINS, INDIVIDUALLY         §
AND D/B/A PORT ELEVATOR-           §
BROWNSVILLE, L.C., AND             §
SOUTHWEST GRAIN CO. , INC.         §

## THIRD-PARTY COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Third-Party Plaintiff **IVONNE SOTO VEGA**, and sues

**CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE,**

**L.C. AND SOUTHWEST GRAIN CO., INC.** (hereinafter **CRAIG ELKINS**) and

in support thereof would show:

1.      **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO.,**

**INC.** have sued **IVONNE SOTO VEGA**.  A copy of the Second Amended

Complaint is attached hereto as **Exhibit "A"** and incorporated herein

for all purposes.

2.      **IVONNE SOTO VEGA** has responded to the Complaint by filing

her Original Answer and Counterclaim against **PORT ELEVATOR-**

**BROWNSVILLE**, L.C. and **SOUTHWEST GRAIN CO., INC.**  A copy of **MS.**



**VEGA'S** Original Answer and Counterclaim are attached hereto as **Exhibit "B"**.

3.    In **MS. VEGA'S** Counterclaim, she sues **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** for negligence, conversion, fraud and Texas Deceptive Trade Practices Act violations.

4.    **MS. VEGA** contends that **MR. ELKINS** was jointly working for **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** at the times of the incidents made the basis of **MS. VEGA'S** Counterclaim.

5.    **MS. VEGA** would show that at the times **PORT ELEVATOR-BROWNSVILLE, L.C.** received her corn and at the times of the corn's release that **MR. ELKINS** was at all times responsible for the receipt and release of the corn.

6.    **MS. VEGA** sues **MR. ELKINS** for negligence, conversion, fraud and Deceptive Trade Practices Act violations arising out of his acceptance of the corn in Brownsville and his release of the corn.

7.    **WHEREFORE, PREMISES CONSIDERED,** Third-Party Plaintiff **IVONNE SOTO VEGA** respectfully requests that she be awarded judgment against Third-Party Defendant **CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC.** for a sum within the jurisdictional limits of the court, pre- and post-judgment interest as provided by law, an award of exemplary damages

CUtePDF - www.fexita.com

against Third-Party Defendant in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Third-Party Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

*with permission*

ATTORNEYS FOR THIRD-PARTY PLAINTIFF
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 23rd day of February, 2001.

WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR-           §
BROWNSVILLE, L.C.,       §
ET AL                    §
                         §
VS.                      §    CIVIL NO. B-98-23
                         §
IVONNE SOTO VEGA, BERSAIN §   JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA §
S.A. DE C.V. AND WALTER  §
PUFFELIS, INDIVIDUALLY AND §
D/B/A AGI/AKRON GROUP, INC. §

SECOND AMENDED COMPLAINT

1.   This complaint is filed by Port Elevator-Brownsville, L.C.,

joined by Southwest Grain Co., Inc.

2.   Plaintiffs are corporations organized under the laws of the

State of Texas.

3\   Defendants are individuals or corporations who may be served

at the following addresses:

    1.   Ivonne Soto Vega (has been served and appeared)
         Paseo Rio Tijuana No. 1716
         Zona Del Rio, Tijuana B.C. Mexico

    2.   Bersain Gutierrez and
         Sysco De Baja S. A. de C.V.
         1853 Carolyn Drive
         Chula Vista, California 91913

    3.   Walter Puffelis and AGI/AKRON GROUP, INC.
         1330 Orange Avenue Suite 329
         Coronado, California 92118

4.   This Court has jurisdiction pursuant to 28 USC, Sections 1331,

1332, 1335 and 2361.

5.   Alternatively, this Complaint is filed pursuant to Rule 22

FRCP.  Plaintiff has heretofore tendered to the registry of the

Court the total amount of $76,000.00 and is still in possession of

cash received from the sale of commodity in excess of said amount.
It is estimated by Plaintiff that the total amount in controversy,
less reasonable offsets for storage and handling, is in excess of
$100,000.00.

6.    Plaintiff   herein   further   asserts   diversity   between   the
stakeholder (Plaintiff) and one or more of the Defendants; and
further asserts the existence of diversity as between the named
Defendants.

7.    In compliance with the provisions of 28 USC Section 1335,
Plaintiff asserts that it is in possession of money or property of
value more than $500.00.

8.    Plaintiff is a stakeholder of cash, obtained from the sale of
commodity, ownership to which is claimed by Defendants. The cash
is described as follows: cash from the sale of corn in a liquidated
amount which is claimed to be owned by multiple Defendants.
Certain cash from said sale is currently on deposit at the
Plaintiff's Port of Brownsville warehouse facility; less reasonable
storage, handling, and other fees deducted or charged by Plaintiff.
Plaintiff has tendered checks payable to the "United States
District Court Registry" representing certain cash on hand, there
to abide to the judgment of the Court.  Plaintiff further asserts
its intention to tender or retain cash representing the partial
liquidated value of the corn, subject to counterclaims plead
herein.

9.    As detailed below, Plaintiff may be exposed to double or
multiple liability by reason of competing and inconsistent claims
made by Defendants.

10. In the event Plaintiff should receive a counter-claim for breach of contract, conversion, violation of statutory trade practices laws, or a like pleading; in such event Plaintiff would affirmatively show that the commodity in question was specifically stored in the Plaintiff's warehouse pursuant to a contract and referenced tariffs, copies of which are attached hereto and incorporated by reference at this point. Conflicting claims of ownership of the commodity or any cash generated by the sale of said commodity have been asserted by Defendants, and allegations of actionable conduct on the part of Port Elevator have been alleged by one or more of the said Defendants.

11. Plaintiff previously proposed the voluntary tender of the herein referenced cash and commodities to a mutually acceptable neutral third-party, and such proposal was made in writing. The Defendants refused or neglected to respond, and each continued to assert respective superior ownership.

12. Thereafter, Plaintiff proposed the sale of the said commodity, pursuant to contract, so as to mitigate any damages resulting from spoilage or change in market value. Plaintiff received no response from Defendants related thereto.

13. Plaintiff finds itself with no alternative but to tender the corn or the partial value thereof to the Court for adjudication of the identity of the proper owner or owners.

### REQUEST FOR DECLARATORY RELIEF

14. This Request for Relief is made pursuant to 28 U.S.C. §2201.

15. Ivonne Soto Vega has asserted claims against Port Elevator-Brownsville, L.C. which are derived from the contract and

transactions heretofore recited in this pleading.  Vega asserts
duties and obligations arising as a result of the said contract and
the asserted relationship between the parties.

16.  Vega has asserted such allegations in a suit which was filed
later in time and filed in State District Court in Hidalgo County,
Texas.   On the 22nd day of May, 2000, the State District Court
ordered Vega's claims abated based on Port Elevator's assertions of
the pendency of this prior filed action in the United States
District Court.

17.  A copy of Vega's pleadings in connection with her State Court
suit are attached hereto and incorporated at this point by
reference, as evidence of Ms. Vega's assertion of rights pursuant
to the contract which is the subject of this pleading.

18.  Port Elevator-Brownsville, L.C. now seeks a declaration of the
rights, duties, legal relations and obligations of any interested
party arising out of the said contract, and arising out of the
assertions contained in Vega's aforementioned pleading which is
attached hereto.   Port  Elevator-Brownsville,  L.C.  seeks  a
determination of the relative liabilities, and any fault as
asserted in connection with the aforementioned State Court action,
which has been abated in deference to this action pending in the
Federal Court.

19.  In this connection, Port Elevator-Brownsville, L.C. would
further assert that at all material times related hereto, it was
acting through its authorized agent, servant, or employee Craig
Elkins.  Port Elevator-Brownsville, L.C. would further assert that
Craig Elkins is a salaried employee of Southwest Grain Co., Inc.

To the extent of any involvement by the said Craig Elkins and Southwest Grain Co., Inc. Port Elevator-Brownsville, L.C. would further request a determination of the relevant duties, faults and liabilities of said entities. To the extent necessary, the said Southwest Grain Co., Inc. hereby appears in this action for all purposes consistent with this pleading.

## BREACH OF CONTRACT

20. Plaintiff, through its agent, Craig Elkins, entered into a contract with Bersain Gutierrez, as representative for Sysco de Baja and Walter Puffelis, as representative for Akron Group, Inc., in October 1996. The above mentioned contract is attached hereto and incorporated herein by reference. Pursuant to this contract, the minimum quantity of corn to be deposited with Port Elevator was one million bushels.

21. In consideration for the movement of a large volume of corn over a short period of time, Plaintiff gave Bersain Gutierrez and Walter Puffelis a special contract with lower receiving and delivering charges. All deposits were to be made by Walter Puffelis of AGI/Akron Group, Inc., and withdrawals were to be made by Bersain Gutierrez of Sysco de Baja S.A. de C.V.. All deposits and withdrawals were to occur no later than December 31, 1996.

22. At no time during the term of the contract were one million bushels of corn deposited with Port Elevator. Defendants' failure to deposit and withdraw one million bushels of corn within the contract period, caused higher sums of money to accrue for the unloading, storage, fumigation, turning, aereation, cracking, and loading out in the amount of $81,438.04 plus interest.

23.  Ivonne Soto Vega has asserted she was a party to the above referenced contract by her own statement.  Ms. Vega filed her petition in the 92nd Judicial District Court in Hidalgo County, Texas, Cause No. C-2969-99-A.  On page seven, paragraph "c", of Ms. Vega's state court pleading, Ms. Vega alleged that she "entered into a contract" with Plaintiff to "store corn at their facility in Brownsville, Texas" in the fall of 1996.  Although Plaintiff denies Defendant Vega was a contracting party as herein described; in the event contractual privity status should be determined or adjudicated by the court, then Plaintiff asserts such contract has in fact also been breached individually by Defendant Vega.

.24.  All Defendants in this cause of action breached the contract entered into with Plaintiff in October 1996 and are liable for the damages proximately caused by this breach.

25.  Plaintiff herein specifically prays that the court adjudicate the ownership of the corn, or the value thereof; that the Court determine that Plaintiff is without fault in the circumstances related to the contracting, storage, and disposal of the corn, and money which is the subject of this action.  Plaintiff further prays that the Court discharge Plaintiff from further liability herewith.

26.  Plaintiff further prays for an award of reasonable attorneys' fees, the award of which is within the equitable powers of this Court.

27.  Port Elevator-Brownsville, L.C., Craig Elkins, and Southwest Grain Co., Inc. further seek a declaration from the Court regarding the duties and liabilities connected with the transactions addressed herein; and further seek a declaration of no fault or

liability related thereto. Moreover, Plaintiff prays that the court find Defendants have breached the contract entered into between the parties. Plaintiff further requests an award of actual damages related to the prosecution or defense of this action, for costs of Court, for pre-judgment interest, and post-judgment interest; and further for award of attorneys' fees arising out of the prosecution or defense of this action.

28. A jury is demanded in connection with this Complaint.

Respectfully submitted,

John Skaggs
P.O. Drawer 2285
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
Fed I.D. No. 1225
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel on this the

21 day of December 2000:

Roy Dale
6301 N. 10th St.
McAllen, Texas 78504

_____
JOHN SKAGGS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. | § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, AND SYSCO DE BAJA<br>S.A. DE C.V. | § § § | JURY DEMANDED |

### ORDER GRANTING LEAVE TO FILE SECOND
### AMENDED COMPLAINT

On this date came on for consideration Plaintiff's request for
leave to file a second amended complaint. Leave is hereby granted.

DONE AT BROWNSVILLE, TEXAS this _____ day of _____,
2000.

_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - | § | |
| BROWNSVILLE, L.C. AND | § | |
| SOUTHWEST GRAIN CO., INC. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, SYSCO DE BAJA, | § | |
| S.A. DE C.V. AND WALTER | § | |
| PUFFELIS, INDIVIDUALLY AND | § | |
| D/B/A AGI AKRON GROUP, INC. | § | |

DEFENDANT IVONNE SOTO VEGA'S ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

1.  IVONNE SOTO VEGA, Defendant and Counter-Plaintiff herein files
this her Original Answer to Plaintiffs PORT ELEVATOR-BROWNSVILLE,
L.C. (PORT ELEVATOR) and SOUTHWEST GRAIN CO., INC.'S (SOUTHWEST
GRAIN) Second Amended Complaint and her Counterclaim against PORT
ELEVATOR and SOUTHWEST GRAIN.

A.  MS. VEGA'S ANSWER

2.  In response to paragraph 1 of Plaintiffs' Second Amended
Complaint, Defendant admits.

3.  In response to paragraph 2 of Plaintiffs' Second Amended
Complaint, Defendant is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
said paragraph, and on that basis denies each and every allegation
contained therein.

4.  Defendant denies that she has been properly served, but admits

that her address has been correctly stated. As to the other allegations in paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph, and on that basis denies each and every allegation contained therein not expressly admitted.

5. In answer to paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

6. In answer to paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

7. In answer to paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

8. In response to paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

9. In response to paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

10. In response to paragraph 9 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

11. In response to paragraph 10 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

12. In response to paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

13. In response to paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

14. In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

15. In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs are seeking relief pursuant to 28 U.S.C. § 22.01, but otherwise denies.

16. In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

17. In response to paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in State District Court in Hidalgo County, Texas against the Plaintiffs in this case and that the lawsuit has been partially abated at this time upon further order of the State District Court. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

18.   In response to paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein. Defendant's copy of Plaintiffs' Second Complaint does not contain documents attached.

19.   In response to paragraph 18 of Plaintiffs' Second Complaint, Defendant admits that PORT ELEVATOR is apparently seeking a declaration pursuant to the purported contract and is seeking a determination of relative liabilities.   Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

20.   In response to paragraph 19 of Plaintiffs' Second Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.   In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.   In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation

contained therein.

23. In response to paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

24. In response to paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in the 92nd District Court of Hidalgo County, Texas bearing Cause No. C-2969-99-A. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

25. In response to paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant denies that she breached the contract allegedly entered into with Plaintiff in October, 1996 and further denies that Plaintiffs have suffered damages. For further answer, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 24, and on that basis denies the other allegations contained therein.

26. In response to paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

28. In response to paragraph 27 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

29.   In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant admits that a jury has been demanded.

### B.   AFFIRMATIVE DEFENSES AND SPECIAL DENIALS

30.   Defendant would show that there are no other parties claiming an interest in the corn and funds at issue. As such, interpleader relief is not appropriate.

31.   Plaintiffs seek declaratory relief to construe a written contract under 28 U.S.C. § 22.01. Defendant specially denies that she entered into any written contract with Plaintiffs on the terms and conditions asserted by Plaintiffs.   As such, Plaintiffs' declaratory relief claim must fail.

32.   Plaintiffs contend that Defendant breached a written contract which she allegedly entered into with Plaintiffs.   Defendant specially denies that she entered into any written contract with Plaintiffs. As such, Plaintiffs' breach of contract claim against Defendant must fail.

33.   As an affirmative defense, Defendant alleges that the contract alleged in Plaintiffs' Second Amended Complaint is unenforceable against Defendant due to fraud on Plaintiff's part.

34.   Defendant asserts the affirmative defense of offset or set off.

35.   Defendant asserts the affirmative defense of payment.

36.   Defendant asserts the affirmative defense of waiver.

37.   Defendant asserts the affirmative defense of statute of frauds.

38.   Defendant asserts that Plaintiffs have failed to mitigate their damages.

39.   Defendant asserts that any claim by Plaintiffs for attorneys fees is unnecessary and the purported fees are unreasonable.

## C.   COUNTERCLAIM

40.   Counter-Plaintiff IVONNE SOTO VEGA sues Counter-Defendants PORT ELEVATOR and SOUTHWEST GRAIN.   Service of this Counterclaim may be effectuated by forwarding a copy of the Counterclaim to the attorney for Counter-Defendants in this lawsuit, John Skaggs, at P.O. Drawer 2285, McAllen, Texas 78502-2285.   PORT ELEVATOR was the original Plaintiff in this lawsuit.   SOUTHWEST GRAIN CO., INC. appeared as a Plaintiff for the first time in Plaintiffs' Second Amended Complaint.

41.   Counter-Plaintiff initially brought her claims against Counter-Defendants on or about May 26, 1999 in state court when she initiated her lawsuit against Counter-Defendants in Cause No. C-2969-99-A, in the 92nd Judicial District Court of Hidalgo County, Texas, styled, <u>Ivonne Soto Vega v. Port Elevator-Brownsville, L.C., et al.</u>   These claims are still pending.

42.   Counter-Plaintiff would assert that PORT ELEVATOR is a Texas limited liability company licensed to do business in the State of

Texas.

43.   Counter-Plaintiff would show that Defendant **SOUTHWEST GRAIN** is a Texas corporation licensed to do business in Texas.

44.   **PORT ELEVATOR** and **SOUTHWEST GRAIN** are jointly responsible for Counter-Plaintiff's losses in that **MR. ELKINS** was jointly working for both **PORT ELEVATOR** and **SOUTHWEST GRAIN** at the times of the incidents made the basis of this lawsuit and **PORT ELEVATOR** and **SOUTHWEST GRAIN** are a joint venture, joint enterprise, alter ego or have other joint business arrangements.

45.   Counter-Plaintiff sues Counter-Defendants for negligence, conversion, fraud, and Texas Deceptive Trade Practices Act violations.

46.   On or about October 21, 1996, Counter-Plaintiff purchased 3,444.434 metric tons of yellow corn from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**   The purchase price was $170.00 per metric ton.

47.   On or about November 13, 1996, Counter-Plaintiff made two more purchases from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**   One purchase was for 688.309 metric tons and the other was for 1,791.566 metric tons.   The price for metric ton again was $170.00.

48.   Pursuant to Counter-Plaintiff's instructions, the yellow corn was transported via rail car to **PORT ELEVATOR**.

49.   **CRAIG ELKINS** accepted the corn at **PORT ELEVATOR** on the occasions when it arrived and approved its release at the times it

was taken out.

50. Counter-Plaintiff instructed **BERSAIN GUTIERREZ** to travel to Brownsville, Texas to oversee the transfer of Counter-Plaintiff's corn to **PORT ELEVATOR** for storage.

51. MR. GUTIERREZ does business under the name SYSCO DE BAJA S.A. DE C.V.

52. Neither **MR. GUTIERREZ** or **SYSCO DE BAJA S.A. DE C.V.** had any authority from Counter-Plaintiff to sell Counter-Plaintiff's corn or enter into any contracts concerning storage without Counter-Plaintiff's express authority.

53. After the corn's arrival at **PORT ELEVATOR**, **PORT ELEVATOR** released about 3,400 metric tons of Counter-Plaintiff's yellow corn to third parties without Counter-Plaintiff's permission.

54. At the time **PORT ELEVATOR** released the yellow corn, **PORT ELEVATOR** was aware that the owner of the commodity was Counter-Plaintiff.

55. Counter-Plaintiff found a buyer for her approximately 5,000 metric tons of corn in 1997.

56. In about September 1997, Counter-Plaintiff notified **PORT ELEVATOR** she had a buyer and gave the elevator company authority to release the corn. The elevator company refused to do so.

57. To this day, **PORT ELEVATOR** has refused to give Counter-Plaintiff her corn.

58. **PORT ELEVATOR-BROWNSVILLE, L.C.** later sold what remained of

Counter-Plaintiff's yellow corn without her permission.

## Conversion

59. Counter-Plaintiff would show that she was the sole owner of the yellow corn which was stored at **PORT ELEVATOR**. She had the right of possession of this property.

60. **PORT ELEVATOR** unlawfully and/or without authority assumed dominion and control over Counter-Plaintiff's property to the exclusion of Counter-Plaintiff's right in this property. Counter-Plaintiff would show- that **PORT ELEVATOR** turned over Counter-Plaintiff's property to one or more third parties to the exclusion of Counter-Plaintiff's rights in the property and without her permission.

61. Counter-Plaintiff would show that she left her corn in **PORT ELEVATOR'S** possession for the purpose of storing the commodity until the property was to be sold.

62. Counter-Plaintiff would show that **PORT ELEVATOR'S** conduct was unlawful in that it turned over Counter-Plaintiff's corn to one or more third parties without her permission. She would further show that **PORT ELEVATOR'S** possession was unlawful when the elevator company refused to return Counter-Plaintiff's corn when she requested that said corn be returned at a time when she had a buyer for the corn.

63. Counter-Plaintiff sues for the fair market value of the corn at the times and places of the conversion. Counter-Plaintiff is

also entitled to interest on the sum of the value of the property converted from the dates of conversion, at the prejudgment rate of interest.

64. Counter-Plaintiff would further show that **PORT ELEVATOR'S** conversion of the property was fraudulent and/or malicious in that the elevator company knew the property belonged to Counter-Plaintiff, but deliberately released the property to one or more third parties and later refused upon request by Counter-Plaintiff to release the property to Counter-Plaintiff for sale to a third party. Counter-Plaintiff would show that **PORT ELEVATOR** specifically intended to cause substantial injury to Counter-Plaintiff and accordingly Counter-Plaintiff asks that exemplary damages be awarded against **PORT ELEVATOR-BROWNSVILLE, L.C.**

### NEGLIGENCE

65. **PORT ELEVATOR** breached the duty owed to Counter-Plaintiff to store her yellow corn, safeguard it, and not release the property without her express permission. **PORT ELEVATOR-BROWNSVILLE, L.C.** breached the duties owed to Counter-Plaintiff by negligently releasing Counter-Plaintiff's property to one or more third parties and by later refusing to release Counter-Plaintiff's property to her upon request, proximately causing damages.

66. Counter-Plaintiff contends that **PORT ELEVATOR** was grossly negligent and requests exemplary damages.

## FRAUD

67.   PORT ELEVATOR represents to its clients that commodities stored in its elevator will not be released without the express authority of the client.

68.   The elevator company's representation to Counter-Plaintiff that her corn would not be released without her permission was a false representation.

69.   The elevator company intended Plaintiff to rely and act upon the representation and store her corn in the facility based upon the representation.

70.   Counter-Plaintiff would show that PORT ELEVATOR acted contrary to its representation by releasing her corn to one or more third parties without her permission and by selling her corn to one or more third parties without her permission.

71.   Counter-Plaintiff acted in reliance upon the elevator company's representation and Counter-Plaintiff was injured as a result thereof.   Counter-Plaintiffs hereby sues for her injury and requests that damages be awarded.   She further requests an award of exemplary damages.

### TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

72.   Counter-Plaintiff sues PORT ELEVATOR for violations of the Texas Deceptive Trade Practices Act and requests damages, costs, and attorney's fees.

73.   Counter-Plaintiff would show that PORT ELEVATOR has committed

one or more deceptive trade practices as outlined at Section 14.46 of the Texas Business & Commerce Code.

74. Counter-Plaintiff would show that pursuant to Section 17.50 of the Texas Business & Commerce Code, Counter-Plaintiff is entitled to relief due to unconscionable action or a course of action by PORT ELEVATOR or by the elevator company's violation of one or more provisions of Section 17.46 of the Texas Business & Commerce Code which was relied on by Counter-Plaintiff to Counter-Plaintiff's detriment.

75. Counter-Plaintiff requests damages, court costs and reasonable and necessary attorney's fees as provided by Section 17.50 of the Texas Business & Commerce Code.

WHEREFORE, PREMISES CONSIDERED, Defendant IVONNE SOTO VEGA respectfully requests that all relief prayed for in Plaintiffs' Second Amended Complaint be denied, and that she be awarded her taxable court costs and as to MS. VEGA'S Counterclaim that MS. VEGA, as Counter-Plaintiff, be awarded judgment against Counter-Defendants PORT ELEVATOR and SOUTHWEST GRAIN for a sum within the jurisdictional limits of the court, pre and post-judgment interest as provided by law, an award of exemplary damages against Counter-Defendants in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Counter-Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


*Roy Dale by Bill Mount with permission*
ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

ATTORNEYS FOR DEFENDANT/COUNTER-
PLAINTIFF IVONNE SOTO VEGA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and
foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 22nd day of January, 2001.


WILLIAM D. MOUNT, JR.

# AFFIDAVIT OF SERVICE

**Brownsville Division**                    **U.S. District Court Court**

Case Number: B-98-23

PLAINTIFF:
**PORT ELEVATOR- BROWNSVILLE, L.C. AND SOUTHWEST
GRAIN CO., INC.**

vs.

DEFENDANT:
**CRAIG ELKINGS, INDIVIDUALLY AND D/B/A PORT ELEVATOR
BROWNSVILLE, L.C. AND SOUTHWEST GRAIN, CO.**

For:
Roy Dale
Dale & Klein
6301 N. 10th St.
McAllen TX 78504

United States District Court
Southern District of Texas
FILED

APR 2 4 2001

Michael N. Milby
Clerk of Court

Received by Bill McMillon and Associates, LC on the 11th day of April, 2001 at 11:16 am to be served on **CRAIG ELKINS, 910 Rio Grande Drive, Mission, Texas.**

I, Ed Fink, being duly sworn, depose and say that on the **11th day of April, 2001 at 7:23 pm, I:**

HAND DELIVERD THE FOLLOWING LEGAL DOCUMENTS: **SUMMONS & THIRD PARTY COMPLAINT**

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day of April, 2001 by the affiant who is personally known to me.

NOTARY PUBLIC

DAVE C. ECKSTEIN
MY COMMISSION EXPIRES
February 10, 2002

Ed Fink
Process Server

**Bill McMillon and Associates, LC
204 W. Ferguson
Suite 108
Pharr, TX 78577
(956) 783-1132**
Our Job Serial Number: 2001000656

Copyright © 1992-1999 Database Services, Inc. - Process Server's Toolbox V5.3w

PLAINTIFF'S
EXHIBIT
C

## AFFIDAVIT OF OWNERSHIP

DATE:          OCTOBER 30, 1997

AFFIANT:       IVONNE SOTO VEGA

Affiant on oath swears that the following statement is true:

That affiant bought 4,236.00 metric tons of corn from AGI on October 25, 1996 and on November 12, 1996 respectively. Ivonne Soto Vega paid AGI with a letter of credit drawn from Norwest Bank in El Paso, Texas. The funds used to pay for the corn belonged solely to Ivonne Soto Vega  Ivonne Soto Vega gave instructions to the seller AGI to transport the corn to the Port of Brownsville to store at a grain elevator. Ivonne Soto Vega never entered into an agreement with Bersain Gutierrez wherein he would participate as owner of the corn

Ivonne Soto Vega has never relinquish ownership of the corn from the date of purchase to the date of execution of this document. Ivonne Soto Vega has never given anyone authority to dispose of the corn from the date of purchase to the date of execution of this document.

Ivonne Soto Vega now desires to sell the corn that she bought to Enrique Villarreal for a price which has been agreed to between the parties. Ivonne Soto Vega is instructing the owner of the grain elevator to release the corn to the buyer, Enrique Villarreal, once the sale contract is executed.

Signed this __3TH__ day of __November__, 1997.

_____
Ivonne Soto Vega

LS

### JURAT

SWORN AND SUBSCRIBED before me by Ivonne Soto Vega on this the __THIRD__ day of __November__, 1997

_____
Notary Public In and For the State
of California

Commission Expires: __Sept 26, 2001__



CONSUELO CANCINO
Commission # 1154400
Notary Public — California
Los Angeles County
My Comm. Expires Sept 26, 2001



PLAINTIFF'S
EXHIBIT
D