COPY          79

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, AND SYSCO DE BAJA<br>S.A. DE C.V. | §<br>§<br>§<br>§ | |

PLAINTIFF IN INTERPLEADER'S RESPONSE
TO DEFENDANTS' MOTION FOR SANCTIONS AND COSTS;
INCLUDING CROSS-MOTION FOR SANCTIONS AND COSTS;
INCLUDING CERTIFICATE OF CONFERENCE;
INCLUDING CITATION TO AUTHORITIES

TABLE OF CONTENTS

Certificate of Conference                                    1

Authorities relevant hereto                                  1

Statement of the nature and the stage of the proceeding      1

Statement of the issues to be ruled upon by the Court        2

Cross-Motion for Costs and Fees                              2

Relief requested for Vega's discovery abuse                  6

Response to Defendant's Motion                               8

Memorandum of Authorities                                   12

A.   Basic Authority                                        12
B.   Subpoena Authority                                     12
C.   Vega's Authorities Distinguished                       14
D.   28 USC § 1927 Sanctions.  (As to Port Elevator)        15
E.   28 USC § 1927. Sanctions (as to Ivonne Soto Vega)      16
F.   Rule 30(g) considerations                              17

Discussion of Vega's claimed fees and expenses              17

Conclusion                                                  19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR-<br>BROWNSVILLE, L.C. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | |
| GUTIERREZ, AND SYSCO DE BAJA | § | |
| S.A. DE C.V. | § | |

PLAINTIFF IN INTERPLEADER'S RESPONSE
TO DEFENDANTS' MOTION FOR SANCTIONS AND COSTS;
INCLUDING CROSS-MOTION FOR SANCTIONS AND COSTS;
INCLUDING CERTIFICATE OF CONFERENCE;
INCLUDING CITATION TO AUTHORITIES

1.    Certificate of Conference.

I certify that I have conferred with opposing counsel in an attempt to resolve the matters addressed in this Motion, without success.

2.    Authorities relevant hereto.

This response is made; and the Cross-Motion for relief is made pursuant to FRCP 28 USC § 1927.   Other relevant authorities are contained in the body of the response.

3.    Statement of the nature and the stage of the proceeding.

The opposing parties have competing claims to title and ownership of corn which was deposited solely for storage in a warehouse in Brownsville, Texas.   The parties represented by the undersigned counsel (the "Plaintiff in Interpleader") became apprised of the competing claims to title and ownership of the corn approximately a year after the deposit of the corn for storage in the warehouse.   Attempts were made to have the claimed owners remove the corn from the warehouse, without success.   Ultimately,

following notification, the corn was auctioned, and proceeds were placed into the registry of this Court by way of interpleader.

After the sale of the corn and the interpleader of cash, some of the Plaintiffs (specifically "Vega") sued the warehouse, essentially for mishandling the storage of and sale of the corn.

<u>Statement of the issues to be ruled upon by the Court</u>.

A.     Whether Defendant Vega should be sanctioned for discovery abuse by the Court.   Standard of review is "abuse of discretion" pursuant to 28 USC § 1927.

B.     Whether Plaintiff Port Elevator-Brownsville L.C. Should be sanctioned for discovery abuse by the Court.   Standard of review is "abuse of discretion" pursuant to 28 USC § 1927.

4. <u>Cross-Motion for Costs and Fees</u>.

Ivonne Soto Vega is Cross-Plaintiff in this action.  Ivonne Soto Vega asserts that the warehouse owners in someway "mishandled" corn which was "hers".  Ivonne Soto Vega (unlike Bersain Gutierrez) has made an appearance in this action and asserted a breach of contract.  This allegation by Ivonne Soto Vega is notwithstanding the fact that her name appears no place on the storage contract (the only contract acknowledged by any of the parties in this action is marked Exhibit A, attached hereto and incorporated herein by reference; such contract makes no mention of Ivonne Soto Vega, but instead indicates that the contracting party is Bersain Gutierrez on behalf of "Sysco de Baja").

Both Bersain Gutierrez and Ivonne Soto Vega assert ownership

2

of the corn which was stored in the warehouse (reference is made to Exhibit B which is attached hereto and incorporated by reference at this point).

Since Ms. Vega's appearance in the suit, the warehouse and its attorneys have attempted to take her deposition on substantive issues, without success.  In such connection, the warehouse, Port Elevator, would at this time as movant show the following facts, either supported by documentary exhibits or by affidavit which is also attached hereto:

A.    The warehouse took a partial deposition of Ms. Vega on September 8, 1999.  Ms. Vega's attorneys refused to allow her to answer substantive questions, having requested that the Court limit the scope of her initial testimony to jurisdictional issues (see deposition exerpts of Ivonne Soto Vega's deposition taken on the indicated date, attached hereto as Exhibit C and incorporated at this point by reference).  Jurisdiction was ultimately accepted by this Court, resolving any objections Vega's attorneys may have had regarding the giving of testimony on the merits of the action.

B.    The undersigned counsel, representing the warehouse, has either noticed Vega's deposition or written letters soliciting Ms. Vega's deposition on multiple occasions (see the group of documents collectively marked as Exhibit D, and incorporated herein by reference).  To this date, the opposing attorneys have frustrated the

3

CMdPDF - www.texisz.com

warehouse's attempt to take any sort of substantive deposition of Ms. Vega. In fact, opposing attorneys insist that the deposition of Ms. Vega be taken in California. Several of the five deposition notices bear the caption of the State District Court action which is identical to the Federal Court action. The State action was ultimately abated in favor of the Federal action by written order of the State District Judge. The competing jurisdiction of the State and Federal Courts was also the subject of previous motions in this Court. (See the State Court abatement order, which is the final page in Exhibit D in the Appendix.)

C.  Approximately 14 days prior to the deposition of Bersain Gutierrez in California, the undersigned forwarded correspondence to opposing counsel once again soliciting the deposition of Ivonne Soto Vega in California at the same time everybody was going to California to take Bersain Gutierrez' deposition. (See Exhibit E, attached hereto and incorporated at this point by reference.) Opposing counsel had taken the position that Ms. Vega was "not available" on the date that Mr. Gutierrez' deposition was scheduled to be taken (see Exhibit F, attached hereto and incorporated at this point by reference).

D.  Notwithstanding the opposing counsel's assertions that Ms. Vega would be unavailable for deposition on the

4

proposed date, when counsel arrived at the location for the taking of Bersain Gutierrez' deposition, Ivonne Soto Vega was present in person. (See recitation of appearances at the deposition of Bersain Gutierrez, marked Exhibit G, attached hereto and incorporated herein by reference). Following Bersain Gutierrez' non-appearance, and in keeping with previous correspondence to opposing counsel requesting the Vega deposition, the undersigned personally proposed to Ms. Vega's counsel that Vega should be presented for deposition immediately; especially in view of the fact that all counsel were present, a conference room had been arranged, a court reporter was present, a videographer was present, and a Spanish language interpreter had been hired and was present.

Opposing counsel declined to allow Ms. Vega to testify.

E.   Any further efforts to take Ms. Vega's deposition prior to trial have now been totally frustrated due to events which have occurred within a few days after the undersigned counsel travelled to San Diego. See the documents collectively marked as Exhibit H which are attached hereto and incorporated by reference at this point. Ivonne Soto Vega is now reportedly a prisoner of the Mexican Federal Judicial Police, and has been arrested, detained, and moved to an undisclosed facility in Mexico City.

5.   The undersigned gave opposing counsel plenty of advance warning of the desire to take Ms. Vega's deposition while in California.   Ms. Vega's asserted "unavailability" lead the undersigned counsel to refrain from actually noticing her deposition.   The undersigned was nothing short of surprised when Ms. Vega became "available" to attend to the deposition, but remained "unavailable" to give her deposition.   The undersigned counsel for the warehouse (Port Elevator) will therefore have to make a second trip to California; or more likely will have to travel to the Federal Prison in Mexico City (if it can be located and identified) at considerable cost.   Such cost would have been unnecessary had opposing counsel allowed the deposition of Ms. Vega as requested on the numerous occasions prior to her arrest on drug related money laundering charges.

6.   <u>Relief requested for Vega's discovery abuse</u>.

The undersigned, on behalf of Port Elevator-Brownsville, L.C. requests the imposition of the following costs and sanctions against Ivonne Soto Vega:

      A.   That she be compelled to reimburse the undersigned counsel for the total cost of anticipated travel, lodging, arrangements of the deposition and reasonable attorney's fees, in view of the fact that such expenses will have to be incurred yet again in the future.   In fact, based on prior experience, the undersigned factually and formally asserts that the taking of a deposition at a federal prison in Mexico City,

6

CtiPDF - www.fasina.com

considering the cost of locating (or importing) appropriate personnel to take the deposition, videotape the proceedings, and conduct interpretations would be far in excess of the expenses already incurred. The prior expenses are collectively marked as Exhibit I, attached hereto and incorporated at this point by reference. Attorney's fees are supported by the Affidavit of John Skaggs (attached hereto as Exhibit L and incorporated herein by reference). Such expenses and fees for the unsuccessful previous deposition in San Diego, California total $5,145.89. Such minimum amount would be necessary to travel to California or Mexico City to attempt a deposition of Vega in the future.

B.  Alternatively, that Ivonne Soto Vega be compelled to give a deposition in Cameron County, Texas, the county of venue; or if by agreement in Hidalgo County, Texas, the county where all counsel in this action reside and have their principal place of business. Such alternative remedy would defer the cost of unnecessary additional travel to California or to Mexico City.

C.  Additionally, and in the event the taking of Ms. Vega's deposition proves to be impossible prior to trial, the undersigned moves that Ivonne Soto Vega be prohibited from giving live trial testimony. This request is made in view of the fact that Ivonne Soto Vega had no factual relationship with any transaction related to the storage

7

of the corn at the warehouse in Brownsville; and that Port Elevator-Brownsville will be completely unable to ascertain Ivonne Soto Vega's claimed contractual or other relationship with Port Elevator-Brownsville prior to trial. It would be fundamentally unfair for the warehouse to have to respond to Ivonne Soto Vega's assertions and factual allegations for the first time at trial without the ability to have advance knowledge of the substance of such assertions; and without the ability of Port Elevator-Brownsville to consequently make advance preparation or investigation regarding such assertions by Ms. Vega.

7.   <u>Response to Defendant's Motion.</u>

The opposing party has filed a motion to impose a penalty of costs and other remedies as a consequence of appearing at a deposition in San Diego, California. Though all attorneys (and Ivonne Soto Vega) appeared at the deposition at the appointed time, the deposition did not occur.

By way of response, this party would show the following facts, either supported by appropriate affidavit or by documentary exhibit, as follows:

A.   The scheduled deposition was the deposition of Bersain Gutierrez. Bersain Gutierrez is a named party to this action who has been served with actual process, but has never made an appearance herein. Bersain Gutierrez is one of multiple claimants of the corn or the money

8

generated by the sale of the corn.  Mr. Gutierrez has asserted his own ownership to the corn (see Exhibit B, attached hereto and incorporated at this point by reference).

B.    Though Bersain Gutierrez has various addresses in the United States, it is reported that he is a citizen of the Republic of Mexico.  Mr. Gutierrez has limited command of the English language and communicates in Spanish.  In view of the facts recited in this paragraph, and in the preceding paragraph, it is not believed that Bersain Gutierrez (though a party) is reasonably amenable to effective service in the United States.

C.    Port Elevator representatives contacted Bersain Gutierrez by telephone and met with him following the institution of this lawsuit.  The substance of an interview conducted with Mr. Gutierrez was previously summarized and produced to opposing counsel.  Such summary is attached hereto marked as Exhibit J and incorporated at this point by reference.  Before the scheduled date of the deposition, Mr. Gutierrez had agreed to make an appearance for purposes of giving his deposition.

D.    Vega's counsel was opposed to the taking of the deposition of Mr. Bersain Gutierrez in San Diego, California, and filed a motion opposing the deposition. The filing of such motion was preceded by a conference between attorneys and during such conference, the various

9

facts recited in this motion were discussed.    Opposing
counsel then requested an emergency hearing attempting to
quash the subject deposition, and the substance of these
various consideration were again discussed in the context
of a telephone conference with the Court.    The pendency
of the upcoming discovery deadline (dated July 16, 2001)
was also discussed, and the uncertainty of Mr. Gutierrez'
actual appearance was discussed. The opposing attorney's
motion to quash the deposition was overruled by the
Court.

E.    The undersigned counsel, and a representative of the
Plaintiff in Interpleader (a Mr. Craig Elkins) travelled
to San Diego, California a full day before the deposition
in order to do what could be done to try to insure the
appearance of Mr. Gutierrez at the scheduled deposition
the following day.    During the 24 hour period preceding
the deposition, Mr. Gutierrez failed to return telephone
calls, failed to appear at requested meetings, and failed
to communicate in any way with the undersigned, or with
the client's representative.

F.    On the morning of the deposition, the undersigned counsel
caused to have issued a subpoena compelling the
appearance of Bersain Gutierrez at his scheduled
deposition.    Such was done despite Mr. Gutierrez' prior
failure to appear in the lawsuit following service of
citation;    and    such    was    done    despite    everyone's

10

understanding that Mr. Gutierrez is a Mexican citizen. As anticipated, the undersigned was unable to obtain personal service upon Mr. Gutierrez, though the original citation was left at one of his several addresses in the United States, specifically the address reputed to be one of his residences in the United States.   The subpoena could not be served on Mr. Gutierrez personally, but was left at this residence.    (It was reported to the undersigned by the process server that the location of the residence was in a "gated community", and the process server was either going to have to climb the fence or wait until another neighborhood resident entered or left the neighborhood.)   A copy of the subpoena along with the California return of service and the law office check paying for service are marked as Exhibit K, attached hereto and incorporated at this point by reference.

G.  Bersain Gutierrez failed to appear at his scheduled deposition.   A record was made of his failure to appear. The undersigned counsel and his client paid for the appearance by a California certified shorthand court reporter, a videographer, a court certified interpreter, and conference room space.    The client sent a representative (the aforementioned Craig Elkins) to also be in attendance at the deposition.    All of the arrangements recited in this paragraph were made in anticipation of the deposition occurring as scheduled.

11

8.   <u>Memorandum of Authorities</u>.

    A.   <u>Basic Authority</u>.

        Rule 30(a)(1) specifically states that "[A] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2).   (None of the provisions of paragraph (2) are applicable.   The attendance of witnesses MAY be compelled by subpoena as provided in Rule 45.   Fed.R.Civ.P. 30(a)(1).

    In the case at bar, Plaintiffs noticed the deposition of Bersain Gutierrez.   Mr. Gutierrez is a party to this cause of action.   Mr. Gutierrez was a willing participant and had given the date and time he would appear for his deposition when Plaintiff noticed the deposition.   Even upon traveling to San Diego, California, Plaintiff was under the belief that Mr. Gutierrez was a willing participant and that would appear as he represented.

    In Defendant Vega's Motion to Quash, she expressed a concern that Bersain Gutierrez would not appear as a witness at the deposition despite his status as a party defendant in this action. If she and her counsel were truly concerned, she could have issued a subpoena.   All of Bersain Gutierrez' known addresses in the United States had previously been provided to Vega's counsel (see Exhibit D-1 attached hereto and incorporated by reference herein).

    B.   <u>Subpoena Authority</u>.

        Rule 30(a)(1) does not mandate that all deposition

notices be issued with a subpoena.   In fact, the rule
only states that the attendance of a witness MAY be
compelled by a subpoena.  See Fed.R.Civ.P. 30(a)(1).  The
rule does not state that a subpoena must be issued.   In
the case at bar, it was unnecessary to issue a subpoena
because Mr. Gutierrez, a party to this lawsuit was
voluntarily appearing at the deposition.

However, after Plaintiff arrived in California, a
subpoena was issued.

Rule 45 of the Federal Rules of Civil Procedure governs
the manner in which subpoenas are issued.  Specifically,
Rule 45(a)(3) states:

> "[A]n attorney as officer of the court may also
> issue and sign a subpoena on behalf of (A) a court
> in which the attorney is authorized to practice; or
> (B) a court for a district in which a deposition or
> production is compelled by the subpoena, if the
> deposition or production pertains to an action
> pending in a court in which the attorney is
> authorized to practice."

This rule allows an attorney to issue a subpoena from the
district in which he is authorized to practice.
Plaintiff's counsel is authorized to practice in the
Southern District of Texas.   Moreover, Mr. Bersain
Gutierrez is a party to a cause of action pending in the
Southern District of Texas.   It is the Southern District

13

of Texas that would compel his attendance to the deposition pursuant to FRCP 45(a)(3)(B) because the action is pending in this district. As such, Plaintiff's counsel could issue a subpoena under both subsections of this rule and the subpoena was properly issued.

Rule 45(a)(1) also states that "[E]very subpoena shall (A) state the name of the court from which it is issued; and (B) state the title of the action, the name of the court in which it is pending, and its civil action number and (C) command each person to whom it is directed to attend and give testimony…." See Fed.R.Civ.P. 45(a)(1). The subpoena issued in this instance clearly followed these requirements. Based on the above, the subpoena was issued correctly.

C.   <u>Vega's Authorities Distinguished</u>.

Defendant cites to several cases that allegedly deal with the issues before the court. However, these cases are easily distinguished. The first case is <u>Greenwood v. Dittmer</u>, 776 F.2d 785 (8th Cir. 1985). The facts of the <u>Greenwood</u> case are clearly different from the case at bar. In the <u>Greenwood</u> case, the Plaintiff noticed a deposition of a non-party witness without the prior approval of that witness or a subpoena. These are clearly not the facts of the case at bar. Mr. Bersain Gutierrez, a party to this cause of action, knew of the date the deposition would take place and approved the

14

date.  He represented to Plaintiffs that he would appear at the scheduled time and place to give his testimony. Defendant also cites to a case called <u>Kupritz v. Savannah College of Art & Design</u>, 155 F.R.D. 84 (E.D. PA 1994). This case is also distinguishable because the subpoena at issue was served on a non-party witness.  (The witness was a party in another lawsuit not the subject of the subpoena.)  Moreover, the party attempting to compel the witness' appearance was asking the wrong court.  The subpoena was issued from the Southern District of Georgia, yet the party was asking a judge from the Eastern District of Pennsylvania to compel the witness to appear.  The judge from Pennsylvania was without jurisdiction because the subpoena was issued from Georgia where the action was pending.

In the case at bar, the subpoena was issued from the Southern District of Texas and the action is pending in the same district.  Any action on the subpoena would be taken by this Honorable Judge and not a judge in California.

D.   <u>28 USC § 1927 Sanctions</u>.  (As to Port Elevator)

Finally, Defendants argue, in the alternative, that sanctions be awarded under 28 U.S.C. §1927.  This statute allows sanctions to be awarded against the attorney personally who unreasonably and vexatiously multiplies the proceedings.  See 28 U.S.C. §1927.  This section

15

allows sanctions to be awarded when a party has acted in bad faith and causes unreasonable and unnecessary delay. The case cited by Defendant is <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 35-51, 111 S.Ct. 2123 (1991). The facts of this case clearly show why the court allowed sanctions. The sanctioned party intentionally and in bad faith moved his property from the Court's reach to frustrate the subject of a temporary injunction. This behavior is clearly at odds with the decorum the court intended to uphold.

The record in the case at bar clearly shows a lack of bad faith and intentional delay on the part of Port Elevator. Plaintiff has not acted in bad faith and is not trying to cause unnecessary delay. The deposition was scheduled at a time when Mr. Bersain Gutierrez said he would be available and was willing to give testimony. Any bad faith and unnecessary delay was on the part of Defendant, Mr. Bersain Gutierrez, and not Plaintiff.

E.  <u>28 USC § 1927</u>. Sanctions (as to Ivonne Soto Vega)

Ivonne Soto Vega's disregard of the orderly attempt to engage in necessary discovery is illustrated by:

i.   Five separate deposition notices.

ii.  Multiple letters from counsel requesting the deposition of Vega.

iii. Counsel's refusal to allow substantive testimony from Vega on the one occasion she was presented for

16

deposition; and the subsequent avoidance of Vega's deposition.

iv.  Counsel's representation of Vega's unavailability to give testimony in California on July 10, 2001, coupled with a written request that such deposition occur, coupled with Vega's actual appearance on July 10, 2001 and her counsel's refusal to allow her to be deposed.

F.  Rule 30(g) considerations.

In addition to the other briefing and factual recitations contained in this motion and response, the face of the rule would indicate it is applicable to "witnesses", and not specifically to "parties". Bersain Gutierrez is a party to this action. Relief is discretionary pursuant to Rule 30(g)(2). The equities would indicate Port Elevator's good faith in attempting to obtain the testimony.

Based on the above, Defendant's motion for sanctions should be denied.

9.  Discussion of Vega's claimed fees and expenses.

In the unlikely event the Court orders Port Elevator-Brownsville to pay Ivonne Soto Vega costs, expenses, or attorneys' fees, Port Elevator-Brownsville would show that such requested amount (Vega requested $14,881.14) should be reduced in the following amounts for the following reasons:

A.  Vega sent two lawyers to California, when one would

17

CHzPDF - www.texas.com

suffice.   The lead lawyer in the case is Role Dale.   At
the telephonic hearing on Vega's failed attempt to quash
the deposition, Mr. Dale's partner Bill Mount argued that
the deposition should not proceed because attorney Dale
could not be in attendance.   The Court commented to Mr.
Mount that he (Mount) had signed papers in the Court's
files, and he could go to California to take the
deposition in Mr. Dale's place.   Notwithstanding the
representation of Mr. Dale's unavailability, both
attorney Dale and attorney Mount attended the deposition.
Accordingly, the following amounts should be deducted
from Vega's claimed costs and expenses:

| | |
|---|---|
| Mount hotel | $   120.45 |
| Mount airfare | $   632.00 |
| Mount attorney's fees | $6,800.00 |
| Subtotal | $7,552.56 |

B.    In addition, the remaining attorneys' fees should be
reduced by the following amounts to reflect any actual
reasonable attorneys' fees. As supported by the attached
affidavit of the undersigned counsel, total air travel
time to California, round trip should not exceed 12
hours.   A reasonable period of time for reviewing and
preparing for the deposition should not exceed three
hours.    Appearance at the non-appearance deposition
should take no more than two hours.   The additional two
full working days claimed by Mr. Dale for additional

18

CutePDF - www.tavisa.com

preparation, client meetings, and additional travel time are not factually or reasonably supported.  Therefore, all amounts in excess of reasonable and necessary amounts should be disallowed as follows:

| | |
|---|---|
| Total attorney's time charged by attorney Dale 31 hours | $ 6,200.00 |
| Less unwarranted additional time claimed 14 hours | $ 2,800.00 |
| Total or actual reasonable time 17 hours | $ 3,400.00 |

C.   Recap

| | |
|---|---|
| Total amount claimed | $14,881.14 |
| Less Mount fees and expenses | $ 7,552.45 |
| Less Unwarranted additional time (Dale) | $ 2,800.00 |
| Total remaining | $ 4,528.69 |

10.   Conclusion.

Wherefore, premises considered, Port Elevator-Brownsville, L.C. prays that the relief requested by Ivonne Soto Vega be denied in its entirety (alternatively, reduced).   Port Elevator-Brownsville, L.C. further prays that the relief recited in the body of this Motion, in the form of a cross-motion be granted, and that Port Elevator have sanctions, costs, and other relief as against Ms. Vega due to her lack of cooperation in the discovery process.

Respectfully Submitted,

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

19

JOHN SKAGGS
State Bar No. 18452500
Federal I.D. No. 1225
Attorney in Charge for
Port Elevator-Brownsville L.C.
and Craig Elkins


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the ___17___ day of __August__ , 2001:

Mr. Roy Dale
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

John Skaggs

20

ClibPDF - www.fastio.com

# APPENDIX
## TABLE OF CONTENTS

**Subject**                                                      **Exhibit**

Contract ................................................... A

Ownership Assertions ....................................... B

Vega Deposition 1999, Exerpts............................... C

Vega Deposition Notices and
  Letter Requests for Deposition and
  Abatement Order ........................................ D

Bersain Gutierrez' Address ................................. D-1

Request to Take Vega's Deposition
  in California ......................................... E

Assertions of Vega's and Counsel's
  unavailability in California .......................... F

July 2001; Vega Appearance at Deposition ................... G

Internet News Articles; Vega Arrest ........................ H

Skaggs' Costs for California ............................... I

Summary of Anticipated
  Bersain Gutierrez' Testimony ......................... J

Subpoena, Return of Service, Check ......................... K

Affidvit of John Skaggs .................................... L

# Port Elevator - Brownsville, L.C.

## RATE & SERVICE CONTRACT

The term "grain" as used in this contract shall mean Corn.  All rates in this contract will be quoted in U.S. dollars per bushel.  Payment for Receiving is due upon completion of each unloading.  Payment for Delivery is due weekly.  All payments are to be in U.S. currency.

The minimum quantity of grain to be handled under this contract is ONE MILLION Bushels (1,000,000 bushels).  If the minimum quantity handled requirement is not met, the Receiving and Delivering Charges increase by one hundred percent (100%).

### RECEIVING AND DELIVERING

Receiving From Railcars . . . . . . . . . $ 0.02    per bushel.

Delivering to Trucks:
U.S. Trucks . . . . . . . . . . . . $ 0.02    per bushel.
Mexican Trucks . . . . . . . . . . $ 0.02    per bushel.

Delivering of grain will be done only upon the written instructions of SYSCO de BAJA, SA de CV and signed by Bersain Gutierrez.  Fax instructions are acceptable with originals to follow by overnight courier.

RECEIVING INCLUDES INSURANCE AND 15 DAYS STORAGE.

STORAGE:  ALL grain is to be stored Identity Preserved (I.P.)

Each calendar day or fraction thereof after first fifteen days.

All grains except Flax  . . . . . .      $ 0.001   per bushel.

TREATING AND CONDITIONING
Treating for weevils in cars,
trucks or elevator . . . . . . . . . $ 0.045  per bushel.
Mixing or Turning--
All loss in weight borne by owner . $ 0.015   per bushel.
Cooling or Blowing  . . . . . . . . $ 0.005   per bushel.
Malathion Treatment . . . . . . . . $ 0.015   per bushel.

NOTE:  THIS IS A SPECIAL CONTRACT AT RATES OTHER THAN STATED IN OUR PUBLISHED TARIFF.  SUCH RATES UNDER THE SAME TERMS WILL BE MADE AVAILABLE TO ALL DEPOSITORS.  THIS CONTRACT EXPIRES DECEMBER 31st, 1996 AT 24:00 HOURS.

SYSCO DE BAJA, S.A. DE .C.V.                AKRON GROUP INC (AGI)

PORT ELEVATOR-BROWNSVILLE, L.C.

**EXHIBIT A**

P.O. BOX 4448, BROWNSVILLE, TEXAS 78523-4448, (210) 831-8245, FAX (210) 831-3181

**SYSCO DE BAJA**
**LIC. BERSAIN GUTIERREZ ZENTENO**

2295 PASEO DE LA AMERICAS SUITE 22
OTAY MESA CA. 92173
U.S.A

Phone (619)482-55-57
Fax (619)482-55-57

3 DE NOVIEMBRE DE 1997

**PORT ELEVATOR BROWNSVILLE**
**ATENCION : CRAIG ELKING**
**BROWNSVILLE ,TEXAS**

ESITIMADO CRAIG :

TE RUEGO TE ESPERES A MI ARRIBO PARA CUALQUIER ASUNTO EN
RELACION AL MAIZ QUE ES DE MI PROPIEDAD. DEBIDO A UN
ARREGLO QUE TENGO CON ELLOS Y ELLOS QUIEREN COBRAR DOS
VECES ESTE MAIZ. POR LO QUE TE RUEGO NO ENTREGUES NADA
HASTA QUE YO LLEGUE CON MI ABOGADO Y TE MUESTRE ESTOS
DOCUMENTOS QUE YO TENGO Y QUE SOY LA PERSONA QUE TE
CONTRATO COMO DEPOSITARIO.

POR LA ATENCION A LA PRESENTE  QUEDO DE USTED MUY

A T E N T A M E N T E.

LIC. BERSAIN GUTIERREZ ZENTENO

EXHIBIT
B

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 26 of 102

# SYSCO DE BAJA
# LIC. BERSAIN GUTIERREZ ZENTENO

2295 PASEO DE LA AMERICAS SUITE 22
OTAY MESA CA. 92173
U.S.A

Phone (619)482-55-57
Fax (619)482-55-57

NOVEMBER 13, 1997

GUILLERMO VEGA JR.
PRESENT.

DEAR MR. VEGA:

THE PRESENT IS TO INFORM YOU THAT THE MERCHANDISE
LOCATED IN PORT ELEVATOR IS MY PROPERTY FROM WHICH YOU
HAVE NO RIGHT TO PICK UP THE MERCHANDISE.  I HAVE MADE
ARRANGEMENTS WITH THE LAWYER THAT REPRESENTS YVONNE
SOTO AND I HAVE AN AFFIDAVIT WHICH STATES THAT THE
MERCHANDISE IS MINE AND IS SIGNED BY HER LAWYER.  IF YOU
HAVE ANY QUESTIONS OR DEMANDS I REQUEST THAT YOU
CONTACT ME AND NOT CRAIG ELKINS.  MY ADDRESS IS SHOWN ON
THE TOP OF THIS LETTER.  THANKS FOR YOUR ATTENTION.

SINCERELY,
LIC. BERSAIN GUTIERREZ ZENTENO

CC: CRAIG ELKINS
    PORT ELEVATOR

## AFFIDAVIT OF OWNERSHIP

DATE:         OCTOBER 30, 1997

AFFIANT:      IVONNE SOTO VEGA

Affiant on oath swears that the following statement is true:

That affiant bought 4,236.00 metric tons of corn from AGI on October 25, 1996 and on November 12,

1996 respectively. Ivonne Soto Vega paid AGI with a letter of credit drawn from Norwest Bank in El Paso, Texas.

The funds used to pay for the corn belonged solely to Ivonne Soto Vega. Ivonne Soto Vega gave instructions to the

seller AGI to transport the corn to the Port of Brownsville to store at a grain elevator. Ivonne Soto Vega never

entered into an agreement with Bersain Gutierrez wherein he would participate as owner of the corn.

Ivonne Soto Vega has never relinquish ownership of the corn from the date of purchase to the date of

execution of this document. Ivonne Soto Vega has never given anyone authority to dispose of the corn from the

date of purchase to the date of execution of this document.

Ivonne Soto Vega now desires to sell the corn that she bought to Enrique Villarreal for a price which has

been agreed to between the parties. Ivonne Soto Vega is instructing the owner of the grain elevator to release the

corn to the buyer, Enrique Villarreal, once the sale contract is executed.

Signed this ___3TH___ day of ___November___, 1997.

_____
Ivonne Soto Vega

LS

### JURAT

SWORN AND SUBSCRIBED before me by Ivonne Soto Vega on this the ___THIRD___

day of ___November___, 1997.

_____
Notary Public In and For the State
of California

Commission Expires: ___Sept 26, 2001___

CONSUELO CANCINO
Commission # 1155600
Notary Public — California
San Diego County
My Comm. Expires Sep 26 2001

DEPOSITION
EXHIBIT
5
ACTION REPORTING

1  doing is, we are attaching to Ms. Vega's deposition as

2  Exhibit Number One (1) a copy of our objections to the

3  documents that were requested by the plaintiff in this

4  matter.

5          And secondly, it is our understanding that

6  this particular deposition is limited by the Court's July 8,

7  1999 Order to issues concerning subject matter jurisdiction,

8  so we are presenting Ms. Vega for this deposition solely on

9  the issues of subject matter jurisdiction.  And it is our

10  understanding concerning subject matter jurisdiction that the

11  issues that we're looking at would be citizenship or domicile

12  of Ms. Vega, where she lives, those types of things, because

13  we're looking at diversity of citizenship.  And that's all I

14  have at this time.

15                    - - -

16              (Interpreter Sworn)

17              IVONNE SOTO VEGA

18  having been first duly sworn, testified through the duly

19  sworn interpreter as follows:

20                  EXAMINATION

21  BY MS. HOWERTON (2:24 p.m.):

22      Q    Ms. Soto-Vega, good afternoon.

23      A    Good afternoon.

24      Q    My name is Lynn Howerton, and I'm an attorney

25  representing -- one of the attorneys that represent Port

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

April 16, 1999

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

Mr. Roy Dale – VIA FAX NO. 687-2416
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

   Re:  Port Elevator vs. Ivonne Soto Vega,
        Bersain Gutierrez, and Sysco de Baja S.A. de C.V.

Dear Roy:

   Obviously, I would like to go ahead and get Ivonne's deposition scheduled. Please let me know when you can do it.

   In any event, I will go ahead and send a notice in the next couple of days. If this occurs before you have an opportunity to contact me regarding your schedule, I will discuss any scheduling conflicts with you.

        Very truly yours,

        SKAGGS & GARZA, L.L.P.

        John Skaggs

JBS/cmo



EXHIBIT
D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR-           *
BROWNSVILLE, L.C.        *
                         *
VS.                      *     C.A. B-98-23
                         *
IVONNE SOTO VEGA,        *
BERSAIN GUTIERREZ, AND   *
SYSCO DE BAJA, S.A., DE C.V. *
**************************************************

ORAL AND VIDEOTAPED DEPOSITION OF

IVONNE SOTO VEGA

SEPTEMBER 8, 1999

**************************************************

ORAL AND VIDEOTAPED DEPOSITION OF IVONNE SOTO VEGA,

produced as a witness at the instance of the Plaintiff, and

duly sworn, was taken in the above-styled and numbered cause

on the 8th day of September, 1999, from 2:21 p.m. to 3:24

p.m., before DIANA LEAL WEIBEL, Certified Shorthand Reporter,

in and for the State of Texas, reported by oral stenography,

at the Law Offices of Dale & Klein, 6301 North 10th, McAllen,

Texas, 78504, pursuant to the Texas Rules of Civil Procedure

and the provisions stated on the record or attached hereto.

==============================================================
HENNIGH-QUIN COURT REPORTERS
P.O. Box 3036, Edinburg, Texas  78540
(956) 383-8887 / Fax 380-2050
Toll Free 1-800-892-6305
==============================================================

EXHIBIT
C

**HENNIGH-QUIN  COURT REPORTERS**
**CERTIFIED SHORTHAND REPORTERS**

1   at Hennigh-Quin Court Reporters, within thirty (30) days

2   following receipt of same, together with any corrections,

3   additions or changes thereto.

4       IT WAS AGREED that should the original deposition herein

5   fail to be returned, signed and notarized, ten (10) days

6   prior to the date of trial in this cause, or prior to any

7   appropriate hearing herein, a certified copy of same may be

8   used herein for all purposes, as though it were the signed

9   original, upon proper notice to opposing Counsel.

10      IT WAS FURTHER AGREED that after said deposition has

11  been returned in accordance with these stipulations and

12  agreements, it will be treated by the parties hereto and may

13  be used herein with the same force and effect as though all

14  statutes and rules relating to the taking and returning of

15  depositions had been fully complied with.

16                      *   *   *   *

17              (Vega Exhibit Number 1 marked.)

18          MR. MOUNT:  This is Bill Mount.  I'm the

19  attorney for one of the defendants in this matter, Ivonne

20  Soto Vega.  We have filed objections to the subpoena duces

21  tecum -- actually, served objections to the subpoena duces

22  tecum attached to the notice of intent to take oral

23  deposition with subpoena duces tecum of Ivonne Soto Vega.

24  The deposition notice was served upon us on or about

25  September 2, 1999.  What we will be doing or what we are

**HENNIGH-QUIN  COURT REPORTERS**
**CERTIFIED SHORTHAND REPORTERS**

1   doing is, we are attaching to Ms. Vega's deposition as

2   Exhibit Number One (1) a copy of our objections to the

3   documents that were requested by the plaintiff in this

4   matter.

5           And secondly, it is our understanding that

6   this particular deposition is limited by the Court's July 8,

7   1999 Order to issues concerning subject matter jurisdiction,

8   so we are presenting Ms. Vega for this deposition solely on

9   the issues of subject matter jurisdiction.  And it is our

10  understanding concerning subject matter jurisdiction that the

11  issues that we're looking at would be citizenship or domicile

12  of Ms. Vega, where she lives, those types of things, because

13  we're looking at diversity of citizenship.  And that's all I

14  have at this time.

15                    - - -

16             (Interpreter Sworn)

17             IVONNE SOTO VEGA

18  having been first duly sworn, testified through the duly

19  sworn interpreter as follows:

20               EXAMINATION

21  BY MS. HOWERTON (2:24 p.m.):

22      Q    Ms. Soto-Vega, good afternoon.

23      A    Good afternoon.

24      Q    My name is Lynn Howerton, and I'm an attorney

25  representing -- one of the attorneys that represent Port

**HENNIGH-QUIN  COURT REPORTERS**
**CERTIFIED SHORTHAND REPORTERS**

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

April 16, 1999

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 650-6570

Mr. Roy Dale - VIA FAX NO. 687-2416
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

Re:  Port Elevator vs. Ivonne Soto Vega,
     Bersain Gutierrez, and Sysco de Baja S.A. de C.V.

Dear Roy:

Obviously, I would like to go ahead and get Ivonne's deposition scheduled. Please let me know when you can do it.

In any event, I will go ahead and send a notice in the next couple of days. If this occurs before you have an opportunity to contact me regarding your schedule, I will discuss any scheduling conflicts with you.

Very truly yours,

SKAGGS & GARZA, L.L.P.

John Skaggs

JBS/cmo



EXHIBIT
D



# d&k
## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M Flagg
Jaime Jerry Munoz
Catherine A. Garcia

April 20, 1999

Mr. John Skaggs                          **VIA FAX (956) 630-6570**
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

   RE: Civil Action No. B-98-23
      Port Elevator - Brownsville, L.C. vs. Ivonne Soto Vega,
      Bersain Gutierrez, and Sysco De Baja, S.A. De C.V.
      Our File No. 99-3843

Dear John:

   I received your correspondence dated April 19, 1999 requesting
the deposition of Ivonne Vega. I believe any deposition in this
matter is premature until the court resolves Ms. Vega's Motion to
Dismiss. Additionally, a scheduling order would have to be entered
in this case for a deposition to take place. Lastly, any
deposition of Ms. Vega that would take place would have to take
place where Ms. Vega is located which I believe is Tijuana, Mexico.

   Should you have any questions or comments, please do not
hesitate to contact me.

        Very truly yours,

        WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs1

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700 ·Fax 956.687.2416 ·
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

July 9, 1999

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

Mr. Roy Dale – VIA FAX NO. 687-2416
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

     Re:  Civil No. B-98-23; Port Elevator-
         Brownsville, L.C. v. Ivonne Soto Vega, et al

Dear Roy:

    Please let me know when Ms. Vega will be available for deposition. I will prepare a notice and subpoena duces tecum for service on you.

          Very truly yours,

          SKAGGS & GARZA, L.L.P.

          John Skaggs

JBS/cmo



# d&k
## dale & klein, l.l.p.
## attorneys at law

**Roy S. Dale, P.C.**
**Katie Pearson Klein, P.C.***
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr

A. Peter Thaddeus, Jr
Kathryn M Flagg
Jaime Jerry Munoz
Catherine A. Garcia

July 13, 1999

Mr. John Skaggs                              <u>**VIA FAX (956) 630-6570**</u>
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

      RE:   Civil Action No. B-98-23; Port Elevator-Brownsville, L.C.
            vs. Ivonne Soto Vega, Bersain Gutierrez, and Sysco De
            Baja, S.A. De C.V.; In the U.S. District Court for the
            Southern District of Texas, Brownsville Division

            Cause No. C-2969-99-A; Ivonne Soto Vega vs. Port
            Elevator-Brownsville, L.C., et al.; In the 92nd Judicial
            District Court of Hidalgo County, Texas
            Our File No. 99-3843

Dear John:

     I have been advised that Ms. Vega is in Europe and will not be
returning to Tijuana until about August 1, 1999. Accordingly, I
will contact you the first week of August about scheduling her
deposition for a date acceptable to all parties in August.

                    Very truly yours,

                    WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs3

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

August 19, 1999

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

Mr. William D. Mount, Jr. – VIA FAX NO. 687-2416 and
DALE & KLEIN            VIA CERTMAILRRRNO.Z 200 733 803
6301 N. 10th St.
McAllen, Texas 78504

     Re:  Civil No. B-98-23; Port Elevator-
          Brownsville, L.C. v. Ivonne Soto Vega, et al

Dear Bill:

    You indicated you would give me a date for Ms. Vega's deposition sometime during the first week of August. I have not heard from you.

    I therefore enclose a deposition notice and subpoena duces tecum.

               Very truly yours,

               SKAGGS & GARZA, L.L.P.

               John Skaggs

JBS/cmo
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR-                      §
BROWNSVILLE, L.C.                   §
                                    §
VS.                                 §        CIVIL NO. B-98-23
                                    §
IVONNE SOTO VEGA, BERSAIN           §        JURY DEMANDED
GUTIERREZ, AND SYSCO DE BAJA        §
S.A. DE C.V.                        §

NOTICE OF INTENT TO TAKE ORAL DEPOSITION

PLEASE TAKE NOTICE that following the service of this notice,
the oral deposition of Ivonne Soto Vega will be taken pursuant to
the provisions of the Texas Rules of Civil Procedure, at 710
Laurel, McAllen, Texas,  at 10:00 o'clock a.m. on the 25th day of
August, 1999.  The witness shall appear at such time and place,
(together with all items requested through the attached subpoena
duces tecum,) for the purpose of giving deposition testimony in
this cause, which deposition, when taken, may be used in evidence
during the trial of said cause, and will continue from day to day
until completed.

Also, please take notice that this party intends to video tape
the foregoing deposition.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 19 day of August, 1999:

William D. Mount, Jr.
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. Any of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Any document which establishes your citizenship.

4. Any document which establishes your current residence.

5. Any document which establishes your citizenship at all times during the past three years.

6. Any document which establishes your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years.

8. All documents indicating your ownership of any automobile during the past three years.

9. All documents indicating your ownership of real property in the United States or in the Republic of Mexico during the last three years; including documents establishing the date of your purchase or conveyance of such real property.



# d&k
## dale & klein, l.l.p.
## attorneys at law

**Roy S. Dale, P.C.**
**Katie Pearson Klein, P.C.***
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D Mount, Jr

A Peter Thaddeus, Jr
Kathryn M. Flagg
Catherine A. Garcia

August 19, 1999

Mr. John Skaggs                    **VIA FAX  (956)  630-6570**
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

     RE:  Cause  No.  C-2969-99-A;  Ivonne  Soto  Vega  vs.  Port
          Elevator-Brownsville, L.C., et al.; In the 92nd Judicial
          District Court of Hidalgo County, Texas
          Our File No. 99-3843

Dear John:

     This letter serves to confirm our teleconference of August 19,
1999 that Ms. Vega is available for deposition on September 9 or
10, 1999 at my office.  Please pick a date as soon as possible
because  Ms.  Vega  needs  to  make  travel  arrangements  to  come  to
Texas.

     Very truly yours,

     WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs5

cc:  Guillermo Vega                **VIA FAX  (956)  542-1977**
     Attorney at Law
     302 Kings Highway
     Brownsville, Texas 78521

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

September 2, 1999

Mr. William D. Mount, Jr.          VIA FAX 956-687-2416
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

RE:  NO. C-2969-99-A; Ivonne Soto Vega v. Port Elevator-
     Brownsville, et al
     Civil No. B-98-23; Port Elevator-Brownsville, L.C. vs.
     Ivonne Soto Vega, et al

Dear Bill:

I enclose two deposition notices regarding next week's depositions.

Since Ms. Vega will be here anyway, I might as well talk to her separately about her claims in the state court action. That way she won't have to come twice.

Very truly yours,

SKAGGS & GARZA, L.L.P.

John B. Skaggs

JBS/am
enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, AND SYSCO DE BAJA | § | |
| S.A. DE C.V. | § | |

NOTICE OF INTENT TO TAKE ORAL DEPOSITION
WITH SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that following the service of this notice, the oral deposition of Ivonne Soto Vega will be taken pursuant to the provisions of the Texas Rules of Civil Procedure, at Dale & Klein, 6301 North 10th St., McAllen, Texas, at 2:00 o'clock p.m. on the 8th day of September, 1999. The witness shall appear at such time and place, (together with all items requested through the attached subpoena duces tecum,) for the purpose of giving deposition testimony in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Also, please take notice that this party intends to video tape the foregoing deposition.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the ___ day of _September_, 1999:

William D. Mount, Jr.
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

_____
John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. All of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Your social security card.

4. All resident alien cards, visas or "micas".

5. All documents which establish your citizenship at all times during the past three years.

6. All documents which establish your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years in Mexico and the United States.

8. All documents indicating your ownership of any automobile during the past three years in Mexico and the United States.

9. All documents indicating your ownership, sale, purchase or rental of real property in the United States and in the Republic of Mexico during the last three years; including documents establishing the dates of such transactions.

10. All documents submitted to U.S. Immigration, U.S. Consulate, or Mexican Consulate for application of a temporary or permanent resident alien card, change of immigration or emigration status, or petition for citizenship or residency.

11. All documents which reflect the application for and issuance of a letter of credit from Norwest Bank in El Paso, Texas.

12. All documents which tend to establish your right of the ownership of the corn.

CutePDF - www.tesiia.com

13. All documents which reflect all transactions leading to and including the deposit of the corn in Plaintiff's warehouse.

14. All documents which reflect the payment of, or promise of payment of money or valuable thing in connection with the purchase or sale of the corn.

15. Which evidence any relationship between you and Bersain Gutierrez, and/or Sysco de Baja and/or Walter Puffelis.

16. All documents which evidence communication from Plaintiff either orally or in writing.

17. All documents which evidence any opportunity to sell the corn.

18. All documents which evidence any damage you claim to have sustained with relation to matters which are connected with this present suit.

19. All documents which evidence all communications made with Port Elevator or its employees by you or on your behalf.

20. All documents which evidence all of your efforts to redeem the corn.

21. All documents which evidence all of your efforts to locate a buyer for the corn at any time.

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | |
| SYSCO DE BAJA, WALTER PUFFELIS | § | HIDALGO COUNTY, TEXAS |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A/ AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 92ND JUDICIAL DISTRICT |

## NOTICE OF INTENT TO TAKE ORAL DEPOSITION
## WITH SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that following the service of this notice, the oral deposition of Ivonne Soto Vega will be taken pursuant to the provisions of the Texas Rules of Civil Procedure, at Dale & Klein, 6301 North 10th St., McAllen, Texas, at 3:00 o'clock p.m. on the 8th day of September, 1999. The witness shall appear at such time and place, (together with all items requested through the attached subpoena duces tecum,) for the purpose of giving deposition testimony in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Also, please take notice that this party intends to video tape the foregoing deposition.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel

McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 2nd day of September, 1999:

William D. Mount, Jr.
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. All of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Your social security card.

4. All resident alien cards, visas or "micas".

5. All documents which establish your citizenship at all times during the past three years.

6. All documents which establish your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years in Mexico and the United States.

8. All documents indicating your ownership of any automobile during the past three years in Mexico and the United States.

9. All documents indicating your ownership, sale, purchase or rental of real property in the United States and in the Republic of Mexico during the last three years; including documents establishing the dates of such transactions.

10. All documents submitted to U.S. Immigration, U.S. Consulate, or Mexican Consulate for application of a temporary or permanent resident alien card, change of immigration or emigration status, or petition for citizenship or residency.

11. All documents which reflect the application for and issuance of a letter of credit from Norwest Bank in El Paso, Texas.

12. All documents which tend to establish your right of the ownership of the corn.

13. All documents which reflect all transactions leading to and including the deposit of the corn in Plaintiff's warehouse.

14. All documents which reflect the payment of, or promise of payment of money or valuable thing in connection with the purchase or sale of the corn.

15. Which evidence any relationship between you and Bersain Gutierrez, and/or Sysco de Baja and/or Walter Puffelis.

16. All documents which evidence communication from Plaintiff either orally or in writing.

17. All documents which evidence any opportunity to sell the corn.

18. All documents which evidence any damage you claim to have sustained with relation to matters which are connected with this present suit.

19. All documents which evidence all communications made with Port Elevator or its employees by you or on your behalf.

20. All documents which evidence all of your efforts to redeem the corn.

21. All documents which evidence all of your efforts to locate a buyer for the corn at any time.

SEP-07-99 TUE 11:44    DALE & KLEIN          FAX NO. 9506071416          P. 02

# d&k

**dale & klein, l.l.p.**
attorneys at law

*FAX TO BILL MOUNT —*
*"AS IS"*

*BILL — STATE COURT*
*NOTICE IS "WITHDRAWN" — I JUST*
*DIDN'T WANT HER TO HAVE TO*
*COME TO MCALLEN TWICE*
*I CAN DEPOSE HER HERE AGAIN ON*
*A LATER DATE — REGARDS,*
*(signed) SKUSS*
*9-7-99*

Roy S. Dale, P.C.
Katie Pearson Klein, P.C. *
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr
Kathryn M. Flegg
Catherine A. Garcia

September 7, 1999

Mr. John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA FAX (956) 630-6570**

RE:  Cause No. C-2969-99-A; Ivonne Soto Vega vs. Port
     Elevator-Brownsville, L.C., et al.; In the 92nd Judicial
     District Court of Hidalgo County, Texas
     Our File No. 99-3843

Dear John:

        I received via facsimile on September 2, 1999 your notice to
take Ms. Vega's deposition in the state court matter for September
8, 1999 at 3:00 p.m.  You had previously filed a Motion to Abate
the state court action because it was your client's position that
the federal court matter takes precedence over the state court
matter as the federal court matter was filed first.  It appears you
may be waiving your Motion to Abate by attempting to take her
deposition in the state court matter.  Secondly, you appear to be
attempting to circumvent Judge Tagle's order in the federal matter
wherein she has limited your examination of Ms. Vega to issues
dealing with the court's jurisdiction.  Accordingly, if your
client's deposition notice in the state court matter is not
withdrawn by 4:00 p.m. today, I will be filing a Motion for
Protective Order concerning the state court deposition notice.
Pursuant to your federal court notice, Ms. Vega will be appearing
for deposition at 2:00 o'clock on September 8, 1999.  Of course,
her deposition is limited to the issues dealing with whether the
federal court has jurisdiction as ordered by Judge Tagle.

        If you have any questions or comments, please do not hesitate
to contact me.

                        Very truly yours,

                        *(signature)*

                        WILLIAM D. MOUNT, JR.

WDM:es
b:\p\99-3843\ltrs\skaggs7

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

# SKAGGS & GARZA, L.L.P.

ATTORNEYS AT LAW
710 LAUREL
P.O. DRAWER 2285

McALLEN, TEXAS 78502-2285

JOHN SKAGGS
VIOLA GARCIA-GARZA
LYNN HOWERTON

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

December 14, 1999

Mr. William Mount                    VIA FAX #687-2416
DALE KLEIN
6301 N. 10th St.
McAllen, Texas 78504

     RE: Cause No.C-2969-99-A; Ivonne Soto Vega v. Port
        Elevator-Brownsville, L.C., et al

Dear Bill:

    When we spoke last week, I told you John wanted to depose
your client on the same day.

    I had thought you would have the courtesy to wait until
getting back to me about Ms. Vega's availability on either 12/20
or 12/21 before arbitrarily noticing Mr. Elkins for 12/21. That
being the case, enclosed is a deposition notice for Ms. Vega.

    Very truly yours,

    SKAGGS & GARZA, L.L.P.

    Lynn Howerton

LH/myg
enclosure



# d&k
### dale & klein, l.l.p.
### attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
*Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr

A. Peter Thaddeus, Jr.
Kathryn M. Flagg
Catherine A. Garcia

December 17, 1999

Mr. John Skaggs                          **VIA FAX (956) 630-6570**
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

RE:   Cause  No.  C-2969-99-A;  Ivonne  Soto  Vega  vs.  Port
      Elevator-Brownsville, L.C., et al.; In the 92nd Judicial
      District Court of Hidalgo County, Texas
      Our File No. 99-3843

Dear John:

      This letter serves to confirm that you have agreed to pass the
deposition of Ms. Vega scheduled by your office for December 21,
1999.  As I advised, I can make her available in January 2000 for
her deposition.  I would ask you that you give me at least 14 days
notice of any date you want to take her deposition so that she can
get a cheap airline ticket through advance purchase.

      If the above is acceptable, please sign below where indicated
so that I may file this agreement with the court pursuant to Rule
11 of the Texas Rules of Civil Procedure.

                              Very truly yours,

                              WILLIAM D. MOUNT, JR.

AGREED:

_____                Bill I will TRy to give
JOHN SKAGGS                             You ADvANce NoTice, UNless
                                        CiRcUmsTANces make this
WDM:es                                  ImpRActicAl - Js
h:\p\99-3843\ltrs\Skaggs 11
                                        12-17-99

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700 Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | |
| SYSCO DE BAJA, WALTER PUFFELIS | § | HIDALGO COUNTY, TEXAS |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A/ AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 92ND JUDICIAL DISTRICT |

### INTENT TO TAKE ORAL DEPOSITION OF IVONNE SOTO VEGA

TO:  Ivonne Soto Vega by and through her attorney of record, Mr. William Mount, DALE & KLEIN, 6301 N. 10th, McAllen, Texas

Please take notice that following the service of this notice, the oral deposition of IVONNE SOTO VEGA will take place beginning at 10:00 A.M. on the 21ST day of DECEMBER, 1999, at the offices of DALE & KLEIN, 6301 N. 10th St. McAllen, Texas 78504.  It is hereby requested that the witness appear at such time and place for the purpose of giving her deposition in this cause, which deposition, when taken, may be used in evidence during the trial of said cause. Such oral deposition shall be before an officer authorized to take such deposition.  The oral deposition will continue from day to day until completed.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone:  956-687-8203
Telecopier: 956-630-6570


Lynn Howerton
State Bar No. 00787726
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been faxed to the following counsel of record on the _14th_ day of _December_, 1999, to the following counsel of record:

Mr. William Mount
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

Lynn Howerton

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | JURY DEMANDED |
| GUTIERREZ, AND SYSCO DE BAJA | § | |
| S.A. DE C.V. | § | |

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | HIDALGO COUNTY, TEXAS |
| SYSCO DE BAJA, WALTER PUFFELIS | § | |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 92ND JUDICIAL DISTRICT |

AMENDED
NOTICE OF INTENT TO TAKE ORAL DEPOSITION

PLEASE TAKE NOTICE that following the service of this notice, the oral deposition of Ivonne Soto Vega will be taken pursuant to the provisions of the Texas Rules of Civil Procedure, at 710 Laurel, McAllen, Texas, at 10:00 o'clock a.m. on the 5th day of December, 2000. The witness shall appear at such time and place, (together with all items requested through the attached subpoena duces tecum,) for the purpose of giving deposition testimony in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day

until completed.

Also, please take notice that this party intends to video tape the foregoing deposition.

This request is made without the intent by these parties to waive any procedure or legal rights or remedies, especially with regard to jurisdiction and abatement matters now pending in this matter or in the Federal Court action.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 24 day of November, 2000:

William D. Mount, Jr.
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. All of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Your social security card.

4. All resident alien cards, visas or "micas".

5. All documents which establish your citizenship at all times during the past three years.

6. All documents which establish your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years in Mexico and the United States.

8. All documents indicating your ownership of any automobile during the past three years in Mexico and the United States.

9. All documents indicating your ownership, sale, purchase or rental of real property in the United States and in the Republic of Mexico during the last three years; including documents establishing the dates of such transactions.

10. All documents submitted to U.S. Immigration, U.S. Consulate, or Mexican Consulate for application of a temporary or permanent resident alien card, change of immigration or emigration status, or petition for citizenship or residency.

11. All documents which reflect the application for and issuance of a letter of credit from Norwest Bank in El Paso, Texas.

12. All documents which tend to establish your right of the ownership of the corn.

13. All documents which reflect all transactions leading to and including the deposit of the corn in Plaintiff's warehouse.

14. All documents which reflect the payment of, or promise of payment of money or valuable thing in connection with the purchase or sale of the corn.

15. Which evidence any relationship between you and Bersain Gutierrez, and/or Sysco de Baja and/or Walter Puffelis.

16. All documents which evidence communication from Plaintiff either orally or in writing.

17. All documents which evidence any opportunity to sell the corn.

18. All documents which evidence any damage you claim to hve sustained with relation to matters which are connected with this present suit.

19. All documents which evidence all communications made with Port Elevator or its employees by you or on your behalf.

20. All documents which evidence all of your efforts to redeem the corn.

21. All documents which evidence all of your efforts to locate a buyer for the corn at any time.

22. With regard to any transaction related to purchase, financing or delivery of corn relevant to this action, please produce all letters of credit (both foreign and domestic) (to include without limitation the letters of credit involving Banoro, Norwest El Paso, San Diego National Bank and any others) along with all supporting documentation including, but not limited to:

A)   The signed application for the opening of the letter(s) of credit;

B)   Itemization of the collateral used;

C)   Name, address and relationship of the person(s) authorized to establish, open, negotiate, amend and/or authorize payment of the letter(s) of credit;

D)   All purchase contracts; all sales contracts; all agreements between buyer(s) and seller(s); name(s) of buyer(s) and seller(s); address(es) of credit for payment or negotiation;

E)   All documents presented against the letter(s) of credit for payment or negotiation;

F)   All instructions to the bank(s) including those with regard to: opening, establishing, negotiating, amendments, discrepancies and payment; and all amendments thereto, and

G)   All documents which satisfy the conditions precedent for funding.

23.   Copy of the signed contract or agreement between Ms. Vega and Port Elevator-Brownsville, or any Defendant, or Defendant's representative as alleged in your pleadings.



dale & klein, l.l.p.
attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M. Flagg
Marina Garcia

December 8, 2000

John Skaggs                                    VIA FAX (956) 630-6570
SKAGGS & GARZA L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

          RE:  Cause No. C-2969-99-A, Ivonne Soto Vega vs. Port
               Elevator, et al.; In the 92nd Judicial District of
               Hidalgo County, Texas; Our File Number 99-3843

Dear John:

     Enclosed herewith you will find Plaintiff's Motion to Quash
Depositions and Motion for Protective Order concerning the
depositions you unilaterally noticed for December 11 and 12, 2000
of the Plaintiff and Bersain Gutierrez. In the future, please
contact my office about mutually agreeable dates, times and
locations for these depositions. You are needlessly wasting my
client's litigation resources with your constant unilateral
deposition notices.

     Should you wish to discuss this matter further, please do not
hesitate to contact me.

                              Very truly yours,

                              Bill M___

                              WILLIAM D. MOUNT, JR.

ENCLOSURE
WDM:es
h:\p\99-3843\ltrs\Skaggs 17

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.6100

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | HIDALGO COUNTY, TEXAS |
| SYSCO DE BAJA, WALTER PUFFELIS | § | |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 92ND JUDICIAL DISTRICT |

## THIRD NOTICE OF INTENT TO TAKE ORAL DEPOSITION

PLEASE TAKE NOTICE that following the service of this notice, the oral deposition of Ivonne Soto Vega will be taken pursuant to the provisions of the Texas Rules of Civil Procedure, at 710 Laurel, McAllen, Texas,  at 3:00 o'clock a.m. on the 12th day of December, 2000.  The witness shall appear at such time and place, (together with all items requested through the attached subpoena duces tecum,) for the purpose of giving deposition testimony in this cause, which deposition, when taken, may be used in evidence during the trial of said cause, and will continue from day to day until completed.

Also, please take notice that this party intends to video tape the foregoing deposition.

This request is made without the intent by these parties to waive any procedure or legal rights or remedies, especially with regard to jurisdiction and abatement matters now pending in this

matter or in the Federal Court action.

Respectfully Submitted,

SKAGGS & GARZA, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 7 day of December, 2000:

Roy Dale
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

_____
John Skaggs

## SUBPOENA DUCES TECUM

You will produce original documents and tangible things as follows:

1. All of your driver's licenses issued by any state or country.

2. Any of your passports issued by any country.

3. Your social security card.

4. All resident alien cards, visas or "micas".

5. All documents which establish your citizenship at all times during the past three years.

6. All documents which establish your residence at all times during the past three years.

7. Documents establishing all of your telephone listings during the past three years in Mexico and the United States.

8. All documents indicating your ownership of any automobile during the past three years in Mexico and the United States.

9. All documents indicating your ownership, sale, purchase or rental of real property in the United States and in the Republic of Mexico during the last three years; including documents establishing the dates of such transactions.

10. All documents submitted to U.S. Immigration, U.S. Consulate, or Mexican Consulate for application of a temporary or permanent resident alien card, change of immigration or emigration status, or petition for citizenship or residency.

11. All documents which reflect the application for and issuance of a letter of credit from Norwest Bank in El Paso, Texas.

12. All documents which tend to establish your right of the

ownership of the corn.

13. All documents which reflect all transactions leading to and including the deposit of the corn in Plaintiff's warehouse.

14. All documents which reflect the payment of, or promise of payment of money or valuable thing in connection with the purchase or sale of the corn.

15. Which evidence any relationship between you and Bersain Gutierrez, and/or Sysco de Baja and/or Walter Puffelis.

16. All documents which evidence communication from Plaintiff either orally or in writing.

17. All documents which evidence any opportunity to sell the corn.

18. All documents which evidence any damage you claim to have sustained with relation to matters which are connected with this present suit.

19. All documents which evidence all communications made with Port Elevator or its employees by you or on your behalf.

20. All documents which evidence all of your efforts to redeem the corn.

21. All documents which evidence all of your efforts to locate a buyer for the corn at any time.

22. With regard to any transaction related to purchase, financing or delivery of corn relevant to this action, please produce all letters of credit (both foreign and domestic) (to include without limitation the letters of credit involving Banoro, Norwest El Paso, San Diego National Bank and any others) along with all supporting documentation including, but not limited to:

A)   The signed application for the opening of the letter(s) of credit;

B)   Itemization of the collateral used;

C)   Name, address and relationship of the person(s) authorized to establish, open, negotiate, amend and/or authorize payment of the letter(s) of credit;

D)   All purchase contracts; all sales contracts; all agreements between buyer(s) and seller(s); name(s) of buyer(s) and seller(s); address(es) of credit for payment or negotiation;

E)   All documents presented against the letter(s) of credit for payment or negotiation;

F)   All instructions to the bank(s) including those with regard to: opening, establishing, negotiating, amendments, discrepancies and payment; and all amendments thereto, and

G)   All documents which satisfy the conditions precedent for funding.

23.   Copy of the signed contract between Ms. Vega and Port Elevator-Brownsville, or any Defendant, or Defendant's representative.

# SKAGGS & GARZA, L.L.P.

**ATTORNEYS AT LAW**
**710 LAUREL**
**P.O. DRAWER 2285**

**McALLEN, TEXAS 78502-2285**

December 13, 2000

JOHN SKAGGS
VIOLA GARCIA-GARZA
MICHELE N. GONZALES

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

Mr. William Mount - VIA FAX NO. 687-2416
6301 North Tenth Street
McAllen, Texas 78504

     Re:  Cause No. C-2969-99-A; Ivonne Soto Vega vs.
          Port Elevator-Brownsville, L.C., et al

Dear Bill:

    Enclosed is a subpoena duces tecum for Ivonne Vega to appear
at the hearing scheduled for tomorrow, December 14, 2000 at 8:30
a.m.

        Very truly yours,

        SKAGGS & GARZA, L.L.P.

        John Skaggs

JBS/cmo
Enclosures

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 69 of 102

NO. C-2969-99-A

| | | |
|---|---|---|
| IVONNE SOTO VEGA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C., SOUTHWEST GRAIN CO., | § | |
| INC., AGI/AKRON GROUP, INC., | § | HIDALGO COUNTY, TEXAS |
| SYSCO DE BAJA, WALTER PUFFELIS | § | |
| GALVAN, III, INDIVIDUALLY AND | § | |
| D/B/A AGI/AKRON GROUP, INC., | § | |
| CRAIG ELKINS, INDIVIDUALLY AND | § | |
| D/B/A PORT ELEVATOR-BROWNSVILLE, | § | |
| L.C. AND SOUTHWEST GRAIN CO., | § | |
| INC., BERSAIN GUTIERREZ ZENTENO, | § | |
| INDIVIDUALLY AND D/B/A SYSCO | § | |
| DE BAJA | § | 92ND JUDICIAL DISTRICT |

## ORDER GRANTING MOTION TO ABATE

On this date came on for consideration Defendant's Motion to Abate. Such Motion is granted. This matter is abated until further orders of the Court.

Signed: June 15th, 2000

_____
JUDGE PRESIDING

FORWARD TO:

John Skaggs
SKAGGS & GARZA
P. O. Drawer 2285
McAllen, Texas  7502

Mr. Roy Dale
6301 N. 10th St.
McAllen, Texas  78502



EXHIBIT
A



# d&k

## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M. Flagg
Marina Garcia

July 28, 2000

John Skaggs
SKAGGS & GARZA L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

> RE:  Cause  No.  C-2969-99-A,  Ivonne  Soto  Vega  vs.  Port
> Elevator,  et  al.;  In  the  92nd  Judicial  District  of
> Hidalgo County, Texas; Our File Number 99-3843

Dear John:

This letter is a follow-up to our teleconference of July 26,
2000 wherein I requested that you provide me with the address and
phone  number  of  Bersain  Gutierrez.    In  past  telephone
conversations, you represented that you or Mr. Elkins had been able
to speak with Mr. Gutierrez.  Further, you had indicated that you
desire to take his deposition.

Pursuant to your duties under Rule 26 of the Federal Rules of
Civil Procedure concerning disclosure of witnesses, please provide
his current address and telephone number immediately.

Very truly yours,

WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 16



EXHIBIT
D - 1

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100

# SKAGGS & GARZA, L.L.P.

### ATTORNEYS AT LAW
### 710 LAUREL
### P.O. DRAWER 2285

### McALLEN, TEXAS  78502-2285

JOHN SKAGGS
VIOLA GARCIA-GARZA

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

August 7, 2000

Mr. Bill Mount
DALE & KLEIN, L.L.P.
6301 North 10th Street
McAllen, Texas  78504

      RE:  Cause No. C-2969-99-A
           Vega v. Port Elevator

Dear Bill:

     Pursuant to your letter of July 28, the following is the information you requested.  We are not sure which address Craig Elkins used to locate Bersain, but we are providing the two addresses that we currently have in our file.

     Those addresses are:

     2295 Paseo de la Americas, Suite 22
     Otay Mesa, CA  92173

     1853 Carolyn Drive
     Chula Vista, CA  91913

     If you have any questions, please call me.

           Very truly yours,

           SKAGGS & GARZA, L.L.P.

           Michele N. Gonzales

MNG/mc

# SKAGGS & ASSOCIATES

### ATTORNEYS AT LAW
### 710 LAUREL
### P.O. DRAWER 2285

### McALLEN, TEXAS 78502-2285

June 28, 2001

JOHN SKAGGS
MICHELE N. GONZALES

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-6570

Mr. William Mount - VIA FAX NO. 687-2416
6301 North Tenth Street
McAllen, Texas 78504

     Re:  Civil No. B-98-23; Port Elevator-
          Brownsville, L.C. v. Ivonne Soto Vega, et al

Dear Bill:

    I have expressed the need to take Ivonne Vega's deposition.
You have provided me with dates.

    Based on our discussions regarding prior conflicts, including
family vacations, I believe we've concluded that the proposed dates
are unrealistic.

    We already know we will have to be in San Diego on July 10th
to take Bersain Gutierrez' deposition.  Though I understand this
date is not convenient for Ms. Vega, I have expressed my
willingness to take her deposition on the same day.

    Notwithstanding the above, I have agreed to refrain from
noticing Ms. Vega's deposition until after you return from your
vacation in mid-July.  Bill, in making this agreement, I have
relied on your assurance that you will agree to extend the
discovery deadline, and will not object to the taking of Ms. Vega's
deposition based on any discovery deadlines.

    If I am incorrect about the discovery extension, you should
advise me in writing immediately so I can arrange to send
appropriate notices.

          Very truly yours,

          SKAGGS & ASSOCIATES

          John Skaggs

JS/cmo
cc: Mr. Craig Elkins - VIA FAX NO. 831-3181

EXHIBIT
E



# d&k
## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
 **Board Certified Texas Board of Legal Specialization**
 **Family Law and Civil Trial Law**
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M. Flagg
Marina Garcia

May 31, 2001

John Skaggs                                    <u>**VIA FAX (956) 630-6570**</u>
SKAGGS & ASSOCIATES, L.L.P.                    <u>**AND REGULAR MAIL**</u>
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

     RE:  Civil Action B-98-23; Port Elevator-Brownsville, L.C. vs.
        Ivonne Soto Vega, et al.; In the U.S. District Court for
        the Southern District of Texas, Brownsville Division
        Our File No. 99-3843

Dear Mr. Skaggs:

    This letter serves to acknowledge our telephone conversation
this morning wherein you stated that you wanted to take my client's
deposition next Thursday or Friday in San Diego, California. I was
somewhat surprised by your request given that this case has been
pending since February, 1998 and her deposition on the merits has
not been taken. In any event, I have been informed that Ms. Vega
is currently on her way to Europe and will not be back until about
July 1, 2001. I can make her available for deposition in Tijuana
on Friday, July 6, 2001, Saturday, July 7, 2001, Thursday, July 12,
2001, Friday, July 13, 2001, or Saturday, July 14, 2001. Please
contact me about what date is convenient for you. I would like to
lock in a cheap airfare, if possible. As discussed, I will make
every effort to cooperate with you concerning discovery matters and
to get this case in a position to be tried.

    Should you have any questions, please do not hesitate to
contact me.

                Very truly yours,

                WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 23

EXHIBIT
F

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100



# d&k
## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr

A. Peter Thaddeus, Jr
Kathryn M. Flagg
Marina Garcia

June 4, 2001

John Skaggs                                    <u>**VIA FAX (956) 630-6570**</u>
SKAGGS & ASSOCIATES, L.L.P.                    <u>**AND REGULAR MAIL**</u>
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

      RE:   Civil Action B-98-23; Port Elevator-Brownsville, L.C. vs.
Ivonne Soto Vega, et al.; In the U.S. District Court for
the Southern District of Texas, Brownsville Division
Our File No. 99-3843

Dear Mr. Skaggs:

      This letter serves as a follow-up to my correspondence
addressed to you dated May 31, 2001. When you do depose Ms. Vega
in Tijuana, I would also like to depose Walter Puffelis Galvan, III
immediately following or immediately prior to Ms. Vega's
deposition. It is my understanding that you will be trying to
arrange the deposition of Bersain Gutierrez to take place during
the trip to Tijuana.

      Should you have any questions, please do not hesitate to
contact me.

      Very truly yours,

      *Bill Mount*

      WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 24

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100



# d&k
## dale & klein, l.l.p.
## attorneys at law

oy S. Dale, P.C.
atie Pearson Klein, P.C.*
**Board Certified Texas Board of Legal Specialization**
amily Law and Civil Trial Law
fartin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Cathryn M. Flagg
Marina Garcia

June 27, 2001

*BILL — THE DATE WAS NOT PICKED BY ME, BUT WAS PROVIDED BY THE WITNESS. YOU SHOULD MAKE NO ASSUMPTIONS.*

*Skaggs 6-29-2001*

**VIA FAX (956) 630-6570**
John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

RE:  Civil Action B-98-23; Port Elevator-Brownsville, L.C., et al. vs. Ivonne Soto Vega, et al.; In the U.S. District Court for the Southern District of Texas, Brownsville Division; Our File No. 99-3843

Dear Mr. Skaggs:

This letter is in reference to a deposition notice received June 26, 2001 by facsimile from your office for Bersain Gutierrez. The deposition was noticed by your office to take place in San Diego, California on July 10, 2001.

We are not available on July 10, 2001 for Mr. Gutierrez' deposition. As I had stated to you in prior correspondence, I had listed the dates that we were available. July 10th was not one of those dates. Also, please be advised that we are no longer available on July 13 or 14. I will be out of town July 14 through July 21st on a planned vacation.

As I have stated in other letters, we will work with you as far as getting the discovery done that you need done. Please coordinate with me an alternate date. Also, as I have communicated to you in the past, we ought to do all the Southern California witnesses at the same time to avoid multiple trips to California and to avoid unnecessary expense.

Please contact Mr. Gutierrez and obtain other available dates for his deposition. If I do not hear from you by Friday, June 29, 2001, I will assume that you are unwilling to coordinate an alternate date and I will file a Motion to Quash the deposition on Monday, July 2, 2001.

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956.546.5100



John Skaggs
Port Elevator-Brownsville, L.C.
   vs. Ivonne Soto Vega, et al.
June 27, 2001
Page 2


     Should you have any questions, please do not hesitate to
contact me.

                Very truly yours,

                WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 29

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7          FOR THE SOUTHERN DISTRICT OF TEXAS

             BROWNSVILLE DIVISION

8

9 PORT ELEVATOR                            )
BROWNSVILLE L.C. AND                 )

10 SOUTHWEST GRAIN CO., INC.           )

11                                    ) Civil No. B-98-23
                                   ) AFFIDAVIT OF

12     vs.                                ) CERTIFIED
                                   ) SHORTHAND

13 IVONNE SOTO VEGA, BERSAIN       ) REPORTER
GUTIERREZ, SYSCO DE BAJA,        ) RE NONAPPEARANCE
S.A. DE C.V. AND WALTER PUFFELIS,   ) OF WITNESS

14 INDIVIDUALLY AND D/B/A AGI AKRON    ) WITH

15 GROUP, INC.,                        ) PROCEEDINGS
                                   ) ON RECORD

16     vs.                                )

17 CRAIG ELKINS,                     )
INDIVIDUALLY AND D/B/A PORT        )

18 ELEVATOR - BROWNSVILLE, L.C. AND     )
SOUTHWEST GRAIN CO., INC.          )

19 _____ )

20 STATE OF CALIFORNIA ) SS

21       I, Laura L. Kiel, CSR 9692, do hereby declare:

22       That on Tuesday, July 10, 2001, at 10:00 a.m., I

23 appeared at the offices of Hutchings Court Reporters, LLC,

24 1200 Third Avenue, Suite 1326, San Diego, California, for

25 the purpose of administering the oath to and reporting the

EXHIBIT
G

HUTCHINGS COURT REPORTERS, LLC - GLOBAL SERVICES - 800.697.3210

deposition of Bersain Guterrez, a defendant, herein;

That present at said time and place were John Skaggs
from the Law Office of John Skaggs, attorneys for plaintiff
and counter-defendant Port Elevator and third-party
defendant Craig Elkins.

William D. Mount and Roy S. Dale from the law office
of Dale & Klein, LLP, attorneys for defendant,
counter-plaintiff and third-party plaintiff Ivonne Soto
Vega.

Also present were Craig Elkins; Ivonne Soto Vega;
Ricardo Soto; Maria G. Nyffenegger, Spanish Interpreter;
Barry Varanese, Videotape Operator.

That at said time and place the following
proceedings were had:

*  *  *

MR. SKAGGS:  For the record, it's 10:56 a.m.
Pacific time.

Mr. Bersain Gutierrez is the witness, and he has
not shown up.

And I'll attach as an exhibit to this deposition,
the Notice of Intent to take Mr. Gutierrez's oral
deposition.

A subpoena issued under the authority of the United
States District Court of the Brownsville Division of
Texas.

2

Case 1:98-cv-00023  Document 79  Filed in TXSD on 08/17/2001  Page 79 of 102

 **YAHOO! NEWS** News Home - Yahoo! - My Yahoo! - News Alerts - Help 

Read books about
current events


www. your-name

Home  Top Stories  Business  Tech  Politics  World  Local  Entertainment  Sports  Op/Ed  Science  Health  Ful

**World - Associated Press** - updated 12:17 PM ET Jul 20

Reuters | AP | The New York Times | ABCNEWS.com | 📷Photos | Canada | Asia | More ...

**Friday July 20 1:36 AM ET**

# Money Launderer Arrested in Mexico



MEXICO CITY (AP) - Soldiers in Tijuana have arrested a woman accused of laundering billions of dollars in drug profits for Mexico's most powerful drug cartel, prosecutors said.

Ivonne Soto Vega, described by authorities as the chief money launderer and top financier for the ruthless Arellano Felix drug smuggling organization, was arrested Wednesday night, according to a statement released by federal prosecutors just after midnight Friday.

It did not describe specifics of the arrest.

Police say Soto Vega and her associates used dozens of currency exchange houses on both sides of California's border with Mexico to hide enormous sums of drug money from Mexican and U.S. authorities.



Soto Vega is a ``close friend'' of drug bosses Ramon and Benjamin Arellano Felix and their wives, and often helped the couples slip back and forth between Mexico and the United States before the brothers went into hiding to avoid arrest, the statement said.

The Tijuana-based Arellano Felix cartel all-but collapsed in 1989 when its longtime boss, Miguel Angel Felix Gallardo, was arrested. Since then the group has emerged from years of bloody territorial battles with other drug syndicates to become this country's chief narcotics smuggling organization.

Email this story - View most popular | Printer-friendly format



**Archived Stories by Date:**     Jul 19 📅 Go



**EXHIBIT**
**H**


### News Resources
- 📖 **Message Boards:** Post/Read Msgs
- 💬 **Conversations:** Start a live discussion
- 🔔 **News Alerts:** mexico -new mexico |
  More Alerts: News Bulletins, News, Mobile, Stocks

Email
Heigh
5 🔽
Weig
Age:
Sex:




# Woman linked to drug-fund laundering faces trial

**By Anna Cearley**
STAFF WRITER

July 31, 2001

TIJUANA -- The woman accused of being the chief money launderer for the Tijuana-based Arellano Félix drug cartel has learned that she will face trial on charges of money laundering, drug trafficking and tax evasion.

A Mexican federal judge has given prosecutors the go-ahead in their case against Ivonne Soto, who was picked up in Tijuana July 18 by Mexican soldiers and federal agents.

Soto, 47, owns a large house in the South Bay community of Bonita and a business near the Otay Mesa border crossing. She also is the listed owner of five Tijuana properties.

After Soto was taken into custody, Mexican authorities promptly flew her to Mexico City. She is being held in a prison in the country's interior, where she joined a growing collection of prisoners linked to the cartel that is said to control much of the drug trade along the Baja California border.

Just a week before Soto's arrest, Jorge Humberto Rodríguez Bañuelos, known as "La Rana," or The Frog, a reputed top killer for the cartel, was found in Tijuana. Last year, two other high-level officers with the cartel also were captured in Baja California.

Soto, known as "La Pantera," or the Panther, was not as well-known to the public as other cartel members. Prosecutors say Soto quietly laundered money in California and Baja

CUtePDF - www.fastio.com

Case 1:98-cv-00023    Document 79    Filed in TXSD on 08/17/2001    Page 81 of 102

California, working through real estate companies, money
exchange houses and other businesses. U.S. authorities have
said they provided their Mexican counterparts with
information on Soto.

*Staff writer Sandra Dibble contributed to this report.*

Copyright 2001 Union-Tribune Publishing Co.

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 82 of 102

**Purdee Homes**

# Accused cartel accomplice has South Bay ties

## Money laundering suspect owns pricey house in Bonita

By Sandra Dibble
STAFF WRITER

July 28, 2001

The shades were drawn this week inside the spacious house on a quiet cul-de-sac in a suburban South Bay neighborhood. No one was answering the door. The owner, Ivonne Soto Vega, was 1,400 miles away in a prison outside Mexico City.

The woman accused of being the chief money launderer for the Arellano Félix drug cartel for years passed unnoticed in an upscale neighborhood in Bonita.

But her discreet existence came to an end July 18 when she was arrested in Tijuana by Mexican soldiers and federal agents. Now, the 47-year-old mother of two is behind bars, facing charges of money laundering and organized crime.

A Mexican federal judge has until today to decide whether to drop the charges against Soto or hold her for trial.

If prosecutors are correct, she is responsible for concealing the origins of billions of dollars in profits from the Arellanos' smuggling operations.

Like many residents of this busy stretch of the border, Soto had ties to both sides. North of the border, she owns the five-bedroom house and a business near the Otay Mesa border

http://www.signonsandiego.com/news/uniontrib/sat/news/news_1n28drugs.html

8/2/2001

crossing. South of the border, she is listed as the owner of five
Tijuana properties.

Prosecutors say Soto laundered money in California and Baja
California, working through real estate companies, money
exchange houses and other businesses. But until her name was
revealed last week in a news release from Mexico City, she
attracted little notice.

The names of other suspected cartel members are commonly
spoken in Tijuana, even though they have tried to stay out of
the public eye.

Soto remained hidden, though. Not even the city's savviest
investigative journalists had much to say this week about the
woman said to be nicknamed *La Pantera*, the panther.

Public records in Tijuana and San Diego offer clues about
Soto's ties to both sides of the border.

Property records in Mexico describe her as a businesswoman
born in Tijuana on Oct. 22, 1953. She became a legal U.S.
resident in 1988, according to a U.S. government source.

Soto's real estate holdings include the residence in South Bay,
appraised last year at $645,450. Her name is on five Tijuana
properties, including three units in Tijuana's upscale Puerta de
Hierro development, purchased in 1999 for $317,725; a
property in Playas de Tijuana acquired in 1997; and a
condominium in the Rio Zone, purchased in 1988.

Neighbors near Soto's house in Bonita said a middle-aged
woman lived there with two young men — apparently her sons
— but she was extremely discreet. Since they only saw her
from a distance, they couldn't say for sure she was the same
woman in the arrest photograph distributed by the Mexican
government.

State of California records list Soto as a wholesale grain
dealer, owner of Commercial Grain and Produce, with an
office in an industrial zone yards from the Otay Mesa border
crossing.

The business, in operation since 1997, has no listed telephone

number, however. During business hours last week no employees could be seen through the locked glass door. No desk could be seen either -- just three chairs, a telephone, a fax machine and some electronic equipment with blinking lights.

From 1972 to 1992, Soto was married to Ricardo P. Gomez, according to divorce papers filed in San Diego Superior Court. In the court files, Soto described her occupation as homemaker and said she had completed 12th grade.

Corporate records from the California Secretary of State's Office show that her husband was president and registered agent of Ivonne's Used Cars and Trucks, and lists the South Bay residence as his address. Incorporated in 1987, the business filed for bankruptcy in 1994.

"It was a garden-variety corporate bankruptcy," said attorney Raymond Theep, who represented the company in the proceeding. "They weren't selling the cars fast enough to cover the amount they were paying for the cars."

The Mexican government described Soto as a close associate of the Arellano brothers. Two of the brothers and several of their alleged associates are under indictment in the United States, but the U.S. Drug Enforcement Administration said Soto is not under indictment here.

"The lion's share of the investigation is going on in Mexico, and inquiries regarding this activity should be directed to Mexican officials," said Donald Thornhill Jr., the DEA's spokesman in San Diego.

Jan Caldwell, spokeswoman for the FBI in San Diego, said agents from the FBI and the DEA "did in fact provide information to the Mexican government over a period of time which helped locate Ivonne Soto."

While law-enforcement agencies often focused on capturing drug users and traffickers, going after the money launderers is crucial to curbing the illicit drug trade, said Peter Smith, director of Latin American Studies at the University of California San Diego.

"If we could interdict the money, we could really bust the operations," Smith said. Doing so would also mean "going after white-collar criminals and rogue bankers here in the United States."

Even if the charges against Soto stand and she is convicted, Smith said it would only be a temporary blow to the Arellano organization.

"Every self-respecting cartel has contingency plans for people being arrested," he said. "The Arellano Féix are described as being one of the best organized of the groups."

*Staff writers Jennifer Vigil, Anna Cearley, Greg Moran, Marisa Taylor and researcher Merrie Monteagudo contributed to this report.*

---

Copyright 2001 Union-Tribune Publishing Co.

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 86 of 102



## Comunicado de Prensa No. 168

### 19 de julio del 2001

**EL EJERCITO MEXICANO EN COORDINACION CON LA PROCURADURIA GENERAL DE LA REPUBLICA, ASEGURO A LA SEÑORA IVONNE SOTO VEGA (a) "LA PANTERA".**

**PRINCIPAL LAVADORA DE DINERO DE LA ORGANIZACION ARELLANO FELIX.**

Como resultado de las acciones que realiza la Secretaria de la Defensa Nacional en coordinación con la Procuraduría General de la República, en el combate al narcotráfico y crimen organizado y en cumplimiento a una orden de localización y presentación girada por la

Procuraduría, personal de esta Secretaria el día de ayer aseguró a la Señora IVONNE SOTO VEGA, en la ciudad de Tijuana, Baja California, quien es considerada la principal lavadora de dinero de la organización de los ARELLANO FELIX y de quien se dispone de los siguientes antecedentes:

1. Es parte fundamental de la organización "ARELLANO FELIX", específicamente en el área financiera, para la realización de actividades de lavado de dinero.
2. Su área de acción es en el estado de California, E.U.A., y Baja California, México, de donde se sabe que cuenta con diversos inmuebles que maneja a través de inmobiliarias, casas de cambio y otros negocios de los que se sirve para llevar a cabo sus actividades.
3. Por su posición dentro de la organización criminal, SOTO VEGA, mantiene una estrecha relación con los hermanos ARELLANO FELIX y sus esposas, a quienes acompañaba en sus diferentes viajes dentro y fuera del país.
4. La une un compadrazgo con JESUS LABRA AVILES (a) "EL CHUY LABRA", y allegada a ISMAEL HIGUERA GUERRERO (a) "EL MAYEL", estos últimos detenidos y actualmente presos en el centro federal de readaptación social de "La Palma".



La Secretaría de la Defensa Nacional, en estrecha coordinación con la Procuraduría General de la República continúa realizando acciones frontales contra la organización de los ARELLANO FELIX, atendiendo el reclamo de la sociedad y en cumplimiento de las directivas del Ejecutivo Federal.



## EL ULTIMO DE LA SERIE

La detención es el último de una serie de golpes del gobierno del presidente Vicente Fox, en el poder desde hace más de siete meses, contra el llamado Cartel de Tijuana, que detenta el control del narcotráfico en la zona noroeste de México y al que se le atribuyen al menos 300 asesinatos.

El 10 de julio, las autoridades anunciaron la captura del cabecilla de los sicarios de esa misma organización delictiva, quien irónicamente ya estaba detenido en una prisión bajo una identidad falsa pero que fue identificado gracias a una herida de bala en su glúteo derecho, una seña particular del sicario.

Humberto Rodríguez Bañuelos, alias "La Rana", se encontraba en una cárcel municipal por haber participado en un tiroteo en Tijuana, pero ocultó su verdadera identidad porque se sometió a una cirugía facial, perdió peso y se implantó cabello.

El cartel de los Arellano Félix está dirigido por Benjamín, de 49 años, y su hermano menor Ramón, de 36. Su organización es conocida por su violencia y por traficar con cocaína, marihuana y metanfetaminas por aire, mar y tierra.

México, además de ser una de las principales rutas para el tráfico de cocaína sudamericana a Estados Unidos, el mayor consumidor de drogas ilegales del mundo, es un productor importante de marihuana y metanfetaminas. El consumo interno de narcóticos también ha crecido en los últimos años.

En mayo, el gobierno de Fox deportó a Estados Unidos a Everardo "Kitty" Páez, señalado como lugarteniente del cártel de Tijuana.

Las autoridades también han infligido varios golpes a los debilitados Cartel de Juárez y Cartel de Colima, pero recibió otro a inicios de año cuando el presunto jefe del cartel de Sinaloa se fugó de un penal de máxima seguridad.

Hace un mes en San Salvador, el consejero presidencial de seguridad nacional de México, Adolfo Aguilar Zínser, dijo que estaba próximo a capturar a Joaquín Guzmán, alias "El Chapo", quien el 19 de enero se fugó del penal de Puente Grande con ayuda del personal a cargo de su custodia.

El narcotraficante es un acérrimo rival de los hermanos Arellano Félix.

Analistas dijeron que la fuga del "Chapo" fue una primera prueba del narcotráfico para medir fuerzas con el gobierno de Fox, quien asumió la presidencia el 1 de diciembre.

Envíale esta página a un amigo

----------------------------------------------------------------------

Comentarios y sugerencias
Copyright © 2001 Reuters Limited. Todos los derechos reservados.
Copyright © 2001 Yahoo! México. Todos los derechos reservados.

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 89 of 102

*BILL — LOOKS LIKE WE WILL NEED TO TALK ABOUT*

# YAHOO! NOTICIAS MÉXICO

Inicio - Yahoo! - Ayuda

## REUTERS

*DEPOSITIONS AND TRIAL SETTINGS — SKAGGS 7-20-01*

Panorama financiero al instante                    YAHOO! Finanzas

## Yahoo! Noticias                                                    México

Índice | **México** | Internacional | Deportes | Entretenimiento | Negocios | Sociedad | Tecnología | Temas actuales

CNI - Notimex - Reuters - AP - Europa Press

**jueves, 19 de julio** 11:32 PM

PUBLICIDAD

# Detienen a lavadora de dinero del mayor cartel drogas en México

Por Emilio Fernández

MEXICO DF (Reuters) - Las autoridades mexicanas detuvieron a la principal lavadora de dinero del Cartel de Tijuana, la mayor organización de narcotráfico en el país, informó el jueves el gobierno.

Ivonne Soto Vega, alias "La Pantera", fue detenida el jueves en circunstancias no aclaradas en la fronteriza ciudad de Tijuana, dijo un comunicado conjunto difundido la noche del jueves por la secretaría de la Defensa y la Procuraduría General de la República (PGR).

En el texto oficial se informó que la mujer forma "parte fundamental" de la organización comandada por los hermanos Arellano Félix, específicamente en el área financiera, para la realización de actividades de lavado de dinero.

"Su área de acción es en el estado de California, Estados Unidos, y Baja California, México, de donde se sabe que cuenta con diversos inmuebles que maneja a través de inmobiliarias, casas de cambio y otros negocios de los que se sirve para llevar a cabo sus actividades", agregó.

Agregó que la mujer también tiene una estrecha relación con los hermanos Arellano Félix, así como con sus esposas, a quienes ha acompañado en varios viajes dentro y fuera del país.

Dijo que es comadre de Jesús Labra Avilés, alias "El Chuy Labra", y que es una "allegada" a Ismael Higuera Guerrero, alias "El Mayel", quienes se encuentran presos en la cárcel de máxima seguridad de "La Palma", en el central Estado de México.



Los mercados del mundo al alcance de tus manos

Finanzas

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 90 of 102

El comunicado no especificó el lugar donde se encuentra detenida actualmente Soto Vega.

EL ULTIMO DE LA SERIE

La detención es el último de una serie de golpes del gobierno del presidente Vicente Fox, en el poder desde hace más de siete meses, contra el llamado Cartel de Tijuana, que detenta el control del narcotráfico en la zona noroeste de México y al que se le atribuyen al menos 300 asesinatos.

El 10 de julio, las autoridades anunciaron la captura del cabecilla de los sicarios de esa misma organización delictiva, quien irónicamente ya estaba detenido en una prisión bajo una identidad falsa pero que fue identificado gracias a una herida de bala en su glúteo derecho, una seña particular del sicario.

Humberto Rodríguez Bañuelos, alias "La Rana", se encontraba en una cárcel municipal por haber participado en un tiroteo en Tijuana, pero ocultó su verdadera identidad porque se sometió a una cirugía facial, perdió peso y se implantó cabello.

El cartel de los Arellano Félix está dirigido por Benjamín, de 49 años, y su hermano menor Ramón, de 36. Su organización es conocida por su violencia y por traficar con cocaína, marihuana y metanfetaminas por aire, mar y tierra.

México, además de ser una de las principales rutas para el tráfico de cocaína sudamericana a Estados Unidos, el mayor consumidor de drogas ilegales del mundo, es un productor importante de marihuana y metanfetaminas. El consumo interno de narcóticos también ha crecido en los últimos años.

En mayo, el gobierno de Fox deportó a Estados Unidos a Everardo "Kitty" Páez, señalado como lugarteniente del cártel de Tijuana.

Las autoridades también han infligido varios golpes a los debilitados Cartel de Juárez y Cartel de Colima, pero recibió otro a inicios de año cuando el presunto jefe del cartel de Sinaloa se fugó de un penal de máxima seguridad.

Hace un mes en San Salvador, el consejero presidencial de seguridad nacional de México, Adolfo Aguilar Zínser, dijo que estaba próximo a capturar a Joaquín Guzmán, alias "El Chapo", quien el 19 de enero se fugó del penal de Puente Grande con ayuda del personal a cargo de su custodia.

El narcotraficante es un acérrimo rival de los hermanos Arellano Félix.

Analistas dijeron que la fuga del "Chapo" fue una primera prueba del narcotráfico para medir fuerzas con el gobierno de Fox, quien asumió la presidencia el 1 de diciembre.

<u>Envíale esta página a un amigo</u>

<u>Comentarios y sugerencias</u>
*Copyright © 2001 Reuters Limited. Todos los derechos reservados.*
*Copyright © 2001 Yahoo! México. Todos los derechos reservados.*

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 91 of 102

 

| | |
|---|---|
| **Source:** | **AP Online** |
| **Date:** | 07/20/2001 23:14 |
| **Document ID:** | EE20010720560000044 |
| **Subject(s):** | Central and South America |



## Cops: Mexico Drug Suspect Hid Cash

Story Filed: Saturday, July 20, 2001 11:14 PM EDT

TIJUANA, Mexico (AP) -- A woman accused of laundering money for Mexico's most powerful drug cartel used drug profits to acquire a string of luxury homes around this border city, police said Friday.

Ivonne Soto Vega, described by prosecutors as the chief money launderer for the ruthless Arellano Felix drug smuggling organization, was arrested by Mexican soldiers Wednesday.

Authorities say Soto Vega used dozens of currency exchange houses on both sides of California's border with Mexico to hide enormous sums of drug money from Mexican and U.S. authorities.

Police investigating Soto Vega's local holdings Friday said the woman known as ``La

Pantera," or ``The Panther," used drug money to build one of the most impressive real estate portfolios in the area.

Starting with cash purchases of apartment buildings in 1987, Soto Vega quickly moved up to buying high-rent condominiums and small homes.

By the time of her arrest, she owned six luxury homes, including a 21-acre mansion on Tijuana's outskirts, investigators said.

Believed to be a key deputy of drug boss Jesus Labra, who authorities in Tijuana captured March 11, police say Soto Vega is also a close friend of cartel leaders Ramon and Benjamin Arellano Felix.

The Tijuana-based Arellano Felix cartel has emerged from recent years of bloody territorial battles with other drug syndicates to become this country's chief drug smuggling organization.

*Copyright © 2001 Associated Press Information Services, all rights reserved.*

Portions of above Copyright © 1997-2001, Northern Light Technology Inc. All rights reserved.

Case 1:98-cv-00023  Document 79  Filed in TXSD on 08/17/2001  Page 93 of 102



**Procuraduría General de la República**

Página principal
Acerca de la Procuraduría
Fiscalías
Contraloría Interna
Información de Prensa
Información General
Prevención del Delito y Servicios a la Comunidad
Formación Académica y Profesional
Protección a los Derechos Humanos
Personas Buscadas
Personas Extraviadas
Biblioteca "Lic. Emilio Portes Gil"
Programa Nacional para el Control de Drogas 1995-2000
Otros Servidores

México, D.F., a 19 de julio de 2001

Boletín No. 492/01

## FUE LOCALIZADA Y PRESENTADA LA SEÑORA IVONNE SOTO VEGA (A) "LA PANTERA"

- **Principal operadora de lavado de dinero de la organización de los Arellano Félix**

La Procuraduría General de la República informa que en coordinación con la Secretaría de la Defensa Nacional, en el combate al narcotráfico y crimen organizado y en cumplimiento a una orden de localización y presentación girada por esta Institución, fue detenida el día de ayer, la Señora Ivonne Soto Vega, en la ciudad de Tijuana, Baja California, quien es considerada la principal lavadora de dinero de la organización de los Arellano Félix y tiene los siguientes antecedentes:

1. Es parte fundamental de la organización Arellano Félix, específicamente en el área financiera, para la realización de actividades de lavado de dinero.

2. Su área de acción es en el estado de California,

Case 1:98-cv-00023   Document 79   Filed in TXSD on 08/17/2001   Page 94 of 102

E.U.A., y Baja California, México, de donde se sabe que cuenta con diversos inmuebles que maneja a través de inmobiliarias, casas de cambio y otros negocios de los que se sirve para llevar a cabo sus actividades.

3. Por su posición dentro de la organización criminal, Soto Vega, mantiene una estrecha relación con los hermanos Arellano Félix y sus esposas, a quienes acompañaba en sus diferentes viajes dentro y fuera del país.

4. La une un compadrazgo con Jesús Labra Avilés (a) "El Chuy Labra", y allegada a Ismael Higuera Guerrero (a) "El Mayel", éstos últimos detenidos y actualmente presos en el Centro Federal de Readaptación Social de "La Palma".

* * * * *

) y 10, 2001
WNTOWN JOHNNY BROWSAN DIEGO        CA            51.38
OD/BEVERAGE
OD/BEV                              48.38
                                    3.00
erence: 400192647

7.06

ly 10, 2001
E AIRFONE,        OAK BROOK        IL
) TEL NO. 956-686-8273
1 MINS $7.06
OM CONTINENTL
R INQUIRY 800 AIRFONE
erence: 192023672

275.95

uly 11, 2001
ESTGATE HOTEL    SAN DIEGO    CA
rival Date              Departure Date
7/09/01                 07/10/01
055 SECOND AVENUE
ODGING
erence: 015466171

1,611.50

July 6, 2001
SCOTTIES TOURS N TRA MCALLEN    TX
CONTINENTAL AIRLINES
From:              To:                 Carrier:   Class:
MCALLEN TX         HOUSTON TX IAH      CO         YA
                   SAN DIEGO CA        CO         YA
                   HOUSTON TX IAH      CO         YA
                   MCALLEN TX          CO         YA
Ticket Number: 00570302042833          Date of Departure: 07/09
Passenger Name: SKAGGS/J
Document Type: PASSENGER TICKET

EXHIBIT
I

Met with Bersain at 15:45 Thursday the 25th in the lobby of the Marriot Marina.  He explained the situation as follows:

- Bersain was approached by Vega-Soto to do a business deal involving the importation of corn into Mexico with the promise of "big" returns on the investment;
- They both put up some money and she opens the letter of credit;
- His job was to get the corn into Mexico, where she would be in charge of the selling;
- He quickly found out that the big returns were not there;
- It is his contention that he delivered corn to customers as per her instructions and those customers failed to pay her, likewise, several of the customers he found, failed to pay him;
- She thinks he, Bersain, not Puffelis stole the 28,800 bushels that was warehouse receipted back to CSC;
- He met with her and did a "cut our losses" proposal; she was to recognize her losses for the customers that failed to pay her, he was to recognize his losses for the customers that failed to pay him, Puffelis was to reimburse them for the 28,800 bushels and that along with the money deposited with the Federal court would be split pro-rata;
- Soto-Vega countered with the need to check it out with her lawyers first;
- She also had a letter she wanted him to sign that blamed the elevator for everything, sign it and my lawyer in Brownsville says we can get $millions;
- Bersain says he requested a copy to give his lawyer for review, but because she only had the original, she would get back with him;
- Puffelis does not show up when they agree to meet;
- Because this and several other of his business ventures have gone bad, Puffelis has gone into hiding;
- He went on to say that he told her that I did not do the things her letter gave me credit for and that he would not sign something that was not the truth and that if this went to court, then he would tell the truth;
- He also stated that she changes lawyers quite a bit and is currently under investigation in Mexico for money laundering.



EXHIBIT
I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

PORT ELEVATOR -          §
BROWNSVILLE, L.C. AND    §
SOUTHWEST GRAIN CO., INC. §
                         §          CIVIL NO. B-98-23
VS.                      §
                         §
                         §          JURY DEMANDED
IVONNE SOTO VEGA,        §
BERSAIN GUTIERREZ,       §
SYSCO DR BAJA, S.A.      §
DE C.V. AND WALTER       §
PUFFELIS, INDIVIDUALLY   §
AND D/B/A AGI AKRON      §
GROUP, INC.              §
                         §
VS.                      §
                         §
CRAIG ELKINS, INDIVIDUALLY §
AND D/B/A PORT ELEVATOR  §
BROWNSVILLE, L.C, AND    §
SOUTHWEST GRAIN CO., INC. §

## THE STATE OF TEXAS SUBPOENA

TO:   Bersain Gutierrez  1853 CAROLVN, DRIVE CHULA VISTA CAL. 91913

YOU ARE COMMANDED TO APPEAR ON TUESDAY, JULY 10, 2001 AT 10

m., at the Hutchings Court Reporters Office located at 1200 3rd, Suite 1326, Civic Center

Plaza, San Diego, California, 92101 and give your testimony in the cause of action of PORT

ELEVATOR-BROWNSVILLE, L.C. AND SOUTHWEST GRAIN, CO., INC. V. IVONNE

SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER

PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. V. CRAIG

ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR BROWNSVILLE, L.C., AND

SOUTHWEST GRAIN CO., INC. CIVIL NO. B-98-23, pending In the United States



EXHIBIT

K

District Court for the Southern District of Texas, Brownsville Division, Brownsville,

Cameron County, Texas. You must remain at the place of the deposition from day to day

until discharged by the Court or by the party summoning the witness.    **FAILURE TO**

**OBEY THIS SUBPOENA MAY BE TREATED AS A CONTEMPT OF COURT.**

**FEDERAL RULE OF CIVIL PROCEDURE 45(E) PROVIDES AS FOLLOWS:** Failure

by any person without adequate excuse to obey a subpoena served upon that person may be

deemed a contempt of the Court from which the subpoena is issued.

   This subpoena is issued at the request of **PORT ELEVATOR-BROWNSVILLE, L.C.,**

whose attorneys of record are John Skaggs.

   Date of issuance: _July 10, 2001_

Subpoena issued by:

_____                          John Skaggs

Federal No. 1225

## RETURN OF SUBPOENA

   I _____ certify that I served the above subpoena by delivering a copy and

the required fee of $10.00 to _____ in person, at _____ ,

_____ , Texas at _____ o'clock ____..m. on the _____ day of _____ ,

2001. My fee for this service is $_____ .


_____

Process server:.

SKAGGS & ASSOCIATES
ATTORNEYS AT LAW
710 LAUREL
P.O.BOX 2285
MCALLEN, TEXAS 78502-2285

8101

30-2/1140
80

PAY
TO THE
ORDER OF   Jone's Attorney Svcs

DATE  July 16, 2001

eighty-six and twenty/100 _____ DOLLARS 🅐

$ 86 ⁿ⁰⁄₁₀₀

Frost National Bank
McAllen, Texas 78502

John Skaggs

FOR  POST- VEGA SERVICE OF
SUBPOENA    ⑈008101⑈ ⑆114000093⑆    800306134⑈

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| JOHN SKAGGS, ESQ.<br>SKAGGS & ASSOCIATES ************** | | (956) 687-8203 | |
| 710 Laurel<br>McAllen, TX  78502 | | | |
| ATTORNEY FOR (NAME)  SBN # 18452500 | REFERENCE NUMBER<br>PR207339-01 | | |

Insert name of court, judicial district or branch court, if any, and post office and street address
DISTRICT COURT,,

SHORT NAME OF CASE
PORT ELEVATOR-BROWNSVILLE vs. IVONNE SOTO VEGA, ET AL.

| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>B-98-23 |
|---|---|---|---|---|

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I served the:
JURY DEMANDED, THE STATE OF TEXAS SUBPOENA

   Name: BERSAIN GUTIERREZ

   Person Served: POSTED ON DOOR

   Date of Delivery: 07/10/01
   Time of Delivery: 10:00 am

   Place of Service: 1853 CAROLY DRIVE
   CHULA VISTA, CA 91913                    (Residence)

Manner of Service:   Personal Service - By Personally Delivering Copies.

Fee for service:   $ 86.20

| JUDICIAL COUNSEL FORM, RULE #982 (A)(23) | I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed |
|---|---|
| Registered: . . . . SAN DIEGO . . . . County,<br>Number:. . . | on: July 12, 2001<br>at: . . . . . . . . . . . . . . . . , California |
| JUNES ATTORNEY SERVICE, INC.<br>3776 Fourth Avenue<br>San Diego, CA. 92103<br>PHONE: (619) 233-6119 | Signature: X _____<br>Name: SUSAN HOWIE<br>Title: EMPLOYEE |

302/PR207339-01

THE STATE OF TEXAS                    §
                                      §         AFFIDAVIT
COUNTY OF HIDALGO                     §

BEFORE ME, the undersigned Notary Public in and for the State
of Texas, on this day personally appeared John Skaggs known to me
to be the person whose name is subscribed hereto, who being first
duly sworn in the manner provided by law, on oath, stated as
follows:

1.  My name is John Skaggs.  I am over the age of 18 years,
have personal knowledge of, and am competent and authorized to make
this affidavit.

2.   I have read the above and foregoing document and the
factual allegations contained therein are true and correct.

3.   I have reviewed the copies of all exhibits attached to or
annexed to the above and foregoing Motion, and I affirmatively
assert that such copies are true and accurate duplicates of the
documents from which they were copied.  I personally supervised the
copying of such documents and personally reviewed and compared the
copies to the "originals".

4.  I have been licensed to practice law in the State of Texas
for 20 years.  I am familiar with the reasonable cost of necessary
services for attorney's professional time in cases of this type.
the actual time to be expended in connection with the anticipated
deposition of Ivonne Soto Vega in California (exclusive of
preparation and attendance time which would be incurred regardless
of the location of the deposition) would total 16 hours at a
reasonable hourly rate of $200.00 per hour; resulting in a
reasonable and necessary fee of $3,200.00.  The fee charged to the



client would consist of travel time round trip, long distance arrangements for out of state transcription and support services and related matters.

_____
John Skaggs

SWORN TO AND SUBSCRIBED before me, the undersigned authority by the said John Skaggs, on this the _17th_ day of August, 2001, to certify which witness my hand and seal of office.

CHERYL OYAMA
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-26-2005

_____
Notary Public in and for
the State of Texas