90

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 1 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C., | § | |
| Plaintiff(s), | § | |
| v. | § | CIVIL ACTION NO. B-98-23 |
| IVONNE SOTO VEGA, ET AL, | § | |
| Defendant(s). | § | |

## ORDER

BE IT REMEMBERED that on January 11, 2002, the Court considered Third-Party Defendant Craig Elkins' Motion to Dismiss Party (Craig Elkins) [Dkt. No. 69] and Third-Party Plaintiff Ivonne Soto Vega's Response [Dkt. No. 70]. For the following reasons, Third-Party Defendant Craig Elkins' Motion to Dismiss Party (Craig Elkins) [Dkt. No. 69] is **DENIED**.

First, Elkins claims that Vega's complaint is defective as it was stricken [see Dkt. No. 60]. This claim fails as Vega resubmitted Third Party Complaint and the Court later granted the Motion to Bring in Third Party Defendant [see Dkt. Nos. 64, 66 and 67].

Next, Elkins argues that the claims are barred by the statute of limitations. This is incorrect [see Dkt. No. 69 at ¶ 4A]. Although the statute of limitations is four years in Texas,[1] Vega claims that she did not discover the fraud until fall of 1997. Because the discovery rule applies in cases of fraud, the statute of limitations did not begin to run until fall, 2001. See Little v. Smith, 943 S.W.2d 414, 420 (Tex.1997); Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex. 1970). Further, Vega's other claims against Elkins are timely based upon the savings provision. See Tex. Civ. Prac. & Rem. Code Ann. § 16.064. (West Supp. 2000).

Finally, Elkins claims that he cannot be sued as there is no basis to hold him individually liable [see Dkt. No. 69 at ¶ 4b]. This is also incorrect. Elkins was sued for

---

[1] See Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (a) (4) (West Supp. 2000).

negligence, conversion, fraud, and violating the Texas Deceptive Trade Practices Act [see Dkt. No. 66 at ¶ 3]. Although acting as a corporate agent, he may still be liable for his own torts if it is established that he had an independent duty of care. See <u>Leitch v. Hornsby</u>, 935 S.W.2d 114, 117 (Tex. 1996); <u>Commercial Escron Co. v. Rockport Rebel, Inc.</u>, 778 S.W.2d 532, 541 (Tex. App. 1989) (writ denied).

It is therefore **ORDERED** that Third-Party Defendant Craig Elkins' Motion to Dismiss Party (Craig Elkins) [Dkt. No. 69] is **DENIED**.

DONE at Brownsville, Texas, this 11th day of January 2002.

_____
Hilda G. Tagle
United States District Judge