IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR -<br>BROWNSVILLE, L.C. AND<br>SOUTHWEST GRAIN CO., INC.<br><br>VS.<br><br>IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, SYSCO DE BAJA,<br>S.A. DE C.V. AND WALTER<br>PUFFELIS, INDIVIDUALLY AND<br>D/B/A AGI AKRON GROUP, INC.<br><br>VS.<br><br>CRAIG ELKINS, INDIVIDUALLY<br>AND D/B/A PORT ELEVATOR-<br>BROWNSVILLE, L.C., AND<br>SOUTHWEST GRAIN CO. , INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. B-98-23<br><br>JURY DEMANDED |

## IVONNE SOTO VEGA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND FIRST AMENDED COUNTERCLAIM

TO THE UNITED STATES DISTRICT COURT:

**NOW COMES, IVONNE SOTO VEGA**, Defendant, Counter-Plaintiff and Third-Party Plaintiff, and files this her Motion for Leave to File First Amended Answer and First Amended Counterclaim and in support thereof would show as follows:

I.

On or about January 22, 2001, **IVONNE SOTO VEGA** filed her Original Answer and Counterclaim. See **Exhibit "A"**, Original Answer and Counterclaim. On July 8 and 9, 2001, the undersigned counsel for **MS. VEGA** met with her in San Diego, California while present in California to attend the deposition of **BERSAIN GUTIERREZ** who did

not appear for the deposition.  During the undersigned counsel's conferences with **MS. VEGA, MS. VEGA** apprized the undersigned counsel that certain allegations made in her pleadings were incorrect.  Specifically, there were allegations in her pleadings that she had instructed **MR. GUTIERREZ** to travel to Brownsville to go receive the transfer of her corn to **PORT ELEVATOR** for storage. **MS. VEGA** advised that the correct allegations were that **MR. GUTIERREZ** traveled to Brownsville not at her request, but most likely at the behest of **WALTER PUFFELIS** of **AGI AKRON GROUP, INC. MR. PUFFELIS** was the broker for **AGI AKRON GROUP, INC.** that sold the corn to **MS. VEGA.**  He was present in Brownsville to see that the corn was delivered.  **MS. VEGA** requests leave to amend her Original Answer and Counterclaim to correct the allegations contained therein.

## II.

Ms. Vega seeks leave to add a declaratory judgment claim and a negligence per se claim.

## III.

A true and correct copy of **MS. VEGA'S** First Amended Answer and First Amended Counterclaim is attached hereto as **Exhibit "B"** and incorporated herein and for all purposes.

## IV.

Leave of court to amend a party's pleading shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  **MS. VEGA**

requests leave to amend to correct a mistake and add other claims which are supported by the evidence.

**V.**

For the above reasons, **IVONNE SOTO VEGA** respectfully requests that this honorable court grant her Leave to File her First Amended Answer and First Amended Counterclaim and grant such other and further relief which this party may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

*Roy S. Dale by Bill Mount*
*with permission*

ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

ATTORNEYS FOR DEFENDANT, COUNTER-PLAINTIFF AND THIRD-PARTY PLAINTIFF IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 3rd day of April, 2002.

WILLIAM D. MOUNT, JR.

## CERTIFICATE OF CONFERENCE

Movant has conferred with Respondents, through their counsel, and counsel cannot agree about the disposition of the motion.

WILLIAM D. MOUNT, JR.

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

PORT ELEVATOR -              §
BROWNSVILLE, L.C. AND        §
SOUTHWEST GRAIN CO., INC.    §
                             §
VS.                          §        CIVIL NO. B-98-23
                             §
IVONNE SOTO VEGA, BERSAIN    §        JURY DEMANDED
GUTIERREZ, SYSCO DE BAJA,    §
S.A. DE C.V. AND WALTER      §
PUFFELIS, INDIVIDUALLY AND   §
D/B/A AGI AKRON GROUP, INC.  §

**DEFENDANT IVONNE SOTO VEGA'S ORIGINAL ANSWER AND COUNTERCLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

1.    **IVONNE SOTO VEGA**, Defendant and Counter-Plaintiff herein files
this her Original Answer to Plaintiffs PORT ELEVATOR-BROWNSVILLE,
L.C. (PORT ELEVATOR) and SOUTHWEST GRAIN CO., INC.'S (SOUTHWEST
GRAIN) Second Amended Complaint and her Counterclaim against PORT
ELEVATOR and SOUTHWEST GRAIN.

**A.    MS. VEGA'S ANSWER**

2.    In response to paragraph 1 of Plaintiffs' Second Amended
Complaint, Defendant admits.

3.    In response to paragraph 2 of Plaintiffs' Second Amended
Complaint, Defendant is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in
said paragraph, and on that basis denies each and every allegation
contained therein.

4.    Defendant denies that she has been properly served, but admits

H:\p\99-3843\pleading\Orig Ans & Counterclaim



Page 1

that her address has been correctly stated. As to the other allegations in paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph, and on that basis denies each and every allegation contained therein not expressly admitted.

5. In answer to paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

6. In answer to paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

7. In answer to paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

8. In response to paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

9. In response to paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

10. In response to paragraph 9 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

11. In response to paragraph 10 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

12. In response to paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

13. In response to paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

14. In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

15. In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs are seeking relief pursuant to 28 U.S.C. § 22.01, but otherwise denies.

16. In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

17. In response to paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in State District Court in Hidalgo County, Texas against the Plaintiffs in this case and that the lawsuit has been partially abated at this time upon further order of the State District Court. Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

18.    In response to paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein. Defendant's copy of Plaintiffs' Second Complaint does not contain documents attached.

19.    In response to paragraph 18 of Plaintiffs' Second Complaint, Defendant admits that **PORT ELEVATOR** is apparently seeking a declaration pursuant to the purported contract and is seeking a determination of relative liabilities.    Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

20.    In response to paragraph 19 of Plaintiffs' Second Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation

contained therein.

23. In response to paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

24. In response to paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in the 92nd District Court of Hidalgo County, Texas bearing Cause No. C-2969-99-A. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

25. In response to paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant denies that she breached the contract allegedly entered into with Plaintiff in October, 1996 and further denies that Plaintiffs have suffered damages. For further answer, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 24, and on that basis denies the other allegations contained therein.

26. In response to paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

28. In response to paragraph 27 of Plaintiffs' Second Amended

Complaint, Defendant denies each and every allegation contained therein.

29.  In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant admits that a jury has been demanded.

### B.  AFFIRMATIVE DEFENSES AND SPECIAL DENIALS

30.  Defendant would show that there are no other parties claiming an interest in the corn and funds at issue.  As such, interpleader relief is not appropriate.

31.  Plaintiffs seek declaratory relief to construe a written contract under 28 U.S.C. § 22.01.  Defendant specially denies that she entered into any written contract with Plaintiffs on the terms and conditions asserted by Plaintiffs.  As such, Plaintiffs' declaratory relief claim must fail.

32.  Plaintiffs contend that Defendant breached a written contract which she allegedly entered into with Plaintiffs.  Defendant specially denies that she entered into any written contract with Plaintiffs.  As such, Plaintiffs' breach of contract claim against Defendant must fail.

33.  As an affirmative defense, Defendant alleges that the contract alleged in Plaintiffs' Second Amended Complaint is unenforceable against Defendant due to fraud on Plaintiff's part.

34.  Defendant asserts the affirmative defense of offset or set off.

35.  Defendant asserts the affirmative defense of payment.

36.   Defendant asserts the affirmative defense of waiver.

37.   Defendant asserts the affirmative defense of statute of frauds.

38.   Defendant asserts that Plaintiffs have failed to mitigate their damages.

39.   Defendant asserts that any claim by Plaintiffs for attorneys fees is unnecessary and the purported fees are unreasonable.

### C.  COUNTERCLAIM

40.   Counter-Plaintiff IVONNE SOTO VEGA sues Counter-Defendants PORT ELEVATOR and SOUTHWEST GRAIN.  Service of this Counterclaim may be effectuated by forwarding a copy of the Counterclaim to the attorney for Counter-Defendants in this lawsuit, John Skaggs, at P.O. Drawer 2285, McAllen, Texas 78502-2285.  PORT ELEVATOR was the original Plaintiff in this lawsuit.  SOUTHWEST GRAIN CO., INC. appeared as a Plaintiff for the first time in Plaintiffs' Second Amended Complaint.

41.   Counter-Plaintiff initially brought her claims against Counter-Defendants on or about May 26, 1999 in state court when she initiated her lawsuit against Counter-Defendants in Cause No. C-2969-99-A, in the 92nd Judicial District Court of Hidalgo County, Texas, styled, Ivonne Soto Vega v. Port Elevator-Brownsville, L.C., et al.  These claims are still pending.

42.   Counter-Plaintiff would assert that PORT ELEVATOR is a Texas limited liability company licensed to do business in the State of

Texas.

43.   Counter-Plaintiff would show that Defendant **SOUTHWEST GRAIN** is a Texas corporation licensed to do business in Texas.

44.   **PORT ELEVATOR** and **SOUTHWEST GRAIN** are jointly responsible for Counter-Plaintiff's losses in that **MR. ELKINS** was jointly working for both **PORT ELEVATOR** and **SOUTHWEST GRAIN** at the times of the incidents made the basis of this lawsuit and **PORT ELEVATOR** and **SOUTHWEST GRAIN** are a joint venture, joint enterprise, alter ego or have other joint business arrangements.

45.   Counter-Plaintiff sues Counter-Defendants for negligence, conversion, fraud, and Texas Deceptive Trade Practices Act violations.

46.   On or about October 21, 1996, Counter-Plaintiff purchased 3,444.434 metric tons of yellow corn from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**   The purchase price was $170.00 per metric ton.

47.   On or about November 13, 1996, Counter-Plaintiff made two more purchases from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**   One purchase was for 688.309 metric tons and the other was for 1,791.566 metric tons.   The price for metric ton again was $170.00.

48.   Pursuant to Counter-Plaintiff's instructions, the yellow corn was transported via rail car to **PORT ELEVATOR**.

49.   **CRAIG ELKINS** accepted the corn at **PORT ELEVATOR** on the occasions when it arrived and approved its release at the times it

was taken out.

50. Counter-Plaintiff instructed **BERSAIN GUTIERREZ** to travel to Brownsville, Texas to oversee the transfer of Counter-Plaintiff's corn to **PORT ELEVATOR** for storage.

51. **MR. GUTIERREZ** does business under the name **SYSCO DE BAJA S.A. DE C.V.**

52. Neither **MR. GUTIERREZ** or **SYSCO DE BAJA S.A. DE C.V.** had any authority from Counter-Plaintiff to sell Counter-Plaintiff's corn or enter into any contracts concerning storage without Counter-Plaintiff's express authority.

53. After the corn's arrival at **PORT ELEVATOR**, **PORT ELEVATOR** released about 3,400 metric tons of Counter-Plaintiff's yellow corn to third parties without Counter-Plaintiff's permission.

54. At the time **PORT ELEVATOR** released the yellow corn, **PORT ELEVATOR** was aware that the owner of the commodity was Counter-Plaintiff.

55. Counter-Plaintiff found a buyer for her approximately 5,000 metric tons of corn in 1997.

56. In about September 1997, Counter-Plaintiff notified **PORT ELEVATOR** she had a buyer and gave the elevator company authority to release the corn. The elevator company refused to do so.

57. To this day, **PORT ELEVATOR** has refused to give Counter-Plaintiff her corn.

58. **PORT ELEVATOR-BROWNSVILLE, L.C.** later sold what remained of

Counter-Plaintiff's yellow corn without her permission.

## Conversion

59.  Counter-Plaintiff would show that she was the sole owner of the yellow corn which was stored at **PORT ELEVATOR.**  She had the right of possession of this property.

60.  **PORT ELEVATOR** unlawfully and/or without authority assumed dominion and control over Counter-Plaintiff's property to the exclusion of Counter-Plaintiff's right in this property.  Counter-Plaintiff would show that **PORT ELEVATOR** turned over Counter-Plaintiff's property to one or more third parties to the exclusion of Counter-Plaintiff's rights in the property and without her permission.

61.  Counter-Plaintiff would show that she left her corn in **PORT ELEVATOR'S** possession for the purpose of storing the commodity until the property was to be sold.

62.  Counter-Plaintiff would show that **PORT ELEVATOR'S** conduct was unlawful in that it turned over Counter-Plaintiff's corn to one or more third parties without her permission.  She would further show that **PORT ELEVATOR'S** possession was unlawful when the elevator company refused to return Counter-Plaintiff's corn when she requested that said corn be returned at a time when she had a buyer for the corn.

63.  Counter-Plaintiff sues for the fair market value of the corn at the times and places of the conversion.  Counter-Plaintiff is

also entitled to interest on the sum of the value of the property converted from the dates of conversion, at the prejudgment rate of interest.

64. Counter-Plaintiff would further show that **PORT ELEVATOR'S** conversion of the property was fraudulent and/or malicious in that the elevator company knew the property belonged to Counter-Plaintiff, but deliberately released the property to one or more third parties and later refused upon request by Counter-Plaintiff to release the property to Counter-Plaintiff for sale to a third party.   Counter-Plaintiff would show that **PORT ELEVATOR** specifically intended to cause substantial injury to Counter-Plaintiff and accordingly Counter-Plaintiff asks that exemplary damages be awarded against **PORT ELEVATOR-BROWNSVILLE**, L.C.

### NEGLIGENCE

65. **PORT ELEVATOR** breached the duty owed to Counter-Plaintiff to store her yellow corn, safeguard it, and not release the property without her express permission.  **PORT ELEVATOR-BROWNSVILLE**, L.C. breached the duties owed to Counter-Plaintiff by negligently releasing Counter-Plaintiff's property to one or more third parties and by later refusing to release Counter-Plaintiff's property to her upon request, proximately causing damages.

66. Counter-Plaintiff contends that **PORT ELEVATOR** was grossly negligent and requests exemplary damages.

**FRAUD**

67.    **PORT ELEVATOR** represents to its clients that commodities stored in its elevator will not be released without the express authority of the client.

68.    The elevator company's representation to Counter-Plaintiff that her corn would not be released without her permission was a false representation.

69.    The elevator company intended Plaintiff to rely and act upon the representation and store her corn in the facility based upon the representation.

70.    Counter-Plaintiff would show that **PORT ELEVATOR** acted contrary to its representation by releasing her corn to one or more third parties without her permission and by selling her corn to one or more third parties without her permission.

71.    Counter-Plaintiff acted in reliance upon the elevator company's representation and Counter-Plaintiff was injured as a result thereof.  Counter-Plaintiffs hereby sues for her injury and requests that damages be awarded.  She further requests an award of exemplary damages.

**TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS**

72.    Counter-Plaintiff sues **PORT ELEVATOR** for violations of the Texas Deceptive Trade Practices Act and requests damages, costs, and attorney's fees.

73.    Counter-Plaintiff would show that **PORT ELEVATOR** has committed

one or more deceptive trade practices as outlined at Section 14.46 of the Texas Business & Commerce Code.

74. Counter-Plaintiff would show that pursuant to Section 17.50 of the Texas Business & Commerce Code, Counter-Plaintiff is entitled to relief due to unconscionable action or a course of action by **PORT ELEVATOR** or by the elevator company's violation of one or more provisions of Section 17.46 of the Texas Business & Commerce Code which was relied on by Counter-Plaintiff to Counter-Plaintiff's detriment.

75. Counter-Plaintiff requests damages, court costs and reasonable and necessary attorney's fees as provided by Section 17.50 of the Texas Business & Commerce Code.

**WHEREFORE, PREMISES CONSIDERED,** Defendant IVONNE SOTO VEGA respectfully requests that all relief prayed for in Plaintiffs' Second Amended Complaint be denied, and that she be awarded her taxable court costs and as to **MS. VEGA'S** Counterclaim that MS. **VEGA,** as Counter-Plaintiff, be awarded judgment against Counter-Defendants **PORT ELEVATOR** and **SOUTHWEST GRAIN** for a sum within the jurisdictional limits of the court, pre and post-judgment interest as provided by law, an award of exemplary damages against Counter-Defendants in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Counter-Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


*Roy Dale by Bill Mount*
*with permission*

ROY S. DALE
State Bar No. 05326700
WILLIAM D. MOUNT, JR.
State Bar No. 14602950

ATTORNEYS FOR DEFENDANT/COUNTER-
PLAINTIFF IVONNE SOTO VEGA


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

VIA CERTIFIED MAIL/RRR on this the 22nd day of January, 2001.


WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR -<br>BROWNSVILLE, L.C. AND<br>SOUTHWEST GRAIN CO., INC. | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, SYSCO DE BAJA,<br>S.A. DE C.V. AND WALTER<br>PUFFELIS, INDIVIDUALLY AND<br>D/B/A AGI AKRON GROUP, INC. | §<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |
| VS. | §<br>§ | |
| CRAIG ELKINS, INDIVIDUALLY<br>AND D/B/A PORT ELEVATOR-<br>BROWNSVILLE, L.C., AND<br>SOUTHWEST GRAIN CO. , INC. | §<br>§<br>§<br>§ | |

### DEFENDANT IVONNE SOTO VEGA'S FIRST AMENDED ANSWER AND FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

1. **IVONNE SOTO VEGA,** Defendant, Counter-Plaintiff and Third Party Plaintiff herein files this her First Amended Answer to Plaintiffs **PORT ELEVATOR-BROWNSVILLE, L.C. (PORT ELEVATOR)** and **SOUTHWEST GRAIN CO., INC.'S (SOUTHWEST GRAIN)** Second Amended Complaint and her First Amended Counterclaim against **PORT ELEVATOR** and **SOUTHWEST GRAIN.**

### A. MS. VEGA'S ANSWER

2. In response to paragraph 1 of Plaintiffs' Second Amended Complaint, Defendant admits.

3. In response to paragraph 2 of Plaintiffs' Second Amended



Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.    Defendant denies that she has been properly served, but admits that her address has been correctly stated.    As to the other allegations in paragraph 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph, and on that basis denies each and every allegation contained therein not expressly admitted.

5.    In answer to paragraph 4 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

6.    In answer to paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

7.    In answer to paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

8.    In response to paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

9.    In response to paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

10.  In response to paragraph 9 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

11.  In response to paragraph 10 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

12.  In response to paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

13.  In response to paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

14.  In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

15.  In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Defendant admits that Plaintiffs are seeking relief pursuant to 28 U.S.C. § 22.01, but otherwise denies.

16.  In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

17.   In response to paragraph 16 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in State District Court in Hidalgo County, Texas against the Plaintiffs in this case and that the lawsuit has been partially abated at this

time upon further order of the State District Court.  Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

18.    In response to paragraph 17 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.  Defendant's copy of Plaintiffs' Second Complaint does not contain documents attached.

19.    In response to paragraph 18 of Plaintiffs' Second Complaint, Defendant admits that **PORT ELEVATOR** is apparently seeking a declaration pursuant to the purported contract and is seeking a determination of relative liabilities.  Except as so admitted, Defendant denies each and every allegation contained in the said paragraph.

20.    In response to paragraph 19 of Plaintiffs' Second Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In response to paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

24. In response to paragraph 23 of Plaintiffs' Second Amended Complaint, Defendant admits that she filed a lawsuit in the 92nd District Court of Hidalgo County, Texas bearing Cause No. C-2969-99-A. Except as so admitted, Defendant denies each and every allegation contained in said paragraph.

25. In response to paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant denies that she breached the contract allegedly entered into with Plaintiff in October, 1996 and further denies that Plaintiffs have suffered damages. For further answer, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 24, and on that basis denies the other allegations contained therein.

26. In response to paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

27. In response to paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

28.  In response to paragraph 27 of Plaintiffs' Second Amended Complaint, Defendant denies each and every allegation contained therein.

29.  In response to paragraph 28 of Plaintiffs' Second Amended Complaint, Defendant admits that a jury has been demanded.

### B.  AFFIRMATIVE DEFENSES AND SPECIAL DENIALS

30.  Defendant would show that there are no other parties claiming an interest in the corn and funds at issue.  As such, interpleader relief is not appropriate.

31.  Plaintiffs seek declaratory relief to construe a written contract under 28 U.S.C. § 22.01.  Defendant specially denies that she entered into any written contract with Plaintiffs on the terms and conditions asserted by Plaintiffs.  As such, Plaintiffs' declaratory relief claim must fail.

32.  Plaintiffs contend that Defendant breached a written contract which she allegedly entered into with Plaintiffs.  Defendant specially denies that she entered into any written contract with Plaintiffs. As such, Plaintiffs' breach of contract claim against Defendant must fail.

33. As an affirmative defense, Defendant alleges that the contract alleged in Plaintiffs' Second Amended Complaint is unenforceable against Defendant due to fraud on Plaintiff's part.

34.  Defendant asserts the affirmative defense of offset or set off.

35.  Defendant asserts the affirmative defense of payment.

36.   Defendant asserts the affirmative defense of waiver.

37.   Defendant asserts the affirmative defense of statute of frauds.

38.   Defendant asserts that Plaintiffs have failed to mitigate their damages.

39.   Defendant asserts that any claim by Plaintiffs for attorneys fees is unnecessary and the purported fees are unreasonable.

### C.   AMENDED COUNTERCLAIM

40.   Counter-Plaintiff **IVONNE SOTO VEGA** sues Counter-Defendants **PORT ELEVATOR** and **SOUTHWEST GRAIN**.   Service of this Amended Counterclaim may be effectuated by forwarding a copy of the Amended Counterclaim to the attorney for Counter-Defendants in this lawsuit, John Skaggs, at P.O. Drawer 2285, McAllen, Texas 78502-2285.  **PORT ELEVATOR** was the original Plaintiff in this lawsuit. **SOUTHWEST GRAIN CO., INC.** appeared as a Plaintiff for the first time in Plaintiffs' Second Amended Complaint.

41.  Counter-Plaintiff initially brought her claims against Counter-Defendants on or about May 26, 1999 in state court when she initiated her lawsuit against Counter-Defendants in Cause No. C-2969-99-A, in the 92nd Judicial District Court of Hidalgo County, Texas, styled, Ivonne Soto Vega v. Port Elevator-Brownsville, L.C., et al. These claims are still pending.

42.  Counter-Plaintiff would assert that **PORT ELEVATOR** is a Texas limited liability company licensed to do business in the State of

Texas.

43.  Counter-Plaintiff would show that Defendant **SOUTHWEST GRAIN** is a Texas corporation licensed to do business in Texas.

44.  **PORT ELEVATOR** and **SOUTHWEST GRAIN** are jointly responsible for Counter-Plaintiff's losses in that **MR. ELKINS** was jointly working for both **PORT ELEVATOR** and **SOUTHWEST GRAIN** at the times of the incidents made the basis of this lawsuit and **PORT ELEVATOR** and **SOUTHWEST GRAIN** are a joint venture, joint enterprise, alter ego or have other joint business arrangements.  The assertions and claims made below apply to **SOUTHWEST GRAIN** too even though only **PORT ELEVATOR** is identified.

45.  Counter-Plaintiff sues Counter-Defendants for negligence, negligence per se, conversion, fraud, and Texas Deceptive Trade Practices Act violations.  Counter-Plaintiff also sues for a declaratory judgment.

46.  On or about October 21, 1996, Counter-Plaintiff purchased 2,444.434 metric tons of yellow corn from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**  The purchase price was $170.00 per metric ton.

47.  On or about November 12, 1996, Counter-Plaintiff made two more purchases from **WALTER PUFFELIS, III** and **AGI/AKRON GROUP, INC.**  One purchase was for 688.309 metric tons and the other was for 1,791.566 metric tons.  The price for metric ton again was $170.00.

48.  Pursuant to Counter-Plaintiff's instructions, the yellow corn

was transported via rail car to **PORT ELEVATOR**.

49. **CRAIG ELKINS** accepted the corn at **PORT ELEVATOR** on the occasions when it arrived and approved its release at the times it was taken out.

50. Upon information and belief, **BERSAIN GUTIERREZ** was present at **PORT ELEVATOR** when the first shipment arrived.

51. Upon information and belief, **MR. GUTIERREZ** does business under the name **SYSCO DE BAJA S.A. DE C.V.**

52. Neither **MR. GUTIERREZ** or **SYSCO DE BAJA S.A. DE C.V.** had any authority from Counter-Plaintiff to sell Counter-Plaintiff's corn or enter into any contracts concerning storage without Counter-Plaintiff's express authority.

53. After the corn's arrival at **PORT ELEVATOR**, **PORT ELEVATOR** released about 3,400 metric tons of Counter-Plaintiff's yellow corn to third parties without Counter-Plaintiff's permission.

54. At the time **PORT ELEVATOR** released the yellow corn, **PORT ELEVATOR** was aware or should have been aware that the owner of the commodity was Counter-Plaintiff.

55. Counter-Plaintiff found a buyer for her approximately 5,000 metric tons of corn in 1997.

56. In about September 1997, Counter-Plaintiff notified **PORT ELEVATOR** that she had a buyer and gave the elevator company authority to release the corn. The elevator company refused to do so.

57.  To this day, **PORT ELEVATOR** has refused to give Counter-Plaintiff her corn.

58.  **PORT ELEVATOR** later sold what remained of Counter-Plaintiff's yellow corn without her permission for less than she would have received from her buyer.

### Conversion

59.  Counter-Plaintiff would show that she was the sole owner of the yellow corn which was stored at **PORT ELEVATOR**.  She had the right of possession of this property.

60.  **PORT ELEVATOR** unlawfully and/or without authority assumed dominion and control over Counter-Plaintiff's property .to the exclusion of Counter-Plaintiff's right in this property.  Counter-Plaintiff would show that **PORT ELEVATOR** turned over Counter-Plaintiff's property to one or more third parties to the exclusion of Counter-Plaintiff's rights in the property and without her permission.

61.  Counter-Plaintiff would show that she left her corn in **PORT ELEVATOR'S** possession for the purpose of storing the commodity until the property was to be sold.

62.  Counter-Plaintiff would show that **PORT ELEVATOR'S** conduct was unlawful in that it turned over Counter-Plaintiff's corn to one or more third parties without her permission.  She would further show that **PORT ELEVATOR'S** possession was unlawful when the elevator company refused to return Counter-Plaintiff's corn when she

requested that said corn be returned at a time when she had a buyer for the corn.

63. Counter-Plaintiff sues for the fair market value of the corn at the times and places of the conversion. Counter-Plaintiff is also entitled to interest on the sum of the value of the property converted from the dates of conversion, at the prejudgment rate of interest.

64. Counter-Plaintiff would further show that **PORT ELEVATOR'S** conversion of the property was fraudulent and/or malicious in that the elevator company knew the property belonged to Counter-Plaintiff, but deliberately released the property to one or more third parties and later refused upon request by Counter-Plaintiff to release the property to Counter-Plaintiff for sale to a third party. Counter-Plaintiff would show that **PORT ELEVATOR** specifically intended to cause substantial injury to Counter-Plaintiff and accordingly Counter-Plaintiff asks that exemplary damages be awarded against **PORT ELEVATOR**.

### NEGLIGENCE

65. **PORT ELEVATOR** breached the duty owed to Counter-Plaintiff to store her yellow corn, safeguard it, and not release the property without her express permission. **PORT ELEVATOR** breached the duties owed to Counter-Plaintiff by negligently releasing Counter-Plaintiff's property to one or more third parties and by later refusing to release Counter-Plaintiff's property to her upon

request, proximately causing damages.

66. Counter-Plaintiff contends that **PORT ELEVATOR** was grossly negligent and requests exemplary damages.

## FRAUD

67. **PORT ELEVATOR** represents to its clients that commodities stored in its elevator will not be released without the express authority of the client.

68. The elevator company's representation to Counter-Plaintiff that her corn would not be released without her permission was a false representation.

69. The elevator company intended Plaintiff to rely and act upon the representation and store her corn in the facility based upon the representation.

70. Counter-Plaintiff would show that **PORT ELEVATOR** acted contrary to its representation by releasing her corn to one or more third parties without her permission and by selling her corn to one or more third parties without her permission.

71. Counter-Plaintiff acted in reliance upon the elevator company's representation and Counter-Plaintiff was injured as a result thereof. Counter-Plaintiffs hereby sues for her injury and requests that damages be awarded. She further requests an award of exemplary damages.

## TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

72.    Counter-Plaintiff sues **PORT ELEVATOR** for violations of the Texas Deceptive Trade Practices Act and requests damages, costs, and attorney's fees.

73.    Counter-Plaintiff would show that **PORT ELEVATOR** has committed one or more deceptive trade practices as outlined at Section 14.46 of the Texas Business & Commerce Code.

74. Counter-Plaintiff would show that pursuant to Section 17.50 of the Texas Business & Commerce Code, Counter-Plaintiff is entitled to relief due to unconscionable action or a course of action by **PORT ELEVATOR** or by the elevator company's violation of one or more provisions of Section 17.46 of the Texas Business & Commerce Code which was relied on by Counter-Plaintiff to Counter-Plaintiff's detriment.

75. Counter-Plaintiff requests damages, court costs and reasonable and necessary attorney's fees as provided by Section 17.50 of the Texas Business & Commerce Code.

## NEGLIGENCE PER SE

76. Section 14.010(c) of the Texas Agriculture Code states that a warehouse is liable for damages for loss of or injury to a commodity caused by the warehouseman's failure to exercise the care that a reasonably prudent person would exercise in regard to the commodity under similar circumstances.

77. **MS. VEGA** contends that **PORT ELEVATOR** breached the above-

mentioned statutory provision and is liable for damages. **MS. VEGA** sues for these damages.

## DECLARATORY JUDGMENT
**(Chapter 37 of Tex.Civ.Prac. & Rem. Code & 28 U.S.C.§ 2201)**

78. Ms. Vega requests a declaration that she is the sole owner of 4,924 metric tons of corn stored at **PORT ELEVATOR** beginning in October/November 1996. Ms. Vega requests costs and reasonable and necessary attorneys' fees.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **IVONNE SOTO VEGA** respectfully requests that all relief prayed for in Plaintiffs' Second Amended Complaint be denied, and that she be awarded her taxable court costs and as to **MS. VEGA'S** Amended Counterclaim that **MS. VEGA,** as Counter-Plaintiff, be awarded judgment against Counter-Defendants **PORT ELEVATOR** and **SOUTHWEST GRAIN** for a sum within the jurisdictional limits of the court, pre and post-judgment interest as provided by law, an award of exemplary damages against Counter-Defendants in a sum determined by the trier of fact, attorney's fees, costs of court and such other and further relief which Counter-Plaintiff may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

ROY S. DALE
State Bar No. 05326700
Federal Bar No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal Bar No. 14992
ATTORNEYS FOR DEFENDANT, COUNTER-
PLAINTIFF AND THIRD PARTY PLAINTIFF
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

VIA CERTIFIED MAIL/RRR on this the 3rd day of April, 2002.

WILLIAM D. MOUNT, JR.