United States District Court
Southern District
FILED

JUN 0 3 2002

Michael N. ___
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

### IVONNE SOTO VEGA'S SUPPLEMENTAL AMENDED RESPONSE TO PORT ELEVATOR-BROWNSVILLE, L.C., SOUTHWEST GRAIN CO., INC. AND CRAIG ELKINS' MOTIONS FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**IVONNE SOTO VEGA**, Defendant, Counter-Plaintiff and Third-Party Plaintiff (hereinafter **"MS. VEGA"**) files this Supplemental Amended Response in Opposition to Motions for Summary Judgment and Default Judgment filed by Plaintiffs and Counter-Defendants, **PORT ELEVATOR-BROWNSVILLE, L.C.** (hereinafter **"PORT ELEVATOR"**) and **SOUTHWEST GRAIN CO., INC.** (hereinafter **"SOUTHWEST GRAIN"**) and Third-Party Defendant **CRAIG ELKINS** and in support thereof would show as follows:

I.

In support of **MS. VEGA'S** opposition to the Motions, she

provides her Declaration dated May 25, 2002. It is attached to this Supplemental Amended Response as Exhibit "21". Attorney William D. Mount, Jr.'s affidavit is attached as Exhibit "22", certifying the Declaration is a true and correct copy of the original. The original Declaration will be filed with the court when received and is incorporated herein by reference for all purposes.

For the reasons stated in this Supplemental Amended Response and in the Amended Response, **IVONNE SOTO VEGA** respectfully requests that this Honorable Court deny **PORT ELEVATOR, SOUTHWEST GRAIN** and **CRAIG ELKINS'** Motions for Summary Judgment and Default Judgment and grant such other and further relief which this party may justly be entitled.

Respectfully submitted,

*Roy S. Dale by Bill Mount with permission*
ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992
DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

ATTORNEYS FOR DEFENDANT, COUNTER-PLAINTIFF AND THIRD-PARTY PLAINTIFF IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 3rd day of June, 2002.

_____
WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § § | |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § | |

### 28 U.S.C § 1746 DECLARATION OF YVONNE SOTO VEGA

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I am the Defendant, Counter-Plaintiff and Third-Party Plaintiff in the above-styled lawsuit. I am presently a party in legal proceedings currently pending in the country of Mexico, D.F. and have been detained in Mexico City by the authorities for the purpose of completing these proceedings since the summer of 2001. It is not known at this time when these proceedings will be completed. Since my detention, I have been unable to effectively communicate with my attorneys in this matter, Roy S. Dale, William D. Mount, Jr. and Guillermo Vega. My communications with them have been limited. My son, Ricardo Gomez, visits periodically and is able to deliver messages back and forth. He has translated this declaration from English to Spanish for me.

The purpose of this affidavit is to let the trial court and all other parties to this lawsuit know that I purchased approximately 4,924 metric tons of corn from AGI Akron Group, Inc. (AGI) in October and November of 1996. My corn was delivered to Port Elevator-Brownsville, L.C. which is located at the Port of Brownsville, near Brownsville, Texas in October and November of 1996.

H:\p\99-3843\pleading\declaration 002        PAGE 1 OF 3



I paid AGI for 4,236 metric tons of corn that was purchased by me on October 25, 1996 and on November 12, 1996 by a letter of credit issued in the amount of $720,120.00. The letter of credit was from my funds only.

On November 13, 1996, I bought an additional quantity of corn from AGI in the amount of 688 metric tons of corn. I gave instructions to AGI to send the corn to Port Elevator-Brownsville, L.C. for storage. My own funds solely were used to pay for this shipment of corn.

I did not have any agreement with Bersain Gutierrez wherein he would participate as an owner of the corn. Mr. Gutierrez had no authority from me to enter into any contract with Port Elevator-Brownsville, L.C., concerning my corn. Mr. Gutierrez had no interest in my corn.

I did not enter into any written contract with Port Elevator-Brownsville, L.C. concerning the approximately 4,924 metric tons of corn that I had shipped to the elevator. I had no agent, employee or representative enter into a written contract with the elevator on my behalf.

Port Elevator-Brownsville, L.C. held itself out as a public warehouse that stores corn and such corn is not to be released without the express consent of the owner. I relied upon these representations to my detriment. Port Elevator-Brownsville, L.C. has released my corn to Bersain Gutierrez and sold my corn at a series of auctions without my permission.

I had a buyer for the corn. His name is Enrique Villarreal. The contract between me and Mr. Villarreal is attached to my Declaration as Exhibit "A". My signature appears on Exhibit "A". I am able to identify Mr. Villarreal's signature. His signature appears on Exhibit "A". Exhibit "A" is the agreement between me and Mr. Villarreal. This document is a business record of mine. The sales price was $150 per metric ton. If the contract could have been completed, I stood to receive approximately $738,600 (4,924 metric tons x $150 per metric ton). The contract could not be completed because Craig Elkins of Port Elevator-Brownsville, L.C. and Southwest Grain Co. would not release the corn to Mr. Villarreal.

I am aware that storage fees were owed on the corn. Through my attorney, Guillermo Vega, Jr., I tendered what Port Elevator-Brownsville, L.C. said was owed. The amount was $19,574.20. A copy of the cashier's check is attached as Exhibit "B". This check is a business record of mine. They refused to accept it. I have

stood ready to pay the storage fees. Port Elevator-Brownsville, L.C. has consistently refused to release my corn.

The money in the registry of the court is from the sale of my corn and I request that the trial court release the money to my attorneys immediately.

Executed on this 25 day of May, 2002.

*Yvonne Soto*
YVONNE SOTO VEGA".

## SALES CONTRACT

**SELLER:** IVONNE SOTO VEGA

**BUYER:** ENRIQUE VILLARREAL

This contract confirms our agreement to sell you the following described goods on the terms and provisions herein set forth:

| | |
|---|---|
| Number of Units: | 5,000 metric tons of corn |
| Ship to: | Owner, Ivonne Soto Vega, will sell the corn to buyer, Enrique Villarreal, in store at the sprout (FOB - the elevator) at the Port of Brownsville, Texas. |
| Ship by: | The owner, Yvonne Soto Vega, will sell to the buyer, Enrique Villarreal, the corn in store at the sprout (FOB - the elevator) at the Port of Brownsville, Texas. The buyer, Enrique Villarreal, will pay the loading fee by cashier check prior to the trucks crossing into Mexico. |
| Delivery Date: | November 1, 1997 |
| Price terms: | To be paid on date of delivery |
| Special terms: | The owner, Ivonne Soto Vega, shall pay the storage fees on or before date of purchase. The buyer, Enrique Villarreal, shall pay the transporting permits which shall include the USDA PHYTO SANITARY CERTIFICATES, loading of trucks permits, cracking of corn permits, grade certificates, aflatoxin certificates, certificates of origin, and shipper - export certificates which shall become the responsibility of the buyer on the date of purchase. |

Accepted on the __03__ day of __NOVEMBER__, 1997.

_____  _____
Seller - Ivonne Soto Vega          Buyer - Enrique Villarreal



*[Image of a cashier's check, rotated 90°]*

Texas Commerce Bank
NATIONAL ASSOCIATION
BROWNSVILLE, TEXAS 78520
Member FDIC

REMITTER

PAY TO THE ORDER OF: IVONNE SOTO VEGA

PORT OF BROWNSVILLE AND SOUTHWEST GRAIN ELEVATOR COMPANY

CASHIER'S CHECK
A 030009760

DATE 11/14/97
$19,574.20
19,574 dols 20cts

82-115
1110

TST/030

A 60 day waiting period and an indemnifying Bond is required to replace this check

AUTHORIZED SIGNATURE

⑈030009760⑈ ⑆111001150⑆ ⑈00101999795⑈

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

## AFFIDAVIT OF WILLIAM D. MOUNT, JR.

STATE OF TEXAS
COUNTY OF HIDALGO

**BEFORE ME**, the undersigned Notary Public, personally appeared **WILLIAM D. MOUNT, JR.**, who being by me duly sworn did depose and state the following:

"My name is **WILLIAM D. MOUNT, JR.** I am over the age of eighteen years, have never been convicted of a felony or a misdemeanor involving moral turpitude and I am competent to make this Affidavit and make this Affidavit upon personal knowledge. Everything herein is true and correct.

"I am one of two attorneys who represent Ivonne Soto Vega in the above-referenced action. Roy S. Dale is the lead lawyer.

"Ivonne Soto Vega's Declaration dated May 25, 2002 attached as Exhibit '21' to Ms. Vega's Supplemental Amended Response is a true



and correct copy of the original. Ricardo Gomez, Ms. Vega's son, had his mother execute the Declaration on May 25, 2002. He then sent a copy of the Declaration to me by facsimile. The original will be filed with the court once I receive it by mail or overnight delivery.

"FURTHER AFFIANT SAYETH NOT."

_____
WILLIAM D. MOUNT, JR.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 31st day of May, 2002, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

My commission expires: 11/1/2003

[Notary Seal: OLIVIA LONGORIA, MY COMMISSION EXPIRES November 1, 2003]