*109*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § § | |

IVONNE SOTO VEGA'S SUPPLEMENTAL MOTION FOR NEW TRIAL

TO THE UNITED STATES DISTRICT COURT:

IVONNE SOTO VEGA, Defendant, Counter-Plaintiff and Third-Party Plaintiff (hereinafter **"MS. VEGA"**), files this her Supplemental Motion for New Trial and in support thereof would show as follows:

I.

MS. VEGA files this Supplemental Motion for New Trial to point out additional errors in the trial court's July 30, 2002 Judgment. **MS. VEGA** requests the Judgment be set aside and a new trial be granted.

II.

The trial court held that **PORT ELEVATOR, CRAIG ELKINS,** and

H:\p\99-3843\motions\Supp Mtn for New Trial                    Page 1

SOUTHWEST GRAIN have judgement against SYSCO DE BAJA, S.A. DE C.V., BERSAIN GUTIERREZ and YVONNE SOTO VEGA for attorney's fees. Judgment at p. 11. This finding makes the three earlier-mentioned parties jointly and severely liable for attorney's fees. The trial court erred in not segregating the attorney's fees award. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991). Fees should be broken down and allocated to each Defendant. The trial court erred in not segregating attorneys fees among Defendants. As an example, MS. VEGA would not be liable for the work done by PORT ELEVATOR for its research regarding possible claims against MR. GUTIERREZ and for service of MR. GUTIERREZ. Further, MS. VEGA would not be liable for PORT ELEVATOR'S work done to obtain a default against MR. GUTIERREZ. Because the trial court did not segregate the fee award, MS. VEGA requests a new trial.

### III.

Even if there had been a segregation of attorney's fees, the trial court erred in awarding fees because the determination of reasonable attorney's fees is a question for the trier of fact. See Stewart Title Guar. Co., 822 S.W.2d at p. 12, citing Gonzalez v. Nielson, 770 S.W.2d 99, 102 (Tex. App. -- Corpus Christi 1989, writ denied); Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998)(the reasonableness of attorney's fees, the recovery of which is authorized by ...statute, is a question of fact for the jury's determination). Assuming that the trial court's rulings on

liability, economic damages and entitlement to fees are correct which **MS. VEGA** expressly denies, the trial court would have been required to hold a jury trial on the attorney's fees issue (amount, reasonableness and necessity) given the issue was contested by **MS. VEGA**.

### IV.

The trial court erred in determining that **PORT ELEVATOR'S** economic damages for breach of contract were in the total amount of $81,438.04.  Judgement at p. 11.  The only evidence presented on this issue was the conclusory affidavit of **PORT ELEVATOR'S** manager, **CRAIG ELKINS**, who said the **ELEVATOR'S** damages were $81,438.04.  The **ELEVATOR** did not produce an invoice or statement itemizing charges, let alone any document showing how the damage figure was calculated.  The figure from the interested witness is conclusory and should have not been accepted as fact without documentation or verification.  Further, **MR. ELKINS** represented to **MS. VEGA'S** Brownsville counsel, Guillermo Vega, Jr., through an invoice dated November 13, 1997, that storage fees were $19,574.20.  See Exhibit "15" to **CRAIG ELKINS'** deposition.  How then do the damages become over $80,000.00?  When **MR. ELKINS** was asked at his deposition for a figure on damages, he gave a figure of $60,000.00.  See **ELKINS'** deposition at p. 215.  He gave no support for the figure.  Id.  So was the **ELEVATOR'S** alleged damages $19,574.20, $60,000.00 or $81,438.04?  **MS. VEGA** submits that the issue is one for the jury.

This issue was contested by **MS. VEGA** and summary judgment was not proper.

### V.

The trial court erred in entering Judgment against **SYSCO DE BAJA, S.A. DE C.V.** for the reason that **SYSCO DE BAJA, S.A. DE C.V.** was not even served with summons in this case. See **Exhibit "E"** to **PORT ELEVATOR, SOUTHWEST GRAIN** and **CRAIG ELKINS'** Motion for Summary Judgment. The trial court cannot enter Judgment against a party that was not even served with summons. There was no jurisdiction.

### VI.

The document that **MR. GUTIERREZ** was allegedly served with was the Complaint in Interpleader filed with the trial court on February 11, 1998. **MR. GUTIERREZ** was allegedly not served until November 8, 1998 with the document. See **Exhibit "E"** to **PORT ELEVATOR, SOUTHWEST GRAIN** and **CRAIG ELKINS'** Motion for Summary Judgment. The record reflects that **MR. GUTIERREZ** was not served with any subsequent complaints. The Complaint in Interpleader solely requested interpleader relief. There was no cause of action alleged for breach of contract against **MR. GUTIERREZ** or any other party. **PORT ELEVATOR** specifically prayed that the trial court "adjudicate the ownership of the corn, or the value thereof; and if raised by Defendants that the court determine that Plaintiff is without fault in the circumstances related to the contracting, storage and disposal of the corn, and money which is the subject of

this action." The trial court cannot hold **BERSAIN GUTIERREZ** and **SYSCO DE BAJA, S.A. DE C.V.** liable for breach of contract damages in the amount of $81,438.04 for a claim not plead. The Judgment must be vacated.

## VII.

**MS. VEGA** objects to the trial court ordering **PORT ELEVATOR** to submit an affidavit that sufficiently explains costs and fees incurred. Judgment at p. 11. The trial court found that Mr. Skaggs' Affidavit was insufficient and should have denied the request for attorney's fees due to the insufficiency of the affidavit. The trial court by its Order, gives **PORT ELEVATOR** a second bite at the apple for no apparent reason. The trial court erred in not denying **PORT ELEVATOR, SOUTHWEST GRAIN** and **CRAIG ELKINS'** request for fees.

## VIII.

The trial court erred in directing that the clerk of the trial court pay **PORT ELEVATOR** all the funds which are currently in the registry of the court "in partial satisfaction of the Judgment rendered". Judgment at p. 11. **PORT ELEVATOR** admitted in its Second Amended Complaint which was served upon **MS. VEGA'S** counsel on December 21, 2000 that **PORT ELEVATOR** is still holding money from the sale of the commodity. Specifically at paragraph V, **PORT ELEVATOR** states that $76,000.00 has been tendered to the registry

of the trial court and that **PORT ELEVATOR** "is still in possession of cash received from the sale of commodity in excess of said amount". **PORT ELEVATOR'S** own admission is that it is holding proceeds from the sale of the corn that it did not deposit into the registry of the trial court and there must be an accounting of these funds. The trial court's ruling not only allows **PORT ELEVATOR** to keep money from the proceeds of the sale that it is currently holding but also the funds currently on deposit with the registry of the court. Clearly, this is a double recovery, the trial court erred and the order to pay the funds in registry to **PORT ELEVATOR** should be set aside.

## IX.

The trial court erred in discharging **PORT ELEVATOR**, **CRAIG ELKINS** and **SOUTHWEST GRAIN** from further liability or obligation because **MS. VEGA** has shown that she has valid claims as stated in her Motion for New Trial and Supplement. See Judgment at p. 11. The trial court erred in entering a permanent injunction and this finding must be set aside too.

## X.

The trial court erred in finding that **MS. VEGA** was an undisclosed agent because **PORT ELEVATOR**, **SOUTHWEST GRAIN** and **CRAIG ELKINS** failed to plead this theory of liability. See Judgment at p. 6; Second Amended Complaint.

## XI.

The trial court finds that **MR. ELKINS** had "no knowledge" of **MS. VEGA'S** claim to the corn and therefore, the **ELEVATOR** is not liable. In **MR. ELKINS'** affidavit, he claims to not have known about **MS. VEGA**. However, **MS. VEGA** produced as summary judgment evidence a letter from an **AGI** representative who **MR. ELKINS** claimed signed the special rate and service contract that said he sold 4,236 metric tons of the approximate 5,000 metric tons of corn to **MS. VEGA**. See Exhibit "9" to **MS. VEGA'S** Amended Response to Motion for Summary Judgment. This letter certainly calls into question the authenticity of the special rate and service contract and what the **AGI** representative told **MR. ELKINS** about ownership. Further, **MS. VEGA** provided as summary judgment evidence Mr. Villarreal's deposition. See Exhibit "2" to **MS. VEGA'S** Amended Response to Motion for Summary Judgment. He at p. 31, 32 testified that **MR. ELKINS** should have reviewed the invoices and the certificates of origin, weight and phyto sanitary analysis at the times the corn were delivered to the **ELEVATOR**. At p. 32, this expert on the commodity business testified this was the standard practice in the industry for an elevator that was receiving corn. At p. 31, he testified that the corn could not be moved without invoices. The invoices showed **MS. VEGA** owned the corn. Given the evidence presented by **MS. VEGA**, there was certainly a disputed issue as to

what **MR. ELKINS** knew or didn't know about who owned the corn.  The truthfulness of his affidavit is in question.

### XII.

There are a number of cases that say that ignorance will not let a defendant off the hook.  See <u>San Antonio & A.P. Ry. Co. v. Sehorn</u>, 127 S.W.2d 246, 247 (Tex. Civ. App. 1910) ("means of knowledge, with the duty of using them, are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse willful ignorance"); <u>Walker v. Caviness</u>, 256 S.W.2d 880, 883 (Tex. Civ. App.--Texarkana 1953, no writ) ("As a general rule, a factor or commission merchant who receives property from his principal, sells it under the latter's instructions, and pays him the proceeds of the sale is guilty of a conversion if his principal has no title thereto or right to sell the property; and the factor may not escape liability to the true owner for the value of the property by claiming that he acted in good faith and in ignorance of his principal's want of title"); <u>St. Louis Southwestern Ry. Co. of Texas v. Freles</u>, 166 S.W. 91 (Tex. Civ. App.--Austin 1914, writ ref'd) (ignorance of probable danger from an act or omission is not necessarily an excuse).

### XIII.

Also noteworthy is Section 14.010(c) of the Texas Agriculture Code which states that a warehouseman is liable for damages for loss of a commodity caused by the warehouseman's failure to

exercise the care that a reasonably prudent person would exercise in regard to the commodity under similar circumstances. As the evidence produced by **MS. VEGA** establishes, a reasonably prudent warehouseman could have established ownership at the outset. The invoices, letter of credit and the **AGI** representative all establish the same conclusion which is **MS. VEGA** owned the corn. The **ELEVATOR** had a duty under the Texas Agriculture Code not to release it to third parties.

**XIV.**

The trial court erred in determining that **MS. VEGA** was not cooperative as far as sitting for a deposition. A number of deposition dates were provided, but opposing counsel elected not to utilize them. See **Exhibit "A",** Declaration of William D. Mount, Jr.

**WHEREFORE, PREMISES CONSIDERED, YVONNE SOTO VEGA** respectfully requests that the trial court grant her Motion for New Trial and grant such other and further relief which she may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

ATTORNEYS FOR DEFENDANT, COUNTER-
PLAINTIFF AND THIRD-PARTY PLAINTIFF
IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 13th day of August, 2002.


WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR -<br>BROWNSVILLE, L.C. AND<br>SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN<br>GUTIERREZ, SYSCO DE BAJA,<br>S.A. DE C.V. AND WALTER<br>PUFFELIS, INDIVIDUALLY AND<br>D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY<br>AND D/B/A PORT ELEVATOR-<br>BROWNSVILLE, L.C., AND<br>SOUTHWEST GRAIN CO. , INC. | § § § § § | |

**DECLARATION OF WILLIAM D. MOUNT, JR.**
**IN SUPPORT OF IVONNE SOTO VEGA'S MOTION FOR NEW TRIAL**

I, **WILLIAM D. MOUNT, JR.**, declare that:

1.    I make this statement based on my personal knowledge.  I am prepared and competent to testify to the matters set forth in this Declaration.

2.    I am a partner and attorney with the law firm of Dale & Klein, L.L.P. located at 6301 North 10th Street, McAllen, Texas 78504.

3.    Exhibit "A-1" attached to this Declaration is a true and correct unsigned copy of a document that was signed and forwarded to John Skaggs by facsimile and regular mail on May 31, 2001.

4.    Exhibits "A-2" through "A-5" are true and correct copies

H:\p\99-3843\Declaration of WDM 002                                                          1



of correspondence from either John Skaggs to Bill Mount or vice versa.

5.   Exhibits "A-1" through "A-5" are Dale & Klein, L.L.P. business records.

6.   I declare under penalty of perjury that the foregoing is true and correct.

Executed in McAllen, Hidalgo County, Texas on the 13th day of August, 2002.

_____
WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | §<br>§<br>§<br>§<br>§<br>§ | JURY DEMANDED |
| VS. | §<br>§ | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | §<br>§<br>§<br>§ | |

## ORDER GRANTING IVONNE SOTO VEGA'S MOTION FOR NEW TRIAL

On the _____ day of _____, 2002, came on for consideration **IVONNE SOTO VEGA'S** Motion for New Trial. The Court having heard the arguments of counsel and considered same, and being of the opinion that said Motion is well-taken, it is therefore,

ORDERED that **IVONNE SOTO VEGA'S** Motion for New Trial be, and is hereby **GRANTED**.

SIGNED on this _____ day of _____, 2002, Brownsville Division.

_____
UNITED STATES DISTRICT JUDGE

May 31, 2001


John Skaggs                                    **VIA FAX (956) 630-6570**
SKAGGS & ASSOCIATES, L.L.P.                    **AND REGULAR MAIL**
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

      RE:   Civil Action B-98-23; Port Elevator-Brownsville, L.C. vs.
            Ivonne Soto Vega, et al.; In the U.S. District Court for
            the Southern District of Texas, Brownsville Division
            Our File No. 99-3843

Dear Mr. Skaggs:

      This letter serves to acknowledge our telephone conversation
this morning wherein you stated that you wanted to take my client's
deposition next Thursday or Friday in San Diego, California. I was
somewhat surprised by your request given that this case has been
pending since February, 1998 and her deposition on the merits has
not been taken. In any event, I have been informed that Ms. Vega
is currently on her way to Europe and will not be back until about
July 1, 2001. I can make her available for deposition in Tijuana
on Friday, July 6, 2001, Saturday, July 7, 2001, Thursday, July 12,
2001, Friday, July 13, 2001, or Saturday, July 14, 2001. Please
contact me about what date is convenient for you. I would like to
lock in a cheap airfare, if possible. As discussed, I will make
every effort to cooperate with you concerning discovery matters and
to get this case in a position to be tried.

      Should you have any questions, please do not hesitate to
contact me.

                         Very truly yours,



                         WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 23





# d&k
## dale & klein, l.l.p.
## attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M. Flagg
Marina Garcia

June 4, 2001

John Skaggs                          <u>VIA FAX (956) 630-6570</u>
SKAGGS & ASSOCIATES, L.L.P.          <u>AND REGULAR MAIL</u>
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

RE:  Civil Action B-98-23; Port Elevator-Brownsville, L.C. vs.
     Ivonne Soto Vega, et al.; In the U.S. District Court for
     the Southern District of Texas, Brownsville Division
     Our File No. 99-3843

Dear Mr. Skaggs:

This letter serves as a follow-up to my correspondence addressed to you dated May 31, 2001. When you do depose Ms. Vega in Tijuana, I would also like to depose Walter Puffelis Galvan, III immediately following or immediately prior to Ms. Vega's deposition. It is my understanding that you will be trying to arrange the deposition of Bersain Gutierrez to take place during the trip to Tijuana.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

*Bill Mount*

WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 24

EXHIBIT
14 2

6301 North Tenth Street McAllen, Texas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956 546.5100

# d&k
## dale & klein, l.l.p.
### attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M Flagg
Marina Garcia

June 27, 2001

**VIA FAX (956) 630-6570**
John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

RE:   Civil Action B-98-23; Port Elevator-Brownsville, L.C., et al. vs. Ivonne Soto Vega, et al.; In the U.S. District Court for the Southern District of Texas, Brownsville Division; Our File No. 99-3843

Dear Mr. Skaggs:

This letter is in reference to a deposition notice received June 26, 2001 by facsimile from your office for Bersain Gutierrez. The deposition was noticed by your office to take place in San Diego, California on July 10, 2001.

We are not available on July 10, 2001 for Mr. Gutierrez' deposition. As I had stated to you in prior correspondence, I had listed the dates that we were available. July 10th was not one of those dates. Also, please be advised that we are no longer available on July 13 or 14. I will be out of town July 14 through July 21st on a planned vacation.

As I have stated in other letters, we will work with you as far as getting the discovery done that you need done. Please coordinate with me an alternate date. Also, as I have communicated to you in the past, we ought to do all the Southern California witnesses at the same time to avoid multiple trips to California and to avoid unnecessary expense.

Please contact Mr. Gutierrez and obtain other available dates for his deposition. If I do not hear from you by Friday, June 29, 2001, I will assume that you are unwilling to coordinate an alternate date and I will file a Motion to Quash the deposition on Monday, July 2, 2001.



6301 North Tenth St[...]as 78504
Telephone 956.68[...]7.2416
Brow[...]
815 Ridgewood Brownsville, Texas 78520
Telephone 956 546.5100

# SKAGGS & ASSOCIATES

### ATTORNEYS AT LAW
### 710 LAUREL
### P.O. DRAWER 2285
### McALLEN, TEXAS 78502-2285

June 28, 2001

JOHN SKAGGS
MICHELE N. GONZALES

PHONE: (956) 687-8203
PHONE: (956) 687-8216
FAX: (956) 630-8570

Mr. William Mount - VIA FAX NO. 687-2416
6301 North Tenth Street
McAllen, Texas 78504

Re:  Civil No. B-98-23; Port Elevator-
     Brownsville, L.C. v. Ivonne Soto Vega, et al

Dear Bill:

I have expressed the need to take Ivonne Vega's deposition. You have provided me with dates.

Based on our discussions regarding prior conflicts, including family vacations, I believe we've concluded that the proposed dates are unrealistic.

We already know we will have to be in San Diego on July 10th to take Bermain Gutierres' deposition. Though I understand this date is not convenient for Ms. Vega, I have expressed my willingness to take her deposition on the same day.

Notwithstanding the above, I have agreed to refrain from noticing Ms. Vega's deposition until after you return from your vacation in mid-July. Bill, in making this agreement, I have relied on your assurance that you will agree to extend the discovery deadline, and will not object to the taking of Ms. Vega's deposition based on any discovery deadlines.

If I am incorrect about the discovery extension, you should advise me in writing immediately so I can arrange to send appropriate notices.

Very truly yours,

SKAGGS & ASSOCIATES

John Skaggs

JS/cmo
cc:  Mr. Craig Elkins - VIA FAX NO. 831-3181



EXHIBIT
A



# d&k

## dale & klein, l.l.p.
### attorneys at law

Roy S. Dale, P.C.
Katie Pearson Klein, P.C.*
* Board Certified Texas Board of Legal Specialization
Family Law and Civil Trial Law
Martin E. Morris
William D. Mount, Jr.

A. Peter Thaddeus, Jr.
Kathryn M. Flagg

August 16, 2001

**VIA FAX (956) 630-6570**
John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

        RE:  Civil Action B-98-23; Port Elevator-Brownsville, L.C. vs.
             Ivonne Soto Vega, et al.; In the U.S. District Court for
             the Southern District of Texas, Brownsville Division
             Our File No. 99-3843

Dear Mr. Skaggs:

        This letter serves as a follow up to our conversation of
August 14, 2001.  I related our conversation to Roy Dale.  He has
instructed me to inform you that if you file your proposed Motion
for Costs and/or Motion for Sanctions that a Counter-Motion for
Sanctions will be filed.  As you recall, you never noticed Ms. Vega
for deposition for the time period that you, Roy and I were in San
Diego, California for Mr. Gutierrez' nonappearance.  Secondly, any
request by you for an instanter deposition while the parties were
in San Diego was obviously not feasible given the fact that she was
not noticed for deposition, had not been prepared for a deposition
and was not even required to be at the nonappearance of Gutierrez.

        Please review Rules 13 and 30 of the Federal Rules of Civil
Procedure.

                              Very truly yours,

                              *Bill Mount*

                              WILLIAM D. MOUNT, JR.

WDM:es
h:\p\99-3843\ltrs\Skaggs 036

EXHIBIT

6301 North Tenth [Street] [McAllen, T]exas 78504
Telephone 956.687.8700  Fax 956.687.2416
Brownsville Office
815 Ridgewood Brownsville, Texas 78520
Telephone 956 546 5100