IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

### IVONNE SOTO VEGA'S UNOPPOSED MOTION FOR LEAVE TO FILE AFFIDAVIT CONTROVERTING SUPPLEMENTAL AFFIDAVIT OF JOHN SKAGGS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, **IVONNE SOTO VEGA**, Defendant, Counter-Plaintiff and Third-Party Plaintiff (hereinafter **"MS. VEGA"**), and files her Unopposed Motion for Leave to File Affidavit Controverting Supplemental Affidavit of John Skaggs, and in support thereof would show as follows:

I.

**MS. VEGA** requests leave to file the affidavit of William D. Mount, Jr., who is co-counsel with lead counsel Roy S. Dale for **IVONNE SOTO VEGA**, in opposition to the supplemental affidavit of John Skaggs executed on or about September 3, 2002. Mr. Mount's

affidavit is attached hereto as **Exhibit "A"** and incorporated herein for all purposes.

**WHEREFORE, PREMISES CONSIDERED, IVONNE SOTO VEGA** respectfully requests that this court grant her Unopposed Motion to File Affidavit Controverting Supplemental Affidavit of John Skaggs, and grant such other and further relief which **MS. VEGA** may justly be entitled.

          Respectfully submitted,

          DALE & KLEIN, L.L.P.
          6301 N. 10th St.
          McAllen, Texas 78504
          Tel. No. (956) 687-8700
          Fax. No. (956) 687-2416

          _Roy Dale by Bill Mount_ _with permission_
          ROY S. DALE
          State Bar No. 05326700
          Federal I.D. No. 1184
          WILLIAM D. MOUNT, JR.
          State Bar No. 14602950
          Federal I.D. No. 14992

          ATTORNEYS FOR DEFENDANT, COUNTER-
          PLAINTIFF AND THIRD-PARTY PLAINTIFF
          IVONNE SOTO VEGA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § | |

**ORDER GRANTING IVONNE SOTO VEGA'S UNOPPOSED MOTION FOR LEAVE TO FILE AFFIDAVIT CONTROVERTING SUPPLEMENTAL AFFIDAVIT OF JOHN SKAGGS**

On the _____ day of _____, 2002, came on for consideration **IVONNE SOTO VEGA'S** Motion for Leave to File Affidavit Controverting Supplemental Affidavit of John Skaggs. The Court having heard the arguments of counsel and considered same, and being of the opinion that said Motion is well-taken, it is therefore,

ORDERED that **IVONNE SOTO VEGA'S** Motion be, and is hereby **GRANTED**.

SIGNED on this _____ day of _____, 2002, Brownsville Division.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

## AFFIDAVIT OF WILLIAM D. MOUNT, JR.

STATE OF TEXAS

COUNTY OF HIDALGO

BEFORE ME, the undersigned Notary Public, personally appeared **WILLIAM D. MOUNT, JR.**, who being by me duly sworn did depose and state the following:

1. "My name is **WILLIAM D. MOUNT, JR.** I am over the age of eighteen years, have personal knowledge of, and am competent and authorized to make this Affidavit.

2. "I am a partner with the law firm of Dale & Klein, L.L.P. I have been a practicing attorney in the State of Texas for almost 11 years. I have been licensed to practice in Texas since November 1991. My focus has been civil litigation and appellate work.

3. "I have read the affidavit of John Skaggs executed on



H:\p\99-3843\Mount-Aff8

page 1

September 3, 2002 that was presented to the trial court at the trial court's request by Order dated July 30, 2002.

4. "I believe Mr. Skaggs' affidavit is conclusory. It does not reflect that reasonable attorney's fees and expenses were incurred or that the work performed and money spent were necessary. Mr. Skaggs has not produced his firm's ledger related to the representation of his clients. He has not produced the billing statements forwarded to his clients. He has merely produced a short affidavit and three attachments to the affidavit that are purported summaries which do not reflect reasonableness and necessity.

5. "Mr. Skaggs mentions at number 4 in the attachment to his affidavit titled, Detail of Legal Fees and Expenses Incurred by Movants, that he spent 18 hours in 'Preparation for and attendance at prospective deposition of Ivonne Soto Vega in California'. Ms. Vega's deposition never took place in California. She did give a deposition in McAllen. The notation by Mr. Skaggs does not state when the alleged 'prospective deposition' was to take place. Mr. Skaggs did travel to California in July 2001 for the non-appearance of Co-Defendant Bersain Gutierrez. Roy Dale and I were present too. Ms. Vega's deposition was not scheduled for that trip. I believe that Mr. Skaggs is attempting to recoup time for his trip to California for the deposition of Bersain Gutierrez whom he noticed but did not subpoena and who did not appear for deposition through this party. This charge for 18 hours at a rate of $200.00 per hour is not reasonable or necessary given what I have stated above and given that he has not explained this entry.

6. "At number 1 in the attachment to Mr. Skaggs' affidavit

titled, Detail of Legal Fees and Expenses Incurred by Movants, he seeks compensation to prepare a supposed response to Ms. Vega's Motion to Dismiss. Ms. Vega's Motion to Dismiss was granted by the trial court. Mr. Skaggs' request for fees related to the preparation of a response is not reasonable in that he did not prevail on the motion. There were other motions that he did not prevail on which he is seeking compensation for. This is not reasonable.

7. "In the summary titled, Detail of Expenses, attached to Mr. Skaggs' affidavit, Mr. Skaggs requests payment for 'travel (air, hotel and related)' in the amount of $2,707.56. The only travel related to this case was the trip to California in July 2001. Mr. Skaggs had noticed Co-Defendant Bersain Gutierrez for deposition. He did not issue a subpoena for Mr. Gutierrez. Mr. Gutierrez did not show for the deposition. Expenses incurred by Mr. Skaggs for this trip are not reasonable/necessary given that the witness was not subpoenaed, never appeared in the lawsuit and there was no guarantee by the witness that he would appear. Mr. Skaggs' time related to this trip would not be necessary and the charge could not be reasonable either given what was just explained.

8. "The other entries contained in the attachment to Mr. Skaggs' affidavit titled, Detail of Legal Fees and Expenses Incurred by Movants, that have not been discussed above are non-specific, conclusory and do not evidence the alleged work done as being necessary or the amounts charged as being reasonable.

9. "Mr. Skaggs did not segregate his fee and expense request among the Defendants Ivonne Soto Vega, Bersain Gutierrez, and Sysco

de Baja, S.A. de C.V. The request should have been segregated to reflect what Mr. Skaggs believes each Defendant owes. My client should not be held liable for work done in regard to the other Defendants. For example, my client should not be held liable for any bill for serving Mr. Gutierrez with summons or for time preparing a default against him. I note that in the summary titled, Detail of Expenses, Mr. Skaggs requests $868.14 for investigative fees which he says were related to service of process, locating Bersain Gutierrez and locating Yvonne Soto Vega. Ms. Vega is not responsible for Mr. Skaggs locating Mr. Gutierrez.

"FURTHER AFFIANT SAYETH NOT."

_____
WILLIAM D. MOUNT, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of September, 2002, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

ROSALINDA G. PEREZ
Notary Public, State of Texas
My Commission Expires 10-13-04

My commission expires: _____