United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C. and SOUTHWEST GRAIN CO., INC. § § § PLAINTIFF(S), § § v. § § IVONNE SOTO VEGA, ET AL, § § DEFENDANT(S). § | CIVIL ACTION NO. B-98-23 |

## ORDER

BE IT REMEMBERED that on March 12, 2003, the Court considered all pending motions in this case. Defendant Ivonne Soto Vega's Motion For New Trial [Dkt. No. 108] and Defendant Ivonne Soto Vega's Supplemental Motion For New Trial [Dkt. No. 109] are **DENIED**. Plaintiff Port Elevator-Brownsville, L.C.'s Unopposed Motion For Leave To File Response To Ivonne Soto Vega's Motion For New Trial, Including Reference To Authorities (Including Certificate Of Conference) [Dkt. No. 112] is **GRANTED**. Defendant Ivonne Soto Vega's Unopposed Motion For Leave To File Affidavit Controverting Supplemental Affidavit of John Skaggs [Dkt. No. 114] is **GRANTED**.

### I.  Motion For New Trial

Defendant filed her motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. There was no trial in this matter; therefore, Defendant cannot bring her motion pursuant to Rule 59(a). The Court thus concludes that Defendant intended to bring her motion under Rule 59(e) which provides: "(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be served no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment . . .." 11 CHARLES ALAN WRIGHT,

1

115

ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

It is axiomatic that a motion to alter or amend a judgment requires the entry of a judgment. Rule 58 dictates both what constitutes a judgment and how a judgment is entered. "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." See Fed. R. Civ. P. 58. The notation of a judgment in the docket as described in Rule 79(a) constitutes entry of the judgment. See 9 JAMES WM. MOORE, ET AL., MOORE'S FEDRAL PRACTICE ¶ 236.02 (2d ed. 1983). An order, even a lengthy summary judgment opinion and order, does not constitute a judgment for purposes of Rule 58. See Baker v. Mercedes Benz of North America, 414 F.3d 57, (5th Cir. 1997) (holding that there was no final judgment from which to take an appeal because "an extensive written opinion concluding with the sentence: 'This is a final judgment.'" did not satisfy the Rule 58 requirement that a judgment be set forth on a separate document). In the absence of a Rule 58 judgment, a motion to reconsider, amend, or alter a judgment is not appropriate under Rule 59 in general and Rule 59(e) in particular. See Moodie v. Fed. Reserve Bank of N.Y., 835 F. Supp. 751, 752 (S.D.N.Y. 1993) (holding that a motion for reconsideration was inappropriate because no judgment was entered on which the motion to alter or amend could be based).

In this case, no judgment was ever entered or docketed. Therefore, like in Moodie, a Rule 59(e) motion is an inappropriate vehicle for reconsideration of the Court's order granting summary judgment in favor of Plaintiff Port Elevator. Defendant's Motion For New Trial, therefore, is hereby **DENIED**.

## II.   Attorneys' Fees

In the order granting summary judgment in favor of Plaintiff Port Elevator, the Court also granted Port Elevator's request for reasonable and necessary attorneys' fees and court costs. [Dkt. 106, at 9]. The Court, however, was not satisfied with Mr. John Skaggs' Affidavit [Dkt. No. 95, at Ex. B] explaining costs and fees, and the Court ordered Port Elevator to submit evidence that specifically detailed and explained the costs and attorneys' fees incurred. Plaintiff Port Elevator filed a document captioned Filing Of Supplemental Affidavit Of John Skaggs, Pursuant To The Court's Order. [Dkt.

No. 111].

In response, Defendant Ivonne Soto Vega filed an Unopposed Motion For Leave To File An Affidavit Controverting Supplemental Affidavit Of John Skaggs [Dkt. No. 114] which the Court **GRANTS** today. Defendant Ivonne Soto Vega complains that (1) John Skaggs' Supplemental Affidavit is conclusory, (2) the stated fees are neither reasonable or necessary, (3) John Skaggs has not produced a firm ledger or billing statements to his client, (4) the statement includes 18 hours of work for a deposition that did not take place because John Skaggs did not subpoena the deponent, (5) the statement includes fees for preparing a response to a motion Soto Vega filed and won in state court, and (6) the statement does not segregate the fees and expenses among the three Defendants.

The Court finds Mr. Skaggs' Supplemental Affidavit incomplete. Mr. Skaggs will file an affidavit detailing (1) the attorneys from his firm who worked on this matter, (2) the billing rate for each attorney who worked on this matter, (3) which attorney worked on a particular assignment, and (4) how many hours that attorney worked on that assignment.

Mr. Skaggs shall file his fee application on or before March 31, 2003. Defendant Ivonne Soto Vega may renew her objections on or before April 14, 2003. The Court will thereafter enter an order regarding a final fee award and, also, enter a Rule 58 judgment closing this matter.

### III. Conclusion

Defendant Ivonne Soto Vega's Motion For New Trial [Dkt. No. 108] and Defendant Ivonne Soto Vega's Supplemental Motion For New Trial [Dkt. No. 109] are **DENIED**. Plaintiff Port Elevator-Brownsville, L.C.'s Unopposed Motion For Leave To File Response To Ivonne Soto Vega's Motion For New Trial, Including Reference To Authorities (Including Certificate Of Conference) [Dkt. No. 112] is **GRANTED**. Defendant Ivonne Soto Vega's Unopposed Motion For Leave To File Affidavit Controverting Supplemental Affidavit of John Skaggs [Dkt. No. 114] is **GRANTED**.

Moreover, the Court **ORDERS** Mr. Skaggs to file his fee application and supporting affidavit on or before March 31, 2003. Defendant Ivonne Soto Vega may

Case 1:98-cv-00023   Document 115   Filed in TXSD on 03/12/2003   Page 4 of 4

renew her objections on or before April 14, 2003.

The Court will thereafter enter an order regarding a final fee award and, also, enter a Rule 58 judgment closing this matter.

DONE at Brownsville, Texas, this 12th day of March 2003.

Hilda G. Tagle
United States District Judge

4