IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC.<br><br>VS.<br><br>IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC.<br><br>VS.<br><br>CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § § § § § § § § § § § § § § § § |

CIVIL NO. B-98-23

**OBJECTION TO FILING OF SECOND SUPPLEMENTAL AFFIDAVIT OF JOHN SKAGGS, PURSUANT TO THE COURT'S ORDER (IVONNE SOTO VEGA'S OBJECTIONS TO THIRD APPLICATION FOR FEES SUBMITTED BY PORT ELEVATOR-BROWNSVILLE, L.C. AND CRAIG ELKINS)**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES **IVONNE SOTO VEGA**, Defendant, Counter-Plaintiff and Third-Party Plaintiff (hereinafter **"MS. VEGA"**), and files these her Objections to the Third Application for Fees Submitted by **PORT ELEVATOR-BROWNSVILLE, L.C.** and **CRAIG ELKINS**, and in support thereof would show as follows:

I.

On March 14, 2003, the district clerk entered the trial court's Order done on March 12, 2003. The Order is attached hereto as **Exhibit "A"**.

H:\p  0-3943\pleadings\Obj to Filing of 2nd Supp Aff of Skaggs

II.

In the trial court's Order, the trial court at page 3 found that Mr. Skaggs' Supplemental Affidavit was incomplete. This was his second Affidavit in purported support of fees. He was ordered to file an affidavit detailing (1) the attorneys from his firm who worked on this matter, (2) the billing rate for each attorney who worked on this matter, (3) which attorney worked on a particular assignment, and (4) how many hours that attorney worked on that assignment. On page 3, the trial court further ordered that Mr. Skaggs file his Fee Application on or before March 31, 2003 and that **MS. VEGA** may renew her objections on or before April 14, 2003.

III.

**MS. VEGA**, through this document, renews all previously raised objections concerning fees and incorporates them herein by reference. **MS. VEGA** has additional objections which will be addressed below.

IV.

**MS. VEGA** objects to the reasonableness of the Fee Application wherein Mr. Skaggs seeks $76,930.16 for attorney's fees, legal assistant time and expenses through his recent filing. In his initial Fee Application dated March 11, 2002, Mr. Skaggs sought $58,200.00. There is an obvious inconsistency between the earlier and later filings that has not been explained. See Exhibit "B", Affidavit of William D. Mount, Jr. There is no evidence that

$18,730.16 in fees and expenses were incurred between March 11, 2002 and April 14, 2003.

V.

**MS. VEGA** objects to Mr. Skaggs' Affidavit and the documents titled, Summary of Legal Fees and Expenses, Detail of Expenses, and Detail of Legal Fees and Expenses Incurred by Movants for the reason that there has been no showing of necessity and reasonableness. See Arthur Anderson & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818-19 (Tex. 1997); See **Exhibit "B"**. Also, the Summary of Legal Fees and Expenses, Detail of Expenses, and Detail of Legal Fees and Expenses incurred by Movants are hearsay documents. See Fed. R. Evid. 802. They do not appear to fall within an exception. There has been no showing that they are business records. See Fed. R. Evid. 803(6). There has been no showing that these records or data compilations are of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge of the information contained therein. Id. Mr. Skaggs' affidavit is conclusory because there is no mention or application of the factors used to determine reasonableness of a fee. See **Exhibit "B"**.

VI.

This is the third Fee Application, the other two being found insufficient. The application does not segregate attorney's fees

and expenses among the Defendants. **MS. VEGA** is not liable for attorney's fees and expenses related to the other Defendants. See Stewart Title Guar. Co. v. Sterling, 822 S.W. 1, 10 (Tex. 1991) (The trial court erred in not segregating the attorney's fees award).

## VII.

Defendant objects to the application in that the application seeks recovery of attorney's fees, legal assistant fees and expenses for work incurred in other cases! The trial court Order specifically confined fees to "this matter"/this case. See Exhibit "A" at p. 3. The entries which follow are from other cases: 4/20/00 (Motion for Rule of Costs), 4/25/00 (Special Exceptions), 12/01/00 (Defendant's Jury Demand), 6/29/99 (Motion to Transfer Venue and Original Answer), 6/29/99 (Defendant's Motion to Abate), 08/16/99 (Court Appearance on Motion to Vacate and Motion to Abate), 09/17/99 (Plea in Abatement), 05/28/99 (Plaintiff's Original Petition (two state court actions)), 09/22/99 (receipt and review of Plaintiff's Response to Defendant's Motion to Abate), 09/17/99 (Plaintiff's Objections to Homer Salinas), 10/22/99 (Plaintiff's Motion for DCC), 01/06/00 (received and reviewed Plaintiff Ivonne Soto Vega's Motion to Compel Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production), 04/07/00 (received and reviewed conformed copy of Interlocutory Judgment from attorney Bill Mount), 05/04/00

(received and reviewed conformed copy of Order Setting Hearing on Motion for Rule for Costs from court), 12/13/00 (Plaintiff's Motion to Lift Abatement), 04/17/01 (received and reviewed correspondence from William Downing of Universal Surety addressed to Port Elevator advising that they have received a demand from the Defendant's attorney stating that they are seeking the full bond penalty amount of $169,417.00), 04/16/01 (review of revisions to Rule 11 Agreement by Defendant, wanting to lift abatement as to Walter Puffelis and not our client), 05/22/01 (Plaintiff's Request for Disclosure to Universal Surety), 12/21/99 (prepared and attended Craig Elkins' deposition), 05/05/00 (office conference with B. Mount in reference to deposition in Mexico), 05/10/00 (travel to Monterrey), 05/10/00 (prepared and attended E. Villarreal's deposition), 05/10/00 (telephone conference with Craig Elkins, Michelle Gonzalez and John Skaggs), 05/11/00 (return to McAllen), 11/19/99 (Defendant's Responses to Plaintiff's Interrogatories and Request for Production), 11/19/99 (Defendant Port Elevator-Brownsville's Responses to Interrogatories and Production), 11/24/99 (Defendant Southwest Grain's Responses to Plaintiff's Request for Disclosure), 11/24/99 (Defendant's Southwest Grain's Answers to Plaintiff's Request for Production), and 11/24/99 (Defendant Craig Elkins' Responses to Plaintiff's Interrogatories and Production).

## VIII.

**MS. VEGA** objects to the request for 17.85 hours for legal

assistant time for the reason that there has been no explanation given for this request and the request is conclusory and has not been shown to be reasonable. On the last page of the "Detail Legal Expenses and Expenses incurred by Movants", there is a notation that total legal assistant time is 17.85 hours and the entry says "total legal assistant time (supervised preparation of pleadings, discovery, responses, correspondence, and related). This entry wholly fails to identify the work performed or show reasonableness.

**WHEREFORE, PREMISES CONSIDERED, MS. VEGA** respectfully requests that this court sustain her objections to Movant's latest Fee Application and grant such other and further relief which this party may justly be entitled.

    Respectfully submitted,

    DALE & KLEIN, L.L.P.
    6301 N. 10th St.
    McAllen, Texas 78504
    Tel. No. (956) 687-8700
    Fax. No. (956) 687-2416

    _____
    ROY S. DALE
    State Bar No. 05326700
    Federal I.D. No. 1184
    WILLIAM D. MOUNT, JR.
    State Bar No. 14602950
    Federal I.D. No. 14992

    ATTORNEYS FOR DEFENDANT, COUNTER-
    PLAINTIFF AND THIRD-PARTY PLAINTIFF
    IVONNE SOTO VEGA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & ASSOCIATES, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA CERTIFIED MAIL/RRR** on this the 14th day of April, 2003.

*[signature]*
WILLIAM D. MOUNT, JR.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

**ORDER GRANTING IVONNE SOTO VEGA'S OBJECTIONS TO FEE APPLICATION**

On the _____ day of _____, 2003, came on to be heard **IVONNE SOTO VEGA'S** Objections to Fee Application. The Court having heard the arguments of counsel and considered same, and being of the opinion that said Objections are well-taken, it is therefore,

**ORDERED** that **IVONNE SOTO VEGA'S** Objections to the Third Fee Application be, and are hereby **SUSTAINED**.

**SIGNED FOR ENTRY** on this _____ day of _____, 2003.

_____
JUDGE PRESIDING

United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PORT ELEVATOR BROWNSVILLE, L.C. §
and SOUTHWEST GRAIN CO., INC. §
§
PLAINTIFF(S), §
§
v. § CIVIL ACTION NO. B-98-23
§
IVONNE SOTO VEGA, ET AL, §
§
DEFENDANT(S). §

## ORDER

BE IT REMEMBERED that on March 12, 2003, the Court considered all pending motions in this case. Defendant Ivonne Soto Vega's Motion For New Trial [Dkt. No. 108] and Defendant Ivonne Soto Vega's Supplemental Motion For New Trial [Dkt. No. 109] are **DENIED**. Plaintiff Port Elevator-Brownsville, L.C.'s Unopposed Motion For Leave To File Response To Ivonne Soto Vega's Motion For New Trial, Including Reference To Authorities (Including Certificate Of Conference) [Dkt. No. 112] is **GRANTED**. Defendant Ivonne Soto Vega's Unopposed Motion For Leave To File Affidavit Controverting Supplemental Affidavit of John Skaggs [Dkt. No. 114] is **GRANTED**.

I.  **Motion For New Trial**

Defendant filed her motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. There was no trial in this matter; therefore, Defendant cannot bring her motion pursuant to Rule 59(a). The Court thus concludes that Defendant intended to bring her motion under Rule 59(e) which provides: "(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be served no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment . . . ." 11 CHARLES ALAN WRIGHT,

1

"A"

115

ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

It is axiomatic that a motion to alter or amend a judgment requires the entry of a judgment. Rule 58 dictates both what constitutes a judgment and how a judgment is entered. "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." *See* Fed. R. Civ. P. 58. The notation of a judgment in the docket as described in Rule 79(a) constitutes entry of the judgment. *See* 9 JAMES WM. MOORE, ET AL., MOORE'S FEDRAL PRACTICE ¶ 236.02 (2d ed. 1983). An order, even a lengthy summary judgment opinion and order, does not constitute a judgment for purposes of Rule 58. *See Baker v. Mercedes Benz of North America*, 414 F.3d 57, (5th Cir. 1997) (holding that there was no final judgment from which to take an appeal because "an extensive written opinion concluding with the sentence: 'This is a final judgment.'" did not satisfy the Rule 58 requirement that a judgment be set forth on a separate document). In the absence of a Rule 58 judgment, a motion to reconsider, amend, or alter a judgment is not appropriate under Rule 59 in general and Rule 59(e) in particular. *See Moodie v. Fed. Reserve Bank of N.Y.*, 835 F. Supp. 751, 752 (S.D.N.Y. 1993) (holding that a motion for reconsideration was inappropriate because no judgment was entered on which the motion to alter or amend could be based).

In this case, no judgment was ever entered or docketed. Therefore, like in *Moodie*, a Rule 59(e) motion is an inappropriate vehicle for reconsideration of the Court's order granting summary judgment in favor of Plaintiff Port Elevator. Defendant's Motion For New Trial, therefore, is hereby **DENIED**.

## II.   Attorneys' Fees

In the order granting summary judgment in favor of Plaintiff Port Elevator, the Court also granted Port Elevator's request for reasonable and necessary attorneys' fees and court costs. [Dkt. 106, at 9]. The Court, however, was not satisfied with Mr. John Skaggs' Affidavit [Dkt. No. 95, at Ex. B] explaining costs and fees, and the Court ordered Port Elevator to submit evidence that specifically detailed and explained the costs and attorneys' fees incurred. Plaintiff Port Elevator filed a document captioned Filing Of Supplemental Affidavit Of John Skaggs, Pursuant To The Court's Order. [Dkt.

2

No. 111].

In response, Defendant Ivonne Soto Vega filed an Unopposed Motion For Leave To File An Affidavit Controverting Supplemental Affidavit Of John Skaggs [Dkt. No. 114] which the Court **GRANTS** today. Defendant Ivonne Soto Vega complains that (1) John Skaggs' Supplemental Affidavit is conclusory, (2) the stated fees are neither reasonable or necessary, (3) John Skaggs has not produced a firm ledger or billing statements to his client, (4) the statement includes 18 hours of work for a deposition that did not take place because John Skaggs did not subpoena the deponent, (5) the statement includes fees for preparing a response to a motion Soto Vega filed and won in state court, and (6) the statement does not segregate the fees and expenses among the three Defendants.

The Court finds Mr. Skaggs' Supplemental Affidavit incomplete. Mr. Skaggs will file an affidavit detailing (1) the attorneys from his firm who worked on this matter, (2) the billing rate for each attorney who worked on this matter, (3) which attorney worked on a particular assignment, and (4) how many hours that attorney worked on that assignment.

Mr. Skaggs shall file his fee application on or before March 31, 2003. Defendant Ivonne Soto Vega may renew her objections on or before April 14, 2003. The Court will thereafter enter an order regarding a final fee award and, also, enter a Rule 58 judgment closing this matter.

## III.  Conclusion

Defendant Ivonne Soto Vega's Motion For New Trial [Dkt. No. 108] and Defendant Ivonne Soto Vega's Supplemental Motion For New Trial [Dkt. No. 109] are **DENIED**. Plaintiff Port Elevator-Brownsville, L.C.'s Unopposed Motion For Leave To File Response To Ivonne Soto Vega's Motion For New Trial, Including Reference To Authorities (Including Certificate Of Conference) [Dkt. No. 112] is **GRANTED**. Defendant Ivonne Soto Vega's Unopposed Motion For Leave To File Affidavit Controverting Supplemental Affidavit of John Skaggs [Dkt. No. 114] is **GRANTED**.

Moreover, the Court **ORDERS** Mr. Skaggs to file his fee application and supporting affidavit on or before March 31, 2003. Defendant Ivonne Soto Vega may

3

renew her objections on or before April 14, 2003.

The Court will thereafter enter an order regarding a final fee award and, also, enter a Rule 58 judgment closing this matter.

DONE at Brownsville, Texas, this 12th day of March 2003.

Hilda G. Tagle
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § | |

### AFFIDAVIT OF WILLIAM D. MOUNT, JR.

STATE OF TEXAS

COUNTY OF HIDALGO

BEFORE ME, the undersigned Notary Public, personally appeared WILLIAM D. MOUNT, JR., who being by me duly sworn did depose and state the following:

1. "My name is WILLIAM D. MOUNT, JR. I am over the age of eighteen years, have personal knowledge of, and am competent and authorized to make this Affidavit.

2. "I am a partner with the law firm of Dale & Klein, L.L.P. I have been a practicing attorney in the State of Texas for almost 11 years. I have been licensed to practice in Texas since November 1991. I have been licensed to practice in the U.S. Southern District since November 1992. My focus has been civil litigation and appellate work.

H:\p\99-3843\Mount-Aff9



Page 1

3.   "I have read the affidavit of John Skaggs executed on March 31, 2003 that was presented to the trial court at the trial court's request by Order entered on March 14, 2003.

4.   "I believe Mr. Skaggs' affidavit is conclusory.. It does not reflect that reasonable attorney's fees and expenses were incurred or that the work performed and money spent were necessary. He has not produced the billing statements forwarded to his clients.  He has merely produced a short affidavit and three attachments to the affidavit that are purported summaries which do not reflect reasonableness and necessity.  The document submitted titled, 'Detail of Legal Fees and Expenses Incurred by Movants' does not appear to be a general ledger kept daily for this case. This document does not appear to be a firm business record either. A general ledger (this firm keeps one on every file in the office) is an accounting of each lawyer and legal assistant's time with billings rates applied to the time and detailed entries entered as to work performed daily with expenses identified and itemized.

5.   "Mr. Skaggs mentions at number 4 in the attachment to his affidavit titled, Detail of Legal Fees and Expenses Incurred by Movants, that he spent 18 hours in 'Preparation for and attendance at prospective deposition of Ivonne Soto Vega in California'. There was no prospective deposition! Ms. Vega's deposition never took place in California.  She did give a deposition in McAllen, Texas.  The notation by Mr. Skaggs does not state when the alleged 'prospective deposition' was to take place.  Mr. Skaggs did travel to California in July 2001 for the non-appearance of Co-Defendant Bersain Gutierrez.  Roy Dale and I were present too.  Ms. Vega's deposition was not scheduled for that trip.  I believe that Mr. Skaggs is attempting to recoup time for his trip to California for

the deposition of Bersain Gutierrez whom he noticed but did not subpoena and who did not appear for deposition through this party. This charge for 18 hours at a rate of $200.00 per hour is not reasonable or necessary given what I have stated above and given that he has not explained this entry.

    6.  "At number 1 in the attachment to Mr. Skaggs' affidavit titled, Detail of Legal Fees and Expenses Incurred by Movants, he seeks compensation to prepare a supposed response to Ms. Vega's Motion to Dismiss. Ms. Vega's Motion to Dismiss was granted by the trial court. Mr. Skaggs' request for fees related to the preparation of a response is not reasonable in that he did not prevail on the motion. There were other motions that he did not prevail on which he is seeking compensation for. These fee requests are not reasonable.

    7.  "In the summary titled, Detail of Expenses, attached to Mr. Skaggs' affidavit, Mr. Skaggs requests payment for 'travel (air, hotel and related)' in the amount of $2,707.56. The only travel related to this case was the trip to California in July 2001. Mr. Skaggs had noticed Co-Defendant Bersain Gutierrez for deposition. He did not issue a subpoena for Mr. Gutierrez. Mr. Gutierrez did not show for the deposition. Expenses incurred by Mr. Skaggs for this trip are not reasonable/necessary given that the witness was not subpoenaed, never appeared in the lawsuit and there was no guarantee by the witness that he would appear. Mr. Skaggs' time related to this trip would not be necessary and the charge could not be reasonable either given what was just explained.

    8.  "The other entries contained in the attachment to Mr. Skaggs' affidavit titled, Detail of Legal Fees and Expenses

Incurred by Movants, that have not been discussed above are non-specific, conclusory and do not evidence the alleged work done as being necessary or the amounts charged as being reasonable.

9.  "Mr. Skaggs did not segregate his fee and expense request among the Defendants Ivonne Soto Vega, Bersain Gutierrez, and Sysco de Baja, S.A. de C.V. The request should have been segregated to reflect what Mr. Skaggs believes each Defendant owes. My client should not be held liable for work done and expenses incurred in regard to the other Defendants. For example, my client should not be held liable for any bill for serving Mr. Gutierrez with summons or for time preparing a default against him. I note that in the summary titled, Detail of Expenses, Mr. Skaggs requests $868.14 for investigative fees which he says were related to service of process, locating Bersain Gutierrez and locating Yvonne Soto Vega. Ms. Vega is not responsible for Mr. Skaggs locating Mr. Gutierrez.

10. "Mr. Skaggs submitted an affidavit to the trial court on March 11, 2002 which is Exhibit 'B' to a document submitted by him titled, Plaintiff in Interpleader, Motion for Summary Judgment; Cross-Defendants' Motion for Summary Judgment; Including Plaintiff in Interpleader Motion for Default Judgment; Including Certificate of Conference and Including Citation to Authorities filed with the district clerk in March 2002. At paragraph No. 3 of the affidavit, Mr. Skaggs swore, 'Based on a review of the non-privileged materials contained in my litigation file, Plaintiff's attorneys have expended in excess of 291 hours of time....' He later asserted in the same paragraph that 'Plaintiff has, therefore incurred a reasonable and necessary attorneys' fee equal to or in excess of $58,200.00 in this connection'. He then says, 'Such figure is current through the date of this declaration'. In Mr.

Skaggs' March 31, 2003 affidavit, he swears at No. 2 that 'Plaintiff's attorneys have expended 347.70 hours of attorney time....' The explanation in his affidavit for the request of the additional 56.7 hours is that he did not previously bill the time. It appears that Mr. Skaggs did not believe this previously unreported time reasonable in that he did not identify this time in his initial affidavit. Secondly, his initial affidavit is quite clear that he was only requesting a reimbursement for 291 hours.

11. "There are a number of entries in the document titled, 'Detail of Legal Fees and Expenses Incurred by Movants' that are not for work done on this case. I am not able to identify each entry that is not specifically for this case because the entries are vague and conclusory. I have identified the entries that follow as those that are for work that did not occur in this case: 4/20/00 (Motion for Rule of Costs), 4/25/00 (Special Exceptions), 12/01/00 (Defendant's Jury Demand), 6/29/99 (Motion to Transfer Venue and Original Answer), 6/29/99 (Defendant's Motion to Abate), 08/16/99 (Court Appearance on Motion to Vacate and Motion to Abate), 09/17/99 (Plea in Abatement), 05/28/99 (Plaintiff's Original Petition (two state court actions)), 09/22/99 (receipt and review of Plaintiff's Response to Defendant's Motion to Abate), 09/17/99 (Plaintiff's Objections to Homer Salinas), 10/22/99 (Plaintiff's Motion for DCC), 01/06/00 (received and reviewed Plaintiff Ivonne Soto Vega's Motion to Compel Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production), 04/07/00 (received and reviewed conformed copy of Interlocutory Judgment from attorney Bill Mount), 05/04/00 (received and reviewed conformed copy of Order Setting Hearing on Motion for Rule for Costs from court), 12/13/00 (Plaintiff's Motion

to Lift Abatement), 04/17/01 (received and reviewed correspondence from William Downing of Universal Surety addressed to Port Elevator advising that they have received a demand from the Defendant's attorney stating that they are seeking the full bond penalty amount of $169,417.00), 04/16/01 (review of revisions to Rule 11 Agreement by Defendant, wanting to lift abatement as to Walter Puffelis and not our client), 05/22/01 (Plaintiff's Request for Disclosure to Universal Surety), 12/21/99 (prepared and attended Craig Elkins' deposition), 05/05/00 (office conference with B. Mount in reference to deposition in Mexico), 05/10/00 (travel to Monterrey), 05/10/00 (prepared and attended E. Villarreal's deposition), 05/10/00 (telephone conference with Craig Elkins, Michelle Gonzalez and John Skaggs), 05/11/00 (return to McAllen), 11/19/99 (Defendant's Responses to Plaintiff's Interrogatories and Request for Production), 11/19/99 (Defendant Port Elevator-Brownsville's Responses to Interrogatories and Production), 11/24/99 (Defendant Southwest Grain's Responses to Plaintiff's Request for Disclosure), 11/24/99 (Defendant's Southwest Grain's Answers to Plaintiff's Request for Production), and 11/24/99 (Defendant Craig Elkins' Responses to Plaintiff's Interrogatories and Production).

"FURTHER AFFIANT SAYETH NOT."

_____
WILLIAM D. MOUNT, JR.

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 14th day of April, 2003, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

My commission expires: _10-13-04_

ROSALINDA G PEREZ
Notary Public, State of Texas
My Commission Expires 10-13-04