IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| PORT ELEVATOR-BROWNSVILLE, L.C. | § § § |
| VS. | § § § |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § § § CIVIL NO. B-98-23 |
| VS. | § § |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § § |

### FILING OF THIRD SUPPLEMENTAL AFFIDAVIT OF JOHN SKAGGS, PURSUANT TO THE COURT'S ORDER AND IN RESPONSE TO DEFENDANT'S OBJECTIONS

1.   This pleading is filed by Defendants Port Elevator-Brownsville, L.C. and Craig Elkins.

2.   This pleading is filed in direct response to "Objection to filing of Second Supplemental Affidavit of John Skaggs, Pursuant to the Court's Order (Ivonne Soto Vega's Objections to Third Application for Fees Submitted by Port Elevator-Brownsville, L.C. and Craig Elkins").

3.   This pleading is intended to briefly respond to criticisms contained in Plaintiff's recent filing as identified above.

   This pleading is supported by a sworn affirmation signed by John Skaggs which is attached hereto.

4.   Defendants respond as follows:

   A.   The summarization of time contained in Defendants' earlier affidavits is exclusively related to the defense

of the actions asserted by Ivonne Soto Vega. No other parties ever made an appearance in this action, and everything that happened was done in prosecution of the Interpleader or in defense of allegations made by Vega.

B. All time spent in State and Federal Courts by these Defendants was spent as a result of defending identical allegations made by Vega in different forums. (The pleadings in each of the two State Court actions are virtually identical, varying slightly in minor details. In most cases, the parties are also identical.) Any work done in connection with State Court matters directly related to Vega's claim. Certain discovery was conducted under the Federal Court caption, and certain discovery was conducted under the State Court captions, but all facts and legal theories were identical. (For example, the witness whose deposition occurred in Monterrey, Mexico, witness Villarreal, was an acknowledged witness in both the Federal action and in each of the State Court actions. No one can now re-reconstruct why certain depositions were conducted under State Court captions and other depositions were conducted under Federal Court captions. This could well have been a clerical decision made by law office staff at the time the deposition notices were issued. However all discovery and activity was related to Vega's claims.)

C. Defendants' first application for fees was lower than Defendants' second application for fees. The additional

fees have already been explained in previous sworn applications to the Court. Significant additional time was expended in connection with the preparation of Defendants' Motion for Summary Judgment, and such additional time was not reflected in the First Application.

D. The opposing attorney complains that original law office documents have not been produced; instead, such records have been summarized. This was done for two reasons. First, the original statements which were delivered to our clients, Port Elevator-Brownsville and Craig Elkins constitute privileged communications; our original law office billing is sufficiently detailed that an examination of the text of the billing would reveal both the event of filing a document in Court, and also the reason such document was filed (or the reason some other action was taken). Second, the chronological billing generated by this office over the last four years does not categorize the tasks as they have been categorized in Plaintiff's application for fees (all pleadings grouped together, all court appearances grouped together, all depositions grouped together, etc.).

Respectfully Submitted,

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500
Federal I.D. No. 1225
Attorney in Charge for
Port Elevator-Brownsville L.C.
and Craig Elkins

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 25th day of April, 2003:

Mr. William Mount
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

_____
John Skaggs

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | §     AFFIDAVIT |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared John Skaggs known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath, stated as follows:

1. My name is John Skaggs. I am over the age of 18 years, have personal knowledge of, and am competent and authorized to make this affidavit.

2. I have read the above and foregoing document and the factual allegations contained therein are true and correct.

_____
John Skaggs

SWORN TO AND SUBSCRIBED before me, the undersigned authority by the said John Skaggs, on this the 25th day of April, 2003, to certify which witness my hand and seal of office.

_____
Notary Public in and for
the State of Texas

CHERYL OYAMA
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-26-2005

My Commission Expires: 6/26/05