IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 3 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C. and SOUTHWEST GRAIN CO., INC. | § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO. B-98-23 |
| IVONNE SOTO VEGA, ET AL, | § § | |
| DEFENDANTS. | § § | |

## ORDER

BE IT REMEMBERED that on March 29, 2004, the Court reviewed the file in this case and made the following rulings.

### I. Accounting

Ivonne Soto Vega's ("Soto Vega") motion for an accounting [Dkt. No. 119] is **DENIED** on the grounds that all issues in this case have been resolved by the Court's order on summary judgment.

### II. Reconsideration

Ivonne Soto Vega's motion for reconsideration [Dkt. No. 121] is **DENIED** on the grounds that no new basis for reconsideration has been offered since the Court denied Soto Vega's motion for new trial.

### III. Fees and costs

Also before the Court is Port Elevator-Brownsville, L.C.'s ("Port Elevator") affidavit of John Skaggs in support of an award of fees and costs. The Court has already found that Port Elevator is entitled to fees and costs. However, the Court found Mr. Skaggs' previous affidavits insufficient. Mr. Skaggs has supplemented his affidavit pursuant to Court order.

Soto Vega again objects generally to the award of fees and costs and specifically to the amount in Mr. Skaggs' affidavit. Soto Vega objects to the format of the summaries Port Elevator provides. She also argues that Port Elevator has failed to

demonstrate the reasonableness of the requested fees and failed to segregate work done in this case from work done in the two cases in state court. She also objects to Mr. Skaggs increasing the number of hours worked on this case from 291 to 347.70 hours without adequate explanation. Finally, she objects to 17.85 hours attributed to paralegal work without any further detail of the work completed. The Court agrees in part with Soto Vega.

The Court awards Port Elevator fees at the rate of $200 per hour because that is a reasonable rate for an attorney of Mr. Skaggs' ability and experience in a case of this type in this community. Mr. Skaggs' original affidavit sought fees for 291 hours of work through the motion for summary judgment, and the Court finds those hours are reasonable. The Court finds that Mr. Skagg's has not sufficiently justified the additional 56.70 hours he now seeks. Furthermore, the Court finds that Mr. Skaggs need not segregate the work done on the various cases because they are intertwined to the point of being inseparable. The Court does not award fees for paralegal work because the billing is insufficient to determine what work was done, much less whether the work was reasonable. The Court finds that Port Elevator has not sufficiently detailed the amount of costs they are seeking.

Thus the Court awards Port Elevator a total fee of $58,200.

DONE at Brownsville, Texas, this 29th day of March 2004.

Hilda G. Tagle
United States District Judge