IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 12 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _D Ahumada_

| | |
|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C. §<br>and SOUTHWEST GRAIN CO., INC., §<br> §<br>Plaintiffs, §<br> §<br>v. §<br> §<br>IVONNE SOTO VEGA, et al., §<br> §<br>Defendants. § | CIVIL ACTION NO. B-98-23 |

## OPINION & ORDER

BE IT REMEMBERED that on October /7, 2006, the Court considered the Fifth Circuit's Opinion of August 8, 2006, affirming in part, reversing in part, and remanding this case. Dkt. No. 141; No. 04-40638, 2006 WL 2277226 (5th Cir. Aug. 8, 2006).

### I. The Fifth Circuit's Decision

The Fifth Circuit vacated this Court's award of summary judgment for Port Elevator Brownsville, L.C. ("Port Elevator"), affirmed the denial of summary judgment for Ivonne Soto Vega ("Vega"), and affirmed the take nothing judgment on Vega's claims for negligence, conversion, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* at *4, *5. The Fifth Circuit also instructed this Court to reconsider its judgment awarding attorney's fees to Port Elevator. *Id.* at *4.

### II. Attorney's Fees

#### A. Grounds for Award

In its Order of July 30, 2002, this Court awarded attorney's fees to Port Elevator on three bases — Texas Business and Commerce Code § 17.50(c), 28 U.S.C. § 1927, and Texas Civil Practice and Remedies Code § 38.001. Dkt. No. 106, at 9 & n.7.

-1-

Thus, this Court must now determine whether its award of attorney's fees should be affirmed on any of these bases.

First, the Court **AFFIRMS** its award pursuant to § 17.50(c) of the Texas Business and Commerce Code.  That statute states: "On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs."  TEX. CIV. PRAC. & REM. CODE § 17.50(c). This Court found, in its Order of July 30, 2002, that Vega's DTPA "claims were groundless in fact and law."  Dkt. No. 106, at 9.  This holding was not altered on appeal, and the Court reaffirms its previous holding.

Vega failed to provide any evidence of a DTPA violation.  Dkt. No. 106, at 8; 2006 WL 2277226, at *7.  "In fact, . . . Vega fail[ed] to demonstrate Port Elevator made any representations."  2006 WL 2277226, at *7.  Thus, the Court once again finds that Vega's DTPA claims were groundless and concludes that the award of attorney's fees was proper.  This award, however, only applies to attorney's fees which accrued as a result of defending against the DTPA claims.  See Bray v. Curtis, 544 S.W.2d 816, 819–20 (Tex. App. 1976).  Thus, unless the claims are inseparably intertwined, the attorney's fees incurred in the defense of Vega's other claims must be awarded pursuant to another statute, if at all.  See Green Tree Acceptance, Inc. v. Pierce, 768 S.W.2d 416, 425 (Tex. App. 1989).

Second, the Court **AFFIRMS IN PART and MODIFIES IN PART** its award of attorney's fees under 28 U.S.C. § 1927.[1]  As stated in this Court's prior Order, Vega's conduct in this case displays an egregious pattern of delay.  Dkt. No. 106, at 9–10. Vega failed to make an appearance in this case for thirteen months, waited almost three years prior to filing her counterclaims, and repeatedly failed to participate in

---

[1]"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

-2-

discovery. *Id.* Thus, the Court once again concludes that Vega's conduct "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. § 1927.

However, this Court must consider "the limited persons to whom § 1927 may be applied." 2006 WL 2277226, at *4. In this case, § 1927 should properly be applied against Vega's attorney, Roy Stewart Dale. *See* 28 U.S.C. § 1927 ("Any *attorney* or other *person admitted to conduct cases* in any court . . .." (emphases added)). Thus, Mr. Dale, and not Ivonne Soto Vega, is personally liable for "the excess costs, expenses, and attorneys' fees reasonably incurred" by Port Elevator related to Vega's negligence, conversion, fraud, and DTPA claims. *Id.*

Third, the Court **VACATES** its award of attorney's fees pursuant to § 38.001 of the Texas Civil Practice and Remedies Code. Dkt. No. 106, at 9 n.7. In order to recover attorney's fees under Chapter 38 of the Civil Practice and Remedies Code, the party seeking recovery of the fees must first prevail on a claim to which Chapter 38 applies.[2] *See* TEX. CIV. PRAC. & REM. CODE § 38.001. In its prior Order, this Court granted summary judgment in favor of Port Elevator on its breach of contract claim — a claim for rendered services, performed labor, and/or an oral or written contract. Dkt. No. 106, at 8, 9 n.7. That holding has been vacated by the Fifth Circuit. 2006 WL 2277226, at *4. Thus, the basis for the award of attorney's fees under the Texas Civil Practice and Remedies Code, Port Elevator's recovery on its breach of contract claim, no longer exists. Under § 38.001, the issue of whether a party may recover its attorney's fees does not arise unless the party will also recover for "a valid claim and costs." TEX. CIV. PRAC. & REM. CODE § 38.001. At this point, Port Elevator has not established its right to recover for its breach of contract claim. Therefore, any award of attorney's fees under § 38.001 would be inappropriate at this time,[3] and the Court

---

[2]Chapter 38 applies to claims for rendered services, performed labor, furnished material, freight or express overcharges, lost or damaged freight or express, killed or injured stock, a sworn account, and an oral or written contract. TEX. CIV. PRAC. & REM. CODE § 38.001.

[3]The breach of contract claim is the only claim to which Chapter 38 applies.

**VACATES** its award under that section.[4]

### B. Amount of Award

In its Order of March 29, 2004, the Court awarded attorney's fees in an amount of $58,200 to Port Elevator.  Dkt. No. 123, at 2.  Included in this award were fees accrued both in the prosecution of the breach of contract claim and in defense of Vega's negligence, conversion, fraud, and DTPA claims.  See Dkt. No. 106, at 10; Dkt. No. 101, Ex. 12; Dkt. Nos. 111, 116, 118.  Because Port Elevator is not at this time entitled to fees incurred as a result of the prosecution of its breach of contract action against Vega, this award must be, and hereby is, **VACATED**.

Two separate awards of attorney's fees are appropriate at this time.  First, Vega's attorney, Roy Stewart Dale, is personally liable for Port Elevator's attorney's fees related to its defense of Vega's negligence, conversion, fraud, and DTPA claims. See supra § II.A.  Furthermore, counsel has sole liability for the portion of the fees incurred as a result of the negligence, conversion, and fraud claims.  Second, counsel's liability for the fees associated with the DTPA claims is joint and several with Ms. Vega, who is liable for these fees under § 17.50(c) of the DTPA.  Id.  Neither Ms. Vega nor Mr. Dale have any liability for Port Elevator's fees incurred in the prosecution of its breach of contract claim at this time.  Id.

Nonetheless, the record does not establish a basis upon which the Court can determine the appropriate amount of these awards.  In none of the four affidavits submitted by Port Elevator's counsel, John Barnaby Skaggs, does he separate the work done on the DTPA claim or the negligence, conversion, and fraud claims from the other issues in this case or from each other.  See Dkt. No. 101, Ex. 12; Dkt. Nos. 111, 116, 118.  Therefore, Mr. Skaggs is hereby **ORDERED** to produce documentation

---

[4]In its opinion, the Fifth Circuit instructs this Court to "consider whether all the conditions for awarding fees pursuant to § 38.001(8), including presentment of the claim to the opposing party, were satisfied." 2006 WL 2277226, at *4.  The Court has already determined, however, that an award of fees pursuant to § 38.001 would be inappropriate at this time.  The Court therefore does not reach the issue of whether all of the required conditions have been met.

establishing either (1) the amount of time spent on the DTPA claim individually and the negligence, fraud, and conversion claims collectively or (2) the amount of time spent on these four claims together, along with evidence showing that these four claims were so intertwined as to be inseparable. *See Pierce*, 768 S.W.2d at 425; *Bray*, 544 S.W.2d at 819–20.

### III.   Proceeds From the Sale of Corn

Finally, the Court finds that it is necessary at this time to consider the proper disposition of the funds deposited by Port Elevator into the Court's registry.  *See* Dkt. Nos. 2, 3, 44.  In its prior Order, the Court directed the Clerk "to pay to Port Elevator all of those funds which are currently in the registry of this Court in partial satisfaction of the judgment rendered herein."  Dkt. No. 106, at 11.  In light of the Fifth Circuit's decision in this case, however, this order must be vacated.

The Court finds that the proper disposition of the proceeds from the sale of the grain cannot be determined at this time.  There are several issues still pending which prevent any determination of the proper disposition of those proceeds.  The first issue which must be resolved is the question of ownership of the grain.  Both parties have moved the Court to make that determination.  *See* Dkt. No. 95, at 24–25; Dkt. No. 96, at 11.  The Court refrained from doing so in its prior Order as a result of its award of summary judgment to Port Elevator on the breach of contract claim.  *See* Dkt. No. 106, at 8, 11.  However, because that award has been vacated, the Court finds it appropriate to make that determination at this time.

The Court **HOLDS** that Ivonne Soto Vega is the proper owner of the 4,924.309 metric tons of corn at issue in this case.  *See, e.g.*, Dkt. No. 95 (Affidavit of Ownership); Dkt. No. 96, Exs. 5–8.  The Court bases this holding on Ms. Vega's affidavit of ownership of the corn and the invoices reflecting that the corn was "sold to: Mrs. Ivonne Soto Vega." *Id.*  Furthermore, at no time has any party to this action asserted any claim

of ownership of the corn or contested Vega's ownership.[5]

The next issue regards the relationship between Vega and Bersain Gutierrez ("Gutierrez"). Gutierrez entered into a contract for storage of the corn with Port Elevator. Dkt. No. 95, Ex. D. Vega was not involved in this contract. *Id.*

The first question that must be resolved is whether Gutierrez was acting as Vega's agent at the time he entered into the contract with Port Elevator. *See* 2006 WL 2277226, at *4. If Gutierrez was acting independently from Vega, as a bailee, or in some capacity other than as an agent, then Vega will not be liable for breach of contract and will be entitled to the proceeds from the sale of the corn. *See* Woodard v. Sw. States, Inc., 384 S.W.2d 674, 675 (Tex. 1964); B.W. Roberts v. Yarboro & Wimberly, 41 Tex. 449; 1874 WL 8085, *2 (1874); City Nat. Bank of Eastland v. Conley, 228 S.W. 972, 974 (Tex. App. 1921). If, however, Gutierrez was acting as an agent for Vega, another question will arise — whether Gutierrez was acting within his actual, apparent, or implied authority when he made the contract with Port Elevator.[6] *See* Freeman v. Hill, 419 S.W.2d 923, 925 (Tex. App. 1967); *Conley*, 228 S.W. at 974. If he was not, Vega again will not be liable for breach of contract and will be entitled to the proceeds from the sale of the corn. *See* Cecil v. Zivley, 683 S.W.2d 853, 856 (Tex. App. 1984); *Freeman*, 419 S.W.2d at 925; Salopek v. Logan, 256 S.W. 299, 300 (Tex. App. 1923); *Conley*, 228 S.W. at 974. If he was, however, then Vega is liable under the contract along with Gutierrez, and the proceeds of the sale, up to the damages incurred

---

[5]Port Elevator has never claimed ownership of the corn, but has maintained throughout these proceedings that it was a bailee of the corn. Dkt. No. 1, at 2.

It appears that Bersain Gutierrez asserted to Port Elevator on multiple occasions that he was the owner of the corn. *See* Dkt. No. 95, Ex. A, at 1; Dkt. No. 95, Ex. D, at 1; Dkt. No. 96, Ex. 11. Mr. Gutierrez has failed to appear in this action, and therefore he has failed to assert any claim of ownership over the corn or to contest Vega's ownership. Dkt. No. 106, at 8.

[6]Gutierrez contracted to deliver one million bushels (25,401 metric tons) of corn to Port Elevator. Dkt. No. 95, Ex. D. Vega only purchased approximately 5,000 metric tons of corn — slightly less than 20% of Gutierrez' contracted-for amount. Dkt. No. 96, Exs. 5–8. Thus, there is a genuine issue regarding the scope of Gutierrez' authority, even if he was acting as Vega's agent.

-6-

by Port Elevator as a result of the breach,[7] should be distributed to Port Elevator.[8] Kempner v. Dillard, 101 S.W. 437, 438 (Tex. 1907); Lowery v. Miller, 437 S.W.2d 662, 664 (Tex. App. 1969).

Therefore, the Court **VACATES** the order to disburse the funds from the Court registry and **INSTRUCTS** the Clerk to disregard it. Furthermore, if the order has already been executed, Port Elevator is hereby **ORDERED** to return those funds to the Court registry.

## IV.    Conclusion

Based on the foregoing, the Court **AFFIRMS IN PART, MODIFIES IN PART, and VACATES IN PART** its award of attorney's fees to Port Elevator. Dkt. No. 106.

In addition, Port Elevator's counsel, John Barnaby Skaggs, is hereby **ORDERED** to submit documentation, by no later than 5:00 p.m. on Friday, October 20, 2006, establishing the amount of time Port Elevator's attorneys spent on litigating the negligence, fraud, conversion, and DTPA claims.

Furthermore, the Court **HOLDS** that Ivonne Soto Vega is the proper owner of the 4,924.309 metric tons of corn at issue in this case.

Finally, the Court **VACATES** its order to the Clerk of the Court to disburse the funds deposited in the Court registry by Port Elevator.

DONE at Brownsville, Texas, this 12th day of October, 2006.

Hilda G. Tagle
United States District Judge

---

[7]If Vega is liable on the contract, then the amount of damages incurred by Port Elevator will need to be determined.

[8]This is true regardless of whether Vega was an undisclosed, partially disclosed, or fully disclosed principal. See Latch v. Gratty, Inc., 107 S.W.3d 543, 546 (Tex. 2003).