IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR- | § | |
| BROWNSVILLE, L.C. | § | |
| | § | |
| VS. | § | CIVIL NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, BERSAIN | § | |
| GUTIERREZ, AND SYSCO DE BAJA | § | |
| S.A. DE C.V. | § | |

CATEGORIZATION OF ATTORNEY'S TIME
PURSUANT TO THE COURT'S ORDER OF OCTOBER 12, 2006

1.    This pleading is submitted by John Skaggs as attorney for Port Elevator

Brownsville, L.C. and Southwest Grain Co., Inc.

2.    This pleading is supported by affidavit.

3.    The Court has instructed the undersigned to distinguish between:

   (a)   The amount of attorney's time spent defending DTPA claims.

   (b)   The amount of attorney's time defending negligence, fraud, and conversion

claims.

   (c)   The amount of time spent defending DTPA claims collectively with

negligence, fraud and conversion claims.   To the extent defense of  DTPA claims are

treated collectively with defense of negligence, fraud, and conversion claims, the

undersigned has been ordered to  substantiate with evidence showing that these four

claims were "so intertwined as to be inseparable".

   (d)   That portion of time defending conduct which "multiplie[d] the proceedings

in [this] case unreasonably and vexatiously" (a category implied on Page 3 of the

Court's Order).

4.  The undersigned has been ordered to produce documentation establishing these categories.

5.  Procedure used for identifying categories.

The undersigned started with the itemized information contained in an affidavit filed with this Court, containing a Certificate of Service dated September 3, 2002.   This previous affidavit dated September 3, 2002 was the most complete record of all time expended in this action.

This previous affidavit of September 3, 2002 had already been sorted to other categories previously suggested by the Court.

From this previous affidavit dated September 3, 2002, the undersigned then eliminated certain categories of time which were either clearly inapplicable, or otherwise fell outside the Court's present request:

(a)    Eliminated any time specifically related to prosecution of Port Elevator's counter-claim against Ivonne Soto Vega.

(b)    Eliminated all time related to the original filing of the interpleader action, and service of process on the original parties.

(c)    Eliminated all time accumulated after March 11, 2002, the date which was the subject of the original Motion for Summary Judgment in this action.

(d)    Eliminated all time with no easily discernable dates, or subject matters, including undated correspondence, undated file memos, undated investigation, etc.

6.  Distinguishing between the remaining categories covered by the Court's order.

First, an effort was made to identify activity which either unreasonably multiplied the proceedings, or which was necessary to respond to such unreasonable activity.

An effort was made to attempt to distinguish between individual DTPA time, and other DTPA time which was combined or performed collectively with negligence, fraud, and conversion claims.

For reasons explained in the next section of this pleading, it was impossible to segregate any DTPA claims from the remaining claims.

Accordingly, the attached summaries only have two affected categories; time related to unreasonably multiplied proceedings; and time related to DTPA claims collectively with the other claims (negligence, fraud, and conversion).

7.   <u>Evidence and reasoning related to classification of the DTPA claims.</u>

The Texas Deceptive Trade Practices Act (DTPA), Texas common law negligence, and the cause of action for fraud (including intentional and negligent misrepresentation) all have specific overlapping elements.

(Note, I have not included a discussion of Vega's claims for "conversion", because these never existed except abstractly in the pleadings.   To my knowledge, there was never any evidence offered at any point which met any of the elements of conversion.   Accordingly, no effort was made to defend conversion claims made by Vega, and no attorney's time was directed to defending this theory of recovery).

Next, having eliminated conversion (because there weren't any attorney's fees related to conversion claims), I was left with comparing the elements of DTPA, fraud and negligence, as follows:

A.    Texas common law fraud contains both elements of intent, and alternatively elements of negligence, actual misrepresentation, false promises of future action, failure to disclose when there is a duty to disclose, etc.

B.   The same elements are contained in the statutory scheme defined by the DTPA, which includes false or  misleading acts or practices, and false description of goods or services; and elements related to taking advantage of lack of knowledge by the aggrieved party.

C.  Texas common law negligence shares an element with fraud, to-wit: the alternative element of negligent/factual/misrepresentation.

The most concise summary of the elements of these three causes of action, and the common nature of the recognized elements appears in the Texas Pattern Jury Charge volume related to "Business, Consumer and Employment" litigation, most particularly PJC 102.1 et seq. (DTPA); PJC 105.1 et seq. (fraud and negligent misrepresentation); and in the "General Negligence" volume of the Texas Pattern Jury Charges which deals with the elements of negligence causes of action.

The pleadings in this action also reflect the mixed nature of the Plaintiffs' various claims, with the same indicated overlapping elements.

Finally, Ivonne Soto Vega's Deceptive Trade Practices letter, dated November 28, 1997, not only makes reference to "false and misleading acts or practices" and cites the DTPA; but it also speaks in terms of "misrepresentations", "release of the corn without consent" and various damages common to both the DTPA and the other causes of action.  A copy of the referenced letter is attached to this pleading.

Finally (as illustrated by reference to the same Pattern Jury Charge article, in particular PJC 110.1 et seq.) the overwhelming majority of damages recoverable under theories of fraud or negligence are also recoverable under the Deceptive Trade Practices Act.  The undersigned was having to conduct discovery and perform other

necessary legal services to avoid the claimed obligation for these damages under any of the three alternative theories of recovery.

8. <u>Conclusion regarding attempts to separate the legal services.</u>

Though considerable effort were made to do so, it was impossible to separate or segregate legal services related to DTPA claims from legal services related to fraud or negligence. These claims were so intertwined as to be inseparable. Fees related to conversion claims did not exist.

9. <u>Summary of fees:</u>

    1. The amount of attorney's times spent

      Defending conduct which multiplied the proceedings

        36.80 hours x $200 per hour  =        $  7,360.00

    2. The amount of attorney's time defending DPTA claims

      Collectively with negligence and fraud claims

        139.30 hours x $200 per hour  =        $  27,860.00

    3. Other time not included in the total.
       (See previous explanation herein.)
       114.90 hours x $200 per hour =
       $22,980.00

      Total fees claimed        $  35,220.00

Detail of itemized time related to the above summary is also attached hereto as exhibits.

                  Respectfully Submitted,

                  John Skaggs
                  P.O. Drawer 2285
                  710 Laurel
                  McAllen, Texas 78502-2285
                  Phone (956) 687-8216
                  Fax (956) 630-6570

JOHN SKAGGS
State Bar No. 18452500
Federal I.D. No. 1225
Attorney in Charge for
Port Elevator-Brownsville L.C.
and Craig Elkins

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on opposing counsel on this the 26 day of October 2006:

Mr. Roy Dale
DALE & KLEIN
6301 N. 10th St.
McAllen, Texas 78504

John Skaggs

THE STATE OF TEXAS                    §
                                      §    AFFIDAVIT
COUNTY OF HIDALGO                     §
                                      §

BEFORE ME the undersigned authority personally appeared John Skaggs, referred to herein by name or as "Affiant" who did under oath depose and state as follows:

"My name is John Skaggs and I am over the age of twenty-one (21) years, have personal knowledge of the factual allegations made herein, and am otherwise competent and capable of making this Affidavit.

"I have examined the foregoing document and certify that the factual allegations contained herein are true and correct."

_____
JOHN SKAGGS

SUBSCRIBED AND SWORN TO before me on the 26th day of October 2006.



_____
Notary Public in and for the
State of Texas

My Commission Expires:

_____
June 26, 2009

NOTARY PUBLIC
STATE OF TEXAS
CHERYL OYAMA
MY COMMISSION EXPIRES
JUNE 26, 2009

*Guillermo Vega, Jr.*
*Attorney at Law*

*546-5573*

Post-it® Fax Note  7671   Date 12/1   # of pages ► 2
To John Skaggs          From Craig
Co./Dept.               Co.
Phone #                 Phone #
Fax # 630-6570          Fax #

*25*
*302 Kings Highway*
*Brownsville, Texas 78521*

November 28, 1997

CRAIG ELKINS
GENERAL MANAGER OF
PORT ELEVATOR – BROWNSVILLE, L.C.
9155 R.L. OSTOS RD.
PORT OF BROWNSVILLE
BROWNSVILLE, TEXAS 78521
956-831-8245-TELEPHONE
956-831-3181-TELEFAX

RE:    IVONNE SOTO VEGA

Dear Mr. Elkins,

I have been retained to represent Ivonne Soto Vega with respect to a claim that she has against you. Please direct all communication concerning this matter to me.

As you know, on September 24, 1996, our client purchased 5,000 metric tons of corn and you agreed through her representative, Bersain Gutierrez, to store the corn at your grain elevator at the Port of Brownsville. At the time our client agreed to store the corn at your grain elevator you made several representations, among which are the following:

1.   That the corn would be safely stored at the grain elevator without fear of loss
2.   That you would agree to store the corn at the grain elevator and would release the corn to the owner as per owner's instructions.

In spite of the representations made, the corn was released without the consent of the owner of the corn to Bersain Gutierrez and other unknown third parties. When our client went to get the 5,000 metric tons of corn to sell to a potential buyer you had released approximately 3,300 metric tons of corn without the consent of our client to Bersain Gutierrez and other unknown third parties and you refused to release the remaining corn at the grain elevator to Ivonne Soto Vega.

It is our contention that your conduct constitutes false, misleading and deceptive acts and practices in violation of §17.46 (b)(1), (2), (3), and (8) of the Deceptive Trade Practices--Consumer Protection Act.

The damages which our client has suffered as a result of you releasing the corn without the consent of our client include, but are not limited to, the amount it cost our client to buy the corn, or alternatively, the difference between our client paid for the product and its actual value the potential buyer would have paid for it. You are also liable for the value and the cost associated with purchasing the corn which our client lost when the corn was wrongfully released by you to Bersain Gutierrez and other third parties unknown to the owner and

the mental anguish that our client suffered as a result of losing her corn.

In addition, our client was unable to sell the corn since you refused to release the corn to our client to sell to the potential buyer that the owner has obtained. Our client's inability to sell the corn has caused consequential damages to our client.

Based upon the information now available to us, and for purposes of this notice letter, we estimate that our client's actual damages and expenses are $875,000.00. Of course, we reserve the right to adjust this amount to conform to the information and evidence that will be available to us at the time of trial should litigation be necessary.

Our client has incurred reasonable attorney's fees in the pursuit of the claim stated in this letter. The amount of fees incurred as of the date of this letter is $15,000.00. Of course, I am sure you understand that if this matter is not settled quickly, the amount of time spent on this claim and the amount of attorneys' fees will increase dramatically.

Under the contract of employment we have with our client, I have been assigned an interest in this claim against you.

The purpose of this letter is to encourage you to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to respond to this letter with an offer of settlement that is acceptable to our client, I will have no alternative but to recommend our client that a lawsuit be filed against you. The lawsuit, will, among other authorities, be filed under the Texas Deceptive Trade Practices and Consumer Protection Act. In this lawsuit, rather than seeking only the amount of money we are asking of you at this time, we will seek to recover the full measure of our client's damages, expenses and attorney's fees as allowed by law.

In the event that you have insurance or a bond which you believe may cover all or any part of the claims made in this letter, you are requested to notify your insurance carrier or bonding company of this claim immediately.

If you are interested in resolving this matter without the necessity of litigation, please contact me within sixty days of your receipt of this letter, pursuant to Section 17.505 of the Deceptive Trade Practices—Consumer Protection Act.

A copy of this letter is being sent to Port of Brownsville and Bersain Gutierrez, who, in our opinion, is subject to the same claims and defenses our client has against you.

Sincerely,

Guillermo Vega, Jr.

GV/cs
Certified Mail: P 182 733 438

**The Amount of Attorney's Time Spent Defending Conduct
Which Multiplied the Proceedings.**

| | | |
|---|---|---|
| 1. | **Pleading and Motion Practice.** | **4.80 Hrs.** |

05-24-99                                                        1.20
Motion to Compel Vega Deposition. (JS)

09-08-99                                                         .50
Preparation of Motion to Compel. (LH)

09-21-99                                                         .50
Port Elevator-Brownsville's Motion to Compel Produced
Documents. (JS)

04-20-00                                                        1.10
Motion for Rule for Costs. (JS)

12-05-00                                                         .20
Received and reviewed Defendant's Motion for Protective
Order, Subject to Her Motion to Dismiss, from attorney Bill
Mount. (JS)

07-05-01                                                         .40
Defendant's Emergency Verified Motion for Protective
Order. (JS)

08-17-01                                                         .90
Plaintiff in Interpleader's Response to Defendant's Motion
for Sanctions. (JS)

2.    **Summary Judgment-Response, Evidence, Affidavits.**    **0.00 Hrs.**

3.    **Preparation of and response to Motion related to
discovery problems in California.**    **1.40 Hrs.**

4.    **Preparation for and attendance at prospective
deposition of Ivonne Soto Vega in California.**    **18.00 Hrs.**

5.    **Preparation of memos to file.**    **0.00 Hrs.**

| | | |
|---|---|---|
| 6. | **Attendance at hearings, meetings, and conferences.** | **0.80 Hrs.** |
| | 05-19-00<br>Plea in Abatement and meet with opposing counsel. (JS) | .80 |
| 7. | **Preparation for and attendance at depositions, including travel time (other than California deposition).** | **0.00 Hrs.** |
| 8. | **Reviewing documents produced by Vega/Bersain Gutierrez.** | **0.00 Hrs.** |
| 9. | **Reviewing documents provided by Movants.** | **0.00 Hrs.** |
| 10. | **Preparation of and response to formal written discovery.** | **7.90 Hrs.** |
| | 07-12-99<br>Preparation of Order Granting Motion to Compel Deposition and Discovery. (JS) | .20 |
| | 04-05-00<br>Preparation of affidavit for process server from California. (JS) | .30 |
| | 12-01-00<br>Preparation of Motion to Compel Discovery including certificate of conference. (JS) | .90 |
| | 07-06-01<br>Preparation of Motion to Compel Disclosure of Experts. (JS) | .30 |
| | 08-14-01<br>Preparation of Response to Defendant's Motion for Sanction and Costs including Cross-Motion for Sanctions and Costs. (JS) | 1.40 |
| | 08-17-01<br>Further revision and preparation of response to Vega's motion for sanction. (JS) | 4.80 |
| 11. | **Investigation (obtaining documentation from third-parties in support of interpleader).** | **0.00 Hrs.** |

12.  **Telephone conferences with Clerk personnel, opposing attorneys, and others.**                     0.00 Hrs.

13.  **Correspondence to opposing counsel and others, including status letters to the clients and other meetings.**                     0.00 Hrs.

14.  **Research and preparation of briefing memoranda with various motions; legal research.**                     3.40 Hrs.

06-25-99                                                           .40
Research regarding fraudulent parties and venue related to corporate officers. (JS)

06-26-01                                                           .20
Research on federal rules on whether deposition notice needs to be filed. (MNG)

07-10-01                                                           .30
Research on federal subpoena to determine if an attorney can issue a subpoena. (MNG)

08-15-01                                                          2.50
Research on issue that our subpoena was defective because it was issued from wrong county. (MNG)

15.  **Other legal and factual research (factual investigation of published sources, etc.; reviewing public records and contacts with official records custodians).**                     0.00 Hrs.

16.  **Review and/or summarize depositions.**                     0.00 Hrs.

17.  **Preparation of initial correspondence related to disputed claims for cash or commodities held by Movants.**                     0.00 Hrs.

18.  **Receipt and review of Pleadings.**                     0.00 Hrs.
     **(Combined with Item 19 below.)**

19. **Receipt and review of Motions and Responses to
    Motions.**                                                    **0.30 Hrs.**

    03-01-01                                                          .10
    Received and reviewed conformed Order ruling on
    Defendant Vega's Motion for Protective Order Subject to
    Her Motion to Dismiss As Moot. (JS)

    07-11-01                                                          .20
    Received and reviewed Defendant Vega's Emergency
    Verified Motion for Protective Order and Order Granting
    Motion from Attorney Roy Dale. (JS)

20. **Receipt and review of Discovery/discovery materials.**     **0.20 Hrs.**

    08-06-01                                                          .20
    Defendant's Rule 30(g)(2) Motion for Costs or in the
    Alternative, Motion for Sanctions. (JS)

21. **Receipt and review of correspondence.**                    **0.00 Hrs.**

22. **Attendance at pre-trial (announcement).**                  **0.00 Hrs.**

23. **Review of file for status/organization/information.
    Inspection of commodity in controversy and Port
    facilities and related matters.**                            **0.00 Hrs.**

24. **Receipt and review of documents from client.**            **0.00 Hrs.**

25. **Attendance at Board of Directors meeting.**               **0.00 Hrs.**

    **TOTAL ATTORNEY TIME**                                     **36.80 Hrs.**

**The Amount of Attorney's Time Spent Defending Conduct
Which Multiplied the Proceedings.**

1.    **Pleading and Motion Practice.**                                    **15.60 Hrs.**

12-19-97                                                                      .10
Preparation of response to District Court matter. (JS)

06-29-99                                                                      .50
Motion to Transfer Venue and Original Answer. (JS)

06-29-99                                                                      .20
Defendant's Motion to Abate. (JS)(LH)

07-01-99                                                                      .20
Motion to Enjoin Suit in State Court. (JS)

07-04-99                                                                      .10
Agreed Motion to Postpone Hearing on Motion to Abate. (JH)

08-16-99                                                                      .20
Joinder in Motion to Abate. (JS)(LH)

09-22-99                                                                    1.20
Defendants Amended Motion to Transfer Venue and Original
Answer. (LH)

09-22-99                                                                      .30
First Amended Joinder in Motion to Abate. (JS)

09-22-99                                                                    4.20
Plaintiff Port Elevator-Brownsville's Response to Vega's
reply to Plaintiff's Response to Vega's Motion to Dismiss.
(LH)

02-17-00                                                                      .60
Preparation of Status Report to the Court (Pleading). (JS)

04-25-00                                                                      .20
Special Exceptions. (JS)

05-22-00                                                                      .20
Preparation of Order granting Motion to Abate. (JS)

11-03-00                                                                      .10

Preparation of agreed continuance for Defendant's Motion
to Compel. (LH)

08-20-00                                                              .20
Ivonne Soto Vega's Unopposed Motion for Continuance of
Disclosure Deadline and Trial Setting and Request for
Status Conference. (JS)

12-01-00                                                              .10
Defendant's Jury Demand. (JS)

01-16-02                                                              .30
Preparation of Amended Original Answer. (JS)

01-16-02                                                             1.20
Review pleadings to compose settlement agreements and
related paperwork. (JS)

01-25-01                                                             2.10
Ivonne Soto Vega's Answer and Counterclaim. (JS)

02-21-01                                                              .90
Defendant's Ivonne Soto Vega's Motion to Bring in Third
Party Defendant and Agreed Motion to Extend Deadline
to Join New Parties. (JS)

02-23-01                                                             1.80
Third Party Complaint. (JS)

05-22-01                                                              .20
Defendant's Original Answer. (JS)

05-22-01                                                              .70
Motion to Dismiss Party (Craig Elkins). (JS)


2.   **Summary Judgment-Response, Evidence, Affidavits.**      **15.40 Hrs.**

03-11-02                                                            15.40
Preparation of Motion for Summary Judgment. (JS)


3.   **Preparation of and response to Motion related to**
     **discovery problems in California.**                        **0.00 Hrs.**

4.    **Preparation for and attendance at prospective**
      **deposition of Ivonne Soto Vega in California.**          **0.00 Hrs.**


5.    **Preparation of memos to file.**                          **0.00 Hrs.**


6.    **Attendance at hearings, meetings, and conferences.**     **45.60 Hrs.**

      10-19-98                                                    4.50
      Prepared and attended status hearing. (JS)

      07-08-99                                                    4.60
      Prepared and attended hearing on Defendant's Motion
      to Dismiss. (LH)

      08-16-99                                                    1.10
      Court appearance on Motion to Vacate and Motion to
      Abate. (JS)

      09-17-99                                                    1.70
      Plea in Abatement. (JS)

      10-20-99                                                    2.90
      Preparation for Motion to Dismiss. (LH)

      10-21-99                                                    4.40
      Attended court hearing on Defendant's Motion to Dismiss.
      (JS)

      02-17-00                                                     .30
      Telephone conference. (JS)

      02-24-00                                                    3.90
      Preparation for status hearing. (JS)

      04-27-00                                                    3.80
      Pre-Trial hearing and preparation. (JS)

      05-19-00                                                     .90
      Legal research prior to hearing. (JS)

      05-19-00                                                     .90
      Preparation for hearing. (JS)

      05-19-00                                                     .70

Attended hearing. (JS)

| | |
|---|---|
| 05-22-00<br>Preparation and attended Defendant's Motion to Abate.<br>(JS) | 1.50 |
| 12-11-00<br>Pre-Trial Conference in federal Court in Brownsville. (JS) | 7.80 |
| 01-03-01<br>Preparation for upcoming hearing. (JS) | 1.30 |
| 01-17-01<br>Went to Brownsville.  Hearing passed. (JS) | .10 |
| 08-27-01<br>Hearing on expenses for Vega's attorney (telephone).<br>(JS) | .70 |
| 08-27-01<br>Preparation for hearing. (JS) | .60 |
| 01-15-02<br>Preparation for Pre-trial hearing. (JS) | 3.10 |
| 01-15-02<br>Prepared and attended hearing. (JS) | .80 |

7. **Preparation for and attendance at depositions, including travel time (other than California deposition).**                    **23.40 Hrs.**

| | |
|---|---|
| 12-21-99<br>Prepared and attended Craig Elkins deposition taken on<br>12-21-99. (JS) | 7.30 |
| 05-09-00<br>Office Conference with B. Mount in reference to<br>deposition in Mexico. (JS) | .20 |
| 05-10-00<br>Review of M. Gonzalez's notary book. (JS) | .10 |
| 05-10-00<br>Travel to Monterrey. (MNG) | 2.70 |

| | |
|---|---|
| 05-10-00<br>Prepared and attended E. Villarreal's deposition. (MNG) | 3.00 |
| 05-10-00<br>Telephone conference with Craig Elkins, Michele Gonzales,<br>and John Skaggs. (JS) | .70 |
| 05-11-00<br>Return to McAllen. (MNG) | 2.50 |
| 12-11-00<br>Prepared for B. Gutierrez's deposition. (MNG) | 1.50 |
| 06-22-01<br>Prepared for and attended M. Gutierrez's deposition. (JS) | 2.20 |
| 08-16-00<br>File review regarding exhibits for deposition. (JS) | 3.20 |

**8.    Reviewing documents produced by Vega/Bersain**
**      Gutierrez.**                                              **0.40 Hrs.**

**9.    Reviewing documents provided by Movants.**               **0.00 Hrs.**

**10.   Preparation of and response to formal written discovery.**  **18.50 Hrs.**

| | |
|---|---|
| 08-10-99<br>Preparation of deposition notices and subpoena duces<br>tecum directed to Ivonne Soto Vega. (JS) | .20 |
| 08-31-99<br>Preparation of deposition notices and subpoena duces<br>tecum directed to Ivonne Soto Vega. (LH) | .60 |
| 11-19-99<br>Defendant's Responses to Plaintiff's Interrogatories and<br>Request for Production. (JS) | 2.10 |
| 11-19-99<br>Defendant Port Elevator-Brownsville's Responses to<br>Interrogatories and Production. (LH) | .80 |

| | |
|---|---|
| 11-24-99<br>Defendant Southwest Grain's Responses to Plaintiff's<br>Request for Disclosure. (LH) | 2.50 |
| 11-24-99<br>Defendant Southwest Grain's Responses to Plaintiff's<br>Request for Production. (LH) | 2.50 |
| 11-24-99<br>Defendant Craig Elkins' Responses to Plaintiff's<br>Interrogatories and Production. (LH) | 2.70 |
| 03-22-00<br>Preparation of Notice to Take Oral Deposition of Ivonne<br>Soto Vega. (JS) | .20 |
| 10-04-00<br>Preparation of Notice to Take Oral Deposition and<br>Subpoena Duces Tecum. (JS) | .10 |
| 12-04-00<br>Extensive review of file to determine the status of<br>discovery. (MNG) | 3.90 |
| 12-04-00<br>Defendant Craig Elkins' Supplemental Responses to<br>Plaintiff's Interrogatories. (JS/MNG) | .60 |
| 06-03-01<br>Preparation of two sets of Notice of Serving Cross-<br>Questions to Defendant's deposition on written<br>questions. (MNG) | .30 |
| 06-11-01<br>Plaintiff's Port Elevator-Brownsville's Answers to<br>Defendant's Interrogatories. (MNG) | .40 |
| 06-11-01<br>Plaintiff's Port Elevator-Brownsville's Response to<br>Plaintiff's Request for Production. (MNG) | .40 |
| 06-12-01<br>Third Party Defendant Craig Elkins' Answers to Third<br>Party Plaintiff's Production. (MNG) | .40 |
| 07-09-01 | .30 |

Plaintiff's Port Elevator-Brownsville's Supplemental
Answers to Defendant's Interrogatories. (MNG)

| | |
|---|---|
| 07-09-01 | .10 |
| Plaintiff's Port Elevator-Brownsville's Supplemental Responses to Defendant's Request for Production. (MNG) | |

| | |
|---|---|
| 07-09-01 | .10 |
| Plaintiff Southwest Grain's Answers to Defendant's Interrogatories. (MNG) | |

| | |
|---|---|
| 07-09-01 | .30 |
| Plaintiff Southwest Grain's Responses to Defendant's Request for Production. (MNG) | |

**11.** **Investigation (obtaining documentation from third-parties in support of interpleader).** **0.00 Hrs.**

**12.** **Telephone conferences with Clerk personnel, opposing attorneys, and others.** **0.00 Hrs.**

**13.** **Correspondence to opposing counsel and others, including status letters to the clients and other meetings.** **0.00 Hrs.**

**14.** **Research and preparation of briefing memoranda with various motions; legal research.** **12.20 Hrs.**

| | |
|---|---|
| 06-18-99 | 1.10 |
| Research related to pending matters; removal and abatement of suit; two sits filed and the first suit was filed in Federal Court in Brownsville. (JS) | |

| | |
|---|---|
| 06-21-99 | 2.70 |
| Research related to determination of feasibility of removing newly filed case to federal court, in joining the state court action and/or abating the state court action. (LH) | |

| | |
|---|---|
| 06-21-99 | 1.20 |
| Research regarding removal, abatement and injunctive relief. (JS) | |

06-21-99                                                                          1.50
Research related to case law invoking mandamus
abatement and removal to federal court. (LH)

01-04-00                                                                            .90
Research to determine if taking Ivonne Soto Vega's
deposition will waive plea in abatement. (JS)

02-01-00                                                                            .10
Preparation of memorandum to the file regarding law on
limited corporations and the productions of November 19,
1999. (JS)

05-02-00                                                                            .90
Research regarding uncontroverted testimony by an
interested witness. (JS)

05-04-00                                                                            .90
Research on pending matter; whether conducting
discovery in state court will constitute waiver on motion
to abate. (MNG)

05-18-00                                                                          2.90
Legal research on related pending matter; federal cases
regarding issue of interpleader injunction by federal
court on state court. (MNG)


**15.    Other legal and factual research (factual investigation
        of published sources, etc.; reviewing public records
        and contacts with official records custodians).            0.00 Hrs.**


**16.    Review and/or summarize depositions.                       0.00 Hrs.**


**17.    Preparation of initial correspondence related to
        disputed claims for cash or commodities held by
        Movants.                                                    0.00 Hrs.**


**18.    Receipt and review of Pleadings.                           0.00 Hrs.
        (Combined with Item 19 below.)**


**19.    Receipt and review of Motions and Responses to
        Motions.                                                    2.80 Hrs.**

05-28-99 .50
Received Plaintiff's Original Petition (two state court actions). (JS)

09-07-99 .10
Received and reviewed conformed copy of Order Setting Hearing on Defendant's Joinder in Motion to Abate. (JS)

09-22-99 .40
Receipt and review of Plaintiff's Response to Defendant's Motion to Abate. (LH)

09-17-99 .10
Plaintiff's Objections to Homer Salinas. (JS)

10-22-99 .10
Plaintiff's Motion for D.C.C. (JS)

04-07-00 .20
Received and reviewed conformed copy of Interlocutory Judgment from attorney Bill Mount. (JS)

05-04-00 .10
Received and reviewed conformed copy of Order Setting Hearing on Motion for Rule for Costs from Court. (JS)

12-13-00 .20
Plaintiff's Motion to Lift Abatement. (JS)

01-25-01 .20
Received and reviewed Defendant Ivonne Soto Vega's Original Answer and Counterclaim from attorney Roy Dale (federal court). (JS)

02-21-01 .30
Received and reviewed Defendant Ivonne Soto Vega's Third-Party Complaint; Motion to Bring in Third-Defendant; and Motion to Extend Deadlines to Join New Parties from attorney Roy Dale. (JS)

03-29-01 .10
Receipt and review Order signed by the Judge granting Defendant Ivonne Soto Vega's Motion to Bring in Third-Party Defendant and declaring as MOOT the Agreed Motion to Extend Deadline to Join New Parties. (MNG)

04-12-01                                                                    .20
Received and reviewed Summons and Complaint
Against Third-Party Defendant and Third-Party
Complaint from Craig Elkins. (JS)

04-25-01                                                                    .10
Received and reviewed Summons and Complaint
Against Third-Party Defendants to be filed with the Court,
from attorney Roy Dale. (JS)

06-19-01                                                                    .20
Received and reviewed Third-Party Plaintiff's Response
to Third-Party Defendant Craig Elkins' Motion to Dismiss
from attorney Roy Dale. (JS)

**20.    Receipt and review of Discovery/discovery materials.        5.40 Hrs.**

09-21-99                                                                    .30
Documents requested in subpoena duces tecum. (JS)

10-22-99                                                                    .10
Notice of intention to take oral deposition of Craig Elkins.
(JS)

10-22-99                                                                    .20
Plaintiff's Request for Disclosures to Craig Elkins Notice
of Deposition of Craig Elkins. (JS)

10-28-99                                                                    .50
Plaintiff's Requests and Production to Port Elevator-
Brownsville. (JS)

10-28-99                                                                    .20
Plaintiff's Interrogatories to Defendant Southwest Grain.
(JS)

10-28-99                                                                    .50
Plaintiff's Request for Production to Craig Elkins. (JS)

05-03-00                                                                    .20
Notice of Intention to Take Oral Deposition of Enrique
Villarreal. (JS)

06-13-00                                                                    .90

Further review of new discovery materials received.
(MNG)

05-22-01                                                          .20
Defendant Ivonne Soto Vega's Request for Production
to Plaintiff Port Elevator-Brownsville. (JS)

05-22-01                                                          .20
Defendant's Ivonne Soto Vega's Interrogatories to
Plaintiff Port Elevator-Brownsville. (JS)

05-23-01                                                          .20
Third Party Plaintiff's Interrogatories to Third Party
Defendant Craig Elkins. (JS)

05-23-01                                                          .10
Third Party Plaintiff's Request for Production to Third
Party Defendant Craig Elkins. (JS)

06-03-01                                                          .20
Deposition on written questions. (JS)

06-08-01                                                          .10
Defendant Ivonne Soto Vega's Responses to Southwest
Grain. (JS)

06-08-01                                                          .10
Defendant Ivonne Soto Vega's Request for Production
to Plaintiff Southwest Grain. (JS)

06-12-01                                                          .40
Discovery responses received today. (JS)

07-06-01                                                          .20
Defendant Ivonne Soto Vega's Disclosures under
Rule 26. (JS)

07-18-01                                                          .30
Defendant Ivonne Soto Vega's First Supplemental
Disclosures. (JS)

07-23-01                                                          .10
Defendant's Unopposed Motion to Extend Discovery
Deadline. (JS)

08-06-01                                                          .10

Conformed order granting extension of discovery
deadline. (JS)

11-01-01                                                    .10
Rule 29 Stipulation. (JS)

12-07-01                                                    .10
Defendant Ivonne Soto Vega's Objections and Answers
to Plaintiff's Interrogatories. (JS)

12-07-01                                                    .10
Defendant Ivonne Soto Vega's Objections and
Responses to Plaintiff's Request for Production. (JS)

21.    Receipt and review of correspondence.             **0.00 Hrs.**

22.    Attendance at pre-trial (announcement).           **0.00 Hrs.**

23.    Review of file for status/organization/information.
       Inspection of commodity in controversy and Port
       facilities and related matters.                   **0.00 Hrs.**

24.    Receipt and review of documents from client.      **0.00 Hrs.**

25.    Attendance at Board of Directors meeting.         **0.00 Hrs.**

       **TOTAL ATTORNEY TIME**                           **139.30 Hrs.**