IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
NOV 1 5 2006
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

**DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF IVONNE SOTO-VEGA'S RESPONSE TO PLAINTIFF PORT ELEVATOR-BROWNSVILLE, L.C.'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 23, 2006, MOTION FOR EXTENSION OF TIME, AND MOTION FOR LEAVE TO FILE JOHN SKAGGS'S CATEGORIZATION OF ATTORNEY'S FEES**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES, **IVONNE SOTO-VEGA**, Defendant/Counter-Plaintiff/Third-Party Plaintiff herein, and files this her Response in opposition to Plaintiff **PORT ELEVATOR-BROWNSVILLE, L.C.'S** Motion for Reconsideration of the Court's Order of October 23, 2006, Motion for Extension of Time, and Motion for Leave to File John Skaggs's Categorization of Attorney's Fees, and in support thereof would show as follows:

## I.

### Introduction

**PORT ELEVATOR-BROWNSVILLE, L.C.** requests that this Court reconsider its Order of October 23, 2006, wherein attorney's fees of $0.00 were awarded. See **Exhibit "1"**, Opinion and Order dated October 23, 2006. By Opinion and Order of this Court dated October 12, 2006, **PORT ELEVATOR-BROWNSVILLE, L.C.'S** counsel, John Barnaby Skaggs, was ordered to submit documentation on or before October 20, 2006 at 5:00 p.m. "establishing the amount of time Port Elevator's attorneys spent on litigating the negligence, fraud, conversion, and DTPA claims." See **Exhibit "2"**, Opinion and Order dated October 12, 2006 at p. 7. Mr. Skaggs failed to submit any documentation by the deadline. The Court on October 23, 2006 entered its Opinion and Order awarding no attorney's fees on the basis that Mr. Skaggs submitted no documentation. See **Exhibit "1"**.

## II.

### Motion to Reconsider should be denied

In its Motion to Reconsider, **PORT ELEVATOR-BROWNSVILLE, L.C.** fails to state a legal ground or basis for its request. In other words, no legal authority has been presented to the Court as to why the Court should grant **PORT ELEVATOR-BROWNSVILLE, L.C.'S** Motion to Reconsider. On that basis alone, **PORT ELEVATOR-BROWNSVILLE, L.C.'S** Motion should be denied.

### III.

Mr. Skaggs's excuse as to why he did not comply with the Court's October 12, 2006 Order to submit documentation of attorney's fees in accordance with the Court's Order on or before October 20, 2006 is unmeritorious. Mr. Skaggs does not deny that he received a copy of the October 12, 2006, at or near the time the Order was entered. His excuse is not lack of notice. Rather, his explanation was that he did not "personally review" the Order until after the deadline due to other commitments. See Affidavit of Mr. Skaggs attached to Motion. At paragraph II of the Motion, he describes his failure to submit the documentation as "the result of the accidental failure to calendar the deadline." Attorney incompetence is not a valid ground for reconsideration. See, e.g., *James v. Rice University*, 80 Fed.Appx. 907, 911 (5th Cir. 2003), cert. denied, 541 U.S. 988 (2004)(counsel's lack of compliance with the district court's pretrial order due to personal circumstances does not constitute the type of "unusual or unique circumstances" justifying Rule 60(b) relief); *Link v. Wabash R. Co.*, 370 U.S. 626, 633-36 (1962)(denying Rule 60(b) relief based on a claim of attorney incompetence); *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082-84 (5th Cir. 1984)(same).

### IV.

This Court's deadline given to Mr. Skaggs which Mr. Skaggs missed should be enforced. See *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) ("Adherence to

reasonable deadlines is critical to restoring integrity in court proceedings. We will not lightly disturb a court's enforcement of those deadlines and find no reason for doing so here."); *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)(court of appeals will not lightly disturb district court's enforcement of scheduling deadlines). This Court had the power to enforce its October 20, 2006 deadline by denying attorney's fees. See Fed. R. Civ. P. 16(f)(if a party's attorney fails to obey a scheduling order, the judge may make such orders with regard thereto as are just). **MS. VEGA** requests that this Court stand by its ruling denying attorney's fees.

V.

### Motion for Extension of Time should be denied

**PORT ELEVATOR-BROWNSVILLE, L.C.** requests an extension of time past the deadline of October 20, 2006 at 5:00 p.m. to file attorney's fee documentation. This request should have been made before the deadline, not afterwards and accordingly, the Motion should be denied. Also, the Court has already ruled, and the request is moot.

VI.

### Motion for Leave to File John Skaggs's Categorization of Attorney's Fees should be denied

**PORT ELEVATOR-BROWNSVILLE, L.C.** requests leave to file the affidavit of John Skaggs categorizing attorney's fees. Because attorney incompetence is not a valid excuse for missing a deadline

and deadlines should be enforced to protect the integrity of court proceedings, the request should be denied. Secondly, the Court has already made its ruling.

**WHEREFORE, PREMISES CONSIDERED, IVONNE SOTO-VEGA,** Defendant/Counter-Plaintiff/Third-Party Plaintiff herein, respectfully requests that this Court deny Plaintiff **PORT ELEVATOR-BROWNSVILLE, L.C.'S** Motion for Reconsideration of the Court's Order of October 23, 2006, Motion for Extension of Time, and Motion for Leave to File John Skaggs's Categorization of Attorney's Fees. **MS. VEGA** requests such other and further relief which Respondent may justly be entitled.

Respectfully submitted,

*Roy S. Dale by William D. Mount w/ permission*

ROY S. DALE
TX State Bar No. 05326700
S.D. Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
TX State Bar No. 14602950
S.D. Federal I.D. No. 14992

DALE & KLEIN, L.L.P.
6301 N. 10th Street
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

**ATTORNEYS FOR IVONNE SOTO-VEGA,
DEFENDANT/COUNTER-PLAINTFF/
THIRD-PARTY PLAINTIFF**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record, to wit:

>    John B. Skaggs
>    Lynse Guerra
>    710 Laurel
>    P.O. Drawer 2285
>    McAllen, Texas 78502-2285

**VIA FAX** and **CERTIFIED MAIL/RRR** on this the 15th day of November, 2006.

_____
WILLIAM D. MOUNT, JR.