IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 22 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C. and SOUTHWEST GRAIN CO., INC., | § § § | |
| v. | § § § | CIVIL ACTION NO. B-98-23 |
| IVONNE SOTO VEGA, et al. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on November 22, 2006, the Court **GRANTED** Plaintiff's [sic] Motion for Reconsideration of the Court's Order of October 23, 2006, Motion for Extension of Time and Motion for Leave to File John Skaggs' Categorization of Attorney's Fees. Dkt. No. 144.

Based upon the statements in Plaintiffs' motion and the accompanying affidavits, the Court finds that Plaintiffs should be permitted to late file their itemization of attorney's fees. *See id.* Therefore, the Court **GRANTS** Plaintiff's [sic] Motion for Reconsideration of the Court's Order of October 23, 2006, Motion for Extension of Time and Motion for Leave to File John Skaggs' Categorization of Attorney's Fees. *Id.*

Furthermore, based on the Court's Opinion & Order of October 12, 2006 and Plaintiffs' Categorization of Attorney's Time, the Court **AWARDS** Plaintiffs $1,040 in attorney's fees. *See* Dkt. Nos. 142, 145. The Court determined this amount by taking a reasonable rate for attorney's fees of $200 per hour and multiplying it by 5.2 hours. *See* Dkt. No. 145 (Affidavit of John Skaggs); *see also* Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "the court may make the award [of attorney's fees] on its own experience"); Gonzalez v. Allstate Texas Lloyd's, No. Civ.A. B-05-23, 2005 WL 1155143, *5 (S.D. Tex. May 5, 2005) (awarding $150/hour for work done in Brownsville); Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., No. 08-04-00316-CV, 2005 WL 3073794 (Tex. App. Nov. 17, 2005) ($225/hour to

experienced attorneys in El Paso); Carreras v. Marroquin, No. 13-05-082-CV, 2005 WL 2461744, *7 (Tex. App. Oct. 6, 2005) ($175/hour in Edinburg); Holt Texas, Ltd. V. Hale, 144 S.W.3d 592, 596 (Tex. App. 2004) ($200/hour in San Antonio). Plaintiffs aver that counsel spent 176.1 hours on matters that are responsive to the Court's Order. Dkt. No. 145. The Court, however, finds that only the following hours are responsive:

| Hours | Date | Activity |
| --- | --- | --- |
| 0.90 | February 21, 2001 | "Defendant Ivonne Soto Vega's Motion to Bring in Third Party Defendant and Agreed Motion to Extend Deadline to Join New Parties" |
| 1.80 | February 23, 2001 | "Third Party Complaint" |
| 0.70 | May 22, 2001 | "Motion to Dismiss Party (Craig Elkins)" |
| 0.40 | June 12, 2001 | "Third Party Defendant Craig Elkins' Answers to Third Party Plaintiff's Production" |
| 0.30 | February 21, 2001 | "Received and reviewed Defendant Ivonne Soto Vega's Third Party Complaint . . ." |
| 0.20 | February 26, 2001 | Received and reviewed notice from Federal Court advising its striking the filing of a motion . . ." |
| 0.10 | March 29, 2001 | "Receipt and review Order signed by the Judge granting Defendant Ivonne Soto Vega's Motion to Bring in Third-Party Defendant . . ." |
| 0.20 | April 12, 2001 | "Received and reviewed Summons and Complaint Against Third Party Defendant and Third-Party Complaint from Craig Elkins" |
| 0.10 | April 25, 2001 | "Received and reviewed Summons and Complaint Against Third-Party Defendants to be filed with the Court, from attorney Roy Dale" |
| 0.20 | June 19, 2001 | "Received and reviewed Third-Party Plaintiff's Response to Third Party Defendant Craig Elkins' motion to Dismiss . . ." |
| 0.20 | May 23, 2001 | Third Party Plaintiff's Interrogatories to Third Party Defendant Craig Elkins" |
| 0.10 | May 23, 2001 | "Third Party Plaintiff's Request for Production to Third Party Defendant Craig Elkins" |

Dkt. No. 145; *see also* Dkt. No. 116.  These amounts of time provide a total of 5.2 hours.  The Court denies any award for the remaining hours claimed by Plaintiffs, because Plaintiffs failed to provide sufficient evidence to establish that the hours were spent solely on activities relating to the DTPA, negligence, fraud, and conversion claims.[1]  *See* Dkt. Nos. 144, 145; *see also* Dkt. No. 142, at 4.  Nonetheless, the Court notes that this Opinion & Order in no way bars the Plaintiffs from seeking an award of attorney's fees for these hours, if such an award is appropriate and if Plaintiffs can establish a sufficient basis for said award, upon the conclusion of this case.

Based on the foregoing, the Court **GRANTS** Plaintiff's [sic] Motion for Reconsideration of the Court's Order of October 23, 2006, Motion for Extension of Time and Motion for Leave to File John Skaggs' Categorization of Attorney's Fees, Dkt. No. 144, and **ORDERS** that Defendant Ivonne Soto Vega and her attorney, Roy Stewart Dale, are jointly and severally liable for $1,040 in attorney's fees.

DONE at Brownsville, Texas, this 20 day of November, 2006.

Hilda G. Tagle
United States District Judge

---

[1] In other words, it appears that the remaining hours claimed by Plaintiffs were expended working solely on matters such as the breach of contract claim, that are unrelated to the claims for which Plaintiffs have established a right to attorney's fees at this time, or were expended partially on other matters and partially on the four claims currently at issue.  *See, e.g.*, Dkt. No. 145 (stating a claim for 15.40 hours for "Preparation of Motion for Summary Judgment" on March 11, 2002, although the motion sought summary judgment on the breach of contract claim as well as on the negligence, DTPA, fraud, and conversion claims).  However, any time that cannot be divided between the four claims at issue and any other matter cannot properly be included in an award of attorney's fees at this stage of these proceedings.  *See* Dkt. No. 142, at 2–4.