IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § | |

**<u>IVONNE SOTO VEGA'S RESPONSE TO PORT ELEVATOR-BROWNSVILLE, L.C.'S MOTION FOR PERMISSION TO INTERPLEAD BY BOND</u>**

TO THE UNITED STATES DISTRICT COURT:

**IVONNE SOTO VEGA**, Defendant, Counter-Plaintiff and Third-Party Plaintiff (hereinafter **"MS. VEGA"**), files this Response in Opposition to Plaintiff **PORT ELEVATOR, L.C.-BROWNSVILLE, L.C.'S** Motion for Permission to Interplead by Bond, and respectfully shows as follows:

**I.**

**<u>INTRODUCTION</u>**

This is an interpleader action initially brought by **PORT ELEVATOR, L.C.-BROWNSVILLE, L.C.** (hereinafter **"PORT ELEVATOR"**) against **IVONNE SOTO VEGA, BERSAIN GUTIERREZ,** and **SYSCO DE BAJA S.A.**

**DE C.V.** seeking a determination of ownership of corn stored in its grain elevator. The record shows the only party who answered the interpleader action and claimed the corn was **MS. VEGA**. The trial court entered a default judgment against **BERSAIN GUTIERREZ**, and **SYSCO DE BAJA S.A. DE C.V.** on July 30, 2002. The default was not appealed. In the trial court's Opinion and Order of October 12, 2006, the trial court held that **MS. VEGA** was the proper owner of the 4,924.309 metric tons of corn at issue. Further, the trial court ordered that **PORT ELEVATOR** return funds to the registry of the trial court which had previously been ordered disbursed by the trial court. It has been three (3) months and the funds have not been returned. **PORT ELEVATOR** seeks to interplead by bond.

## II.

### ARGUMENTS AND AUTHORITIES

A bond would not be appropriate because the trial court has previously ordered in its Opinion and Order of October 12, 2006 that the funds previously deposited with the trial court be returned. From the very outset of this case, cash was placed in the registry of the trial court by **PORT ELEVATOR**. There is no solid basis for changing the status quo. Second, the trial court has made its ruling as to the true owner of the corn, and the only issue left with respect to the interpleader action is whether costs and attorney's fees will be awarded and in what amount to **PORT ELEVATOR**. After that determination, the interpleader funds should

be disbursed as ordered. A bond is not capable of division if the court were to soon award a fixed amount to **PORT ELEVATOR** and a fixed amount to **MS. VEGA**.

### III.

The interpleader statute, 28 U.S.C. § 1335(a)(2), does provide that a bond may be given payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy. Because ownership of the corn has been decided, the court has ordered that the money withdrawn be placed back in the registry of the court, and only one issue remains concerning the interpleader as discussed above, **MS. VEGA** requests that the Motion be denied.

For the above reasons, **MS. VEGA** requests that the trial court deny Plaintiff **PORT ELEVATOR, L.C.-BROWNSVILLE, L.C.'S** Motion for Permission to Interplead by Bond, and grant such other and further relief which **MS. VEGA** may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
6301 N. 10th St.
McAllen, Texas 78504
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416


/s/ William D. Mount, Jr.
ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

ATTORNEYS FOR DEFENDANT, COUNTER-PLAINTIFF AND THIRD-PARTY PLAINTIFF
**IVONNE SOTO VEGA**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GARZA, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285

**VIA NOTICE OF ELECTRONIC FILING** on this the 30th day of January, 2007.


/s/ William D. Mount, Jr.
WILLIAM D. MOUNT, JR.