IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 3 1 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PORT ELEVATOR BROWNSVILLE, L.C. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-23 |
| | § | |
| IVONNE SOTO VEGA, et al. | § | |

### OPINION & ORDER

BE IT REMEMBERED that on January 30, 2007, the Court **GRANTED** Plaintiff's Motion for Permission to Interplead by Bond. Dkt. No. 148.

Under 28 U.S.C. § 1335(a)(2), the Court may accept a bond in lieu of a deposit of the entire amount of the value at stake in an interpleader action.[1] In this case, the Court finds that it would be appropriate to permit Plaintiffs to deposit a bond, rather than the entire amount in issue, into the Registry of the Court. Therefore, the Court **GRANTS** Plaintiff's motion.

Therefore, Plaintiff is **ORDERED** to deposit a bond, payable to the Clerk of the Court, in the amount of $8,914.95, representing ten percent of the total value of the grain at issue in this case.[2] Plaintiff is further **ORDERED** to obtain a surety on its bond, which surety must be a corporate surety company duly qualified and authorized to do business in Texas. Plaintiff, as principal, and its surety must jointly and severally bind themselves, pursuant to 28 U.S.C. § 1335, to make payment to Michael Milby, Clerk of

---

[1] Under 28 U.S.C. § 1335, district courts have jurisdiction over interpleader actions when numerous conditions are met, including that the plaintiff "has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy."

[2] A total of $89,149.52 was disbursed to Plaintiff from the Court Registry on September 6, 2002, as a return of the funds deposited into the Court Registry as the proceeds of the sale of the grain.

the United States District Court, Southern District of Texas, in the amount of $89,149.52. Finally, this obligation will be and remain in force and effect until such time as Plaintiff shall comply with the future order or judgment of the Court with respect to the subject matter in controversy in this action, and upon such compliance this obligation shall be void.

DONE at Brownsville, Texas, this 30 day of January, 2007.

Hilda G. Tagle
United States District Judge