IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR- BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO. , INC. | § § § § | |

**IVONNE SOTO VEGA'S STATUS REPORT**

TO THE UNITED STATES DISTRICT COURT:

**IVONNE SOTO VEGA**, files this her Status Report pursuant to the trial court's March 3, 2008 Order, and in support thereof shows:

**I.**

This case is the subject of an automatic stay due to the Chapter 11 bankruptcy filing of Plaintiff **SOUTHWEST GRAIN CO., INC.** on or about March 2, 2008 in an action styled, *In Re: Southwest Grain Co.*, Case No. 08-70090 (Chapter 11) in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division. See **Exhibit "1"**, Notice of Bankruptcy Filing; 11 U.S.C. § 362. In its Status Report to the trial court, **PORT ELEVATOR-**

**BROWNSVILLE-L.C.** failed to mention that **SOUTHWEST GRAIN CO., INC.** is a Party Plaintiff in this action. Plaintiffs' Second Amended Complaint filed on or about January 5, 2001 shows that **SOUTHWEST GRAIN CO., INC.** is a party.

## II.

By its October 12, 2006, Order, the trial court vacated its Order to disburse the funds held in the trial court's registry pertaining to the corn proceeds and ordered **PORT ELEVATOR-BROWNSVILLE-L.C.** to return those funds. On January 30, 2007, the trial court granted **PORT ELEVATOR-BROWNSVILLE-L.C.'S** Motion for Permission to Interplead by Bond. No interpleader occurred. In its Status Report, **PORT ELEVATOR-BROWNSVILLE-L.C.** blames financial constraints related to the bankruptcy for it not posting the bond, but in the bankruptcy documents, Debtor **SOUTHWEST GRAIN CO., INC.** states the case was filed to "obtain temporary relief from Pilgrim's Pride's relentless collection efforts in connection with the Grain Continental Judgment" of $3.2 million in favor of Grain Continental and $1.2 in favor of Pilgrim's Pride.

## III.

Due to the stay, **MS. VEGA** refrains at this time from commenting about other issues not related to the bankruptcy filing.

## IV.

It appears this case must be referred to the Bankruptcy Court

pursuant to General Order No. 2001-12.  See **Exhibit "2"**.

                Respectfully submitted,

                DALE & KLEIN, L.L.P.
                1100 E. Jasmine, Ste. 202
                McAllen, Texas 78501
                Tel. No. (956) 687-8700
                Fax. No. (956) 687-2416

                <u>\S\ William D. Mount, Jr.</u>
                ROY S. DALE
                State Bar No. 05326700
                Federal I.D. No. 1184
                WILLIAM D. MOUNT, JR.
                State Bar No. 14602950
                Federal I.D. No. 14992

                **ATTORNEYS FOR IVONNE SOTO VEGA**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GONZALEZ, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285
Fax: 956.630.6570

    **VIA FAX** and **NOTICE OF ELECTRONIC FILING** on this the 17th day of March, 2008.

\S\ William D. Mount, Jr.
WILLIAM D. MOUNT, JR.
