In the United States District Court
for the Southern District of Texas
Brownsville Division

PORT ELEVATOR-BROWNSVILLE,        §
L.C.                              §
                                  §
V.                                §        CIVIL NO. B.-98-23
                                  §
IVONNE SOTO VEGA, BERSAIN         §
GUTIERREZ AND SYSCO DE BAJA       §
S.A. DE C.V.                      §

PLAINTIFF'S REPORT REGARDING BANKRUPTCY

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Port Elevator-Brownsville, L.C., Plaintiff, and files its report regarding

bankruptcy and respectfully states as follows:

I.

Southwest Grain Co., Inc. is not a relevant party to the remaining claims.

Southwest Grain Co., Inc.'s lack of liability has already been determined by the

Fifth Circuit and is irrelevant to the present proceedings.  In its August 8, 2006 opinion,

the Fifth Circuit upheld the dismissal of all of Vega's claims.  This dismissal included

her claims against Southwest Grain Co., Inc. and Craig Elkins.  See Exhibit A, Fifth

Circuit Opinion at page 11.

The Fifth Circuit vacated Port Elevator's summary judgment against Vega for

breach of contract.  See Exhibit A at page 10.  Therefore, the only issue that remains

for trial is whether Gutierrez was the agent of Ivonne Soto Vega and whether Ivonne

Soto Vega is liable to Port Elevator-Brownsville, L.C.'s for breach of contract.

II.

Corporate Structure of Port-Elevator Brownsville, L.C.

Southwest Grain Co., Inc. owns half of the stock of Port-Elevator Brownsville, L.C.

III.

Effects of Bankruptcy

The bankruptcy of Southwest Grain Co., Inc., does not affect this case.  All claims remaining to be determined are Port Elevator-Brownsville, L.C.'s claims against Vega.  Southwest Grain Co., Inc. was originally a plaintiff in this case.  An automatic stay does not apply where the debtor is a plaintiff.  The case proceeds to judgment or settlement.  *See* 11 U.S.C. § 362(a).

As stated earlier, all of Vega's cross-actions were dismissed by the Fifth Circuit. However, even if Vega had remaining cross-actions, it would not stay the proceedings as to Port Elevator-Brownsville, L.L.C.  The automatic stay does not operate against co-debtors, co-tortfeasors or co-defendants.  *In re Southwestern Bell Telephone Co.*, 35 S.W.3d 602, 604 (Tex. 2000); *GATX Aircraft Corp v. M/V Cortney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985).

IV.

There is no requirement for this case to be stayed under 11 U.S.C. § 362. Plaintiff Port Elevator-Brownsville, L.C. requests that this case not be stayed, and instead, be immediately set for trial.

2

Respectfully Submitted,

/s/ John Skaggs
John Skaggs
State Bar No. 18452500
Federal I.D. NO. 1225
SKAGGS & GONZALES, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax   (956) 630-6570
Attorney for Plaintiff

CERTIFICATE OF SERVICE

On this 22nd day of April, 2008, a true and correct copy of the foregoing
document was sent to opposing counsel in a manner provided by the Federal Rules of
Civil Procedure.

Roy Dale
Bill Mount
6301 N. 10th St.
McAllen, TX 78504

/s/ John Skaggs
John Skaggs

3