IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR - BROWNSVILLE, L.C. AND SOUTHWEST GRAIN CO., INC. | § § § § | |
| VS. | § § | CIVIL NO. B-98-23 |
| IVONNE SOTO VEGA, BERSAIN GUTIERREZ, SYSCO DE BAJA, S.A. DE C.V. AND WALTER PUFFELIS, INDIVIDUALLY AND D/B/A AGI AKRON GROUP, INC. | § § § § § § | JURY DEMANDED |
| VS. | § § | |
| CRAIG ELKINS, INDIVIDUALLY AND D/B/A PORT ELEVATOR-BROWNSVILLE, L.C., AND SOUTHWEST GRAIN CO., INC. | § § § § | |

**IVONNE SOTO VEGA'S BRIEF CONCERNING SOUTHWEST GRAIN CO., INC.**

TO THE UNITED STATES DISTRICT COURT:

NOW COMES **IVONNE SOTO VEGA**, Defendant/Counter-Plaintiff, and files this her Brief concerning **SOUTHWEST GRAIN CO., INC.**, and in support would show as follows:

**I.**

On April 10, 2008, this Honorable Court entered an Order (Dkt. 154) requesting that the parties brief certain matters concerning Plaintiff/Counter-Defendant **SOUTHWEST GRAIN CO., INC.** This document serves as **MS. VEGA'S** Brief.

**II.**

This Honorable Court inquired as to whether **SOUTHWEST GRAIN**

**CO., INC.** is a relevant party. **MS. VEGA** would answer the question in the affirmative.

### III.

Plaintiffs' live pleading on file is its Second Amended Complaint (Dkt. 55) filed on or about January 5, 2001. In the pleading, the named Plaintiffs are **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** There are two principle claims asserted. One is an action for interpleader relief wherein both Plaintiffs seek a declaration of no liability. The other is for breach of a grain storage contract. The fact that **SOUTHWEST GRAIN CO., INC.** is a party in the litigation which seeks a discharge from liability makes the company a relevant party.

### IV.

In **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.'S** pleading at Section 19, there is an assertion that Craig Elkins is a salaried employee of **SOUTHWEST GRAIN CO., INC.** The pleading further states that he was acting as an authorized agent, servant or employee for **PORT ELEVATOR-BROWNSVILLE, L.C.** at all material times. *Id*. Mr. Elkins was involved in the corn transactions material to this suit. Mr. Elkins's status and involvement is evidence of an interrelationship between **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.**

**V.**

This Honorable Court inquired as to whether **SOUTHWEST GRAIN CO., INC.'S** liability could be disaggregated such that the case could proceed without the company.  Under the current state of all parties' pleadings and the fact that the corn proceeds funds/res was not interplead into the registry of the Court pursuant to this Honorable Court's October 12, 2006, Order (Dkt. 141) or that a bond was not interplead pursuant to this Honorable Court's January 30, 2007, (Dkt. 150) Order, **MS. VEGA** asserts that there can be no disaggregation.

**VI.**

In the Court of Appeals Opinion (Dkt. 142), the Court of Appeals held that **MS. VEGA'S** conversion claim was properly dismissed by this Honorable Court on the basis that **PORT ELEVATOR-BROWNSVILLE, L.C.** filed "this interpleader action", suing claimants **VEGA** and **GUTIERREZ.**  At this point in time though, there is no interpleader action. See e.g., *Smith v. Widman*, 627 F.2d 792, 798 (7th Cir. 1980)(the deposit of money, property or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action); 3A J. Moore & J. Lucas, Moore's Federal Practice § 22.10 (2d ed. 1986); *In Re Sinking of M/V Ukola*, 806 F.2d 1(1st Cir. 1986)(a court may not assert jurisdiction over an interpleader action where the money, property or bond could not suffice to pay the largest amount in controversy).  The corn

proceeds/bond were not placed in the registry of the Court and it would appear to **MS. VEGA** that her conversion claim is revived. This Honorable Court correctly recognized in its Final Judgment and Order on Motion for Summary Judgment (Dkt. 124, and 106) that the corn proceeds were **MS. VEGA'S** and that finding was affirmed by the Fifth Circuit Court of Appeals.

## VII.

**PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN CO., INC.** have not explained the statement made in **PORT ELEVATOR-BROWNSVILLE, L.C.'S** March 14, 2008 Report (Dkt. 152) that financial constraints related to **SOUTHWEST GRAIN CO., INC.** prohibit Plaintiffs from complying with the Court's Order on interpleading the res or providing a bond.

## VIII.

In **MS. VEGAS'** latest pleading which is her First Amended Answer and First Amended Counter-Claim dated August 9, 2002 (Dkt. 107), **MS. VEGA** asserted that **PORT ELEVATOR-BROWNSVILLE, L.C.** and **SOUTHWEST GRAIN** at the time of the incidents made the basis of this lawsuit were a joint venture, joint enterprise, alter ego or have other joint business arrangements.  These issues have yet to be determined.  **MS. VEGA** at No. 78 of her pleading requested a declaration pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code and 28 U.S.C. § 2201 that she was the sole owner of 4,924 metric tons of corn stored at **PORT ELEVATOR** beginning in

October/November, 1996. She further requested costs and reasonable and necessary attorney's fees. It appears through this Court's Final Judgment (Dkt. 124), Order on Motion for Summary Judgment (Dkt. 106), and the Court of Appeals Opinion (Dkt. 142) that **MS. VEGA** was held to be the corn owner. **MS. VEGA'S** right to costs and reasonable and necessary attorney's fees has not been adjudicated.

## IX.

**WHEREFORE, PREMISES CONSIDERED, IVONNE SOTO VEGA** respectfully requests that this Court refer this matter to Bankruptcy Court, and grant such other and further relief which **MS. VEGA** may justly be entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
1100 E. Jasmine, Ste. 202
McAllen, Texas 78501
Tel. No. (956) 687-8700
Fax. No. (956) 687-2416

\S\ William D. Mount, Jr.
ROY S. DALE
State Bar No. 05326700
Federal I.D. No. 1184
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Federal I.D. No. 14992

**ATTORNEYS FOR IVONNE SOTO VEGA**

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the above and foregoing document has been forwarded to counsel of record, to wit:

John Skaggs
SKAGGS & GONZALEZ, L.L.P.
710 Laurel
P.O. Drawer 2285
McAllen, Texas 78502-2285
Fax: 956.630.6570

 **VIA NOTICE OF ELECTRONIC FILING** on this the 25th day of April, 2008.

          \S\ William D. Mount, Jr.
          WILLIAM D. MOUNT, JR.