United States District Court
Southern District of Texas
ENTERED

DEC 3 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PORT ELEVATOR-BROWNSVILLE, L.C. and SOUTHWEST GRAIN CO., INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-98-23 |
| IVONNE SOTO VEGA, ET AL., | § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED, that on December 30, 2008, the Court considered Plaintiff's Motion for Summary Judgment, Dkt. No. 162, Defendant Ivonne Soto Vega's Response to Plaintiff Port Elevator-Brownsville, L.C.'s Motion for Summary Judgment, Dkt. No. 163, and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment, Dkt. No. 165.

I.  **Background**

In July 2002, this Court granted summary judgment in favor of Plaintiff Port Elevator on its breach of contract claim, and against Defendant Vega on her claims of negligence, fraud, conversion, and Texas Deceptive Trade Practices Act claims. Dkt. No. 106. The Court granted Plaintiff approximately eighty-one thousand dollars in damages. *Id.* at 11. On March 29, 2004, this Court denied Defendant's motion for reconsideration and awarded Plaintiff Port Elevator fifty-eight thousand two hundred dollars ($58,200.00) for costs and fees. Dkt. No. 123. That same day, Final Judgment was entered. Dkt. No. 124.

On April 27, 2004, Defendant appealed. Dkt. No. 125. The Fifth Circuit vacated in part, affirmed in part, this Court's Order regarding the parties' summary judgment motions, and remanded the case. Dkt. No. 141. The Circuit Court held that summary judgment in favor of Port Elevator on its claim against Yvonne Vega for breach of contract was improper as there were genuine issues of material fact as to the agency relationship

1

between Vega and her alleged agent, Gutierrez. *Id.* at 5-10. On remand, the Court vacated its Orders awarding attorney's fees and damages. Dkt. No. 142.

Plaintiff now moves for summary judgment on its quantum meruit claim. Dkt. No. 162. Defendant argues that as Plaintiff has never before pleaded a quantum meruit claim, it can not pursue one at this late stage. Dkt. No. 163, at 4-6. Plaintiff asserts that the facts alleged in the Second Amended Complaint establish recovery under quantum meruit and therefore, it may recover under this claim. Dkt. No. 165, at 2-3. Defendant states that as Plaintiff seeks damages pursuant to a breach of contract claim, Defendant may not recover under quantum meruit. Dkt. No. 163, at 2-4. In its Reply, Plaintiff asserts that pursuing damages under quantum meruit is not inconsistent with its breach of contract claim as Defendant states that there exists no express contract between Plaintiff and Defendant. Dkt. No. 165, at 1-2.

## II.   Standard of Review

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 752 (5th Cir. 2006); Lockett v. Wal-Mart Stores, Inc., 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. However, factual disputes are resolved in favor of the nonmovant "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

If the movant satisfies its burden, the non-moving party must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891. The nonmovant may not merely rely on conclusory allegations or the pleadings. *Id.*; Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988). Rather, the nonmovant must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d

at 752; *Lockett*, 337 F. Supp. 2d at 891. Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

## III. Pleading

Pursuant to Rule 8, a plaintiff need only plead "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gobson, 355 U.S. 41, 47 (1957) (quoting FED. R. CIV. P. 8(a)(2)). Defendant argues that Plaintiff is barred from bringing a quantum meruit claim because it has failed to plead the claim and the statute of limitations bars the late filing. Dkt. No. 163, at 4-6. In its Reply, Plaintiff asserts that its Second Amended Complaint stated that Defendant may not be a party to the contract and therefore alleged sufficient facts in 2001 to establish a claim under quantum meruit. Dkt. No. 165, at 2-3 (denying that Defendant was a party to the contract with Plaintiff to store corn in 1996). Essentially, Plaintiff does not seek leave to amend its complaint and specifically allege a quantum meruit claim, but rather states that the Second Amended Complaint sufficiently alludes to the claim and therefore Plaintiff may move for summary judgment on a theory of quantum meruit. *Id.*

In the Second Amended Complaint, under the subheading "Breach of Contract," Plaintiff alleges that Defendant Vega was not a contracting party. Dkt. No. 55, at 6. In the alternative, Plaintiff states that should the Court adjudicate that Plaintiff and Defendant Vega contracted for the storage of corn, "then Plaintiff asserts such contract has in fact also been breached individually by Defendant Vega." *Id.* Plaintiff's Second Amended Complaint also alleges that Plaintiff rendered valuable services by storing and treating the corn for Defendant Vega through her agents, that Defendant Vega accepted the services rendered by Plaintiff, and that circumstances reasonably notified Defendant Vega that Plaintiff was expecting payment for the services. *See* Vortt Exploration Co. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990). Therefore, the Court holds that Plaintiff sufficiently pled a short and plain statement of the claim for quantum meruit and Defendant Vega had fair notice of the claim and the grounds for the claim.

## IV. Quantum Meruit

While a plaintiff may seek recovery under quantum meruit and breach of contract, a plaintiff may only recover under one claim. *See, e.g.*, Atlantic Lloyds Ins. Co. v. Butler, 137 S.W.3d 199, 214 (Tex. App. 2004) (citing Murray v. Crest Constr., Inc., 900 S.W.2d 342, 345 (Tex. 1995)). Recovery under both claims would be inconsistent as a breach of contract claims requires the existence of a valid express contract and quantum meruit applies where no express contract exists. Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000); *Vortt Exploration Co., Inc.*, 787 S.W.2d at 944.

> To recover under quantum meruit claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Vortt Exploration Co., Inc.*, 787 S.W.2d at 944 (citing Bashara v. Baptist Memorial Hospital System, 685 S.W.2d 307, 310 (Tex. 1985) (quoting City of Ingleside v. Stewart, 554 S.W.2d 939, 943 (Tex. App. 1977))). An implicit additional element requires that a plaintiff prove that there existed an implicit agreement, but no express contract. *See* Black Lake Pipe Line Co. v. Union Constr. Co., 538 S.W.2d 80, 86 (Tex. 1976), *overruled on other grounds* (However, before a plaintiff may recover in quantum meruit, there must exist "a promise implied by law to pay for beneficial services rendered and knowingly accepted.").

In the instant motion for summary judgment Plaintiff does not address whether Plaintiff and Defendant were parties to the contract for the storage of the corn. Plaintiff merely addresses the four elements of a quantum meruit claim. Dkt. No. 162. In comparison, when Plaintiff moved for summary judgment against Defendant on March 11, 2002, Plaintiff sought among other forms of relief, damages for breach of contract, alleging Defendant was a party to the contract for the storage of corn. Dkt. No. 95, at 4. Plaintiff asserted a claim for breach of contract against Defendant as principal in connection with the contract formed between her alleged agents and Plaintiff. *Id.* at 15.

This Court granted Plaintiff summary judgment on its claim of breach of contract against Defendant and held that as Defendant's agents had entered into a contract with Plaintiff and the agents breached the contract with Plaintiff, Defendant was liable for breach of contract. Dkt. No. 106, at 5-8. However, on appeal, the Fifth Circuit vacated the summary judgment and held that the summary judgment evidence did not establish that Defendant's agents acted within the authority granted to them by Defendant and therefore there was an issue of material fact. Dkt. No. 141, at 6-9.

On December 17, 2008, the parties submitted the Joint Pretrial Order. Dkt. No. 169. In that Joint Order, under the section listing the contentions of the parties, Plaintiff states that it "contends that Defendant's agent, Bersain Gutierrez, entered into a contract with Plaintiff regarding the handling of the grain. In the unlikely event that Bersain Gutierrez is found not to be Defendant's agent, Plaintiff contends that it is entitled to payment for the services provided under the theory of quantum meruit." *Id.* at 2. Similarly, Plaintiff lists as its contested issues of fact, "whether Bersain Gutierrez was the agent of [Defendant] Ivonne Soto Vega" and "whether Ivonne Soto Vega entered into a contract with [Plaintiff] Port Elevator-Brownsville, L.C. through her agent." *Id.* at 4-5.

Generally, a party may not recover under quantum meruit where there exists an express contract governing the service at issue. In this case, there remains a genuine issue of material fact as to whether Plaintiff and Defendant entered into a contract. Therefore, summary judgment may not be granted on this issue.

## V. Conclusion

WHEREFORE, the Court **DENIES** Plaintiff's Motion for Summary Judgment, Dkt. No. 162.

DONE at Brownsville, Texas, on December 30, 2008.

Hilda G. Tagle
United States District Judge